UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 22-cv-652-PGB

ERIC DE FORD, SANDRA BADER,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

vs.

JAMES KOUTOULAS, JEFFREY CARTER,
ERIK NORDEN, ALEXANDER HOPE MASCIOLI,
ARIS GEORGE MICHALOPOULOS, THOMAS McLAUGHLIN,
CORAL CAPITAL LLC, CORAL CAPITAL MANAGEMENT LLC,
CORAL DEFI LP, BRANDON BROWN, BRANDONBILT MOTORSPORTS, LLC,
NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,
CORPORATE DEFENDANT DOE, and JOHN DOES 1- 10,

        Defendants,

**DEFENDANTS' BRANDON BROWN AND BRANDONBILT MOTORSPORTS, LLC
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Defendants, Brandon Brown ("Brown") and Brandonbilt Motorsports, LLC ("BMS") (collectively, the "Racing Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiffs First Amended Class Action Complaint, and, in support thereof, states as follows:

**OVERVIEW**

1. Plaintiffs filed their First Amended Complaint on June 6, 2022. Therein, Plaintiffs allege the following causes of action against the Racing Defendants: (i) Count II – Common Law Fraud (Against BMS); and (ii) Count IV – Civil Conspiracy.

2. As further discussed herein, Plaintiffs' Amended Complaint must be dismissed against the Racing Defendants named herein, as Plaintiffs' Amended Complaint fails to state a

claim upon which relief may be granted. Specifically, Plaintiffs' Amended Complaint fails to properly alleged how the Racing Defendants are involved in the allegations warranting relief as stated against the other named defendants in this action.

## ARGUMENT

### A. Legal Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). A court considering a Rule 12(b)(6) motion generally is limited to the facts contained in the complaint and attached exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

In order to state a claim for relief, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a court is required to accept as true the allegations contained in the complaint when considering a Rule 12 motion, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v.*

*National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting T*wombly*, 127 S. Ct. at 1966) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). Furthermore, as noted by the Supreme Court, the pleading party must "nudge[] [their] claims across the line from conceivable to plausible[; otherwise, their claims] must be dismissed." *Twombly*, 127 S. Ct. at 1974.

### B. Plaintiffs' Amended Complaint Fails to State a Claim For Relief Against the Racing Defendants.

To be clear, Plaintiffs' 112-page Amended Complaint is extremely detailed in nature; however, rather than focusing on specifically tailoring the issues at hand in order to assert cognizable claims against the Racing Defendants, the Amended Complaint instead reads as a fanciful novella, filled with maliciously intended disparaging statements, wide-ranging assumptions, and – frankly – irrelevant statements solely included to cast the Racing Defendants in a negative light.

Each of the counts alleged against the Racing Defendants (individually and/or collectively) fail to establish a claim for which relief may be sought. Plaintiffs would have the Court believe that Racing Defendants forced Plaintiffs hand in purchasing LGBCoins; however, as with all other purchases made since the beginning of time, it is only the purchasing party that has the power to commit to the action of acquiring a product. Whether the purchase be made for collection, utility, investment, bragging rights, and/or any other motive of the purchasing party, the truth remains that only the purchasing party has the power "to push the button." All purchases – especially those speculative in nature – inherently come with risk of loss. In sum, investment decisions – including,

but not limited to, deciding when to "get in and/or get out" – is the sole duty of the person with the ability to do so.

Notwithstanding, removing the unnecessary statements regarding Racing Defendants' character and/or past happenings that have no bearing on the matter at hand, Plaintiffs' Amended Complaint is rife with conclusory allegations pled in support of Plaintiffs' recitation of the elements of each cause of action, yet completely devoid of any factual or actual specificity required to lump the Racing Defendants within the claims alleged against the other named defendants in this action. Specifically, as it relates to each cause of action alleged against the Racing Defendants:

### i.      Count II – Common Law Fraud (Against BMS)

Count II of Plaintiffs' Amended Complaint purports to assert a claim of common law fraud against BMS. Count II of Plaintiffs' Amended Complaint is pled in the alternative to Count I, which purports to assert a claim of common law fraud against Defendant, NASCAR. As such, should there exist a claim for relief against NASCAR, it follows that no such claim should exist against BMS.

Notwithstanding, with respect to fraud claims brought in federal court, the plaintiff must "state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b). To satisfy this heightened pleading requirement, the plaintiff must allege each of the following: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statements misled plaintiff; and (4) what the defendant gained from the alleged fraud. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019). A claim for common law fraud requires, *inter alia*, proof that the defendant made a misrepresentation or omission of material fact, and that the plaintiff relied

on the misrepresentation or omission. *See, e.g.*, *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 595 n.2 (Fla. 2013).

Plaintiffs' claim for Common Law Fraud is premised upon an alleged meeting between NASCAR, Mascioli, Koutoulas, and BMS, during which the parties discussed the potential for a partnership. Plaintiffs further assert that, despite an unnamed NASCAR official stating that it would not allow sponsorship relating to the slogan surrounding LGBCoin, BMS (along with other defendants mentioned in this claim) falsely promoted LGBCoin, including, issuing press releases touting the sponsorship and disseminating the materially false and misleading statement that LGBCoin was an official sponsor of BMS.

What Plaintiffs' Amended Complaint fails to understand is that **BMS signed a sponsorship agreement to promote LGBCoin.** As such, BMS had a contractual obligation to promote LGBCoin per the terms of the agreement entered between the parties; thus, no materially false or misleading statements were ever published regarding the nature the parties' relationship. Nonetheless, even if Plaintiffs are and/or were unaware of such fact, the allegations contained in Plaintiffs' Amended Complaint fail to establish the link of "transaction causation" between the specific misstatements alleged and Plaintiffs' purchase of LGBCoins. *See, e.g., Fernau v. Enchante Beauty Products, Inc.*, 847 F. App'x 612, 622 (11th Cir. 2021). In *Fernau*, the Eleventh Circuit stated:

> The plaintiffs alleged that Lamus made a number of false statements about Enchante's financial status and valuation—mostly by email or by providing documents containing glowing (and allegedly false) descriptions of the company's growth and profitability—and failed to disclose Enchante's questionable sales and accounting practices, unsound credit policies, and increasing unpaid debts. They alleged that Rey failed to correct her husband's misrepresentations and failed to disclose Enchante's inflated sales figures, mounting liabilities, and lack of profitability in connection with her December 2015 sale of securities to Mateu and De Lucas. With respect to reliance, the plaintiffs alleged only that if Lamus and Rey had made "full and accurate disclosure at the time of sale," the plaintiffs

"would not have invested into the company." This broad statement falls short of Rule 9(b)'s heightened pleading requirement that the plaintiffs "allege with particularity the manner in which they relied on the defendants' statements."

Contrary to the plaintiffs' arguments, the allegation that they would not have invested in Enchante if the defendants had made a "full and accurate disclosure" does not establish the link of "transaction causation" between the specific misstatements and omissions they alleged and their purchase of securities. That is because it provides no information about which of the specifically alleged misrepresentations and omissions, if any, induced them to purchase shares in Enchante, or even whether they read the materials Lamus provided….A statement that the plaintiffs would not have invested if the defendants had provided all available information says nothing about whether they were persuaded to invest by—or even aware of—the specific alleged misrepresentations in the financial statements and other materials that Lamus provided, or whether they would have invested if the defendants had disclosed the information in the enumerated omissions.

Such situation is similar to the issue raised with Plaintiffs' Amended Complaint. Specifically,

- Count I of Plaintiffs' Amended Complaint fails to allege with particularity the statements (i.e. the precise statements, documents, or misrepresentations) or the person responsible for such statements (i.e. the time, place, and person responsible for the statement) that Plaintiffs materially relied upon in purchasing LGBCoins. In doing so, Plaintiffs' Amended Complaint fails to allege what specific statements (if any) BMS made that Plaintiffs relied upon. Rather, Plaintiff relies on numerous conclusory statements applied to all named defendants in this count. This method of pleading fails to satisfy the heightened standard required to plead common law fraud in federal court.

- Moreover, based upon the Plaintiffs' allegations contained in Counts I and III of the Amended Complaint, Plaintiff fails to plead with particularity whether Plaintiff relied on statements made by NASCAR, or other named defendants, including BMS. This, again, shows the Plaintiffs' failure to meet the standard required to bring a claim of relief for common law fraud.

- Additionally, Plaintiffs asserted "facts" does not support Plaintiffs' allegations. Plaintiff leads off with a statement from a "unnamed NASCAR official" to support the allegations of misrepresentations made by BMS. However, this hearsay source does not speak to whether a sponsorship-relationship was formed between BMS and LGBCoin; thereby, rendering it incapable of determining whatever statements rendered by BMS (if any) were intentionally false or misleading. Even so, if Plaintiffs wish to cherry pick statements from articles, BMS is fully capable of doing same[1]:

---

[1] *See* https://www.foxbusiness.com/sports/nascar-walks-back-lets-go-brandon-sponsorship-approval-brandon-brown-spokesperson-says

- "NASCAR is walking back its approval of driver Brandon Brown's sponsorship with LGBCoin after initially approving the deal, according to Brown's spokesperson."

- "Brown's spokesperson Maxwell Marcucci told FOX Business that NASCAR pulled back its approval of the sponsorship deal on Dec. 30, after the partnership with LGBCoin was announced."

- "After the announcement went live on Thursday morning, NASCAR acknowledged to us late that afternoon that we had received approval but that they now needed to discuss this at a higher level."

- "In a statement provided by Marcucci, Brandonbilt Motorsports received approval on the sponsors from a NASCAR Racing Operations official on Dec. 26. According to the statement, the approval of the partnership was "unambiguous" as an opening portion of the email from the official said "The sponsors are approved..." The statement acknowledged that the NASCAR official offered feedback on a minor graphic design change "to ensure legibility on the track at 170mph."'

Lastly, Plaintiffs' Amended Complaint fails to allege what BMS gained from the alleged fraud. In fact, a reading of Plaintiffs' Amended Complaint reasonably shows that BMS was in fact damaged from the actions of NASCAR alleged in Counts I and III. As such, BMS received no benefit or gain in accordance with the allegations set forth in Count II, and Plaintiffs fail to establish an essential element needed to assert common law fraud.

In sum, Plaintiffs' Amended Complaint fails to allege with particularity the manner in which Plaintiffs relied on BMS' alleged misrepresentations (which – as noted above, Plaintiffs' Amended Complaint fails to specifically state what exactly BMS stated that constituted a misrepresentation, when such statement, where such statement was made, to whom such statement was made, and/or whether such statement is actually attributable to BMS or to some other party). For such reason, Count I of Plaintiffs' Amended Complaint must be dismissed.

    ii.    **Count IV – Civil Conspiracy**

"A civil conspiracy claim requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy." *Philip Morris USA, Inc. v. Russo*, 175 So.3d 681, 686 n.9 (Fla. 2015). "The gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy." *Id*. Although Rule 9(b) does not list conspiracy as a cause of action which must be pled with particularity, a complaint will be dismissed where the allegations are conclusory and vague. *Primerica Fin. Servs., Inc. v. Mitchell*, 48 F.Supp.2d 1363, 1369 (S.D. Fla. 1999).

"An actionable conspiracy requires an actionable underlying tort or wrong." *Hercules Capital, Inc. v. Gittleman*, No. 16-81663, 2018 WL 395489, at *24 (S.D. Fla. Jan. 12, 2018) (citing *Wright v. Yurko*, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984) ). "An act which does not constitute a basis for a cause of action against one person cannot be made the basis for a civil action for conspiracy." *Wright*, 446 So.2d at 1165. Allegations that the co-conspirators were "engaged in the same 'scheme,'" alone, are insufficient to state a claim for civil conspiracy. *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1319 (S.D. Fla. 2014). Indeed, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id*.

Count IV of Plaintiffs' Amended Complaint fails to state a claim against the Racing Defendants, as Count IV consists of nothing but unfounded, conclusory allegations. Specifically, though the Amended Complaint cites to specific actions taken by certain defendants, Plaintiffs have not pled sufficient facts demonstrating that any of the Racing Defendants agreed to commit

fraud or do any other unlawful act. In fact, Plaintiffs' Amended Complaint specifically states, "**On information and belief, on or about November 2, 2021, the <u>Executive Defendants</u> agreed to fraudulently promote the LGBCoin…**" *See* [D.E. 21] Pl. Am. Compl., ¶ 267. This statement expressly defeats Plaintiffs' claim for civil conspiracy as it relates to the Racing Defendants, as Plaintiffs' Amended Complaint fails to allege that the Racing Defendants agreed to partake in such activity.

Furthermore, there are no factual allegations contained in Plaintiffs' Amended Complaint that would the Court to plausibly infer that any of the Racing Defendants knew of the unlawful scheme, and all other statements regarding the Racing Defendants' involvement are conclusory in nature. *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1346-47 (S.D. Fla. 2018) (stating that Plaintiffs' allegations that the Defendants "reached and entered into an express or tacit agreement with at least one or more of the other co-conspirators," "agreed to join in and participate in the…civil conspiracy," and "knew or should have known that the solicitation, recommendation, and sale of the…securities ... was improper and unlawful" are conclusory). For such reasons, Count IV of Plaintiffs' Amended Complaint must be dismissed.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Racing Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' Amended Complaint as it relates to the Racing Defendants, with prejudice, and granting such other relief as the Court deems just and appropriate.

July 5, 2022                                                                                  Respectfully submitted.

                                                             **HEITNER LEGAL, P.L.L.C**
                                                             *Attorney for Defendants*
                                                             *Brandon Brown and Brandonbilt Motorsports, LLC*
                                                             215 Hendricks Isle

Fort Lauderdale, FL 33301<br>
Phone: 954-558-6999<br>
Fax: 954-927-3333

By: /s/ Darren A. Heitner
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I served a true and correct copy of the foregoing Motion via email upon the following counsel of record for Plaintiffs:

Zigler Law Group
Aaron M. Zigler (aaron@ziglerlawgroup.com)
Robin Horton Silverman (robin.horton@ziglerlawgroup.com)
308 S. Jefferson Street
Suite 333
Chicago, IL 60661

Scott & Scott, LLP
John T. Jasnoch (jjasnoch@scott-scott.com)
600 W. Broadway, Suite 3300
San Diego, CA 92101

Scott & Scott, Attorneys At Law, LLP
Sean T. Masson (smasson@scott-scott.com)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169