UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD and SANDRA BADER,**

      **Plaintiffs,**

v.                                       Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS, JEFFREY CARTER, ERIK NORDEN, BRANDON BROWN, BRANDONBILT MOTORSPORTS, LLC, NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, CORPORATE DEFENDANT DOE, JOHN DOES 1-10, ARIS GEORGE MICHALOPOULOS, THOMAS MCLAUGHLIN, CORAL CAPITAL LLC, CORAL CAPITAL MANAGEMENT LLC, CORAL DEFI LP and ALEXANDER HOPE MASCIOLI,**

      **Defendants.**
_____/

## **ORDER**

      This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, Plaintiffs' First Amended Complaint is dismissed without prejudice as a shotgun pleading.

I.  **BACKGROUND**

On April 1, 2022, Plaintiffs initiated this putative class action related to the issuance of the cryptocurrency LGBCoins, and on June 6, 2022, Plaintiffs amended the complaint, such that the First Amended Complaint with the following eight Counts is now the operative pleading. (Docs. 1, 21). Count I alleges common law fraud by Defendant National Association for Stock Car Auto Racing, LLC ("**Defendant NASCAR**"); Count II alleges in the alternative common law fraud by Defendants Corporate Defendant Doe, James Koutoulas, and Brandonbilt Motorsports, LLC; Count III alleges a further violation of common law fraud by Defendant NASCAR; Count IV alleges a civil conspiracy by all Defendants except Defendant NASCAR; Count V alleges unjust enrichment by Defendants James Koutoulas, Jeffrey Carter, Erik Norden, Aris George Michalopoulos, Coral Capital LLC, Coral Capital Management LLC, Coral DeFi LP, and Alexander Hope Mascioli; Count VI alleges a violation of Section 12 of the 1933 Securities Act by Defendants Corporate Defendant Doe, James Koutoulas, Jeffrey Carter, Erik Norden, and Aris George Michalopoulos; Count VII alleges fraud against Defendants Corporate Defendant Doe, James Koutoulas, Jeffrey Carter, Erik Norden, and Aris George Michalopoulos; and Count VIII alleges conversion by Defendants Corporate Defendant Doe, James Koutoulas, Jeffrey Carter, Erik Norden, and Aris George Michalopoulos. (Doc. 21, pp. 92, 96, 99, 102, 104–105, 108–109).

## II. DISCUSSION

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[1] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief;" and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiffs' First Amended Complaint falls within the first category of shotgun pleadings identified by *Weiland*. The first paragraphs of Counts II, IV, V, VI, VII, and VIII all state, "Plaintiffs restate and reallege all preceding allegations above as if fully set forth herein." (Doc. 21, ¶¶ 232, 265, 273, 277, 290, 295). Plaintiffs' successive adoption of all preceding paragraphs at the start of Counts II, IV, V, VI, VII, and VIII folds in each previous Count's allegations, making the First Amended Complaint a textbook example of the first category of shotgun pleadings. Instead, Plaintiffs must specifically identify only those paragraphs relevant to the claim at issue if it chooses to restate and reallege them. Consequently, the Court *sua sponte* dismisses Plaintiff's First Amended Complaint as a shotgun pleading with repleader necessary to cure these defects.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' First Amended Complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**; and

2. On or before Friday, July 29, 2022, Plaintiffs may file a Second Amended Complaint consistent with the directives of this Order.

Failure to timely file a Second Amended Complaint will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on July 11, 2022.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties