## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD and SUSAN BADER,    ) | |
| ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No.: 6:22-cv-00652-PGB-DCI |
| ) | |
| JAMES KOUTOULAS, JEFFREY    ) | |
| CARTER, ERIK NORDEN, ALEXANDER ) | |
| HOPE MASCIOLI, ARIS GEORGE    ) | |
| MICHALOPOULOS, THOMAS    ) | |
| McLAUGHLIN, CORAL CAPITAL LLC,   ) | |
| CORAL CAPITAL MANAGEMENT LLC, ) | |
| CORAL DEFI LP, BRANDON BROWN,   ) | |
| BRANDONBILT MOTORSPORTS, LLC,   ) | |
| and NATIONAL ASSOCIATION FOR    ) | |
| STOCK CAR AUTO RACING, LLC,    ) | |
| ) | |
| Defendants.    ) | |

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS
## AGAINST PLAINTIFF AND HIS COUNSEL

Defendant, James Koutoulas ("Mr. Koutoulas"), by his undersigned counsel, and for his Memorandum of Law in Support of his Motion to for Sanctions Against Plaintiffs Eric De Ford ("De Ford") and Susan Bader ("Bader," collectively, with De Ford, "Plaintiffs"), and their Counsel pursuant to Federal Rule of Civil Procedure 11(b), respectfully states as follows:

1.     On April 1, 2022, De Ford filed his frivolous Class Action Complaint and Demand for Jury Trial (the "First Complaint"), against various Defendants.

2.    Under Federal Rule of Civil Procedure 11:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable under the circumstances*:

(1) it is not being presented for any improper purpose . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(3) the factual contentions *have evidentiary support*, or if specifically so identified, will likely have evidentiary support . . .

Fed. R. Civ. Pro. 11(b)(1)-(3) (emphasis added). Indeed, Rule 11 "imposes a duty on attorneys to certify that they *have conducted a reasonable inquiry* and have determined that any papers filed with the court are *well grounded in fact, legally tenable, and not interposed for any improper purpose*." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (emphasis added) (internal quotes omitted); *see also Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Wendy's Intern., Inc. v. Nu-Cape Const., Inc.*, 164 F.R.D. 694, 698-99 (M.D. Fla. 1996).

3.    Here, Plaintiffs' counsel has filed not one but three pleadings without undertaking a reasonable inquiry as their allegations are not well-grounded in fact and are legally untenable. *See Cooter*, 496 U.S. 384 at 393. Moreover, the pleadings shirk ethical boundaries as they read like an attack piece condemning Mr. Koutoulas,

his political beliefs, his achievements, his company, and even his friendships. Accordingly, Mr. Koutoulas again seeks sanctions for the time and resources wasted on responding to not one, not two, but three meritless complaints.

4.      Upon learning of the First Complaint (but before he was served), Mr. Koutoulas obtained a copy from Pacer and his counsel prepared a Rule 11 Letter directed to De Ford's attorney, which, among other things, detailed counsel's failure to undertake a "reasonable inquiry" into De Ford's allegations. *See* Fed. R. Civ. Pro. 11(b). A true and correct copy of this Letter and its Exhibits are attached as Exhibit 1. Mr. Koutoulas sought the immediate dismissal of the First Complaint. *Id.*

5.      The Rule 11 Letter included copies of emails from De Ford to LGBcoin praising Mr. Koutoulas and the "Let's Go Brandon" movement. De Ford described himself as having years of experience with cryptocurrency. *Id.* In fact, De Ford even offered his expertise in advertising and multimedia to further the Let's Go Brandon coin and movement. *Id.* These emails were all well after the purported fraud he now complains of. *See* Ex. 1. Importantly, De Ford vehemently supported the movement stating, he is "impressed with James' [Koutoulas''s] approach to fight back against cancel culture, political initiatives to help veterans and help bring our Conservative party into the 21st century. With the current political climate across the country and beyond our borders . . . LETSGo (Lets [sic] Go Brandon) has driving purpose to

actually help redirect our misguided nation." *Id.* This was only one of many deficiencies apparent on the face of the First Complaint.

6.      De Ford's counsel failed to respond directly to the Rule 11 Letter. De Ford's counsel did, however, make several statements to multiple news outlets, including the Daily Beast and Tennessee Tribune that the First Complaint was "a thoroughly researched and well-founded federal lawsuit." Noah Kirsch & Zachary Petrizzo, *Let's Go Brandon Crypto Lawsuit Has Trumpworld Influencers Running for the Hills*, Daily Beast, Apr. 12, 2022[1]; *see also* Sarah K. Burris, *Candace Owens Among Trumpworld Defendants in New Lawsuit Filed by Regretful Trump Supporters*, The Tennessee Tribune, Apr. 14, 2022.[2] Counsel went so far as to disparage Mr. Koutoulas by accusing him of engaging in a "desperate attempt to continue to prop-up the value of the token and scare away other defrauded investors from seeking their day in court." *See id.*

7.      On May 17, 2022 (more than one month after sending his initial Rule 11 Letter), Mr. Koutoulas filed his Motion to Dismiss and served De Ford' counsel with a Safe Harbor Rule 11 Motion. *See* Fed. R. Civ. Pro. 11(b); a true and correct copy of this Rule 11 Motion is attached as Exhibit 4.

---

[1] A true and correct copy of this article is attached as Exhibit 2.
[2] A true and correct copy of this article is attached as Exhibit 3.

8.      De Ford's counsel finally requested a call with Mr. Koutoulas's counsel, and, on May 19, 2022, De Ford's counsel verbally acknowledged the deficiencies in the First Complaint and asked if Mr. Koutoulas would agree to an extension to respond to Defendant's Motion to Dismiss in order to file an amended complaint. Given the outrageous allegations and reputational harm Mr. Koutoulas was (and continues) experiencing, he could not and did not agree to an extension.

9.      On the due date of De Ford's response, counsel instead filed a bloated First Amended Complaint that was a whopping 112 pages long that reads like a smear piece against Mr. Koutoulas. *See generally* First Amended Complaint [hereinafter "FAC"] at 1-112. De Ford's counsel recruited a new Plaintiff, Bader, swapped out defendants, and name-dropped several other individuals and entities without accusing them of any actual wrongdoing. *See id.* It seems these individuals and entities were only added for no justifiable purpose except to publicly rebuke anyone associated with Mr. Koutoulas, even though they have no known relationship to this matter. *See, e.g.,* FAC at ¶ 24-25; 28; 30 (identifying Mr. Koutoulas's hedge fund which has no involvement with the LGBcoin); ¶ 24-25 (mentioning Mr. Koutoulas's former law professor who currently runs the Investor Protection Center at Northwestern Pritzker School of Law).

10.     Ultimately, the First Amended Complaint failed to cure any defects of the First Complaint, and, rather, furthered the convoluted narrative Plaintiffs are

attempting to weave. Indeed, Mr. Koutoulas could not readily ascertain the facts or causes of action against him when attempting to respond via a second Motion to Dismiss and Rule 11 Motion. But, before Mr. Koutoulas could file a renewed Motion to Dismiss and serve Plaintiffs with a second Rule 11 Motion, the Court *sua sponte* dismissed Plaintiffs' First Amended Complaint holding, the "First Amended Complaint [is] a textbook example of the first category of shotgun pleadings." 07/11/22 Order (ECF Doc. 63). The Court gave Plaintiffs until July 29, 2022, to file an amended complaint. *Id.*

11.   Not surprisingly, Plaintiffs did not take all that time to actually undertake any semblance of due diligence and craft a viable pleading. Instead, on July 19, 2022, just eight days later, Plaintiffs filed a rushed Second Amended Complaint that did little more than attempt to address the shotgun issue by citing to specific paragraphs in each Count instead of incorporating all allegations. *See generally* SAC at ¶ 210; 229; 245; 263; 271; 275; 288; and 293. A cursory review of the Second Amended Complaint reveals that Plaintiffs cannot even keep track of who is or who is not a defendant by failing to remove allegations related to no-longer-named-defendants. *See id.* Moreover, Plaintiffs retain references to individual and entities that are wholly immaterial to this matter but are associated with Mr. Koutoulas, again, for absolutely no apparent reason. *See id.* Plaintiffs continue their attack on Mr. Koutoulas's protected political beliefs and professional

achievements. *See id.* It is quite alarming that Plaintiffs, who admittedly share the same protected political beliefs as Mr. Koutoulas, would now besmirch such beliefs in a calculated effort to garner an advantage in their otherwise baseless lawsuit.

12.     More importantly, Plaintiffs' Second Amended Complaint—which is their **third** attempt to plead a viable cause of action—still fail to plead any factual allegations to support a single cause of action against Mr. Koutoulas. And, again, the Counts are nothing short of formulaic recitations of elements of causes of action. This is factually and legally untenable. A redline of the First Amended Complaint to the Second Amended Complaint clearly establishes the minimal amount of effort that was put into curing this pleading. A true and correct copy of the redline is attached as Exhibit 5. It seems Plaintiffs Second Amended Complaint was simply an attempt to cure the "shotgun" deficiency—but it doesn't even do that.

13.     First, the idea that De Ford was defrauded is belied by the fact that he purchased LGBcoin well after any fraud as alleged in his Second Amended Complaint, as well as the fact that after all of these events he still wanted to work with LGBcoin. It seems that only after he was not taken up on his offer, he sought payback. *See* Ex. X.

14.     Second, Plaintiffs *admit* that NASCAR *did approve* the on-track sponsorship and that Mr. Koutoulas *reasonably relied upon NASCAR's representations*. SAC ¶¶ 85, 120, 215, 216. It defies logic that Mr. Koutoulas could

have committed fraud when Plaintiffs themselves agree his actions were reasonable. *See id.* Plaintiffs point to nothing else against Mr. Koutoulas. *See generally* SAC. Moreover, while Plaintiffs spend dozens of pages and paragraphs citing to public posts by various individuals, those are not attributable to Mr. Koutoulas. *See id.*

15.     Third, Plaintiffs' other causes of action (to the extent discernible) equally fail to allege a single fact that would support a cause of action. Conclusory allegations are not facts. Instead, the Second Amended Complaint, like the two prior iterations, prove Plaintiffs' counsel did not undertake any due diligence before filing this lawsuit nor did they heed any warnings contained in this Court's Dismissal Order or the multiple Motions to Dismiss filed against them by Mr. Koutoulas and the other Defendants.

16.     Plaintiffs' counsel had an affirmative obligation to investigate Plaintiffs' allegations and conduct a reasonable inquiry before filing this lawsuit, and could have acted upon receiving Koutoulas' April 6, 2022, but did not. In fact, Plaintiffs' counsel doubled downed and attempted to replead a baseless complaint not once, but twice. This points to more than just a lack of due diligence, but bad faith. This bad faith is reinforced by the fact that Plaintiffs were not up against any statute of limitations that required a rushed filing.

17.     The Second Amended Complaint (like the First Complaint and First Amended Complaint) is factually and legally deficient. The Second Amended

Complaint is also frivolous and was filed in bad faith. *See, e.g., Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("If particularly egregious, the pursuit of a claim *without a reasonable inquiry into the underlying facts* can be a basis for a finding of bad faith.").

18.    Plaintiffs and their counsel's failure to undertake even a cursory investigation and outright refusal to withdraw the deficient pleadings (not once, not twice, but three times) supports the imposition of sanctions under Rule 11(b).[3]

19.    As separate grounds for sanctions, Plaintiffs' Second Amended Complaint (like the two prior iterations) is a shotgun pleading that violates Rule 8(b), and provides a separate basis for dismissal and sanctions. Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). *see also Vujin v. Galbut*, 836 Fed. Appx. 809, 814-15 (11th Cir. 2020). This Court already dismissed Plaintiffs' First Amended Complaint on this basis. Plaintiffs' counsel, as practicing attorneys in the Eleventh Circuit and on notice of this Court's dismissal Order, have sufficient knowledge of the rules and requirements of the Federal Courts and still chose to file a wholly violative pleading. *See id.*; *see also* 07/11/22 Order.

---

[3] Koutoulas has filed his 12(b)(6) Motion to Dismiss concurrently with serving this Motion on Plaintiff's counsel.

20.    Finally, a third basis for sanctions is Plaintiffs and their counsel's decision to file a pleading replete with disparaging allegations and including individuals or entities that are wholly immaterial this matter and were only included in an effort to cast aspersions on anyone associated with Mr. Koutoulas. *See Barnes*, 158 F.3d 1212 at 1214; *Vibe Micro*, 878 F.3d 1291 at 1294. Indeed, the Second Amended Complaint reads more like an attack ad against Mr. Koutoulas then a complaint at law. If these pleadings were printed outside of a docket, they would be actionable as defamation.

WHEREFORE, Defendant James Koutoulas respectfully requests that the Court impose sanctions against Plaintiff and his counsel for filing the Complaint and refusing to withdraw the Complaint in the form of attorneys' fees and costs and for such other relief that the Court deems appropriate and just.

Dated:    August 15, 2022          Respectfully submitted,

/s/ Nicole Martell
**NICOLE MARTELL, ESQ**.
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824