UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD and SANDRA BADER,**

      **Plaintiffs,**

v.                                              Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS, JEFFREY CARTER, ERIK NORDEN, BRANDON BROWN, BRANDONBILT MOTORSPORTS, LLC, NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, CORPORATE DEFENDANT DOE, ARIS GEORGE MICHALOPOULOS, THOMAS MCLAUGHLIN, CORAL CAPITAL LLC, CORAL CAPITAL MANAGEMENT LLC, CORAL DEFI LP and ALEXANDER HOPE MASCIOLI,**

      **Defendants.**
_____/

## ORDER

      This cause comes before the Court on Defendant James Koutoulas's Motion for Rule 11 Sanctions (Doc. 113 (the "**Motion**")) and Plaintiffs Eric DeFord and Sandra Bader's response in opposition (Doc. 120). Upon consideration, the Motion is due to be denied.

      This dispute stems from the sale of the LGBCoin, a meme cryptocurrency minted on the Etherium blockchain. Plaintiffs bought this digital token and now

allege several injuries related to their purchase in a multiple-count complaint against multiple Defendants. (Doc. 113). Numerous motions to dismiss were only recently filed. (Docs. 88, 90, 93, 101, 104, 112). In addition, Defendant James Koutoulas ("**Defendant**") filed the instant Motion and therein argues that Plaintiffs' counsel failed to undertake a reasonable inquiry into the factual and legal basis for the pleadings filed in this case and, as such, the Court should impose sanctions for this violation of Rule 11(b) of the Federal Rules of Civil Procedure. (Doc. 113).

"An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989); FED. R. CIV. P. 11(b). However, "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments). Indeed, the U.S. Supreme Court has advised that "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

The imposition of Rule 11 sanctions is subject to a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). This inquiry, however, should not preclude plaintiffs from establishing their claims through discovery, nor is it "intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law." *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) (citing FED. R. CIV. P. 11 advisory committee's note (1993 Amendments)). Rather, it is intended to "check abuses in the signing of pleadings." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments). Finally, although the timing of the sanctions rests in the district judge's discretion, Rule 11 sanctions normally will be determined at the end of the litigation. *Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998) (citing *Donaldson*, 819 F.2d at 1555).

> The Eleventh Circuit's position is consistent with the Rules Advisory Committee that 'anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . . .' Given the facts of this case and the complex procedural history at issue, we see no reason to deviate from the preferred practice described above. If Defendant prevails and seeks to pursue the motion for sanctions, the Court would at that point have to take a hard look at the record to determine if the case was in fact sanctionable.

*Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463, 466 (S.D. Fla. 2020) (citations omitted).

Based on these principles, the Court finds that it is premature to consider sanctions at this time. Currently, several Defendants, including Defendant Koutoulas, have filed motions to dismiss, which the Court is in the process of resolving. Moreover, although the emails which Defendant included as exhibits in the instant Motion may ultimately bear upon a sanctions issue, if it arises, the Court does not find they so obviously speak to the sanctions issue so as to warrant ruling on a sanctions motion so early in the pretrial process, particularly given the case's lack of discovery and rulings on the motions to dismiss. Accordingly, the Court has no basis for imposing Rule 11 sanctions at this time. *See Donaldson*, 819 F.2d at 1555.[1]

Defendant's alternative reasons for sanctions are also groundless at this stage in the litigation—either because they are conclusory or because there is an alternative remedy available for Defendant, if in fact a violation has occurred.

---

[1] It should not surprise Defendant that the Court cannot determine whether the Second Amended Complaint is objectively frivolous based on the record at this time, Defendant's email exhibits notwithstanding. (Docs. 113-1, 113-2, 113-3). Consequently, Defendant is advised that "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments) (emphasis added). Defendant is admonished that any further filings of premature motions for sanctions—or any other improper filing—will be seen as an abuse of the Court's resources and will be resolved accordingly. At this time, however, the Court declines to grant Plaintiffs' request in response to impose sanctions *on Defendant* for the premature filing of this Motion. (Doc. 120, p. 17). Moreover, the Court expects all parties' counsel in this action to cooperate in good faith and to resolve as many litigation challenges as possible without the Court's intervention, in spite of any ill-will their clients may, or may not, have for one another. This includes abstaining from the filing of motions and cross-motions in response to each and every perceived minor slight or mishap that may occur along the way. That said, the Court will not hesitate to enforce its rules with sanctions should any counsel's conduct warrant it.

Finally, the Court notes that Defendant's Motion failed to include a certification of good faith conferral in violation of the Middle District of Florida's Local Rules. *See* Local Rule 3.01(g). Such an omission may itself be grounds for denial of the relief sought in the future.

Therefore, it is **ORDERED AND ADJUDGED** that Defendant James Koutoulas's Motion for Rule 11 Sanctions (Doc. 113) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on September 27, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties