UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

**PLAINTIFFS' SHORT-FORM DISCOVERY MOTION REGARDING DEFENDANT JAMES KOUTOULAS'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION AND INTERROGATORY NO. 10**

Koutoulas continues to evade discovery. He claims that the information Plaintiffs seek is "in the possession of the LGBCoin Foundation, a third party" and that "divulging said information is violative of his fiduciary duty to the Foundation." **Exhibit 5**. Likewise, he objects to Plaintiffs' requests for production claiming that he does not have any documents to produce in his "*individual* possession, custody, or control." **Exhibit 3 (emphasis added).** The parties' conferral confirmed that Koutoulas means that the documents Plaintiffs seek are documents that Koutoulas maintains on behalf of the LGBCoin Foundation. However, "whether documents are in a party's control under Rule 34 is broadly construed." *See, e.g., Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984). "Control, therefore,

1

does not require that a party have legal ownership or actual physical possession of the documents at issue; indeed, documents are under a party's control (for discovery purposes) when that party has the right, authority, or practical ability to obtain the materials sought on demand." *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.,* No. 09–599, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) (internal quotations omitted). Thus, Koutoulas's claim of not having "individual possession" of these documents doesn't mean that he lacks the practical ability to obtain them.

Koutoulas further claims he is not in possession of other responsive documents because he used Signal to communicate regarding LGBCoin and those messages "automatically disappeared." **Exhibit 3**. Additionally, a subsequent conferral indicates that text messages responsive to Plaintiffs' requests once existed but were deleted. Yet, his text messages with Representative Cawthorn regarding LGBCoin were cited by the U.S. Congressional Committee on Ethics.[1] Plaintiffs have requested that Koutoulas attempt to recover deleted responsive information or move the Court for a special master to do so, but Koutoulas has not agreed.

Koutoulas further refuses to provide materials responsive to RFP 27, 28, 29,

---

[1] Comm. On Ethics, *In the Matter of Allegations Relating to Representative Madison Cawthorne*, H. Rept. 117, 117th Cong. 2nd Sess. (2022).

2

and 32, citing a "confidentiality clause." **Exhibit 3**. But information is not shielded from discovery merely because Koutoulas agreed to keep it confidential. *See Townhouse Rest. of Oviedo, Inc. v. NuCO2, LLC*, 2020 WL 4923732, at *4 (S.D. Fla. June 24, 2020). Plaintiffs have provided a proposed confidentiality order to each of the defendants, which the parties are conferring upon and the most recent version is attached. **Exhibit 6**. Koutoulas does not object to the entry of Plaintiffs' proposed confidentiality order.

Last, despite the fact that the language for Interrogatory 10 was negotiated between the parties to resolve Koutoulas's concerns about the implications of Interrogatory 1, he still refuses to provide an answer. **Exhibit 5**.

Wherefore, Plaintiffs request that the Court grant their motion. Plaintiffs also request additional briefing and a hearing.

## Local Rule 3.01(g) and Rule 37 Certification

Pursuant to Local Rule 3.01(g) and Rule 37(a)(1), Plaintiffs' counsel hereby certify that they telephonically conferred with Defendant Koutoulas's counsel on October 20, 2022, regarding Koutoulas's initial discovery responses. Specifically, counsel discussed Koutoulas's boilerplate responses to Responses 1-41 and 44 of Plaintiffs' RFP, the failure to identify which of the Bates stamped documents

corresponded to each response, and the failure to provide complete responses to Plaintiffs' request for "all communications." Plaintiffs' counsel also emailed Koutoulas's counsel on October 21, 2022, with a synopsis and understanding of the conferral. Koutoulas's counsel did not respond to this email or otherwise seek to clarify the parties' understanding.

Koutoulas served his amended discovery on November 4, 2022, which failed to resolve most of the issues discussed at the October 20, 2022, conference. Counsel further conferred telephonically on December 1, 2022 regarding Plaintiffs' Interrogatory No. 1 to Koutoulas. Koutoulas's counsel suggested language to re-word said interrogatory, in order for Koutoulas to provide an answer, and even sent an email to Plaintiffs' counsel confirming Koutoulas's suggested language on December 1, 2022. That same day, Plaintiffs served the reworded Interrogatory No. 1 as Interrogatory No. 10 to Defendant Koutoulas. Despite this, on December 12, 2022, Koutoulas served an evasive response to Interrogatory No. 10, claiming that said information "is in the possession of the LGBCoin Foundation, a third party," and that "divulging said information is violative of [Koutoulas's] fiduciary duty to the Foundation." **Exhibit 5**.

Counsel conferred once again on December 14, 2022, regarding Koutoulas's supplementary responses to Plaintiffs' RFPs and his response to Interrogatory No. 10.

Dated: December 15, 2022	Respectfully submitted,

<u>s/ Aaron M. Zigler</u>
Aaron M. Zigler (admitted *pro hac vice*)
Robin Horton Silverman (FL Bar 0027934)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
robin.horton@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com
smasson@scott-scott.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 15, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

<em>s/   Aaron M. Zigler</em>