UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD and SANDRA BADER,**

    **Plaintiffs,**

v.                                                  Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS, JEFFREY CARTER, ERIK NORDEN, BRANDON BROWN, BRANDONBILT MOTORSPORTS, LLC, NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, CORPORATE DEFENDANT DOE, ARIS GEORGE MICHALOPOULOS, THOMAS MCLAUGHLIN, CORAL CAPITAL LLC, CORAL CAPITAL MANAGEMENT LLC and CORAL DEFI LP,**

    **Defendants.**

## ORDER

Before the Court are Plaintiffs' three motions to compel Defendant Koutoulas (for purposes of this Order, "Defendant") to comply with Plaintiffs' discovery requests. Docs. 161, 163, 166 (the Motions). The Court held a hearing on the Motions on February 7, 2023. The Motions are due to be granted in part and denied in part as set forth herein.

As stated at the hearing, Defendant's boilerplate objections to the requested discovery are without merit or effect and deemed waived. *See, e.g.*, *Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-ORL-37TBS, 2017 WL 2257571, at *1–2 (M.D. Fla. May 23, 2017) (collecting cases and noting that "generalized objections are inadequate and tantamount to not making any objection at all. . . . Their use obstructs the discovery process, violates numerous rules of civil procedure and

ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases. . . . Objections which state that a discovery request is vague, overly broad, or unduly burdensome are, by themselves, meaningless, and are deemed without merit") (internal citations and quotations omitted).

Accordingly, within thirty days, Defendant must produce to Plaintiffs all non-privileged responsive information and documents that Plaintiffs sought in the discovery requests at issue in the Motions.  To the extent that Defendant asserts that any responsive information or document is protected as work product or by the attorney-client privilege, within thirty days Defendant must produce a privilege log to Plaintiffs.  The privilege log must contain the following information:

   a. The name and job title or capacity of the provider of the information or author of the document;

   b. The name and job title or capacity of each recipient of the information or document;

   c. The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);

   d. The title and/or description of the information or document;

   e. The subject matter addressed in the information or document;

   f. The purpose(s) for which the information or document was prepared or communicated;

   g. The degree of confidentiality with which the information or document was treated at the time of its creation and transmission, and since; and

   h. The specific basis for the claim that it is privileged or protected.

Defendant is not required to disclose the contents of any privileged matter in the privilege log.

Should Plaintiffs challenge any of Defendant's privilege assertions, the parties must confer in good faith in an attempt to resolve the dispute without court intervention.  If the parties are

unable to resolve the dispute, Defendant must file a motion for a protective order regarding the challenged assertions of privilege within fourteen days of the production of the privilege log. Briefing concerning such a protective order will not be subject to the word limitations set forth in the Court's Standing Order on Discovery Motions (Doc. 47) but will be governed by Local Rule 3.01(g). In any such motion for protective order, Defendant must provide the following:

1) a memorandum of law discussing the elements of each privilege or protection asserted;
2) the privilege log for any document or information at issue;
3) an appendix containing affidavits, deposition testimony, other sworn statements or other evidence upon which Defendant relies to support each element of each asserted privilege or protection in dispute.

Defendant must organize the appendix so that the evidence submitted in support of the privileges or protections asserted is specifically correlated with the information or document to which the evidence applies. In response, Plaintiffs must state with particularity the factual and legal basis why each assertion of privilege should be overruled; a failure to do so will result in the privilege being upheld. Seven days after Plaintiffs file a response, Defendant may file a seven-page reply.[1]

To the extent Plaintiffs request the Court to order some additional search of electronics or electronic accounts in Defendant's possession, custody, or control—such as a forensic search of Defendant's iCloud account or iPhone by an independent forensic examiner—that request is denied without prejudice. On this record, Plaintiffs have established a factual basis for, a legal right to, or the proportionality of such a request. Further, Defendant's requests for relief that are

---

[1] The foregoing procedures concerning assertions of privilege apply to any party that asserts a privilege in this case.

contained within responses to the Motions (e.g., Doc. 164 at 3) are denied; a party cannot assert a request for relief in response to a motion.  *See* Local Rule 3.01(a).

By February 13, 2023, Plaintiffs must provide notice of this Order to nonparty LGBCoin Foundation.  Nonparty LGBCoin Foundation has until February 23, 2023, to attempt to seek any relief in this case in relation to this Order or Plaintiffs' discovery requests that are at issue in the Motions.

Accordingly, it is hereby **ORDERED** that:

1) The Motions (Docs. 161, 163, 166) are **GRANTED in part and DENIED in part**, such that:

    a. **On or before March 10, 2023,** Defendant must produce to Plaintiffs all non-privileged responsive information and documents that Plaintiffs sought in the discovery requests at issue in the Motions;

    b. To the extent Defendant asserts any responsive information or document is protected as work product or by the attorney-client privilege, **on or before March 10, 2023,** Defendant must produce a privilege log to Plaintiffs as to that information and any such document;

    c. Should Plaintiffs challenge any assertions of privilege, the parties must confer in good faith to resolve the dispute;

    d. If the good faith conferral does not resolve the dispute, Defendant must file a motion for a protective order regarding the challenged assertions of privilege **within fourteen days of the production of the privilege log**;

    To the extent Plaintiffs request the Court to order some additional search of electronics or electronic accounts in Defendant's possession, custody, or

      control—such as a forensic search of Defendant's iCloud account or iPhone by an independent forensic examiner—that request is **DENIED without prejudice**;

  e. The Motions (Docs. 161, 163, 166) are **DENIED** in all other respects;

2) Any requests for relief contained in Defendant's responses (e.g., Doc. 164 at 3) are **DENIED**;

3) **On or before February 13, 2023,** Plaintiffs must provide notice of this Order to nonparty LGBCoin Foundation; and

4) **On or before February 23, 2023,** nonparty LGBCoin Foundation may intervene and file an appropriate motion.

**ORDERED** in Orlando, Florida on February 8, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE