**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA**
**BADER and SHAWN R. KEY,**

          **Plaintiffs,**

**v.**
                                            **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS,**
**NATIONAL ASSOCIATION FOR**
**STOCK CAR AUTO RACING,**
**LLC, LETSGOBRANDON.COM**
**FOUNDATION, LGBCOIN, LTD**
**and PATRICK BRIAN**
**HORSMAN,**

          **Defendants.**
_____/

**<u>ORDER</u>**

This cause is before the Court on the following:

1.     Defendant Erik Norden's ("**Defendant Norden**") Motion for Rule 11 Sanctions (Doc. 236 (the "**Motion for Rule 11 Sanctions**")) and Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key's ("**Plaintiffs**") response in opposition (Doc. 252);[1]

2.     Plaintiffs' Motion for Reconsideration (Doc. 249 (the "**Motion for Reconsideration**")) and Defendant Norden's response in opposition (Doc. 267); and

---

[1]   Plaintiffs filed an additional document titled "MEMORANDUM in opposition re [(Doc. 236)] Motion for Sanctions," which the Court disregards as untimely. *See* Local Rule 3.01(c).

3.      Defendant James Koutoulas's Motion for Sanctions and to Strike the Third Amended Complaint and Impose Sanctions (Doc. 271 (the "**Motion to Strike**")) and Plaintiffs' response in opposition (Doc. 278).

Upon due consideration, the Motion for Rule 11 Sanctions is denied, the Motion for Reconsideration denied, and the Motion to Strike granted in part and denied in part.

## I.   BACKGROUND

This putative class action stems from the creation, marketing, and sale of the LGBCoin, a cryptocurrency. (Doc. 245). Plaintiffs subsequently filed this action to recover the alleged losses flowing from these events. (Doc. 1). Plaintiffs amended the Complaint once as a matter of course (Doc. 21), again after the Court dismissed the Amended Complaint as an impermissible shotgun pleading (Doc. 63), and again after the Court granted in part and denied in part several motions to dismiss with respect to the Second Amended Complaint. (Docs. 74, 211, 212, 213, 229, 245). In its omnibus order dismissing the Second Amended Complaint, the Court dismissed the claims against Defendant Erik Norden with prejudice and without leave to replead, noting such repleader would be futile. (Doc. 229, p. 42). After the permitted repleader with respect to other Defendants, the operative pleading is now the Third Amended Complaint. (Doc. 245). As is relevant here, in every iteration of the complaint Plaintiffs asserted a federal securities law claim in addition to various other claims. (*See* Docs. 1, 21, 74, 245).

Plaintiffs now request reconsideration of the Court's bar on repleader with respect to Defendant Erik Norden. (Doc. 249). On the flipside, Defendant Norden requests sanctions be imposed on Plaintiffs for filing pleadings which allegedly violate Rule 11. (Doc. 236). Separately, Defendant Koutoulas requests the Third Amended Complaint be stricken for violating procedural requirements of the Private Securities Litigation Reform Act ("**PSLRA**") and relatedly that sanctions be imposed for these violations. (Doc. 271). After responsive briefing in opposition (Docs. 252, 267, 278), this matter is ripe for review.

## II.    DISCUSSION

First, the Court addresses why, despite Plaintiff admitting it violated certain provisions of the PSLRA, most of Defendant Koutoulas's requested relief is unwarranted at this time. Second, the Court explains why the extraordinary relief of reconsideration is not justified. Finally, the Court clarifies why it will not impose related Rule 11 sanctions.

### A.    The Motion to Strike under the PSLRA

Defendant Koutoulas maintains that Plaintiffs failed to comply with the plaintiff certification, early notice, and discovery stay provisions of the PSLRA. *See* 15 U.S.C. § 77z-1; (Doc. 271). Plaintiffs concede they violated the PSLRA. (Doc. 278). Prior to Defendant Koutoulas raising the issue, however, no defendant notified the Court of the PSLRA's applicability even though the case has been pending for at least thirteen months. (*See* Docs. 1, 271). At the same time, Plaintiffs pled a cause of action in each version of their complaint that appears to have

triggered its various provisions. (Doc. 1, ¶¶ 173–83; Doc. 21, ¶¶ 277–89; Doc. 74, ¶¶ 275–87; Doc. 245, ¶¶ 369–81).[2] In an adversarial system it is not generally the duty of the Court to comb the record and raise every potential substantive and procedural protection available to the parties. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting in an adversarial system "courts are generally limited to addressing the claims and arguments advanced by the parties" with a notable exception being jurisdictional issues). While this failure does not necessarily rise to the level of forfeiture, Defendants cannot now use the PSLRA's procedural protections to pull the plug on the entire case or to gain the upper hand.

This is so because the PSLRA does not prescribe specific sanctions for failure to comply with the provisions at issue here. *See generally* 15 U.S.C. § 77z–1. With respect to the early notice provision, some courts have found non-compliance does not militate dismissal or striking of the pleadings. *See Griffin v. PaineWebber Inc.*, 84 F. Supp. 2d 508, 514 (S.D.N.Y. 2000) ("the PSLRA is silent regarding the effect of a failure to comply [with the early notice provision]. Defendants seek dismissal of the action, but such a remedy would not serve the purpose for which the early notice provision was enacted" (citing *Ravens v. Iftikar*, 174 F.R.D. 651, 653 (N.D. Cal. 1997))); *Boothe v. Northstar Realty Fin. Corp.*, No. CV-JKB-16-3742, 2019

---

[2]   Defendant Koutoulas claims that Plaintiffs omitted these causes of action in the First Amended Complaint and the Second Amended Complaint in an intentional attempt to evade the protective provisions of the PSLRA. (Doc. 271, pp. 10–12). This is simply incorrect as each complaint contains causes of action which would subject it to the PSLRA. (Doc. 1, ¶¶ 173–83; Doc. 21, ¶¶ 277–89; Doc. 74, ¶¶ 275–87; Doc. 245, ¶¶ 369–81). While Plaintiffs should have been aware of and complied with the PSLRA, so too should have Defendants have raised its applicability prior to this point.

WL 587419, at *5–6 (D. Md. Feb. 13, 2019) (reasoning that "if Congress had wanted a violation of the early notice requirement to be 'fatal,' it would have articulated as much, as it did with other provisions of the statute" (citations omitted)), *aff'd sub nom. Bumgardner v. Boothe*, 798 F. App'x 770 (4th Cir. 2020). The Court sees no basis for why such reasoning should not apply to the violations of the plaintiff certification and discovery stay provisions which also have no expressly prescribed sanctions attached to them. *See* 15 U.S.C. § 77z–1. This does not mean, of course, that Plaintiffs conceded violations of the PSLRA should go without a remedy altogether. Rather, the Court must fashion a remedy in proportion to the magnitude of Plaintiffs' violations consistent with the purposes of the PSLRA. *See e.g.*, *Griffin*, 84 F. Supp. 2d at 514.

When it comes to the PSLRA's lead plaintiff appointment process, the Court will require Plaintiffs to publish public notice of the suit and the opportunity to serve as lead plaintiff and then to file copies of such notice on the docket. *See* 15 U.S.C. § 77z-1(a). Then the Court will appoint a lead Plaintiff according to the procedures set forth in 15 U.S.C. § 77z-1(a)(3)(B). This will allow any negatively impacted "investors to intervene in the litigation and take charge of it by, among other things, selecting the lawyers to represent the class and setting the terms of their compensation." *Ravens*, 174 F.R.D. at 653. As such, the Court rejects Defendant Koutoulas's contention it was meaningfully prejudiced by the delay in the initiation of these procedural mechanisms designed to select the plaintiffs with

the greatest interest in and means to achieve the effective disposition of this case. (Doc. 271, pp. 7–10).

In the meantime, Defendants may file additional motions to dismiss, and the Court will stay any future discovery under the PSLRA's stay provision pending their disposition. *See* 15 U.S.C. § 77z-1(b) ("In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). As for prior discovery, Defendant Koutoulas may have been subject to some improper requests, but he also engaged extensively in discovery and as such does not have clean hands in this matter. (Doc. 278, p. 11). Parties cannot sit on their rights and expect to be rewarded when they engage in and benefit from the same behavior about which they only later complain.

Defendant Koutoulas argues that Plaintiffs' violations of the PSLRA require more—indeed, he argues they merit mandatory sanctions under Rule 11. (Doc. 271, p. 5). This is incorrect. Undoubtedly, certain sanctions are mandatory in PSLRA suits in which Rule 11(b) violations have occurred. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 636 (11th Cir. 2010) (noting courts "shall" impose obligations for any failure to comply with Rule 11(b) in any actions subject to the PSLRA). But these sanctions are mandatory only "upon final adjudication of the action;" only when there are actual Rule 11(b) violations; and only with respect to "any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 77z-

1(c)(1). Such is not the case here. Moreover, Defendant Koutoulas failed to comply with the procedural requirements set out in Rule 11, including the proviso that requests for sanctions be included "separately from any other motion." FED. R. CIV. P. 11(c).

Be that as it may, the Court will explain why Rule 11(b) sanctions are not due to be imposed. An attorney or a party may be sanctioned under Rule 11(b) for "presenting to the court a pleading, written motion, or other paper" that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989). The Court has already determined that Plaintiffs' pleadings up to this point have a reasonable legal and plausible factual basis. (Doc. 229). While Plaintiffs' discovery requests during the pendency of motions to dismiss were undoubtedly improper under the PSLRA, the Court nevertheless finds the circumstances of this case do not warrant an inference at this time that they were presented in bad faith *with the purpose of flouting the PSLRA*—for example, to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). As such, they were not presented for an improper purpose, and there was no Rule 11(b) violation. While such a finding might change "upon final adjudication of the action," the Court finds that to impose sanctions at this time would be too hasty. (*See* Docs. 121, 225).

**B.     Plaintiffs' Motion for Reconsideration**

For the following reasons, the Court will deny Plaintiffs' request for the Court to reconsider its prior finding that repleader of the claims against Defendant Erik Norden would be futile. (Doc. 249). Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019) ("Motions for reconsideration are disfavored and 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013, WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted).

Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id*. at *1.

Plaintiffs' argument that new evidence is now available is misplaced. (Doc. 249). While this evidence could not have been included in the Second Amended Complaint in the form of allegations or in the respective briefing when filed, it could have been brought to the Court's attention during the pendency of the consideration of Defendant Norden's motion to dismiss: it became available on March 10, 2023—twenty days before the Court rendered the relevant ruling. (Doc. 249, p. 10). As such, this evidence was available at the time the Court rendered its decision, and the Court will not give Plaintiffs a mulligan.[3] *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) ("For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage.") (citing *Kuenz v. Goodyear Tire & Rubber Co.*, 617 F. Supp. 11, 14 (N.D. Ohio 1985))).

## C.    Defendant Norden's Motion for Rule 11 Sanctions

While reconsideration of the Court's Order is not warranted, Plaintiffs' claims against Defendant Norden were not so unfounded so as to merit sanctions under Rule 11.

---

[3]    Moreover, due to Plaintiffs' violations of the PSLRA stay of discovery, the new evidence appears to be ill-gotten as explained above. Although the Court finds further sanctions unwarranted, it will not reward Plaintiffs for their non-compliance with the PSLRA's procedural protections.

"An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." *Thomas*, 880 F.2d at 1239; FED. R. CIV. P. 11(b). Indeed, the U.S. Supreme Court has advised that "the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see also Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir. 1993). The imposition of Rule 11 sanctions for an allegedly unreasonable legal or factual basis is subject to a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Although the allegations regarding Defendant Norden in the Second Amended Complaint were sparse, the Court finds it was not objectively frivolous for Plaintiffs to include him as a defendant, caught up as he was in the web of events that gave rise to these claims which the Court has found plausibly have merit. (Docs. 74, 229). To impose sanctions here would needlessly "chill innovative theories and vigorous advocacy" which could "bring about vital and positive changes in the law." *Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) (citing FED. R. CIV. P. 11 advisory committee's note (1993 Amendments)). Nor would punishing Plaintiffs "check abuses in the signing of pleadings." FED. R. CIV. P. 11

advisory committee's note (1993 Amendments). In the end, a finding that repleader would be futile does not amount to a finding that litigants abused the judicial process by bringing their claims.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    Defendant Norden's Motion for Rule 11 Sanctions (Doc. 236) is **DENIED**;

2.    Plaintiffs' Motion for Reconsideration (Doc. 249) is **DENIED**; and

3.    Defendant Koutoulas's Motion to Strike (Doc. 271) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.    The request to strike or dismiss the Third Amended Complaint is **DENIED**;

   b.    On or before June 2, 2023, Plaintiffs shall comply with the early notice publication requirements of the PSLRA as set forth in 15 U.S.C. § 77z-1(a)(3)(A) and file notice of such compliance on the docket;

   c.    Discovery in this matter is hereby **STAYED** pending the resolution of any motions to dismiss; and

   d.    On or before June 2, 2023, Plaintiffs shall further comply with any other applicable provision of the PSLRA, if any, and file sworn certification of such compliance. Failure to so file and

comply may result in the imposition of further sanctions up to and including dismissal with prejudice.

**DONE AND ORDERED** in Orlando, Florida on May 22, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties