## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT JAMES KOUTOULAS'S MOTION TO DISMISS AND/OR TRANSFER FOR FORUM NON CONVENIENS

Plaintiffs hereby submits this opposition to Defendants James Koutoulas' and LGBCoin LTD.'s ("Defendants") Motion to Dismiss And/Or Transfer Venue for Forum Non Conveniens (ECF No. 363) (the "Motion") and respectfully requests that this Court deny the Motion in its entirety.

## I.     INTRODUCTION

At its core, this case involves a dispute over the unlawful sale of digital assets by Defendants. Despite the multiple previous failures to dismiss the case (not to mention that the case has been pending in this District for approximately 21 months without any complaint from Defendants regarding venue), Defendants now belatedly seek dismissal in favor of venue in the Southern District of Florida.

But Defendants' threadbare motion utterly fails to meet the heavy burden of overcoming the strong presumption in favor of a plaintiffs' chosen forum.  In particular, the Motion fails to establish any of the private and public interest factors required to warrant dismissal for forum non conveniens.

In truth, the Middle District of Florida is a sufficiently convenient and appropriate forum for this litigation and the Motion does not establish a basis for transfer to the Southern District of Florida.  As such, the Motion should be denied.

## II.   <u>STANDARD OF REVIEW</u>

A "defendant invoking forum non conveniens 'bears a heavy burden in opposing the plaintiff's chosen forum.'"  *Wilson v. Island Seas Invs., Ltd.*, 590 F. 3d 1264, 1269 (11th Cir. 2009) (*quoting Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007)).  A forum non conveniens dismissal is only appropriate where:

> 1.      the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;

> 2.      the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;

> 3.      if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

4.    the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

*Id.*  Importantly, the forum non conveniens movant bears the "burden of persuasion" on all factors.  *Leon v. Millon Air, Inc.*, 251 F. 3d 1305, 1311 (11th Cir. 2001).

## III.    ARGUMENT

### A.    Adequate and Available Forum

"The first prong of the forum non conveniens inquiry simply asks whether the alternative forum is 'adequate' and 'available.'"  *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009). [1]  Plaintiffs do not dispute that they could have elected to file this case in Southern District of Florida as an adequate and available forum.

### B.    Private Interest Factors Do Not Favor a Transfer from Plaintiffs' Chosen Forum

The second step of the forum non conveniens analysis is to weigh the private interest factors and determine whether these private interests favor a change of forum.  Here, Defendants do not carry their burden of establishing that "all relevant factors of private interest" favor transfer to the Southern District of Florida.  *Wilson*, 590 F. 3d at 1269.

---

[1]    Unless otherwise noted, citations are omitted and emphasis is added.

### 1.    *Plaintiffs' Chosen Forum is Sufficiently Convenient*

Defendants insist that "the Southern District is now the most convenient venue to litigate the instant action" following the dismissal of the party at home in the Middle District of Florida, Defendant NASCAR, and argue that this change in circumstance merits a transfer. *See* Mot. at *2. But this alone does not justify a dismissal/transfer on forum non conveniens grounds. First, the appropriateness of "venue must be determined based on the facts at the time of filing." *Omega Pats., LLC v. CalAmp Corp.*, No. 613CV1950ORL40DCI, 2017 WL 4990654, at *3 (M.D. Fla. Sept. 22, 2017). Here, as the Motion implicitly concedes, Plaintiffs initial choice of forum was appropriate at the time the Action was filed. Second, while the presumption in favor of plaintiff's choice may apply with "less force" when the plaintiff's choice is not its home forum, it is still a factor that should be weighed in plaintiff's favor during a forum non conveniens analysis. *See Huntington Nat'l Bank v. Jesus Film Project*, No. 618CV704ORL40TBS, 2019 WL 2552305, at *2 (M.D. Fla. Feb. 28, 2019) (Byron, J.) (according appropriate weight to Plaintiff's choice of forum notwithstanding it not being Plaintiff's home forum and denying motion for forum non conveniens dismissal); *see also Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 674 (11th Cir. 2013) (reversing district court finding that a plaintiff's choice of forum was entitled to less deference because they were

suing outside of their home forum and affirming that district courts are "bound by precedent to apply a strong presumption to the plaintiffs' choice of forum when the plaintiffs are American citizen who seek redress in American courts).[2]  Since Plaintiffs' initial choice was both appropriate and reasonable based on the facts at the time of filing, it should be given appropriate deference in the forum non conveniens analysis.

### 2.   *Private Interest Factors Do Not Favor a Change in Forum*

Next, the Motion argues that: (1) "the Southern District provides a more cost-effective, efficient venue for the administration of the case"; (2) "a majority of fact witnesses reside in the Southern District of Florida, making it more cost-effective and convenient to secure their appearance for any required testimony and for court appearances"; and (3) "a related case is pending in the Southern District of Florida to quash a subpoena issued by the Securities and Exchange Commission, which involves a similar legal analysis as that at issue in this matter."  Mot. at *4-*5.  These conclusory contentions fall far short of the showing required when

---

[2]     Plaintiffs dispute Defendants' characterization that this Action "remains in its early stages" and that, as such, it would be more efficient to transfer the case to the Southern District of Florida.  *See* Mot. at *4.  This matter has been pending in the Middle District of Florida for nearly two years and has survived multiple rounds of motions to dismiss and other dispositive motion briefing.  Further, the parties have already engaged in written discovery, with each party receiving documents in response to requests for production.

seeking dismissal based on forum non conveniens grounds.

Indeed, the "Supreme Court has identified the following 'private factors,' which pertain to the interests of the participants in the litigation, that courts must consider when ruling on a motion to dismiss for forum non conveniens:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1331 (11th Cir. 2011). The Motion gives no analysis of these factors beyond the aforementioned conclusory, self-serving statements. For example, the first point is, without additional evidentiary support, entirely speculative. After all, "argument is not evidence, and merely declaring [something] to be reasonable does not make it so." *Figueroa v. RSC Corp.*, No. 6:10-CV-842-ORL-22, 2011 WL 1811684, at *3 (M.D. Fla. Apr. 26, 2011), *report and recommendation adopted*, No. 6:10-CV-842-ORL-22, 2011 WL 1837795 (M.D. Fla. May 12, 2011). Further, "[i]t is not the court's responsibility to seek out facts in support of a party's position; rather, the burden is on the parties to formulate arguments and present facts in support of their positions." *Bethel v. City of Montgomery*, Case No. 2:07-cv-743-MEF, 2010 WL 996397, at *7 (M.D. Ala. Mar. 2, 2010) (*citing Rd. Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F. 3d 1563, 1568 (11th Cir. 1994);

*see also Haight v. Bluestem Brands, Inc.,* Case No. 6:13-cv-1400-Orl-28KRS, 2015 WL 12830482, at *7 (M.D. Fla. May 14, 2015) ("Counsel's speculation . . . . is not evidence."). Defendants simply do not carry their burden on this point and should not be allowed to forego the required showing for dismissal on forum non conveniens grounds.

With respect to Defendants' second point regarding the potential availability of witnesses, the Motion does not name any material non-party witnesses, identify their place of residence within the Southern District of Florida, or describe the subject matter of their anticipated testimony. *See Steven Douglas Assocs., Inc. v. Orrick Herrington & Sutcliffe Int'l, LLP*, No. 09-60624-CIV, 20029 WL 10701259, at *7 (S.D. Fla. June 16, 2009) (confirming that the "party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony" and finding failure to do so militated against transfer). Defendants also offer no evidence (or argument) on the factors of access to proof, specific witness issues, or any detail on additional practical problems factors. Similarly, Defendants do not point to any affirmative defense available to them that requires non-party witness testimony for resolution. *See generally* Mot. at *4 -*5.

Additionally, a review of the elements of the causes of action that survived

Defendants' multiple attempts at dismissal[3] indicates that the necessary evidence

required to prove and disprove each element of each claim can be obtained with

party discover and expert reports.  As noted, the parties have already exchanged

document discovery electronically.  Defendants have not indicated that there are

physical documents or evidence located exclusively within the Southern District,

thus the "location of evidence" factor is moot.  *See Steven Douglas Assocs., Inc. v.*

*Orrick Herrington & Sutcliffe Int'l, LLP*, No. 09-60624-CIV, 2009 WL 10701259, at *7

(S.D. Fla. June 16, 2009) (observing that "document production is not as onerous

as it once was, and scores of file boxes filled with paper (if they exist) need not

travel across the country but may be transported via electronic format" and find-

ing that "this factor does not weigh in favor of transfer"); *Steifel Lab'ys, Inc. v. Gal-*

*derma Lab'ys,Inc.*, 588 F. Supp. 2d 1336, 1340 (S.D. Fla. 2008) (finding defendant's

burden of document production did not warrant transfer because "in the current

world of expedited transfer of information, assembly and production of any nec-

essary information can be produced just as easily in this District as in [another

---

[3]     Pursuant to the March 29, 2024 Order, the following claims against Defendant Koutoulas survived: (1) sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933; (2) sale of unregistered securities in violation of the Florida Securities and Investor Protection Act, Fla. Stat. 517.07; and (3) unjust enrichment.

district]").

As for the location of parties, Defendants offer no actual evidence that it would be more costly for their personal representative to travel to the Middle District of Florida for this litigation, as compared to the cost for Plaintiffs' representatives' travel to the Southern District of Florida. Further, the Motion's suggestion that future scheduled depositions would create some private interest factor that weighs in Defendants' favor (*see* Mot. at *2, *4) ignores the realities of modern litigation. Most notably, the deposition of Defendant Koutoulas can occur at a mutually agreeable location within the Southern District or be done remotely if necessary. Further, to the extent any non-party deposition testimony is needed,[4] those too can be conducted remotely or at a location convenient to the witness. Thus, the anticipated costs for obtaining witness testimony are minimal while at the same time taking into account the convenience of any witness. At best, this is a neutral factor which does not help to support Defendants required showing for transfer or dismissal on inconvenience grounds.

Third, Defendants reference (without citation) another action "pending in

---

[4]     Defendants do not articulate what that non-party testimony would add to any of its affirmative defenses or why such testimony is necessary to its defense.

the Southern District of Florida to quash a subpoena issued by the Securities and Exchange Commission" and claim that this action "involves a similar legal analysis as that at issue in this matter."  Seemingly, Defendants are suggesting that there are some undefined efficiencies to be gained by having both matters proceed in the Southern District.  Even if Defendants actually articulated this argument such that it could be considered as part of the private interest factors analysis, it should be afforded little weight, if any.  Indeed, it is worth noting that the "related action" Defendants reference is not a lawsuit brought by the Securities and Exchange Commission ("SEC") alleging claims under the Securities Act or any state securities law analog.  Rather it is a matter that Defendant Koutoulas brought in his personal capacity to quash an investigative subpoena issued by the SEC. *See Koutoulas v. Securities and Exchange Commission*, 1:23-cv-22345 (S.D. Fla.) (ECF No. 1 – Motion to Quash and #1-16 – SEC subpoena).  Significantly, regardless of how Defendant Koutoulas' pending motion to quash is resolved, the resolution will effectively end that matter in the Southern District of Florida.  There is no related administrative or civil enforcement action by the SEC currently pending against Defendants in the Southern District of Florida that could be on a parallel track with this Action.  Accordingly, the existence of Defendant Koutoulas' dispute with the SEC does not

tip the balance in favor of a transfer to an alternate forum.

Lastly, there is "normally a strong presumption that the plaintiff has chosen a sufficiently convenient forum, and defendants in such cases are required to prove "vexation" and "oppressiveness" that are "out of all proportion" to the plaintiff's convenience" *Leon*, 251 F. 3d at 1314-1315 (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Given Defendants' lack of evidence showing vexation or oppression resulting from the litigation of this dispute in the Middle District of Florida,[5] this Court should find that the Motion fails to overcome the "strong presumption against disturbing [Plaintiffs'] initial forum choice." *Wilson*, 590 F. 3d at 1269.

### 3.   *Public Interest Factors*

The Court may decline to reach the public interest factors since the balance of private interest factors is neither at nor near equipoise. *See Wilson*, 590 F.3d at 1269. However, for the sake of thoroughness, Plaintiffs will address the public interest factors, which "pertain to the relative interests of the two fora," and include:

> [1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is

---

[5]     The Motion only makes passing reference to the vexation standard for forum non conveniens determinations and does not provide any factual detail on this point. *See* Mot. at *5.

at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Tazoe*, 631 F.3d at 1333.

Again, Defendants offer no substantive argument (much less provide evidence in support) on any of the public interest factors.  Consequently, there is nothing to "tip the balance in favor of trial in the alternate forum" presented in the Motion.  *See Wilson*, 590 F. 3d at 1269.  Likewise, Defendants did not even attempt to establish that the Southern District of Florida can more efficiently resolve motions for class certification or summary judgment in this matter.

In sum, the Motion fails to establish any judicial efficiency, paramount localized interest, or avoidance of conflict of laws that would be achieved by its requested dismissal/transfer for forum non conveniens.  As such, Defendants have not overcome the "burden of persuasion" that the plaintiff's chosen forum is presumptively convenient, and their motion should be denied.  *See Leon*, 251 F. 3d at 1311.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant Koutoulas's and LGBCoin LTD.'s Motion to Dismiss And/Or Transfer For Forum

Non Conveniens.

Dated: May 03, 2024                Respectfully submitted,
                                   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                   s/   *Sean T. Masson*

                                   Sean T. Masson (admitted *pro hac vice*)
                                   The Helmsley Building
                                   230 Park Avenue, 17th Floor
                                   New York, NY 10169
                                   Tel.: 212-223-6444
                                   Fax: 212-223-6334
                                   smasson@scott-scott.com

                                   John T. Jasnoch (admitted *pro hac vice*)
                                   **SCOTT+SCOTT**
                                   **ATTORNEYS AT LAW LLP**
                                   600 W. Broadway, Suite 3300
                                   San Diego, CA 92101
                                   Tel.: 619-233-4565
                                   Fax: 619-236-0508
                                   jjasnoch@scott-scott.com

                                   **ZIGLER LAW GROUP, LLC**
                                   Aaron M. Zigler (admitted *pro hac vice*)
                                   Robin Horton Silverman (FL Bar 0027934)
                                   Mary Jane Fait (admitted *pro hac vice*)
                                   Michael Krzywicki (FL Bar 1002304)
                                   Nidya S. Gutierrez (admitted *pro hac vice*)
                                   308 S. Jefferson Street | Suite 333
                                   Chicago, IL 60661
                                   Tel: 312-673-8427
                                   aaron@ziglerlawgroup.com
                                   robin@ziglerlawgroup.com
                                   maryjane@ziglerlawgroup.com

michael@ziglerlawgroup.com
nidya@ziglerlawgroup.com

*Attorneys for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 03, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/  Sean T. Masson*
Sean T. Masson
