# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## DECLARATION OF AARON M. ZIGLER

I, Aaron M. Zigler, declare pursuant to 28 U.S.C. § 1746 as follows:

1.    I certify that the statements set forth in this instrument are true and correct. I make the following statements based on my personal knowledge and if called, I could competently testify to the matters stated herein.

2.    I am one of the lawyers representing the plaintiffs in this matter.

3.    Plaintiffs' counsel has significant experience litigating complex class action lawsuits.

4.    I am a lawyer first admitted to practice in 2001. I am currently admitted to practice in the highest courts of the States of Missouri, Illinois, New York, and California.; the Second, Seventh and Ninth Federal Circuit Courts of Appeal; and in all of the federal district courts in New York, Illinois and

1

California. This is the first matter for which I've served as counsel in the Eleventh Circuit.

5.       I am the founding member of Zigler Law Group, LLC.  I have extensive experience in high-stakes litigation against some of the largest corporations. I have handled all aspects of litigation, won contested class certification motions and dispositive motions, taken extensive discovery and negotiated substantial settlements. My efforts have led to the resolution of numerous class action cases on behalf of millions of consumers.

6.       I have received the recognition of my peers through a Martindale-Hubbell AV Preeminent peer rating, a 2024 selection as an Illinois "Super Lawyer" and multi-year selection as a Super Lawyers Missouri and Kansas "Rising Star."  I have also been honored as a finalist for Public Citizen's Trial Lawyer of the Year award. I am a member of the American Society of Legal Writers.

7.       Prior to founding Zigler Law Group, I was a partner at Keller Lenkner where I managed its class action group and supported its mass arbitration practice, and Korein Tillery, where I managed all aspects of high-stakes litigation for nearly two decades.

8.      In my career, I have almost exclusively represented plaintiffs in complex and class action litigation. Some notable decisions for which I served as counsel include: Some notable decisions for which I was primarily responsible, or materially contributed to the briefing or argument include: *Edmar Fin. Co., LLC, v. Currenex, Inc.*, No. 21-cv-6598 (LAK), 2023 WL 3570017 (S.D.N.Y. May 18, 2023); *Fishon v. Peloton Interactive, Inc.*, 620 F.Supp.3d 80 (S.D.N.Y. 2022); *Sweet v. BJC Health Sys.*, No. 3:20-CV-00947-NJR, 2021 WL 2661569 (S.D. Ill. June 29, 2021); *Postmates Inc. v. 10,356 Individuals*, No. CV202783PSGJEMX, 2021 WL 540155 (C.D. Cal. Jan. 19, 2021); *B.F. v. Amazon.com Inc.*, No. 20-35359, 2021 WL 1593003 (9th Cir. Apr. 23, 2021); *Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020); *Snider v. Heartland Beef, Inc.*, 479 F.Supp.3d 762 (C.D. Ill. 2020); *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062 (N.D. Cal. 2020); *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019); *Axiom Inv. Advisors, LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526 (S.D.N.Y. 2017); *U.S. ex rel. Conroy v. Select Med. Corp.*, 211 F. Supp. 3d 1132 (S.D. Ind. 2016); *U.S. ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632 (7th Cir. 2016); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 74 F. Supp. 3d 581 (S.D.N.Y. 2015); *Price v. Philip Morris, Inc.*, 43 N.E.3d 53 (Ill. 2015); *City of Greenville v. Syngenta Crop Prot., Inc.*,

3

904 F. Supp. 2d 902 (S.D. Ill. 2012); *Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. 2011); *Carr v. Tillery*, 591 F.3d 909 (7th Cir. 2010); *Johnson v. Allstate Ins. Co.*, 2009 WL 3230157 (S.D. Ill. Sept. 30, 2009);  *Hoormann v. SmithKline Beecham Corp.*, 2007 WL 1591510 (Ill. Cir. Ct. May 17, 2007); *Barbara's Sales, Inc. v. Intel Corp.*, 367 Ill. App. 3d 1013, 857 N.E.2d 717 (2006); and *Prather v. Pfizer Inc.*, No. 02-L-480 (Ill. Cir. Mar. 2, 2004).

9.      Some of the cases for which I served as counsel include the following:

10.      *Senne v. The Office of the Comm'r of Baseball*, No. 14-CV-00608-JCS, 2017 WL 897338 (N.D. Cal. Mar. 7, 2017). Minor League baseball players are paid less than minimum wage during the season and not paid at all during Spring Training.  Plaintiffs won certification of an FLSA collective and a Rule 23 class of minor leaguers who played in California. *Senne*, 2017 WL 897338 (N.D. Cal. Mar. 7, 2017). The Ninth Circuit affirmed the certification of the California class and reversed denial of Arizona and Florida classes. *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 922 (9th Cir. 2019).

11.      *Axiom Investment Advisors, LLC v. Barclays Bank PLC*, No. 15-cv-9323-LGS (S.D.N.Y. July 19, 2017). This nationwide class alleged that instead of

4

executing currency orders placed by Barclays' customers as they were received, Barclays delayed execution of matched trades for several hundred milliseconds. If the trade would be unfavorable, Barclays reneged on the agreed price and either rejected the trade or filled the order at a worse price. The matter settled for $50 million.

12.     *United States ex rel. Garbe v. Kmart Corp.*, 73 F. Supp. 3d 1002 (S.D. Ill. 2014). Kmart pharmacies charged low, flat-rate prices for certain generic drug prescriptions when those drugs are purchased by cash customers. However, Kmart charged significantly higher prices to customers with Medicare Part D coverage for the same prescription. Kmart claimed it had not overcharged the Government because its cash-customers are not the "general public" but rather members of an exclusive "club" through which they are offered the discount prices. The district court rejected Kmart's arguments and denied its motions for summary judgment.  Kmart appealed. The Seventh Circuit ruled that price given to Kmart pharmacy customers paying out-of-pocket should have been passed along to the Government. *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632 (7th Cir. 2016). Following additional motion practice, Kmart settled on the eve of trial with Kmart agreeing to pay $59 million.

13.     *City of Greenville v. Syngenta Crop Prot., Inc.,* 904 F. Supp. 2d 902 (S.D. Ill. 2012). A class of public and private water providers throughout the country alleged that the herbicide atrazine-one of the most-used herbicides in the United States -contaminated their water supplies. After almost eight years of litigation in state and federal court, the case settled for $105 million.  Public Justice honored me as one of its finalists for its Trial Lawyer of the Year award for my work in this case.

14.     *Parker v. Sears, Roebuck & Co.,* Case No.: 04-L-716 (Ill. Cir. Ct. Sept. 18, 2007). This action sought to remedy Sears' failure to install anti-tip safety devices, which prevent ranges from tipping over and severely burning or injuring unsuspecting consumers, on ranges that it sold, delivered and set-up in customers' homes. To increase its profits, Sears adopted a policy of refusing to install anti-tip brackets during normal installation unless the customer agreed to incur a substantial cost. At the same time, Sears failed to disclose the hazards associated with forgoing anti-tip bracket installation. The case settled providing complete relief to the class by requiring Sears to install anti-tip brackets for the affected members of the class as well as requiring the installation of such brackets in the future. This settlement was touted by the public interest

organization Public Citizen as an example as to how consumer class actions benefit society.

15.    *Barbara's Sales, Inc. v. Intel Corp.*, 367 Ill. App. 3d 1013 (July 25, 2006). Plaintiffs alleged that defendant engaged in consumer fraud by concealing from purchasers that the Pentium 4 was not any faster or otherwise superior to the Pentium III available at the same time. Plaintiffs asked that a class be certified including all purchasers of Pentium 4 computers within the United States and applying California law to the defendant's conduct on the ground that the defendant's wrongful conduct occurred in that California, and the policies animating its conduct-governing law gave the state the most significant relationship with the litigation and that as the defendant's principal place of business, it had a significant aggregation of contacts to support application of its law nationwide. After the trial court certified a class action restricting the class to Illinois purchasers and applying Illinois law, the plaintiffs appealed. The appellate court reversed, agreeing that a nationwide class was appropriate and that California law should apply to all purchases.

16.    *Hoormann v. SmithKline Beecham Corp.*, 04-L-715 (Ill. Cir. Ct. May 17, 2007). A nationwide class of purchasers alleged that SmithKline Beecham

promoted Paxil and Paxil CR for prescription to children and adolescents, despite actual knowledge that these drugs exposed them to dangerous side effects while also failing to treat their symptoms. The settlement established a $63.8 million fund to reimburse class members 100% of their out-of-pocket expenses. The New York Attorney General's Office settled its lawsuit concerning the same conduct for a $2.5 million fine.

17.    *Prather v. Pfizer Inc.*, 02-L-480 (Ill. Cir. Ct. Dec. 2, 2004). Pfizer marketed its anti-diabetes drug Rezulin as a "breakthrough" that was as "safe as a placebo." But over the course of the three years Rezulin was on the market, many people died and many more were seriously injured as a result of its use. Because of the harmful effects of Rezulin, thousands of personal injury cases and 50 class action cases were filed. Of the class actions, only this one-alleging unfair business practices under the New Jersey Consumer Fraud Act-lead to any recovery. The settlement established a $60 million fund to pay 85% of plaintiffs' out-of-pocket expenses for Rezulin and an additional $20 million cy pres award to finance diabetes research. This settlement was used on the floor of the Senate as an example of why state-court class actions serve the public good. See 150 Cong.

Rec. 92, S7714-17 (July 7, 2004 statement of Sen. Durbin); 151 Cong. Rec. 12, S1082-85 (February 8, 2005 statement of Sen. Durbin).

18.     Scott+Scott Attorneys at Law LLP ("Scott+Scott") is an international law firm with significant experience in successfully prosecuting class action suits and other complex litigations.  Scott+Scott has served as lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.

19.     Scott+Scott's efforts in representing plaintiffs have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as Lead counsel and recovered $70 million for the class, the Court stated:

> Based upon Lead Plaintiff' counsel's diligent efforts on behalf of the Settlement Class, as well as his skill and reputations, Lead Plaintiff' counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiff' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.  (*Id.*)

20.     In addition, recently as co-lead counsel, Scott+Scott recovered more than $2.3 billion in settlements for investors injured by collusion to manipulate foreign exchange rates and benchmark prices.  *See In re Foreign Exchange*

*Benchmark Rates Antitrust Litig.*, No. 13-CV-7789, ECF No. 925 (S.D.N.Y. Jan. 12, 2018). Mediator Kenneth R. Feinberg concluded that the settlement "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott attorneys were "superlative, sophisticated, and determined plaintiff's lawyers." *Id.*, ECF No. 926, ¶29.

21. Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-00337 (W.D.N.Y.); *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-05125 (S.D.N.Y.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Secs. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million settlement preliminarily approved); and *In re Evoqua Water Techs. Corp. Secs. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($14.5 million settlement preliminary approved).

22. John T. Jasnoch is a partner at Scott+Scott, first admitted to practice in 2011. Mr. Jasnoch is currently admitted to practice in the highest court of the

State of California.; the Ninth Circuit Court of Appeals; and federal district courts for the Southern District of California, Central District of California, the Northern District of California, and the District of Colorado.

23.    Mr. Jasnoch has served in a leadership capacity in several successful cases, including: *In re LendingClub Corp. Shareholder Litig.*, No. CIV537300 (Cal. Super. Ct. San Mateo Cty.) ($125 million federal and state joint settlement); *In re King Digital Entertainment plc Shareholder Litig.*, No. CGC-15-544770 (Cal. Super. Ct. San Francisco Cty.) ($18.5 million settlement); *In re Wash. Mut. Mortg. Backed Secs. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re Conn's, Inc. Secs. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *In re FireEye, Inc. Securities Litig.*, No. 1:14-cv-266866 (Cal. Super. Ct. Santa Clara Cty.) ($10.3 million settlement); *In re Pacific Coast Oil Trust Securities Litig.*, No. BC550418 (Cal. Super. Ct. Los Angeles Cty.) ($7.6 million settlement); and *In re MobileIron, Inc., Shareholder Litig.*, No. 1-15-284001 (Cal. Super. Ct. Santa Clara Cty.) ($7.5 million settlement).

24.    In 2015, Mr. Jasnoch was a member of the trial team in *Scorpio Music S.A. v. Victor Willis,* a landmark copyright jury trial concerning the copyright ownership of hit songs by The Village People. In that suit, Scott+Scott client and

11

Village People lyricist Victor Willis obtained a declaratory judgment confirming his copyright termination and giving him a 50% copyright interest in "YMCA" and other classic Village People compositions. No. 11-cv-1557 (S.D. Cal.).

25.     Mr. Jasnoch, along with Scott+Scott attorney Sean Masson, lead Scott+Scott's cryptocurrency and digital asset litigation practice.  In addition to this matter, Scott+Scott is currently litigating several cryptocurrency related cases, including:

- *Ocampo al v. Dfinity USA LLC et al.*, 21-CV-03843 (Super. Ct. San Mateo Cty.) (alleging that Dfinity and other insiders sold securities as "ICP tokens" without registering with the SEC as required);

- *Morgan et. al. v. Constellation, et al.*, 3:21-cv-08869 (N.D. Cal.) (alleging the Constellation improperly denied DAG token holders the ability to swap from the original ERC-20 token to the mainnet token);

- *In re Ethereum Max Investor Litigation*, 2:22-cv-00163 (C.D. Cal.) (alleging that the Defendants improperly used celebrity endorsements to pump up the trading volume for the EMAX token so that insiders could unload their holdings onto unsuspecting cryptocurrency investors);

- *Merewhuader et al. v. SafeMoon LLC, et al.*, 2:22-cv-01108 (C.D. Cal.) (alleging the SafeMoon corporate entities and executives repeatedly misled investors about the status of the project and improperly used celebrity promoters to artificially increase the trading volume for the SAFEMOON tokens in order to sell off their pre-sale holdings);

- *Patterson v. Terraform Labs PTE Ltd.*, No. 3:22-cv-03600 (N.D. Cal.) (alleging the Terraform Labs and its principals conspired to mislead investors about the stability and sustainability of its two largest digital assets: UST and LUNA, which were also sold as unregistered securities along with other tokens in the Terra ecosystem);

- *Pasquinelli, et. al., v. HUMBL LLC*,  No. 3:22-cv-00723-AJB-BLM (S.D. Cal) (alleging the unregistered sale of exchange traded index products made up of cryptocurrencies and digital assets); and

- *Goines v. Celsius Network, Inc.*, No. 2:22-cv-04560, (D. N.J.) (alleging fraud and sale of unregistered securities in connection with the bankruptcy of crypto exchange and lender Celsius Networks).

26.    Since filing this lawsuit, Plaintiffs' counsel has devoted significant resources and attorney time to litigating each aspect of this case.  To date, based

13

on my review of contemporaneous time records maintained in the normal course of our business, Zigler Law Group has invested more than 4,200 hours in the advancement of this litigation.

27.    My firm and I are committed to expending the resources necessary to reach the best outcome for the class.

28.    Attached to this declaration as Exhibit 1 is a true and correct copy of bates 03102023PROD26S0199, a document produced in the action by James Koutoulas.

29.    Attached to this declaration as Exhibit 2 is a true and correct copy of bates 03102023PRODQ260014, a document produced in the action by James Koutoulas.

30.    Attached to this declaration as Exhibit 3 is a true and correct copy of bates 03102023PRODQ261284, a document produced in the action by James Koutoulas.

31.    Attached to this declaration as Exhibit 4 is a true and correct copy of bates 03102023PRODQ261545, a document produced in the action by James Koutoulas.

32.     Attached to this declaration as Exhibit 5 is a true and correct copy of bates 03102023PRODQ261610, a document produced in the action by James Koutoulas.

33.     Attached to this declaration as Exhibit 6 is a true and correct copy of bates CARTER_LGB0000449-51, a document produced in the action by Jeffery Carter.

34.     Attached to this declaration as Exhibit 7 is a true and correct copy of bates CARTER_LGB00001179, a document produced in the action by Jeffery Carter.

35.     Attached to this declaration as Exhibit 8 is a true and correct copy of bates CARTER_LGB00001216, a document produced in the action by Jeffery Carter.

36.     Attached to this declaration as Exhibit 9 is a true and correct copy of Document 329 in case *Rensel v. Centra Tech, Inc.*, No. 17-24500 (S.D. Fla) obtained from the official court file.

37.     Attached to this declaration as Exhibit 10 is a true and correct copy of Document 325 in case *Rensel v. Centra Tech, Inc.*, No. 17-24500 (S.D. Fla) obtained from the official court file.

I declare, under penalty of perjury, that the foregoing facts are true and correct.


Executed on July 22, 2024 in Chicago, Illinois.

Aaron M. Zigler