UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

      **Plaintiffs,**

v.                                Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants James Koutoulas and LGBCoin, LTD's Motion to Compel Plaintiffs' Depositions (Doc. 386)** |
| **FILED:** | **August 8, 2024** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

Before the Court is Plaintiffs' Motion for Reconsideration. Doc. 386 (the Motion). On August 7, 2024 the Court granted Defendants' Motion to Compel Plaintiffs' Depositions. *See* Docs. 380, 385. In the motion to compel, the only request for relief concerned the location of Plaintiffs' eventual deposition. In granting the motion to compel, the Court noted that Plaintiffs failed to file a response in opposition to the motion, found the motion unopposed, and ordered that Plaintiffs' depositions take place within the Middle District of Florida. Doc. 385. The Court also

directed that, "After conferring with Plaintiffs, Defendants shall notice Plaintiffs' depositions." *Id.* at 2.

Now, Plaintiffs argue that they oppose the motion to compel—despite not filing a response in opposition to the motion to compel—and ask the Court to reconsider its Order. Doc. 386. For the reasons stated herein, reconsideration is denied.

## I.     Legal Standard

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam)[1]. It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[2]

## II. Discussion

Here, there are numerous reasons to deny reconsideration. As an initial matter, Plaintiffs' contention that the opposed the motion to compel is without merit. Plaintiffs contend that they objected to the motion to compel in their response in opposition (Doc. 384) to Defendant's also-pending motion for extension of time (Doc. 381). However, it is patent that Plaintiffs did not file that response in opposition to the motion to compel. *See, e.g.*, Doc. 384 at 1 (the introductory paragraph) and 5 (the conclusion). Indeed, though there is some argument in that opposition that does appear relevant to the motion to compel (*see, e.g.*, Doc. 384 at 2), the Court is not required to scour the docket to search for a party's objection within a filing that is not styled or intended as a response to the motion at issue. When ruling on a motion, the Court looks to the motion, the response, and any referenced exhibits therein. *See* Doc. 47 at 1 ("To resolve the dispute, the Court may: decide the dispute on the basis of the Motion and any response, set a hearing, or order further briefing."). If Plaintiffs wished for the Court to consider any argument in opposition to the motion to compel, Plaintiffs should have filed a response in opposition to the motion to compel within the time provided—but Plaintiffs failed to do so.

Even if the Court were to consider the merits of the arguments raised in the response to the motion for an extension of time (*i.e.* Doc. 384), the Court still would compel the deposition to occur in Florida. Indeed, in that response, Plaintiffs don't actually state any reason why their

---

[2] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

depositions should not take place in Florida. *See generally* Doc. 384. Plaintiffs do contend that the Motion to Compel is premature because Defendants have not served proper notice. Doc. 384 at 4 (citing *Wolk v. Seminole Cnty.*, 2007 WL 328685, at *1 n.1 (M.D. Fla. Jan. 31, 2007)). However, the Court did not enter an order compelling a deposition to occur under Rule 37, nor did the Court state that a deposition had to take place at any particular time—instead, the Court merely resolved a live controversy between the parties regarding the forum for depositions of Plaintiffs. *See Dang ex. rel. Dang v. Eslinger*, 2014 WL 3611324, at *2 (M.D. Fla. July 22, 2014) ("Although Plaintiff has not yet been served with a notice of deposition, the controversy is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.") (internal quotations and citation omitted). The Order makes clear that Defendants are still required to notice the depositions in line with the Federal Rules of Civil Procedure and Local Rule 3.04. Upon service of the notices, Plaintiffs remain free to file any motion they wish concerning the depositions. The only issue resolved by the Order is the location of the depositions, not the timing or any other matter. To be sure, the Court does not find that the depositions must take place if the depositions are improperly noticed or if there is any other issue that might preclude the depositions from going forward. Plaintiffs have not met their burden of establishing that the Court should grant the extraordinary remedy of reconsideration. *See Fla. Coll. of Osteopathic Med.*, 12 F. Supp. 2d at 1308.

### III. Conclusion

Accordingly, for the foregoing reasons, the Motion (Doc. 386) is **DENIED**.

**ORDERED** in Orlando, Florida on August 12, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE