# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

    **Plaintiffs,**

v.                                      Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

    **Defendants.**

_____/

## ORDER

This cause is before the Court upon Defendants James Koutoulas and LGBCoin, LTD's (collectively "**Defendants**") Motion for Extension of Time to Respond to Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel. (Doc. 381 (the "**Motion**")). Lead Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively "**Plaintiffs**") filed a response in opposition. (Doc. 384 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiffs initiated this action on April 1, 2022. (Doc. 1). Ultimately, after three (3) amended complaints and a Private Securities Litigation Reform Act ("**PSLRA**") stay of the case, the Court issued an Order ruling on several motions to dismiss. (*See* Doc. 354). As a result, the Court lifted the PSLRA stay and notified

the parties that a new Order regarding case management and deadlines would be forthcoming. (Doc. 355). The parties filed a joint Case Management Report, in which they requested a series of dates for the remaining deadlines in the case. (Doc. 359). Then, on April 25, 2024, the Court issued an amended Case Management and Scheduling Order (Doc. 362 (the "**CMSO**")). Therein, the Court accommodated the parties' requested dates for the class certification motion, response, and reply deadlines. (*Id.* at p. 2).

Now, Defendants move for an extension of the deadline to respond to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, [and] Appointment of Class Counsel (Doc. 373 (the "**Motion for Class Certification**")). Defendants seek an extension of time that would delay the deadline for their response "until twenty (20) days after the last Plaintiff is deposed." (Doc. 381, p. 2). Plaintiffs responded in opposition, and the matter is now ripe for review. (Doc. 384).

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 16(b)(4), a Court's scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (citation omitted).

## III. DISCUSSION

In the Motion, Defendants assert that deposing Plaintiffs is "necessary to prepare a response" to the Motion for Class Certification. (Doc. 381, p. 3). Considering the circumstances of this case, the Court agrees. First, after three (3) amended complaints, this case has widely varied in its claims and defendants. (*See* Docs. 1, 21, 74, 245, 354). Consequently, Defendants intend to depose Plaintiffs to further narrow Plaintiffs' claims and effectively respond to Plaintiffs' Motion for Class Certification. (Doc. 381). Moreover, as Defendants posit, the requested extension of time will advance "judicial economy and efficiency." (*Id.* at p. 3). Allowing Defendants to conduct such depositions prior to their response will enable comprehensive briefing for the Court's ruling on the Motion for Class Certification. Second, the Court acknowledges that due to the PSLRA stay, discovery was stayed for a large period of this case, and thus, Defendants have been limited in their allotted time to request and conduct these depositions. (*See* Docs. 284, 355).

In addition to finding that an extension of time is warranted under the aforementioned circumstances, the Court also finds that Defendants have met the "good cause" standard under Rule 16(b)(4). (*See* Doc. 384, p. 2). Specifically, Defendants have demonstrated their diligence in seeking to comply with the original deadline. Defendants sought these depositions on May 13, 2024—three (3) months before the deadline to respond to Plaintiffs' Motion for Class Certification. (*Id.*). Defendants also attempted to confer with Plaintiffs on various occasions to

3

request these depositions. (*Id.*). Yet, Plaintiffs continued to resist such depositions, and thus, Defendants resorted to a Motion to Compel Plaintiffs' Depositions. (Doc. 380 (the "**Motion to Compel**")). In ruling on the Motion to Compel, the Magistrate Judge rejected Plaintiffs' position, and explained that "[t]ypically, plaintiffs must make themselves available for deposition in the judicial district in which they filed suit." (Doc. 385, p. 2). Thus, despite their diligence, Defendants are unable to comply with the original response deadline. *See Oravec,* 527 F.3d at 1232.

Ultimately, considering the circumstances of this case, Defendants' diligence, and the Magistrate Judge's ruling on the Motion to Compel, the Court grants Defendants an extension of time consistent with the directives set forth below.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Extension of Time to Respond to Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (Doc. 381) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendants shall depose Plaintiffs on or before September 11, 2024.

    a. Plaintiffs shall make themselves available for such depositions, pursuant to the Court Order granting Defendants' Motion to Compel Plaintiffs' Depositions. (Doc. 385).

      b.      The parties are limited to conducting one (1) deposition per week.

3.      Defendants shall respond to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, [and] Appointment of Class Counsel (Doc. 373) on or before October 2, 2024. Thereafter, Plaintiffs shall reply to the response on or before October 16, 2024.[1]

**DONE AND ORDERED** in Orlando, Florida on August 12, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] All other Court-imposed deadlines shall remain the same pursuant to the CMSO. (Doc. 362).