### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC DE FORD, SANDRA
BADER and SHAWN R. KEY,**

         **Plaintiffs,**

**v.**                                  **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and
LGBCOIN, LTD,**

         **Defendants.**

_____/

### <u>ORDER</u>

This cause is before the Court upon Defendant James Koutoulas

("**Defendant Koutoulas**") and Defendant LGBCoin, LTD's (collectively

"**Defendants**") Motion to Dismiss and/or Transfer Venue for Forum Non

Conveniens (Doc. 363 (the "**Motion**")).[1] Plaintiffs Eric De Ford et al.

---

[1] The Court limits its discussion to the Motion to Transfer Venue for several reasons. First, Defendants cite to 28 U.S.C. § 1404, the governing statute for motions to transfer venue. (Doc. 363, pp. 1, 3, 5); *see Atl. Marine Const. Co., v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55–59 (2013) (delineating the difference between § 1404 and § 1406). Defendants do not cite to 28 U.S.C. § 1406, the governing statute for motions to dismiss due to improper venue. *See Atl. Marine Const. Co.*, 571 U.S. at 55–56. Second, § 1406 allows dismissal only when venue is "wrong" or "improper" under federal venue laws. *Id.* Here, Defendants do not argue that venue in the Middle District of Florida is "wrong" or "improper." (Doc. 363). Rather, Defendants assert that this District is inconvenient. (*Id.*). Considering Defendants insufficiently plead the Motion to Dismiss, the Court centers its analysis on the Motion to Transfer Venue. *See generally* 14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3828 (4th ed. 2024) ("Because forum non conveniens and transfer under Section 1404(a) apply in different contexts, engage different inquiries, and lead to different results—dismissal versus transfer—it is preferable that the term 'forum non conveniens' not be employed in discussing motions to transfer."); *see also Am. Com. Lines, LLC v. Ne. Mar. Inst., Inc.*, 588 F. Supp. 2d 935, 944 (S.D. Ind. 2008) (citations omitted) ("While the common law principle [of forum non conveniens] informs the statutory rule, § 1404 presents an easier

("**Plaintiffs**") filed a response in opposition (Doc. 364 (the "**Response**")). Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND

On April 1, 2022, Plaintiffs initiated this putative class action, which stems from the creation, marketing, and sale of the LGBCoin, a cryptocurrency. (Doc. 1 (the "**Initial Complaint**")). In the Initial Complaint, Plaintiffs alleged six (6) counts against twelve (12) defendants. (*See id*.). At the time of initiating suit, Plaintiffs elected to file in the Middle District of Florida because "certain Defendants live and/or conduct business in this District, therefore, a substantial part of the events or omissions giving rise to the claims alleged [] occurred in this District." (*Id.* ¶ 23).

On June 6, 2022, Plaintiffs amended the Initial Complaint once as a matter of course. (Doc. 21). On July 11, 2022, the Court dismissed the Amended Complaint as an impermissible shotgun pleading and granted Plaintiffs leave to file a Second Amended Complaint, which Plaintiffs filed on July 19, 2022. (*See* Docs. 63, 74). Then, on March 30, 2023, after the then-defendants filed several motions to dismiss, the Court dismissed various claims in the Second Amended Complaint and granted Plaintiffs leave to replead some of those claims. (Doc. 229). Thereafter, on April 14, 2023, Plaintiffs filed the operative Third Amended

---

mode of transfer and is the proper standard to apply when both possible fora are in the United States.").

Complaint, which contained nine (9) counts against the then-defendants. (Doc. 245 ("**TAC**")). The then-defendants listed in the TAC filed their respective motions to dismiss. (Docs. 272, 301, 302, 334).

On May 22, 2023, while these motions to dismiss the TAC remained pending, the Court issued an Order confirming a stay of discovery in the case under the Private Securities Litigation Reform Act ("**PSLRA**"), 15 U.S. § 78u-4(b)(3). (Doc. 284). Almost a year later, on March 29, 2024, the Court issued an omnibus Order ruling on the motions to dismiss the TAC. (*See* Doc. 354 (the "**MTD Order**")). In the MTD Order, several of the then-defendants were dismissed, and as a result, Defendants James Kotoulas and LGBCoin, LTD became the only remaining defendants in this case. (*Id.*).

In light of this ruling, Defendants filed a motion to transfer the case to the Southern District of Florida in the interests of convenience. (Doc. 363). Plaintiffs filed a response in opposition, and the matter is now ripe for review. (*See* Doc. 364).

## II.   STANDARD OF REVIEW

A motion to transfer venue within the federal court system is governed by 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 57–58 (2013). Under § 1404(a), a district court may transfer a civil action "[f]or the convenience of the parties and witnesses, [and] in the interest of justice . . . to any district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When

applying this statute, courts undertake a two-step analysis. *Nat'l Tr. Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.,* 223 F. Supp. 2d 1236, 1241–42 (M.D. Fla. 2016) (citations omitted). First, the court must determine "whether the case could have been filed in the proposed district." *Id.* Second, the court must assess "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *Id.* (quoting *Eye Care Int'l, Inc. v. Underhill,* 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000)). In analyzing the second prong, courts in the Eleventh Circuit traditionally consider the following factors:

> 1) the convenience of the witnesses; 2) the location of relevant documents and the ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel unwilling witnesses; 6) the relative means of the parties; 7) a forum's familiarity with the governing law; 8) the weight accorded a plaintiff's choice of forum; and 9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). A court will not disturb a plaintiff's choice of venue unless the movant can demonstrate that the choice is outweighed by other considerations. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Therefore, the movant carries the burden of establishing that the case should be transferred to the suggested venue in the interest of convenience and justice. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Ultimately, the decision to transfer a matter is within the sound discretion of the district court. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

## III.   DISCUSSION

Defendants move for a transfer of this case to the Southern District of Florida, asserting that it is "now the most convenient venue to litigate the instant action." (Doc. 363, p. 2). Specifically, Defendants reason that because the Court's MTD Order dismissed Defendant NASCAR, who—according to Defendants—was the "only party in the operative complaint with a connection to the Middle District of Florida," the Middle District of Florida "no longer has any connection to the parties or matters at issue in the operative complaint." (*Id.*). Thus, as the only remaining defendants, Defendants seek a transfer to the Southern District of Florida, which is where Defendants reside. (*Id.*). In their Response, Plaintiffs argue that the Middle District of Florida "is a sufficiently convenient and appropriate forum for this litigation[,] and the Motion does not establish a basis for transfer to the Southern District of Florida." (Doc. 364, p. 2).

For the reasons set forth below, the Court finds that Defendants fail to meet their burden in establishing that the case should be transferred to the Southern District of Florida. *See Ricoh*, 870 F.2d at 573.

### A.   Sufficiency of Proposed Venue

Although Plaintiffs do not consent to the requested transfer, Plaintiffs state that they "do not dispute that they could have elected to file this case in [the] Southern District of Florida." (Doc. 364, p. 3). The Court would ordinarily independently verify that the proposed transferee court has jurisdiction and offers a proper venue. *See Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1280

(M.D. Fla. 2015) (citation omitted) (noting that, absent unanimous consent to transfer, § 1404(a) requires a proposed transferee court to have both personal and subject matter jurisdiction in addition to offering a proper venue). However, Plaintiffs do not dispute the sufficiency of the transferee court as a proper venue. (Doc. 364, p. 3). Moreover, for the reasons described below, the Court finds that Defendants fail to satisfy the second prong of the § 1404(a) inquiry. Consequently, the Court need not unravel the first prong's analysis.

### B.   Fairness and Convenience Factors

Even assuming that this action could have been brought in the Southern District of Florida, Defendants fail to establish that "the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *See Nat'l Tr. Ins. Co.,* 223 F. Supp. 2d at 1241–42.

Defendants' Motion relies on the premise that the Southern District of Florida is a "more cost-effective, efficient" venue for this case. (Doc. 363, p. 4). Apart from this, and other, conclusory statements, Defendants merely recite law without applying it to the case at hand. (*See* Doc. 363). Moreover, Defendants fail to discuss many of the fairness and convenience factors. (*Id.*); *see Manuel*, 430 F.3d at 1135 n.1. Nonetheless, the Court assesses each factor in turn.

First, as to the convenience of the witnesses, Defendants assert that the Defendants themselves and "a majority of the fact witnesses reside in the Southern District of Florida, making it more cost-effective and convenient to secure their appearance for any required testimony and for court appearances." (Doc. 363, p.

4). Yet, as Plaintiffs argue, Defendants do not "name any material non-party witnesses, identify their place of residence within the Southern District of Florida, or describe the subject matter of their anticipated testimony." (Doc. 364, p. 7). Absent additional information, the Court cannot find that this factor weighs in favor of transfer.[2] *See Nat'l Tr. Ins. Co.,* 223 F. Supp. 2d at 1243 (citations omitted) ("[A] general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, does not merit transfer." (quotation marks omitted)).

Second, as to the location of relevant documents and ease of access to sources of proof, Defendants do not provide any argument. (*See* Doc. 363). Specifically, Defendants fail to indicate that there are physical documents or that there is other evidence located exclusively in the Southern District of Florida. (*Id.*). Moreover, as Plaintiffs note, "the parties have already exchanged document discovery electronically." (Doc. 364, p. 8). Accordingly, this factor does not weigh in favor of transfer.

Third, regarding the convenience of the parties, Defendants merely allude to the fact that they reside in the Southern District of Florida, and that a transfer would thus be more convenient. (Doc. 363, p. 3). Defendants do not further explain

---

[2]   The Court highlights Plaintiffs' willingness to accommodate Defendants with the inconveniences they may encounter in conducting witness testimony. (Doc. 364, p. 4). In their Response, Plaintiffs propose that the "deposition of Defendant Koutoulas can occur at a mutually agreeable location within the Southern District or be done remotely if necessary." (*Id.* at p. 9). Plaintiffs also propose that non-party deposition testimony can be "conducted remotely or at a location convenient to the witness." (*Id.*).

how remaining in this District—in a state in which they reside—would be so inconvenient that Plaintiffs' choice of forum should be disturbed. (*See id.*). Further, Plaintiffs indicate they are willing to accommodate potential inconveniences Defendants may encounter. *See supra* note 2. Nonetheless, the Court acknowledges that the purpose of § 1404(a) is convenience, and thus, this factor slightly weighs in favor of transfer.

With respect to factors four through seven, the parties do not present any argument. (*See* Docs. 363, 364). In any event, these factors have been considered by the Court and are decidedly neutral as to transfer. *See Nat'l Tr. Ins. Co.,* 223 F. Supp. 2d at 1248 (denying analysis of *Manuel* factors not expressly addressed by the parties).

As to the eighth factor—the weight accorded to Plaintiffs' choice of forum—Defendants seemingly assert that "the current forum is *not* the Plaintiffs' home forum, as they are not residents of Florida," and thus, the Southern District of Florida "is no less convenient for them." (Doc. 363, p. 4). This assertion fails, as Plaintiffs have a "venue privilege," which allows them to "select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)." *See Atl. Marine Const. Co.,* 571 U.S. 49 at 63 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964) (explaining that § 1404(a)'s legislative background "supports the view that § 1404(a) was not designed to narrow the plaintiff's venue privilege . . . but rather the provision was simply to counteract [] inconveniences . . . .")). Consequently, this factor weighs against transfer.

Ninth, and most importantly, the Court must consider trial efficiency and the interests of justice based on the totality of the circumstances. Here, Defendants assert that the Southern District of Florida "provides a more cost-effective, efficient venue for the administration of the case." (Doc. 363, p. 4). In support, Defendants emphasize that "the case remains in its early stages," that "Plaintiffs have not established class certification," and that "depositions have not been taken yet." (*Id.*). Defendants also briefly mention a related case (the "**purportedly related case**") in the Southern District of Florida, which is a case to quash a subpoena issued by the Securities and Exchange Commission ("**SEC**"). (*Id.*).

Based on the totality of the circumstances, the factor of trial efficiency and the interests of justice weighs against a transfer. A transfer to the Southern District of Florida would contradict judicial efficiency and economy, especially considering this case has been pending for over twenty-eight (28) months and embodies over three hundred and eighty-eight (388) docket entries. Expecting a transferee court to catch pace with this docket as if it were in its "early stages" is not reasonable, nor is it "cost effective" or "efficient." Moreover, a transfer would only cause further delay, as a transferee court would likely implement a new scheduling order.

As to the fact that "Plaintiffs have not established class certification," the Court recently granted Defendants a generous extension of time to respond to Plaintiffs' pending motion for class certification. (Doc. 388). Notably, in the interests of judicial economy, the Court accommodated Defendants' request to

conduct Plaintiffs' depositions prior to filing their response. (*Id.*; Doc. 385). Thus, the Court rejects Defendants' assertion that this case is in its "early stages."

Next, Defendants allege that the purportedly related case in the Southern District of Florida "involves a similar legal analysis as that at issue in this matter." (Doc. 363, p. 4). While Defendants fail to provide a case citation, Plaintiffs inform the Court that the purportedly related case is a "matter that Defendant Koutoulas brought in his personal capacity to quash an investigative subpoena issued by the SEC." (Doc. 364, p. 10 (citing *Koutoulas v. U.S. Sec. & Exch. Comm'n*, No. 1:23-cv-22345 (S.D. Fla. filed June 23, 2023))). Regardless of what this purportedly related case concerns, the case was closed on May 23, 2024, and thus, Defendants' argument is now moot. *See Koutoulas*, No. 1:23-cv-22345 (S.D. Fla. May 23, 2024) (order denying motion to quash subpoena and closing the case). Consequently, the ninth factor heavily weighs against transfer.

After considering Defendants' Motion, Plaintiffs' Response, and the *Manuel* factors, the Court concludes that Plaintiffs' choice of forum should not be disturbed. Defendants have not met their burden to show that the convenience of the parties and the interests of justice strongly favor the transfer of this case to the Southern District of Florida. *See Ricoh*, 870 F.2d at 573.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and/or Transfer Venue for Forum Non Conveniens (Doc. 363) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 16, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

11