UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

      **Plaintiffs,**

v.                                                                       **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and LGBCOIN, LTD,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Production of Additional Documents Listed in Defendants' Privilege Log (Doc. 401)** |
| **FILED:** | **September 30, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

On August 5, 2024, the Court denied Defendants' motion for a protective order regarding certain privilege assertions. *See* Doc. 383. In that Order, the Court compelled Defendants to produce the documents identified in the privilege log at 7, 10-24, 27-31, 33, 45-47, 50-60, 62, 64, 74-79, 86-96, 97-98, 100-117, 120-139, 142-143, 159, 161-162, 178, 215- 228, 235-237, 238-241, 254, 256-259, 266-275, 280-282, 295, 299, 301, 305-306, 318- 320, 339-342, 352-356, 358, 361-371, 377-381, 384, 386-399, 401-414, 416, 418, 420, 423-425, 427-428, 430-431, 434-437, and

439-441.  *Id.*  The Court found that "no disputed documents at issue in the Motion was subject to any protection." *Id.* at 20.

Now, Plaintiffs seek to compel the production of other items in the privilege log for which they did not seek production in the prior dispute. Doc. 401 (the Motion).  The items at issue are listed in the privilege log at 2-6, 8-9, 25-26, 32, 34-44, 49, 63, 65-67, 69-73, 80-85, 99, 118-119, 140-41, 144-158, 160, 163-177, 179-214, 229-234, 242-253, 255, 260-65, 276-79, 283-294, 296-298, 302- 304, 307-317, 321-338, 343-351, 357, 359-360, 372-376, 382-383, 385, 400, 415, 417, 419, 421-422, 426, 429, 432-433, 438 and 442-443.  *Id.* at 2.  Defendants filed a response in opposition to the Motion.  Doc. 405.  Upon due consideration, the Motion is due to be denied.

As an initial matter, the Motion is due to be denied because it fails to include a legal memorandum supporting the request.  *See* Local Rule 3.01(a).  The Motion seemingly asks the Court to rely solely on its prior Order but includes no legal arguments or citations to any law.  Accordingly, this is patently insufficient under the Local Rules.  Without a discussion of the legal issues, the Court cannot properly ascertain whether the at-issue documents are subject to disclosure.

Additionally, in response to Defendants' motion for protective order, Plaintiffs identified each item concerning which the parties had a dispute—including by numbering the privilege log and identifying the items by number and color-coding the privilege log.  *See* Doc. 370-1.  This was an appreciated service to the Court, but it also limited the dispute to only those documents identified by Plaintiffs.  Plaintiffs could have sought to dispute the claims of privilege as to all the documents in the privilege log but they (rightly) did not.  And where Defendants sought to protect all the documents on the privilege log and Plaintiffs sought to dispute and litigate that protection

as to only certain documents, Plaintiffs cannot now come back to the Court and re-assert a dispute to an already resolved matter.

To be sure, earlier in this litigation the Court sought to prevent protracted, piecemeal disputes over documents claimed to be privileged by requiring the production of a detailed privilege log and setting a briefing schedule for a motion concerning the designation of documents identified in that log as privileged. *See* Doc. 199 at 2-4. Likewise, at a hearing in this case on February 14, 2023, the Court made clear that the proper procedure to challenge the production of any privileged documents was for Defendants to file a protective order after producing a privilege log (which they did) and for Plaintiffs to file a response to that protective order (which they did). The Court ruled on that motion for protective order and ordered the production of all the documents identified by Plaintiffs as in dispute. Now, Plaintiffs seek the production of documents they did not challenge when given an opportunity to do so—this is improper, and the Court will not now reconsider the issue of the privilege log and the production of documents identified therein.[1]

Accordingly, the Motion (Doc. 401) is **DENIED.**

**ORDERED** in Orlando, Florida on October 18, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Indeed, in setting out the briefing schedule and the requirements of the privilege log, the Court cautioned that in filing Plaintiffs' response to Defendants' motion, "Plaintiffs must state with particularity the factual and legal basis why each assertion of privilege should be overruled; a failure to do so will result in the privilege being upheld." *Id.* at 3. Here, the failure of Plaintiff to challenge in that response the assertions of privilege as to the documents that are now at issue in the instant Motion resulted in Defendants' claims of privilege being upheld as to those unchallenged documents.