UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES

1.  Defendants James Koutoulas ("Koutoulas") and LGBCoin, LTD (collectively, "Defendants") have moved to Continue Trial and modify the Case Management Order to delay the discovery cutoff, deadline for dispositive and *Daubert/Markman* motions, pretrial submissions, and for trial. *See* Defendants' Motion to Continue Trial and Extend Pretrial Deadlines (Doc. No. 416) (the "Motion").

2.  In light of Defendants' counsel's upcoming maternity leave and the likelihood that a class notification period would disrupt the pretrial submission and trial deadlines, Plaintiffs have no objection to the extension of those deadlines and withdraw opposition to Defendants' Motion.

1

3. Defendants' Motion creates a mistaken impression that the Parties need additional time for "outstanding depositions that need to take place, including but not limited to: the deposition of Defendant, Mr. Koutoulas, individually; the continuance of the deposition of LTD; and expert witness depositions." Defendants' Motion at ¶6.

4. Defendants' Motion expands on this claim, arguing that, "with the holidays impending, it is unlikely both parties will have sufficient time to depose each other's experts prior to the close of discovery." *Id.* at ¶7.

5. Defendants' only designated expert is Mr. Koutoulas as a Rule 26(a)(2)(C) witness, who is also the representative of LTD for purposes of the deposition.

6. Plaintiffs have requested and obtained dates of Mr. Koutoulas' availability within the discovery period.

7. To date, Defendants have not requested any dates for a deposition of Plaintiff's expert.

8. While Plaintiffs are prepared to proceed under the current Case Management Order, Plaintiffs take no position on the relief sought by Defendants and defer to the Court's preferences regarding the scheduling of this matter.

9. To the extent that the discovery cutoff is not modified, Plaintiffs suggest that the dispositive and *Daubert/Markman* deadlines should be maintained to provide the Court ample time to consider those motions in advance of the trial date, time which the Court has indicated carries particular importance given the Court's heavy felony trial calendar. *See* Case Management Order (Doc. No. 362) at *6.

Dated: December 19, 2024

                    Respectfully submitted,

                    *s/ Kevin McCormack*
                    Aaron M. Zigler (admitted *pro hac vice*)
                    Nidya S. Gutierrez (*pro hac vice*)
                    Lawrence V. Ashe (FL Bar 932280)
                    Kevin M. McCormack (*pro hac vice*)
                    **ZIGLER LAW GROUP, LLC**
                    308 S. Jefferson Street | Suite 333
                    Chicago, IL 60661
                    Tel: 312-673-8427
                    aaron@ziglerlawgroup.com
                    nidya@ziglerlawgroup.com
                    larry@ziglerlawgroup.com

                    John T. Jasnoch (admitted *pro hac vice*)
                    Sean T. Masson (admitted *pro hac vice*)
                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                    The Helmsley Building
                    230 Park Avenue, 17th Floor
                    New York, NY 10169

600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com
smasson@scott-scott.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 19, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

<em>s/ Kevin McCormack</em><br>Kevin M. McCormack