## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' SHORT-FORM DISCOVERY MOTION REGARDING DEFENDANT JAMES KOUTOULAS AND HIS RESPONSES TO PLAINTIFFS' FIFTH INTERROGATORIES

Defendant James Koutoulas ("Defendant" or "Koutoulas") continues to stonewall the discovery process with baseless boilerplate objections and meritless privilege claims.

Interrogatory Number 19 requested that Koutoulas identify "all cryptocurrency wallets you own, control, have custody over or, at any time in the past, owned, controlled, or had custody over that bought, received, transferred, sent, or sold any LGBCoins." Interrogatory Number 20 requested Koutoulas identify "by owner name, online username (if applicable), and wallet address, all cryptocurrency wallets that, to your knowledge, bought, received, transferred, sent, or sold any LGBCoins."

1

Koutoulas responded with a shotgun objection, claiming overbreadth, an undue burden, that the discovery sought included information outside the class period, and sought third party financial information.

Defendant's objections are meritless. Plaintiffs seek information regarding the identities of individuals involved in the transactions at issue in this case. Rule 33(b) requires Defendant to provide all information within his control. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.")

Wallet addresses are not protected from discovery as personal financial information and courts frequently grant motions for discovery to ascertain the identity of cryptocurrency wallet holders. *See, e.g., ZG Top Tech. Co. v. Doe*, No. 19-92, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019); *Heissenberg v. Doe*, No. 21-80716, 2021 WL 2621100, at *1 (S.D. Fla. June 24, 2021); *SingularDTV GmbH v. Doe*, No. 21-6000, 2021 WL 3668161, at *1 (S.D.N.Y. Aug. 16, 2021).

Koutoulas, as the founder of LGBCoin, is in a unique position to provide this information. He knows his own wallet addresses, the ones he has controlled, and the ones to which he transferred LGBCoins. Yet, Defendant chooses to provide

no information whatsoever while simultaneously disputing his ownership of various wallets.

Defendant's responses appear to lack good faith. If Defendant's objections were genuine, he would provide a partial response identifying his own wallets. Rule 33 requires such responses: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). So does the Court's Discovery Manual: "If any interrogatory is objectionable because of overbreadth, the responding party, although objecting, must answer the interrogatory to the extent that the interrogatory is not overbroad." Yet, despite these requirements, Defendant has provided no response whatsoever.

Plaintiffs request the Court enter an order requiring a full response to the subject interrogatories and providing the appropriate relief under Rule 37.

## Local Rule 3.01(g) and Rule 37 Certification

Pursuant to Local Rule 3.01(g) and Rule 37 Plaintiffs' counsel conferred via telephone with Defendant's counsel on December 30, 2024, to discuss the resolution of this motion. Defendant's counsel advised Plaintiffs' counsel that Koutoulas stands on his objections, but requested additional time through the end of the week to confer with Koutoulas before Plaintiffs filed the present motion.

Defendant's counsel advised that a response would be provided as soon as possible. To date, no further response has been provided.

## Standing Order Certification

Pursuant to the Order on Discovery Motions [Doc. 47] the undersigned certifies that the present Motion contains **431** words, exclusive of caption, signature block, and certifications, in compliance with the 500 word limit set by the Order.

Dated: January 5, 2025

Respectfully submitted,

*s/ Kevin McCormack*
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (*pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin M. McCormack (*pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor

4

New York, NY 10169

600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com
smasson@scott-scott.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on January 5, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*s/ Kevin McCormack*