UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

**PLAINTIFFS' SHORT-FORM DISCOVERY MOTION REGARDING DEFENDANT JAMES KOUTOULAS AND HIS RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR ADMISSION**

Defendant James Koutoulas ("Defendant" or "Koutoulas") continues to stonewall discovery with meritless objections and misleading answers.

Plaintiffs' Requests for Admission 28 and 31 sought admissions that Defendant owned, controlled, or had custody over two particular wallet addresses. Defendant offered the following response: "Admit, as previously provided to you, wallet is owned by non-party LGBcoin Foundation." Upon consultation, Defendant's counsel advised that these responses were intended as a denial of the Request due to the qualifying language after the word "Admit."

Rule 36(a)(4) states as follows: "(4) *Answer*. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot

1

truthfully admit or deny it." Defendant's response fails to appropriately admit or deny the request. Instead, Defendant provides a response that seemingly denies ownership and ignores control or custody, all while ostensibly admitting to a different fact not asked by the request. Such an intentionally confusing response violates Rule 36(a)(4).

Requests 33-35 seek confirmation that Defendant will not attempt to rely on any SEC exemption from registration for the LGBCoins. Defendant objects that such a request is irrelevant, despite such an exemption being a potential defense to a claim for the sale of unregistered securities. Defendant's response to Request 35 denies that "no exemption from registration under Securities and Exchange Commission or FINRA rules applies to LGBCoins," qualifying that denial with an argument that no exemption is possible.

Plaintiffs' Requests aim to reduce potential issues from the trial of this matter. Exemption from registration is an affirmative defense to the sale of unregistered securities on which Defendant would bear the burden of proof. *See* 11th Cir. Pattern Jury Instr. (Civil) at §6.6. Defendant, in his Answer, has denied that no registration or exemption was sought. *See* Third Amended Complaint (Doc. No. 245) at ¶¶377-378, Answer (Doc. No. 365) at ¶¶377-378. Defendant's argument that

these Requests are irrelevant is belied by caselaw and the Pattern Instructions. Defendant's qualified denial, which seemingly serves as an admission that no such exemption applies because Defendant believes none can apply, does not meet the substance of the Request.

Plaintiffs request the Court enter an order requiring responses that meet the substance of the Requests, or, alternatively, deem Requests Number 28, 31, 33, 34, and 35 admitted, and providing the appropriate relief under Rule 37.

## Local Rule 3.01(g) and Rule 37 Certification

Pursuant to Local Rule 3.01(g) and Rule 37 Plaintiffs' counsel conferred via telephone with Defendant's counsel on December 30, 2024, to discuss the resolution of this motion. Defendant's counsel advised Plaintiffs' counsel that Koutoulas stands on his objections, but requested additional time through the end of the week to confer with Koutoulas before Plaintiffs filed the present motion. Defendant's counsel advised that a response would be provided as soon as possible. To date, no further response has been provided.

**Standing Order Certification**

Pursuant to the Order on Discovery Motions [Doc. 47] the undersigned certifies that the present Motion contains **387** words, exclusive of caption, signature block, and certifications, in compliance with the 500 word limit set by the Order.

Dated: January 5, 2025

        Respectfully submitted,

        *s/ Kevin McCormack*
        Aaron M. Zigler (admitted *pro hac vice*)
        Nidya S. Gutierrez (*pro hac vice*)
        Lawrence V. Ashe (FL Bar 932280)
        Kevin M. McCormack (*pro hac vice*)
        **ZIGLER LAW GROUP, LLC**
        308 S. Jefferson Street | Suite 333
        Chicago, IL 60661
        Tel: 312-673-8427
        aaron@ziglerlawgroup.com
        nidya@ziglerlawgroup.com
        larry@ziglerlawgroup.com
        kevin@ziglerlawgroup.com

        John T. Jasnoch (admitted *pro hac vice*)
        Sean T. Masson (admitted *pro hac vice*)
        **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
        The Helmsley Building
        230 Park Avenue, 17th Floor
        New York, NY 10169

        600 W. Broadway, Suite 3300
        San Diego, CA 92101

Tel.: 619-233-4565
jjasnoch@scott-scott.com
smasson@scott-scott.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 5, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*s/ Kevin McCormack*