UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER,
SHAWN R. KEY, and, Individually on
Behalf of All Others Similarly Situated,**

      **Plaintiffs,**

v.                                          **Case No: 6:22-cv-00652-PGB-DCI**

**JAMES KOUTOULAS and LGBCoin,
LTD.**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendants' Motion to Compel Discovery from Plaintiffs and Legal Memorandum in Support (Doc. 410)** |
| **FILED:** | **November 6, 2024** |

It is **ORDERED** that the Motion (Doc. 410) is **DENIED without prejudice**.

On November 6, 2024, Defendants filed a motion seeking to compel discovery in response to three discovery requests. Doc. 410 (the Motion). The discovery requests seek "information related to LGBCoin as well as how Plaintiffs' counsel advertised this lawsuit to third parties." Doc. 410 at 2. Plaintiffs filed their response on November 12, 2024, arguing that the Motion is untimely and not relevant to this stage of the litigation. Doc. 411.

The Court agrees with Plaintiffs that the discovery sought is not relevant or proportional to the needs of the case considering the conclusion of class certification briefing. Pursuant to the

Amended Case Management Scheduling Order, class certification briefing concluded on August 26, 2024. Doc. 362; *see also* the January 9, 2025 Second Amended Case Management and Scheduling Order (Doc. 362, showing that class certification briefing is "completed"). Through a series of extensions, class certification actually closed on October 16, 2024 when Plaintiff filed an authorized reply. Doc. 406. To the extent Defendants now seek discovery that is relevant to this case because it is relevant to class certification—including as to the adequacy of class counsel—Defendants should have raised any discovery dispute prior to that deadline. Indeed, Defendants did not even serve the discovery at issue until September 23, 2024—about a week prior to the date they filed their response to the motion for class certification. *See* Docs. 403; 410-1. But that attempt to obtain discovery concerning class certification during the class certification briefing appears to be too late. Without further explanation as to the relevancy of the requested discovery at this stage of the case, Defendants have not established that the discovery they seek is relevant or proportional to the needs of the case.

Even if Defendants had filed the Motion with time remaining in the briefing schedule such that the discovery could have been used for class certification briefing, Defendants have failed to meet their burden to demonstrate the relevance and proportionality of the discovery they seek. The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). Defendants assert that the discovery sought is relevant because it "is directly relevant to Plaintiffs' counsel's adequacy to pursue this class action lawsuit." Doc. 410 at 2.

Federal Rule 23 provides the framework "courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181 (11th Cir. 2003). Rule 23(g) governs the adequacy of counsel, a requirement "aimed at ensuring the

rights of absent class members are vigorously protected [and] is not satisfied where class counsel represents parties whose interests are fundamentally conflicted." *W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*, 737 F. App'x 457 (11th Cir. 2018) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999)). Rule 23 exists to protect class members from potential conflicts of interest with counsel, not to ensure counsel's compliance with ethical rules. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1324 (11th Cir. 2008) ("In the event that class counsel does act improperly, the ordinary remedy is disciplinary action against the lawyer and remedial notice to class members, not denial of class certification.") (cleaned up); *see also W. Morgan-E. Lawrence*, 737 F. App'x 457 at n.10 ("a violation of state ethical rules is neither necessary nor sufficient to establish a violation of federal Rule 23(g)").

Here, Defendants have not provided any authority indicating that improper solicitation creates a Rule 23(g) challenge. However, Plaintiffs have cited a persuasive opinion from another court in this district suggesting that improper solicitation "neither create[s] serious doubt that counsel will represent the class loyally nor jeopardize[s] the Court's ability to reach a just and proper outcome in this case." *Richardson v. Progressive Am. Ins. Co.*, 2022 WL 154426 (M.D. Fla. Jan. 18, 2022). Accordingly, Defendants have not met their burden in demonstrating that the information they seek is currently relevant and proportional to the needs of this case.

Accordingly, the Motion (Doc. 410) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on January 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE