# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' MOTION TO SEAL

Lead Plaintiffs, by and through their counsel of record, respectfully submit this motion, pursuant to Local Rules 1.11 and 3.01, for leave to file under seal their Response to the Motion to Intervene (Doc. No. 441) and Exhibit A, the Rough Transcript of the Deposition of James Koutoulas. In support of this Motion, Plaintiff states the following:

1. The items that Plaintiffs desire to file under seal are the Response to the Motion to Intervene and Exhibit A, the Rough Transcript of the Deposition of Defendant James Koutoulas.

2. Defendant James Koutoulas has designated the entirety of his deposition as "Highly Confidential," and portions of that deposition are quoted and referred to in the Response to the Motion to Intervene.

3. Plaintiff requests the entry of an order authorizing the filing of this item under seal for the following reasons:

   a. The Plaintiffs instituted the instant action of April 1, 2022. (Doc. No. 1).

   b. On August 2, 2022, the Parties received a copy of the Case Management and Scheduling Order (Doc. No. 85).

   c. On January 9, 2025, the Parties received a copy of the 2nd Amended Case Management and Scheduling Order (Doc. No. 427).

   d. The 2nd Amended Case Management and Scheduling Order states that "the Court will enforce a written agreement to protect the confidentiality of information produced during discovery," subject to conditions.

   e. The Parties have entered into and agreed upon a stipulation and agreement governing the production and exchange of confidential information in this case (the "Agreement").

   f. Paragraph 19 of the Agreement states in pertinent part, "[e]ach Party is authorized hereunder to request to file under seal any

material or information marked "Confidential" or "Highly Confidential" and/or portions thereof in accordance with this Order and the rules of the Court."

g. The entirety of the Deposition of James Koutoulas has been designated "Highly Confidential" by Defendants, and the Response to the Motion to Intervene includes and relies on portions of that deposition.

h. It is necessary for Plaintiffs to file the materials described above to demonstrate for the Court that the Motion to Intervene is not well-taken and the proposed intervenor is not an adequate representative of the Plaintiff class.

i. Moreover, Plaintiffs failure to file the foregoing documents under seal would constitute a breach of the Parties' Agreement.

j. Plaintiffs do not have prior written consent from the Defendants to file the materials publicly.

k. As such, in accordance with the terms of the Agreement, Plaintiffs request that the court permit the filing of the Response to the Motion to Intervene and the Deposition of James Koutoulas and seal

them for the duration of this litigation, and, that within 60 days thereafter, the documents either be returned to Plaintiffs' counsel or destroyed by the Clerk.

l. Using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory because a redaction or pseudonym will render the item useless for purposes of the Court's review Moreover, absent sealing the document, no other means exist to protect the Defendants' asserted interest in the confidentiality of, and preventing disclosure and dissemination of, any alleged sensitive information contained in the document.

4. Plaintiff is not aware of any non-party with an interest in establishing or maintaining the seal.

## MEMORANDUM OF LAW

The process of filing documents under seal without express authorization is governed by Local Rule 1.11(b). Local Rule 1.11(b) provides:

> If no statute, rule, or order authorizes a filing under seal, a motion to file under seal: (1) must include in the title "Motion to Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration for the

seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

M. D. Fla. R. 1.11(b).

Plaintiff has satisfied the requirements set forth in Local Rule 1.11(b) in detail herein.

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(c)(1)(H); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id*. When balancing the public interest courts will consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a

less onerous alternative to sealing the documents." *Id*.

Plaintiff asserts that good cause exists for sealing the document at issue. These documents contain information designated by Defendant as "Highly Confidential." Moreover, the instant matter involves private parties, not "public officials," and as the public's interest in accessing the subject document is minimal, the public will not be harmed by the Court restricting access to the document at issue, and keeping the document confidential will not impair judicial functions. *NXP B.V. v. Rsch In Motion, Ltd.*, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). Plaintiffs contend that there is no less onerous alternative to sealing the document, considering the substantive nature of the document, the risks inherent in disclosure, and the potential breach of the Confidentiality Agreement.

Pursuant to Local Rule 1.11(c), Plaintiffs submit that the following counsel for the Defendants are authorized to receive a sealed, tangible item on behalf of their clients:

Nicole Martell
DiPietro Partners
901 E. Las Olas Blvd., Suite 202
Ft. Lauderdale, FL 33301
nicole@ddpalaw.com
(954) 712-3070
*Counsel for Defendants*

CONCLUSION

Accordingly, Plaintiff respectfully request that this Court enter an Order granting this Motion to permit the documents identified herein to be filed under seal.

Dated: March 10, 2025   Respectfully submitted,

s/ *Aaron M. Zigler*
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin McCormack (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

| John T. Jasnoch (admitted *pro hac vice*) <br> **SCOTT+SCOTT ATTORNEYS AT LAW LLP** <br> 600 W. Broadway, Suite 3300 <br> San Diego, CA 92101 <br> Tel.: 619-233-4565 <br> jjasnoch@scott-scott.com | Sean T. Masson (admitted *pro hac vice*) <br> **SCOTT+SCOTT ATTORNEYS AT LAW LLP** <br> The Helmsley Building <br> 230 Park Avenue, 17th Floor <br> New York, NY 10169 <br> Tel.: 212-223-6444 <br> smasson@scott-scott.com |
|---|---|

*Attorneys for Plaintiffs and the Proposed Class*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs hereby certifies that they sought to confer with counsel for Defendants on March 10, 2025, but they were not available to discuss prior to the instant filing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Aaron M. Zigler*