## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ERIC DE FORD, SANDRA**
**BADER and SHAWN R. KEY,**

                    **Plaintiffs,**

**v.**                                          **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and**
**LGBCOIN, LTD,**

                    **Defendants.**
_____/

## ORDER

This cause is before the Court on *pro se* non-party Albert Sheeler's ("**Mr. Sheeler**") Motion to Intervene in Response to Class Certification, which the Court construes as a motion to intervene.[1] (Doc. 452 (the "**Motion**")). Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") filed a response in opposition, and the matter is thus ripe for review. (Doc. 454). Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND

The lengthy factual and procedural background of this case is largely laid out in the Court's previous orders. (*See, e.g.*, Docs. 229, 354, 388, 389). Nonetheless, the Court outlines the facts relevant to the instant Motion below.

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Plaintiffs initiated this putative class action on April 1, 2022. (Doc. 1). On June 2, 2023, Plaintiffs filed a notice certifying their compliance with the Private Securities Litigation Reform Act ("**PSLRA**"). (Doc. 289 (the "**Notice**")). In the Notice, Plaintiffs informed the Court that they had published notice of the action, as required by the PSLRA, in Business Wire on May 26, 2023. (Doc. 289-2).

After several amended complaints, motions to dismiss, and a stay of discovery, the Court narrowed the claims against Defendants James Koutoulas and LGBCoin, LTD (collectively, the "**Defendants**") in its Order dated March 29, 2024. (Doc. 354). Plaintiffs filed their Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel on July 22, 2024. (Doc. 373 (the "**Motion for Class Certification**")). Defendants responded in opposition to the Motion for Class Certification on October 2, 2024, and Plaintiffs replied thereto on October 16, 2024.[2] (Docs. 403, 406).

While the Motion for Class Certification was pending, Mr. Sheeler filed a Motion to Intervene in Response to Class Certification Under Rule 24(a), which the Court denied without prejudice for failure to comply with Local Rules 1.01(d)(10), 3.01(a), and 3.01(g). (Docs. 441, 449); Fed. R. Civ. P. 24(a). Mr. Sheeler renewed his request by filing the instant Motion on March 20, 2025. (Doc. 452). Plaintiffs filed a response in opposition on March 24, 2025. (Doc. 454). While

---

[2]    The Court granted Defendants an extension of time so that Defendants could depose Plaintiffs before filing their response in opposition to the Motion for Class Certification. (Docs. 381, 388).

the Motion was pending, the Court granted in part and denied in part Plaintiffs' Motion for Class Certification on March 28, 2025. (Doc. 455).

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 24, an individual may intervene in an action—upon a timely motion—pursuant to subsection (a), intervention of right, or subsection (b), permissive intervention.

For intervention of right, a court must permit an individual to intervene if that individual (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). For permissive intervention, the court may permit an individual to intervene if that individual (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b).

## III.    DISCUSSION

As an initial matter, the Court notes that Mr. Sheeler's Motion again fails to comply with the Local Rules.[3] Specifically, Mr. Sheeler does not include a legal

---

[3]    Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

3

memorandum,[4] nor does he comply with this Court's duty to confer in good faith. *See* Local Rules 1.01(d)(10), 3.01(a), 3.01(g); (Docs. 452, 454). This, alone, is sufficient basis for the Court to deny the Motion. In any event, the Court addresses the merits of Mr. Sheeler's Motion below.

While Mr. Sheeler references Rule 24(a) and Rule 24(b) in the Motion, he only discusses the elements of Rule 24(a)(2), intervention of right. (Doc. 452). An individual seeking intervention as a right must demonstrate that:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017). To determine whether "an application to intervene is timely," courts turn to the following factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

---

[4] A legal memorandum is defined as "a paper — including a legal brief — that cites legal authority or otherwise advances a statement of law to support a request for relief." Local Rule 1.01(d)(10).

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (citation omitted).

In applying the *Salvors* factors here, Mr. Sheeler's Motion is untimely. *See NAACP v. New York*, 413 U.S. 345, 366 (1973) (explaining that district courts are afforded broad discretion in deciding the timeliness of a motion to intervene). First, the length of time Mr. Sheeler reasonably should have known of his interest in this case before filing the Motion is long. At a minimum, Mr. Sheeler should have known of his interest in the case on May 26, 2023, when Plaintiffs published notice of the action pursuant to the PSLRA. (Doc. 289-2). Second, Plaintiffs would suffer prejudice from Mr. Sheeler's delay as the Court recently granted partial class certification and Mr. Sheeler "has not disguised his intent to dismiss the case in its entirety." (*See* Docs. 441, 453). Third, apart from Mr. Sheeler's vague and conclusory assertions regarding his "financial interests and civil rights," Mr. Sheeler fails to demonstrate the extent of prejudice, if any, he would suffer if this Motion were denied. (Doc. 452). Fourth, the Court does not find any unusual circumstances impacting its analysis herein.

Thus, because Mr. Sheeler's Motion fails due to untimeliness, the Court need not consider the remaining elements of Rule 24(a)(2).[5] *See NAACP*, 413 U.S. at 369; FED. R. CIV. P. 24(a)(2).

---

[5] In the remainder of his Motion, Mr. Sheeler seemingly repeats several arguments that Defendants raised in response to the Motion for Class Certification. (*Compare* Doc. 403, *with* Doc. 452). The Court thoroughly addressed these arguments in its Order ruling on the Motion for Class Certification. (Doc. 455). Consequently, the Court does not rehash its analysis of these arguments in the instant Order.

## IV.    CONCLUSION

Accordingly, *pro se* non-party Albert Sheeler's Motion to Intervene (Doc. 452) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 3, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties