**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 6:22-cv-00652-PGB-DCI ) ) ) CLASS ACTION |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES KOUTOULAS, LGBCoin, LTD. | ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

## MOTION FOR RECONSIDERATION ON ORDER GRANTING PARTIAL CLASS CERTIFICATION

Defendants, by and through undersigned counsel, respectfully move this Honorable Court for reconsideration of its March 28, 2025 Order (Doc. 455) partially granting Plaintiffs' motion for class certification. Reconsideration is warranted under Federal Rule of Civil Procedure 54(b), which permits revision of interlocutory orders where necessary to correct clear error, prevent manifest injustice, or consider new evidence or intervening authority.

### I. Legal Standard

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b).

Courts in the Eleventh Circuit recognize that reconsideration is appropriate when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004).

## II.     Grounds for Reconsideration

### A. SEC's Formal Staff Statement States Meme Coins are not Securities

Subsequent to Defendants' opposition briefing and prior to the Court's Order, the SEC's Division of Corporation Finance released a formal Staff Statement (Feb. 27, 2025) concluding that meme coins, including LGBCoin, do not meet the definition of a security. The SEC emphasized that:

- "A meme coin does not constitute any of the common financial instruments specifically enumerated in the definition of 'security' because... it does not generate a yield or convey rights to future income, profits, or assets of a business."
- "The offer and sale of meme coins does not involve an investment in an enterprise nor is it undertaken with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."

- "The mere promotion or marketing of a meme coin—regardless of whether it includes endorsements by public figures or use of branded imagery—does not, in and of itself, create an investment contract under the federal securities laws. Without an investment of money in a common enterprise with a reasonable expectation of profits derived from the efforts of others, as articulated in *SEC v. W.J. Howey Co.*, such transactions do not constitute the offer or sale of a security. Meme coins, by their nature, often lack the economic substance, contractual rights, or managerial relationships necessary to meet these criteria."

These findings contradict the premise underlying the Court's ruling that Plaintiffs may proceed on Section 12(a)(1) claims. Defendants filed notice of this staff statement on (Doc. 445) as supplemental authority, but the Court's order was silent on the staff statement.

**B. Plaintiffs' Judicial Admissions That LGBCoin Is Not a Security**

The named Plaintiffs—Eric De Ford, Sandra Bader, and Shawn Key—made judicial admissions in deposition testimony and written discovery unequivocally stating that LGBCoin is not a security:

- Shawn Key: "At the time this [LGBCoin] was not a security." (Doc. 419, Ex. A- Dec. 12, 2024 Dep., p. 34, l. 22-24).

- "LGBCoin is not a security." (*Id.,* p. 79, l. 11-15).

- No profit or return was promised. (*Id.,* p. 74, l. 3-14).

- Eric De Ford: Declined to articulate any facts supporting elements of an investment contract analysis under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), instead deferring entirely to counsel. (Doc. 403, Ex. 1- Sept. 10, 2024 Dep., p. 5-7).

- Sandra Bader: Did not allege that LGBCoin conveyed a right to profits, involved the efforts of others, or met any element of the *Howey* test. (Doc. 403, Ex. 2- Sept. 6, 2024 Dep., p. 4-8).

Furthermore, Plaintiffs also admitted in both their Second Amended and Third Amended Complaints that LGBcoin is not a security, but rather a commodity,

"*Let's go Brandon!*" *cryptocurrency (a digital commodity whose value rises with its demand)" See* (Doc. 74, ¶ 3), (Doc. 245, ¶ 5)

Judicial admissions are binding and preclude the court from finding otherwise. See *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983).

## C. The Court must give Deference to SEC's Stipulated Order Under *Skidmore*

The SEC, following a comprehensive review of discovery in this case and in *LetsGoBrandon.com Foundation v. NASCAR*, stipulated in the Eleventh Circuit that it could not, in good faith, allege LGBCoin to be a security or pursue any enforcement action against Defendants and closed its investigation. This Order, while stipulated, has not yet been granted by the 11th circuit and constitutes new evidence for the Court to consider for reconsideration under second prong of *Williams, supra* given it had not yet been filed with this Court prior to the entry of its March 28, 2025 Order. *See* Ex. 1.

This stipulated order is entitled to deference. Under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), agency interpretations are persuasive where based on thoroughness, consistency, and logic. Here, the SEC's position reflects careful analysis post-discovery and should carry significant weight. This Court should afford deference to the SEC's determination that LGBCoin is not a security.

### III. Conclusion

Given the foregoing intervening authority, binding judicial admissions, and dispositive government determinations, Defendants respectfully submit that the Court's finding that Plaintiffs met the predominance and typicality requirements of

Rule 23 was clearly erroneous. Allowing class certification to proceed in the face of this record would result in manifest injustice. Accordingly, Defendants respectfully request that the Court reconsider its March 28, 2025 Order and deny class certification in its entirety.

Respectfully submitted,

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

## Local Rule 3.01(g) Certification

Prior to this filing, counsel for Plaintiffs and the undersigned conferred via email on April 4, 2025 in relation to this Motion, and the Plaintiffs' oppose the relief requested.

**Dated**: April 7, 2025.

    Respectfully submitted,

    */s/ Nicole Martell*
    **NICOLE MARTELL, ESQ.**
    Florida Bar No.: 100172
    nicole@ddpalaw.com
    **DI PIETRO PARTNERS, PLLC**
    901 East Las Olas Blvd, Suite 202
    Fort Lauderdale, FL 33301
    Primary Email Address:
    service@ddpalaw.com
    Secondary Email Address:
    paralegal@ddpalaw.com
    Telephone: (954) 712-3070
    Facsimile: (954) 337-3824

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

    */s/ Nicole Martell*