UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

          **Plaintiffs,**

**v.**                                                          **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and LGBCOIN, LTD,**

          **Defendants.**
_____/

## ORDER

This cause is before the Court on Defendants James Koutoulas and LGBCoin, LTD's Motion for Reconsideration on Order Granting Partial Class Certification (Doc. 457 (the "**Motion for Reconsideration**")) and Motion to Stay All Proceedings Pending Motion for Reconsideration and Rule 23(f) Petition (Doc. 458 (the "**Motion to Stay**")).[1] Upon due consideration, the Motion for Reconsideration and the Motion to Stay are denied.

---

[1]  The Court does not require a response from Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") to resolve the instant Motions. "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

## I.   BACKGROUND

The lengthy factual and procedural background of this case is largely laid out in the Court's previous Orders. (*See, e.g.*, Docs. 229, 354, 388, 389). Nonetheless, the Court outlines the facts relevant to the instant Motions below.

Plaintiffs initiated this putative class action on April 1, 2022. (Doc. 1). After several amended complaints, motions to dismiss, and a stay of discovery, the Court narrowed the claims against Defendants James Koutoulas and LGBCoin, LTD (collectively, the "**Defendants**") in its Order dated March 29, 2024. (Doc. 354). Plaintiffs filed their Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel on July 22, 2024. (Doc. 373 (the "**Motion for Class Certification**")). Defendants responded in opposition to the Motion for Class Certification on October 2, 2024, and Plaintiffs replied thereto on October 16, 2024.[2] (Docs. 403, 406). The Court granted in part and denied in part Plaintiffs' Motion for Class Certification on March 28, 2025. (Doc. 455 (the "**Class Certification Order**")).

Defendants now move for reconsideration of the Court's Class Certification Order, as well as for a stay of all proceedings in this case. (Docs. 457, 458). For the reasons set forth below, the Court denies Defendants' Motions.

---

[2]   The Court granted Defendants an extension of time so that Defendants could depose Plaintiffs before filing their response in opposition to the Motion for Class Certification. (Docs. 381, 388).

## II.    DISCUSSION

### A.    Motion for Reconsideration

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

In the Motion for Reconsideration, Defendants assert that the Court's "finding that Plaintiffs met the predominance and typicality requirements of [Federal] Rule [of Civil Procedure] 23 was clearly erroneous." (Doc. 457, pp. 5–6). Yet, Defendants do not explain how the Court clearly erred, nor do they present any discussion as to the Court's analysis or application of Rule 23. (*See* Doc. 457). Defendants, instead, rehash their arguments regarding whether LGBCoin is a

3

security. (*See id.*). However, in the Class Certification Order, the Court explained why it declined analysis of such arguments under Federal Rule of Civil Procedure 23. (Doc. 455, pp. 3, 8). Ultimately, Defendants fail to set forth "strongly convincing" reasons for the Court to change its prior decision. *See Madura*, 2013 WL 4055851, at \*2. Defendants' Motion for Reconsideration is thus denied.

### B.   Motion to Stay

In the Motion to Stay, Defendants seek a stay of all proceedings in this case pending the Court's resolution of the Motion for Reconsideration and "an anticipated Rule 23(f) petition for interlocutory appeal to the Eleventh Circuit." (Doc. 458). First, considering the Court's resolution of the Motion for Reconsideration herein, Defendants' request for a stay on this basis is now moot. Second, the Court will not stay proceedings in this case based on Defendants' "anticipated" Rule 23(f) petition, especially when the deadline to file such a petition has already passed. *See* FED. R. CIV. P. 23 (f) ("A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered."); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (finding that a court has broad discretion to stay proceedings or decline to do so incident to the court's inherent authority to manage its cases). As such, Defendants' Motion to Stay is denied.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration on Order Granting Partial Class Certification (Doc.

457) and Motion to Stay All Proceedings Pending Motion for Reconsideration and

Rule 23(f) Petition (Doc. 458) are **DENIED**.

　　　　**DONE AND ORDERED** in Orlando, Florida on April 8, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5