| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 6:22-cv-00652-PGB-DCI ) ) ) |
| | ) CLASS ACTION |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES KOUTOULAS, and | ) JURY TRIAL DEMANDED |
| LGBCoin, LTD. | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR RECONSIDERATION ON MOTION TO DISMISS THE TAC**

**I. INTRODUCTION**

This Court previously allowed certain claims to proceed based on unresolved questions of fact and law surrounding whether LGBCoin constituted an unregistered security under Federal law. That landscape has since changed.

**The SEC has since formally closed its investigation into LGBCoin without alleging that LGBCoin is a security**, thereby confirming that it does not warrant enforcement. Plaintiffs, in turn, have admitted that **they do not understand what a security is**, that **they believed LGBCoin was a meme coin and explicitly not a security**, and in one case, that **they acted on inside information** when purchasing LGBCoin.

In light of these post-ruling developments, Defendants respectfully move for reconsideration of the Defendants' Motion to Dismiss the TAC [Doc. 302] under **Federal Rule of Civil Procedure 54(b) and 59(e)**. The continued prosecution of this case defies the SEC's expert position, conflicts with clear Supreme Court precedent on Article III standing and statutory pleading standards, and promotes a meritless political narrative in federal court under the guise of securities law.

## II. LEGAL STANDARD

This Court may revise "any order or decision… that adjudicates fewer than all the claims or rights" under Rule 54(b). Reconsideration is appropriate when

a.  An intervening change in controlling law;

b.  There is new evidence; or

c.  Necessary to prevent manifest injustice.

See Fed. R. Civ. P. 59(e); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994).

## III. ARGUMENT

### A. The Court must give Deference to SEC's Stipulated Order Under *Skidmore.*

The SEC, following a comprehensive review of discovery in this case and in *LetsGoBrandon.com Foundation v. NASCAR*, stipulated in the Eleventh Circuit that it could not, in good faith, allege LGBCoin to be a security or pursue any

enforcement action against Defendants and closed its investigation. This Order, while stipulated, has not yet been granted by the 11th circuit and constitutes new evidence for the Court to consider for reconsideration under second prong of *Williams, supra* given it had not yet been filed with this Court prior to the entry of its March 29, 2024 Order. [Doc. 354]. *See* Exhibit 1.

This stipulated order is entitled to deference. Under *Skidmore*, agency interpretations are persuasive where based on thoroughness, consistency, and logic. *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S. Ct. 161, 164, 89 L. Ed. 124 (1944). Here, the SEC's position reflects careful analysis post-discovery and should carry significant weight. This Court should afford deference to the SEC's determination that LGBCoin is not a security.

The SEC's silence speaks volumes. As the expert agency charged with defining and enforcing securities law, the SEC's inaction—and its explicit conclusion— reflect that LGBCoin does not meet the definition of a security under the *Howey* test, *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946).

Courts routinely defer to such determinations when the agency's expertise is undisputed, the context concerns statutory interpretation of their organic act (here, the Securities Act) and no contradictory enforcement action exists. See *United States v. Mead Corp.*, 533 U.S. 218, 228, 121 S. Ct. 2164, 2171, 150 L. Ed. 2d 292 (2001)("the fair measure of deference to an agency administering its own statute has

been understood to vary with circumstances, and courts have looked to the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position.")

Subsequent to Defendants' opposition briefing and prior to the Court's Order [Doc. 354], the SEC's Division of Corporation Finance released a formal Staff Statement (Feb. 27, 2025) concluding that meme coins, including LGBCoin, do not meet the definition of a security [See Doc. 445]. The SEC emphasized that:

- "A meme coin does not constitute any of the common financial instruments specifically enumerated in the definition of 'security' because... it does not generate a yield or convey rights to future income, profits, or assets of a business."
- "The offer and sale of meme coins does not involve an investment in an enterprise nor is it undertaken with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."
- "The mere promotion or marketing of a meme coin—regardless of whether it includes endorsements by public figures or use of branded imagery—does not, in and of itself, create an investment contract under the federal securities laws. Without an investment of money in a common enterprise with a reasonable expectation of profits derived from the efforts of others, as articulated in *SEC v. W.J. Howey Co.*, such transactions do not constitute the offer or sale of a security. Meme coins, by their nature, often lack the economic substance, contractual rights, or managerial relationships necessary to meet these criteria."

The foregoing defeats Plaintiffs' Section 12(a)(1) claim as a matter of law.

**B. Plaintiffs Lack Article III Standing**

To establish standing, Plaintiffs must show: (1) injury-in-fact; (2) that the injury was likely caused by the defendant and (3) the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–26 (2021). Here, Plaintiffs:

- Admitted they **did not rely on any representation by Koutoulas**;

- Described the coin as **"a meme"**, **"a gamble"**, or **"not a security"**;

- Were **politically or emotionally motivated**, not economically harmed in a cognizable way.

For instance, Plaintiff, **Shawn Key,** stated: "I knew it was a meme coin… not a security. I bought it like I buy Dogecoin. For fun." Shawn Key also **traded on alleged inside information**, which defeats reliance and causation: "I got tipped something was coming before NASCAR pulled out. I bought more."

Likewise, Plaintiff, **De Ford** and **Bader,** admitted they:

- Did not understand securities laws;

- Relied on **lawyers to construct the legal theory**;

- Believed something **must be wrong** and then "hired counsel to find it."

This is insufficient for standing. *See also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("Speculative injury does not satisfy Article III.").

Furthermore, Eric De Ford declined to articulate any facts supporting elements of an investment contract analysis under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), instead deferring entirely to counsel. (Doc. 403, Ex. 1- Sept. 10, 2024 Dep., p. 5-7). Sandra Bader did not allege that LGBCoin conveyed a right to profits, involved the efforts of others, or met any element of the *Howey* test. (Doc. 403, Ex. 2- Sept. 6, 2024 Dep., p. 4-8).

**C. The TAC Fails the PSLRA and Rule 9(b) Standards.**

The PSLRA requires that a plaintiff **"state with particularity facts giving rise to a strong inference that the defendant acted with scienter"** and that any false statement be **specifically identified**. 15 U.S.C. § 78u–4(b)(1)-(2). To the contrary, the TAC:

a. Contains boilerplate "information and belief" claims with no factual basis;

b. Attributes no misstatement to Koutoulas that any Plaintiff read, saw, or relied upon as confirmed by the Plaintiff depositions which occurred after this Court's Order;

c. Omits specific dates, times, and identities.

Further, the only alleged "fraudulent" statement—the NASCAR sponsorship— was **true** and **documented by email and confirmed by deposition testimony**:

a. **Dale Howell (NASCAR Racing Operations) approved LGBCoin's sponsorship.** "The sponsors are approved" – December 26, 2021.

b. **After public backlash, NASCAR falsely claimed the sponsorship was never approved.** Eric Nyquist (NASCAR's Chief

Communications Officer) told a reporter, "Sponsorship has not been approved – team jumped the gun".

c. **Internal emails contradict Nyquist's public statement.** Howell admitted, "I may have jumped the gun on this one". *See LetsGoBrandon.com Foundation v. NASCAR*, Plaintiff's First Motion for Summary Judgment.

**D. The Court's Class Certification Order Confirmed Plaintiffs' Unjust Enrichment and State Securities Claims Should be Dismissed.**

The Court certified a class *only* on Section 12(a)(1) (unregistered securities) [Doc. 455]. Given the **SEC's non-enforcement**, Plaintiff admissions, and lack of reliance or scienter, all remaining claims must now be dismissed. The unjust enrichment theory **fails independently**, as Plaintiffs: (i) Did not pay any funds to Mr. Koutoulas; (ii) Cannot trace their losses to Mr. Koutoulas.; (iii) Received full use of their tokens per *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So.2d 208 (Fla. 5th DCA 2007).

## IV. CONCLUSION

Here, reconsideration is not only appropriate — it is essential. The Court should not permit Plaintiffs' securities claims to proceed where:

a. The SEC has closed its investigation without action or even a good faith allegation that LGBcoin is a security;

b. Plaintiffs disavow reliance, damages, and understanding;
c. The allegations fail every statutory pleading hurdle.

**WHEREFORE,** Defendants respectfully requests that this Court:

1. GRANT this Motion for Reconsideration;

2. VACATE its prior Order partially denying the Motion to Dismiss [Doc. 354];

3. DISMISS the Third Amended Complaint in its entirety, with prejudice;

4. Award any other relief the Court deems just and proper.

DATED: April 17, 2025.

Respectfully submitted,

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Defendants' counsel conferred via email with Plaintiffs' counsel on April 16, 2025 and April 17, 2025, to discuss the resolution of this motion. Plaintiffs oppose this motion in its entirety.

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**

# EXHIBIT 1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## No. 24-12376
_____


## JAMES L. KOUTOULAS,

## Appellant

## v.

## SECURITIES AND EXCHANGE COMMISSION,

## Appellee

_____

**On Appeal from the United States District Court
for the Southern District of Florida, No. 1:23-cv-22345-JEM**
_____

**APPELLANT'S UNOPPOSED MOTION TO DISMISS APPEAL AS MOOT,
VACATE JUDGMENT BELOW, AND REMAND CASE FOR DISMISSAL**
_____

Gregory Stuart Smith
Georgia State Bar No. 678375
Ruddy Gregory PLLC
1225 15th Street, N.W.
Washington, D.C.  20036
Telephone: 202.460.3381
Email: **gsmith@ruddylaw.com**

*Counsel for Appellant James L. Koutoulas*

## CERTIFICATE OF INTERESTED PERSONS

Appellant James L. Koutoulas, through undersigned counsel, submits this Certificate of Interested Persons in accordance with 11th Cir. R. 26.1-2, and lists the following entities/persons as interested parties in the above-styled proceeding:

1.  Koutoulas, James L. – Appellant;

2.  Loomis, M. Graham – Counsel for Appellee SEC;

3.  Matro, Daniel E. – Counsel for Appellee SEC;

4.  Murnahan, W. Shawn – Counsel for Appellee SEC;

5.  Smith, Gregory Stuart – Counsel for Appellant James L. Koutoulas;

6.  Stephenson, Austin B. – Counsel for Appellee SEC;

7.  United States Securities and Exchange Commission – Appellee

Appellant, James Koutoulas, with the consent of the SEC, hereby respectfully files this unopposed motion to dismiss this appeal as moot, vacate the judgment below, and remand the case for dismissal, stating as follows:

1.      This appeal was filed after the District Court issued an Order refusing to quash a subpoena *duces tecum* that had been issued to Appellant by the United States Securities and Exchange Commission (SEC), arising from Appellant's activities involving a meme coin known as "LGBcoin."

2.      Appellant timely appealed to this Court on various grounds, including that the SEC's subpoena failed to meet the threshold standards of *United States v. Morton Salt*, 338 U.S. 632 (1950), due to a failure to even allege in good faith that "LGBcoin" is a security before it issued an administrative subpoena to Appellant.

3.      Appellant also moved this Court to stay the subpoena's enforcement during the pendency of this appeal – a request this Court denied.  Appellant thereafter started complying with the subpoena by producing requested documents, including by providing all permissible discovery from *De Ford v. Koutoulas*, Case No. 6:22-cv-00652-PGB-DCI (M.D. Fla.) and *LetsGoBrandon.com Foundation v. NASCAR*, Case No. 23-cv-002831 (11th Cir. Ct. for Miami-Dade County, FL).

.

4.     Recently, however, the SEC advised Appellant that it has concluded its investigation without alleging that LGBcoin is a security, and that it will not recommend any enforcement action against Appellant or LGBcoin.  *See* Exhibit A.

5.      Because the relief sought by Appellant—preventing further enforcement of the SEC's subpoena—appears no longer necessary, and because the SEC's investigation has now admittedly concluded without any action, there is now **no longer a live case or controversy** for this Court to resolve.

6.     Accordingly, the parties agree the appeal is moot, and accordingly, Appellant respectfully requests that this Court dismiss this appeal, vacate the Order of the District Court now under appeal, and promptly remand this case with instructions for the District Court to promptly dismiss the case as moot.  *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1368 (11th Cir. 2006).

7.     Counsel for the SEC advises the SEC consents to the requests herein.

**CONCLUSION**

For the foregoing reasons, Appellant respectfully requests that this Court should dismiss this appeal as moot, vacate the judgment below, and remand this case with instructions to the District Court to dismiss this case as moot.

This 25th day of March, 2025.

Respectfully submitted,

__/s/_Gregory S. Smith_____
Gregory S. Smith
Georgia State Bar No. 658375
Ruddy Gregory PLLC

1225 15th Street, N.W.
Washington, D.C. 20036
Telephone:  (202) 460-3381
gsmith@ruddylaw.com                    *Counsel for Appellant James L. Koutoulas*

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS**

This Motion's format is Microsoft Word, 14-point, Times New Roman font. Exclusive of the Certificate of Interested Persons, this Certificate of Compliance, and the Certificate of Service, this Motion contains 389 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions. If the Court so directs, I will provide an electronic version of the Motion and/or a copy of the word or line print-out.

*/s/ Gregory S. Smith*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant's Unopposed Motion to Dismiss Appeal as Moot, Vacate Judgment Below, and Remand Case for Dismissal is being served automatically, via the Court's ECF system, on all counsel of record.

This 25th day of March, 2025.

/s/ Gregory S. Smith
Gregory S. Smith
Counsel for Appellant

4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382

ATLANTA
REGIONAL OFFICE

March 10, 2025

VIA EMAIL
James L. Koutoulas, Esq.
james@koutoulaslaw.com

**Re:   In the Matter of LGB Tokens (A-04010)**

Dear Mr. Koutoulas:

      We have concluded the investigation as to you, James L. Koutoulas.  Based on the information we have as of this date, we do not intend to recommend an enforcement action by the Commission against you.  We are providing this notice under the guidelines set out in the final paragraph of Securities Act Release No. 5310, which states in part that the notice "must in no way be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation."   (The full text of Release No. 5310 can be found at:  http://www.sec.gov/divisions/enforce/wells-release.pdf.)

      Sincerely,

*Peter J. Diskin*
_____
Peter J. Diskin
Assistant Regional Director
Division of Enforcement
(404) 842-7631
diskinp@sec.gov

cc:
  Antonina (Nina) Mangiola, Esq**.** , Ruddy Gregory, PLLC (via email)