UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES KOUTOULAS, and LGBCoin, LTD,<br><br>  Defendants. | ) Case No.: 6:22-cv-00652-PGB-DCI<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

**DEFENDANTS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF BRENNAN LONG UNDER DAUBERT AND RULE 702**

Defendants, James Koutoulas and LGBcoin, Ltd. ("Defendants"), respectfully move to exclude the expert testimony and report of Brennan Long ("Long"), retained by Plaintiffs through AnChain.AI, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) on the basis that Long's Report is irrelevant to the sole certified claim under Section 12(a)(1) of the Securities Act, relies on speculative methodologies, offers improper legal conclusions, and revives dismissed fraud claims.

I.   **INTRODUCTION**

Plaintiffs offer Long's Report to support claims of fraudulent activity, such as "pump-and-dump" and "rug pull" schemes, which are untethered to the only

certified cause of action -- Section 12(a)(1) of the Securities Act. A copy of Long's Expert Declaration [ECF 375] ("Long's Report") is attached hereto as **EXHIBIT A**. By assuming LGBcoin is a security -- contrary to Plaintiffs' admissions, Key's testimony, and the SEC's stipulation -- and ignoring Plaintiffs' secondary market purchases and Bader's unawareness of Koutoulas' trustee role, Long's analysis fails to assist the trier of fact. His fraud-based narrative risks confusing the jury and prejudicing Defendants. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

This claim requires proving that LGBcoin is a security under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and that Defendants were statutory sellers under *Pinter v. Dahl*, 486 U.S. 622, 642–47 (1988). Long fails to analyze these elements, instead assuming LGBcoin is a security and Koutoulas sold tokens to plaintiffs. These assumptions contradict:

- Plaintiffs' admission that LGBcoin is a "digital commodity" whose value "rises and falls with supply and demand". *See* Second Amended Complaint (SAC) paragraph 30; DeFord Dep. 5:14, 25:12–14 (describing LGBcoin as a cryptocurrency with no intrinsic value); Key Dep. 27:2–28:4 (describing Meme coins as volatile, community-driven tokens).
- Key's testimony that LGBcoin was not a security and his purchase was speculative, based on insider information from Brian Ronquest. *See* Key Dep. 19:2–20:2, 34:22–23.
- The SEC's stipulation to the Eleventh Circuit that it cannot allege in good faith that LGBcoin is a security. *See Koutoulas v. SEC*, No. 24-12376, Doc. 28-1 (11th Cir. 2024). The SEC's guidance that promotion alone does not satisfy the *Howey* Test. *See* SEC Staff Statement on Meme Coins (Apr. 2024), available at

> https://www.sec.gov/newsroom/speeches-statements/staff-statement-meme-coins (last accessed May 2, 2025).

- Plaintiffs' secondary market purchases via Coinbase and Uniswap, not from Defendants. *See* DeFord Dep. 19:22–23, 26:15–27:2; Bader Dep. 24:4–24, 86:1–2; Key Dep. 23:24–24:7, 115:6–12.

- Bader's unawareness of Koutoulas's trustee role or the LGBcoin Foundation's lawsuit against NASCAR. *See* Bader Dep. 39:2–40:1.

- Koutoulas's role as trustee of the nonprofit LGBcoin Foundation Trust, not a personal issuer with no veil-piercing alleged. See [TAC ¶¶ 38–47].

Long's report neglects deposition testimony[1], relies on dismissed fraud theories, and ignores plaintiffs' attribution of losses to NASCAR's sponsorship denial. See DeFord Dep. 21:14–23:24, Ex. 13 – Luchadude (DeFord: "If NASCAR didn't dump Brandon's sponsorship we would still have the old token."); Bader Dep. 25:8–12; Key Dep. 108:9–109:14. Long's speculative blockchain analysis and damages model are irrelevant, unreliable, and prejudicial, risking jury confusion. *Daubert*, 509 U.S. at 595; *Kumho Tire*, 526 U.S. at 141.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 and *Daubert* require expert testimony to be (1) based on sufficient facts or data, (2) the product of reliable principles and methods, and (3) reliably applied to the facts of the case. *Daubert*, 509 U.S. at 592–93. Courts assess reliability by considering whether the methodology is testable, peer-reviewed,

---

[1] A copy of Eric DeFord's deposition transcript ("DeFord Dep.") is attached hereto as **EXHIBIT B**; A copy of Shawn Key's deposition transcript ("Key Dep.") is attached hereto as **EXHIBIT C**; A copy of Susan Bader's ("Bader Dep.") deposition transcript is attached hereto as **EXHIBIT D**.

has a known error rate, and is generally accepted. *Id.* at 593–94. Expert testimony must "fit" the case's legal issues, addressing the specific claims and defenses at issue. *Id.* at 591. The court must ensure expert testimony is relevant and reliable to assist the trier of fact, excluding opinions that are irrelevant, speculative, or rely on flawed methodologies. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 565 (11th Cir. 1998).

### III.  LONG'S REPORT IS IRRELEVANT TO THE SECTION 12(A)(1) CLAIM

Long's Report is irrelevant to the sole certified claim under Section 12(a)(1), which requires proving that LGBcoin is a security under *Howey* **and** that Defendants were statutory sellers. *Pinter*, 486 U.S. at 642–47; *Wildes v. BitConnect Int'l PLC*, 25 F.4th 1341, 1345 (11th Cir. 2022). Long does not analyze the *Howey* test—investment, common enterprise, expectation of profits, and reliance on others' efforts—or statutory seller status, instead assuming LGBcoin is a security and Koutoulas sold tokens to plaintiffs. These assumptions are baseless, contradicted by:

- Plaintiffs' admission that LGBcoin is a "digital commodity" See Second Amended Complaint (SAC) paragraph 30; DeFord Dep. 5:14, 25:12–14 (describing LGBcoin as a cryptocurrency with no intrinsic value); Key Dep. 27:2–28:4 (describing Meme coins as volatile, community-driven tokens).
- Key's testimony that LGBcoin was not a security. Key Dep. 21:5–10, 34:22–23.

- The SEC's stipulation to the Eleventh Circuit that it cannot allege in good faith that LGBcoin is a security. *See Koutoulas v. SEC*, No. 24-12376, Doc. 28-1 (11th Cir. 2024). The SEC's guidance that promotion alone does not satisfy the *Howey* Test. *See* SEC Staff Statement on Meme Coins (Apr. 2024), available at https://www.sec.gov/newsroom/speeches-statements/staff-statement-meme-coins (last accessed May 2, 2025).

- Plaintiffs' secondary market purchases via Coinbase and Uniswap, not from Defendants. *See* DeFord Dep. 19:22–23, 26:15–27:2; Bader Dep. 24:4–24, 86:1–2; Key Dep. 23:24–24:7, 115:6–12.

- Bader's unawareness of Koutoulas's trustee role or the LGBcoin Foundation's lawsuit against NASCAR. *See* Bader Dep. 39:2–40:1.

- DeFord's ideological purchase. See DeFord Dep. 21:14–23:24.

- Key's speculative intent. See Key Dep. 19:2–20:2, 21:5–10, 34:22–23, 37:1–2.

Long failed to review depositions, which reveal:

- Key testified he was never promised profits, bought on secondary markets (Key Dep. 23:24–24:7, 115:6–12, 74:18–75:10), and relied on Ronquest's insider information (Key Dep. 19:2–20:2).

- Bader could not identify any transaction with Koutoulas and was unaware of his trustee role. See Bader Dep. 34:6–21, 35:14–15, 39:2–40:1.

- DeFord promoted LGBcoin, producing a video and encouraging others. See screenshot of video created by Luchadude (De Ford) attached hereto as **EXHIBIT E**.

These admissions undermine Long's fraud-based theories. *United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 851 (1975) (no security if purchased for non-economic reasons). Long's focus on "rug pull" and "pump-and-dump" schemes is irrelevant to Section 12(a)(1), which does not require fraud or causation. *Gustafson v. Alloyd Co.*,

513 U.S. 561, 578 (1995). Even if relevant to damages, Section 12(a)(1) damages are limited to rescission or statutory damages, not fraud-based losses. *Pinter*, 486 U.S. at 647. Allowing Long's testimony risks confusing the jury. *SEC v. Ripple Labs Inc.*, 2023 WL 4507900, at *10 (S.D.N.Y. July 13, 2023).

### IV. LONG'S LEGAL CONCLUSIONS ARE INADMISSIBLE

Long's assertions that LGBcoin "follows a pattern associated with pump and dump and/or rug pull schemes" (Long's Report ¶ 22) and that "asymmetry of information" suggests insider trading (Long's Report ¶ 31) are legal conclusions disguised as expert opinions, inadmissible under Rule 702. *Frazier*, 387 F.3d at 1262–63. Long's assumption that LGBcoin is a security ignores the *Howey* test, requiring an investment, common enterprise, expectation of profits, and reliance on others' efforts, none of which plaintiffs established, which Plaintiffs fail to meet. *SEC v. W.J. Howey Co.*, 328 U.S. at 298–99. Long's causation assumptions disregard Plaintiffs' attribution of losses to NASCAR's sponsorship denial. Bader Dep. 25:8–12; Key Dep. 108:9–109:14. *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) (expert testimony assuming legal conclusions inadmissible).

Long's Report includes narrative summaries of the TAC's allegations (Long's Report ¶ 34), offering advocacy rather than expertise. *Montgomery v. Aetna Cas. &*

*Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). These conclusions invade the court's role and risk misleading the jury.

## V. LONG'S METHODOLOGY IS UNRELIABLE

Long's conclusions, based on terms like "rug pull" and "pump-and-dump," are speculative, lacking forensic or economic validation. *City of Tusculosa*, 158 F.3d at 565. Long's blockchain analysis fails to trace wallet addresses to Defendants or verify transaction patterns, rendering his claims untestable. Long ignores plaintiff-driven factors, such as DeFord's promotional video, which could have influenced market reactions. See Video Created by Luchadude (De Ford), 10 second mark https://share.icloud.com/photos/016PqdJgi5sCvO_YKwl-cmRRg; *In re Blood Reagents Antitrust Litig.*, 783 F.3d at 187–88 (expert ignoring key evidence inadmissible).

Long's failure to review depositions, where plaintiffs admitted no promises of profits (DeFord Dep. 32:4–33:24 ; Key Dep. 74:18–75:10; Bader Dep. 34:6–21), no transactions with Koutoulas (DeFord Dep. 19:22–23, 26:15–27:2; Bader Dep. 24:4–24, 86:1–2; Key Dep. 23:24–24:7, 115:6–12), and Bader's unawareness of Koutoulas's role (Bader Dep. 39:2–40:1), is a critical flaw. Long's reliance on qualifiers like "could" or "may" (Long's Report ¶¶ 40–45) underscores the speculative nature of his analysis, failing *Daubert*'s reliability prong. *Daubert*, 509 U.S. at 593.

## VI. LONG'S DAMAGES MODEL IS DEFICIENT

Long's damages model, correlating LGBcoin's price to social media activity, is unreliable for failing to isolate causation, ignoring Koutoulas's contributions, and neglecting to offset benefits received. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013); *Adams v. City of Montgomery*, 569 F. App'x 606, 610 (11th Cir. 2014).

### A. NASCAR's Causal Role

Long fails to account for NASCAR's sponsorship revocation, which plaintiffs blamed for LGBcoin's value drop. See DeFord Dep. 21:14–23:24, Ex. 13 – Luchadude (DeFord: "If NASCAR didn't dump Brandon's sponsorship we would still have the old token."); Bader Dep. 25:8–12; Key Dep. 108:9–109:14; TAC ¶ 127). Long's model lacks causal attribution or control variables, offering mere correlation. *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 907 F.3d 935, 946 (7th Cir. 2018); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

### B. Value-Enhancing Contributions

Long ignores Koutoulas's contributions as trustee of the LGBcoin Foundation, which plaintiffs acknowledged enhanced LGBcoin's value, including:

- Generating millions of media impressions defending the coin's brand and mission. See TAC ¶¶ 19, 49.

- Donating proceeds to political and charitable causes aligned with free speech, protected as political expression. *Marine Bank v. Weaver*, 455 U.S. 551, 556 (1982).
- Providing legal work and funding the Foundation's lawsuit against NASCAR to restore reputational harm.
- Securing a stipulated SEC dismissal with no allegation that LGBcoin was a security or of any wrongdoing. *Koutoulas v. SEC*, No. 24-12376, Doc. 28-1 (11th Cir. 2024).

These efforts, integral to the coin's identity, are measurable and documented.

### C. Failure to Offset Benefits Received

Long's model fails to offset plaintiffs' damages by the benefits from Koutoulas's contributions, which enhanced LGBcoin's symbolic and cultural value. See DeFord Dep. 21:14–23:24, Ex. 2 ("I am a holder of the LETSGO token and am inspired by what this token can do for our nation… I'm impressed with James' approach to fight back against cancel culture."). This includes reputational restoration from the SEC dismissal. *Koutoulas v. SEC*, No. 24-12376, Doc. 28-1 (11th Cir. 2024). Damages must reflect net harm, meriting a setoff. *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Long's omission renders his model unreliable. *Adams*, 569 F. App'x at 610.

### D. No Triable Issue of Damages

Even if Plaintiffs could establish a statutory violation, their claims would still fail for lack of any triable issue as to damages or class membership. As a threshold

matter, the **Third Amended Complaint ("TAC") fails to plead a legally cognizable damages theory under Section 12(a)(1)**. Section 12(a)(1) allows a rescission remedy, which is available only to actual purchasers who bought a security directly from the defendant or from a statutory seller. See *Pinter v. Dahl*, 486 U.S. 622, 644 n.21 (1988). Rescission requires that the Plaintiff tender the security or show that it has become worthless. Yet the TAC neither alleges tender nor pleads that LGBcoin has become valueless. Instead, it asserts generalized losses without identifying transaction dates, purchase prices, or any seller with statutory liability — facts essential to a valid Section 12(a)(1) claim. See *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 379 (S.D.N.Y. 2015) (dismissing 12(a)(1) claims for failing to allege purchase from statutory seller or sufficient transaction detail).

Further, Plaintiffs' damages theory is facially incompatible with the class definition they proposed and the Court adopted. The class excludes insiders, the Foundation, and its agents — but **Plaintiffs propose no method to determine which wallets belong to these excluded entities**, nor any method to identify who received airdrops or gifted tokens. Their own experts fail to distinguish between purchasers and recipients, rendering any restitution or rescission remedy unworkable. Their methodology fails to trace transactions to any Defendant, cannot show privity, and lacks the individualized data necessary to match blockchain wallet IDs with actual class members.

Section 12(a)(1) does not permit statutory damages or speculative estimates of losses across anonymous blockchain wallets. Plaintiffs' claim is not only unsupported by expert evidence; it is legally deficient on its face. Their inability to plead, let alone prove, a valid damages theory under Section 12(a)(1) requires summary judgment.

## VII. LONG'S TESTIMONY IS PREJUDICIAL

Long's Report revives fraud-based claims dismissed with prejudice for failing Rule 9(b), which the Court deemed "outrageous" and "unsupported," causing significant harm to Koutoulas's investment firm. [Doc. 229 at 26–29]. Long's focus on "pump-and-dump" (Long's Report ¶ 22) and "insider" trading (Long's Report ¶ 31) echoes these dismissed theories, risking jury confusion. *In re Rezulin*, 309 F. Supp. 2d at 547. Key's admission that he traded on insider information from Ronquest further undermines Long's claims. See Key Dep. 19:2–20:2, 34:22–23. Allowing this testimony would prejudice Defendants by forcing them to rebut irrelevant narratives.

## VIII. LONG FAILS TO ADDRESS STATUTORY SELLER STATUS

Long fails to connect plaintiffs' secondary market purchases (DeFord Dep. 19:22–23, 26:15–27:2; Bader Dep. 24:4–24, 86:1–2; Key Dep. 23:24–24:7, 115:6–12) to Defendants, offering no blockchain tracing or solicitation evidence. *Pinter*, 486 U.S.

at 642–47; *Ripple Labs*, 2023 WL 4507900, at *11–13 (appeal suspended April 2025). The LGBcoin Foundation Trust conducted initial sales, not Defendants [TAC ¶¶ 19,49]. Long ignores plaintiffs' TAC allegations that individuals like Alex Mascioli and others directed LGBcoin sales (TAC ¶¶ 38–47), offering no rationale for singling out Koutoulas. *Cooper*, 575 F.3d at 1178. Long also fails to justify holding Koutoulas individually liable as trustee, absent veil-piercing. See TAC, *United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998); ). If Koutoulas is a statutory seller, why are other individuals named in the TAC (TAC ¶¶ 38–47) or Ronquest, who provided insider information to Key (Key Dep. 19:2–20:2, 37:1–2.), not liable? This inconsistency renders Long's Report irrelevant.

## IX.  CONCLUSION

Long's Report and testimony must be excluded under *Daubert* and Rule 702 because they are irrelevant to the Section 12(a)(1) claim, rely on speculative methodologies, and improperly offer legal conclusions. By assuming LGBcoin is a security—contrary to plaintiffs' admissions and the SEC's stipulation—and ignoring secondary market purchases, Bader's unawareness of Koutoulas's role, and DeFord's promotional activities, Long's analysis fails to assist the trier of fact. His fraud-based narrative, which revives dismissed claims and ignores NASCAR's role and Koutoulas's contributions as trustee, risks confusing the jury. Long's failure to

offset damages, rationalize Koutoulas's liability, or address other alleged sellers renders his model unreliable, prejudicing Defendants.

WHEREFORE, Defendants respectfully request that the Court exclude the testimony and report of Brennan Long and AnChain.AI.

### Local Rule 3.01(g) and Rule 37 Certification

Defendants attempted to confer on the foregoing via e-mail on May 5, 2025 in a good faith effort to resolve the issues contained in this Motion. However, Plaintiffs have not responded as of the time of this filing. Defendants will continue efforts to confer in good faith and will advise the court promptly of any progress in the parties' conferral.

**Dated**: May 5, 2025

Respectfully submitted,

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com