UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

      **Plaintiffs,**

v.                                               Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

      **Defendants.**

_____/

## **ORDER**

This cause comes before the Court upon the following filings:

1. Defendants James Koutoulas and LGBCoin, LTD's (collectively, the "**Defendants**") Amended Motion for Leave to File Amended Motion for Summary Judgment to Correct Formatting. (Doc. 492 (the "**Motion to Correct**")).

2. Defendants' Motion to Strike Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key's (collectively, the "**Plaintiffs**") Rule 56(f) Cross-Motion for Summary Judgment. (Docs. 493, 496 (the "**Motion to Strike**")).

3. Defendants' Motion to Stay Deadline to Reply to Plaintiffs' Opposition to Defendants' Amended Motion for Summary Judgment and Rule

56(f) Cross-Motion for Summary Judgment. (Docs. 494, 495 (the "**Motion to Stay**")).

Upon due consideration, the Motion to Correct and Motion to Stay are denied as moot, and the Motion to Strike is denied.[1]

I. **BACKGROUND**

Plaintiffs initiated this action on April 1, 2022. (Doc. 1). On August 2, 2022, the Court issued its initial Case Management and Scheduling Order setting October 10, 2023 as the deadline to file dispositive motions. (Doc. 85 (the "**CMSO**")). After three amended complaints, a stay of discovery, and an Order ruling on several motions to dismiss, the Court permitted the parties to file an amended Case Management Report regarding the remaining deadlines in the action. (Doc. 356). The Court then issued an Amended Case Management and Scheduling Order on April 25, 2024, based upon the parties' requested dates. (Doc. 362 (the "**Amended CMSO**")). The Amended CMSO set February 3, 2025 as the dispositive motions deadline. (*Id.*).

Less than two months before this deadline, Defendants requested an extension of time for all remaining deadlines. (Doc. 416). Upon consideration of

---

[1] The Court does not require a response(s) from Plaintiffs to resolve the instant motions. "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

the circumstances, the Court granted Defendants' request and issued a Second Amended Case Management and Scheduling Order on January 9, 2025. (Doc. 427 (the "**Second Amended CMSO**")). The Second Amended CMSO set May 5, 2025 as the dispositive motions deadline. (*Id.*).

On May 2, 2025, Defendants requested leave to file a motion for summary judgment composed of forty (40) pages—fifteen (15) pages more than the twenty-five (25) page limit. (Doc. 466 (the "**Motion for Excess Pages**")). Considering Defendants' bare-bones request failed to specify the need for fifteen (15) additional pages, the Court granted in part and denied in part Defendants' Motion for Excess Pages. (Doc. 467). The Court permitted Defendants to file a motion for summary judgment limited to thirty (30) pages. (*Id.*).

On May 5, 2025, Defendants filed a Motion for Summary Judgment composed of thirty-two (32) pages. (Doc. 470 (the "**Initial Motion for Summary Judgment**")). However, Defendants failed to file a Stipulation of Agreed Material Facts, as required by the Court's CMSO. (Doc. 427, p. 8). Consequently, the Court struck Defendants' Initial Motion for Summary Judgment and allowed Defendants to file an amended motion for summary judgment. (Doc. 473). Defendants filed an Amended Motion for Summary Judgment on May 22, 2025 composed of thirty-four (34) pages. (Doc. 477 (the "**Amended Motion for Summary Judgment**")).

On June 10, 2025, Plaintiffs requested excess pages for their response to Defendants' Amended Motion for Summary Judgment. (Doc. 481). In support of

this request, Plaintiffs highlighted Defendants' violation of the Court's page limit and presentation of "dubious allegations of fact and repetitious arguments." (*Id.*). Accordingly, the Court allowed Plaintiffs to file a response with excess pages. (Doc. 482).

The next day, Defendants filed a document entitled "Memorandum Regarding Defendants' Amended Motion for Summary Judgment." (Doc. 484). Therein, Defendants maintained that due to an "inadvertent technical error" in converting a document to a PDF, Defendants exceeded the page limit and did not realize this error until Plaintiffs brought it to Defendants' attention on June 10, 2025. (*Id.*). Nonetheless, the Court struck the filing because Defendants failed to cite any legal authority for the Court to accept the excess pages. (Doc. 485). In their second attempt remedy the issue, Defendants filed a Motion for Leave to File an Amended Motion for Summary Judgment to Correct Formatting, which the Court struck for failure to comply with Local Rule 3.01(g). (Docs. 489, 491). Alas, in their third attempt to remedy the issue, Defendants filed an Amended Motion for Leave to File an Amended Motion for Summary Judgment to Correct Formatting. (Doc. 492 (the "**Motion to Correct**")).

Correspondingly, Defendants filed a Motion to Strike Plaintiffs' Rule 56(f) Cross-Motion for Summary Judgment on June 20, 2025. (Doc. 493 (the "**Motion to Strike**")). Defendants informed the Court that Plaintiffs' response to Defendants' Amended Motion for Summary Judgment (Doc. 486 (the "**Response**")) included a cross-motion for partial summary judgment. (*Id.*).

4

Relatedly, Defendants also filed a motion requesting a stay of the deadline to reply to Plaintiffs' Response, pending the Court's ruling on the Motion to Strike. (Doc. 494 (the "**Motion to Stay**")).

## II. DISCUSSION

As outlined above, the Court has expended significant judicial resources in this action over the course of three years—oftentimes regarding trivial matters raised by Defendants. Consequently, the following rulings are made in the interests of judicial economy and efficiency. *See Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted) (highlighting that a court retains "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'")

### A. Motion to Correct

In the Motion to Correct, Defendants seek to file a Second Amended Motion for Summary Judgment considering their failure to comply with the page limit. (Doc. 492). Defendants explain that due to "an inadvertent technical error," they exceeded the page limit when converting a document to a PDF. (*Id.*). While the Court disapproves of defense counsel blaming her staff, the Court will allow the excess pages.[2] The Amended Motion for Summary Judgment will remain as it

---

[2] As a *final* reminder, all filings shall comply with all applicable rules and law. From this point forward, any noncompliance shall result in the Court denying or striking the filing.

stands before the Court. (Doc. 477). As such, the Motion to Correct is denied as moot.

### B. Motion to Strike

As to the Motion to Strike, Defendants urge the Court to strike Plaintiffs' response to the Amended Motion for Summary Judgment because Plaintiffs included a "cross-motion" for partial summary judgment under Rule 56(f).[3] (Doc. 493). In support, Defendants argue that the cross-motion is untimely and procedurally improper. (*Id.*).

Defendants correctly note that a cross-motion for summary judgment is untimely considering the deadline for dispositive motions has passed. (*Id.*). However, Plaintiffs incorrectly labeled this aspect of their Response as a "cross-motion" because Federal Rule of Civil Procedure 56(f) "is not a substitute for filing a motion for, or cross-motion to, summary judgment." *See Abreu v. EB & JB Corp.*, No. 14-23266-CIV-LENARD/GOODMAN, 2015 WL 12570946, at *1 (S.D. Fla. Dec. 8, 2015) (citing *Johnson v. State Farm*, No. CA 12-00534-N, 2013 WL 3818707, at *1–2 (S.D. Ala. July 23, 2013)); *see also Monument Health, LLC v. Polaris Spine & Neurosurgery Ctr.*, No. 1:23-CV-00595-ELR, 2024 WL 5339455, at *5 n.8 (N.D. Ga. Nov. 6, 2024) (citations omitted).

Instead, Rule 56(f) is a "tool to be used by the Court." *See id.* Specifically, Rule 56(f) provides that, "[a]fter giving notice and a reasonable time to respond, the

---

[3] Interestingly, Plaintiffs filed their Response on June 12, 2025, but Defendants did not move for relief until June 20, 2025.

6

court may . . . grant summary judgment for a nonmovant." Thus, courts have allowed parties to rely on this tool in a response to a motion for summary judgment. *See id*; *see also Blanco v. Samuel*, 91 F.4th 1061, 1066 (11th Cir. 2024) ("The [defendants] did not separately move for summary judgment. Instead, in their reply to [the plaintiff]'s motion, they urged the district court to *sua sponte* grant summary judgment in their favor, as Federal Rule of Civil Procedure 56(f) permits."); *Cafaro v. Zois*, 693 F. App'x 810, 815 (11th Cir. 2017); *Abreu*, 2015 WL 12570946, at *1; *Parker v. Sentry Ins. Co.*, No. 5:23-cv-151-JA-PRL, 2024 WL 4460207, at *2 (M.D. Fla. May 14, 2024).[4]

While Plaintiffs titled their Response to include a cross-motion, that "does not render their request for judgment in their favor inappropriate." *See Parker*, 2024 WL 4460207, at *2. The Court will not strike Plaintiffs' Response. Defendants are now on notice that Plaintiffs are arguing that they are entitled to prevail, in part, at the summary judgment stage. *See id.*; FED. R. CIV. P. 56(f) (requiring notice and a reasonable time to respond). Defendants may respond to Plaintiffs' arguments in their reply.[5] *See id*. The Court will allow extra time and pages for Defendants' reply. Defendants shall file their reply, limited to fifteen (15)

---

[4] *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

[5] The Court notes that because Plaintiffs' reliance on Rule 56(f) does not amount to a motion for summary judgment, Plaintiffs are not entitled to respond to Defendants' reply. *See Parker*, 2024 WL 4460207, at *2.

7

pages, to Plaintiffs' Response on or before July 4, 2025. Defendants' Motion to Strike is thus denied.

### C. Motion to Stay

Considering the aforementioned rulings, Defendants' Motion to Stay is denied as moot.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Amended Motion for Leave to File Amended Motion for Summary Judgment to Correct Formatting (Doc. 492) is **DENIED AS MOOT**.

2. Defendants' Motion to Strike Plaintiffs' Rule 56(f) Cross-Motion for Summary Judgment (Doc. 493) is **DENIED**. Defendants shall file a reply, limited to fifteen (15) pages, to Plaintiffs' Response on or before July 4, 2025.

3. Defendants' Motion to Stay Deadline to Reply to Plaintiffs' Opposition to Defendants' Amended Motion for Summary Judgment and Rule 56(f) Cross-Motion for Summary Judgment (Doc. 494) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on June 26, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties