UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KOUTOULAS, and LGBCoin, LTD,<br><br>Defendants. | ) Case No.: 6:22-cv-00652-PGB-DCI<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF JAMES KOUTOULAS

Defendants, JAMES KOUTOULAS and LGBCOIN, LTD., by and through undersigned counsel, respectfully oppose Plaintiffs' Motion for Strike the Declaration of James Koutoulas and state as follows:

1. On July 7, 2025 Defendants filed their Reply in Support of their Motion for Summary Judgment and Response in Opposition to Plaintiffs' Cross-Motion for 56(f) Summary Judgment ("Defendants' Reply"). [ECF No. 499].

2. Exhibit "A" of Defendants' Reply includes a sworn declaration of James Koutoulas ("Mr. Koutoulas"). Mr. Koutoulas is a defendant and named expert in the case at hand.

1

3. Mr. Koutoulas' sworn declaration contains personal knowledge of twenty-seven (27) misstatements of facts he identified as set forth in Plaintiffs' Opposition to Defendants' Amended Motion for Summary Judgment and Rule 56(F) Cross Motion for Partial Summary Judgment ("Opposition").

4. The cited material discrepancies are critical to the Court's consideration of the undisputed facts and credibility of Plaintiffs' arguments in Opposition.

## LEGAL ARGUMENT

**A. Legal Standard Under Rule 56(C)(4) And Affidavit Admissibility**

Federal Rule of Civil Procedure 56(c)(4) governs affidavits and declarations at the summary judgment stage. It provides that affidavits must be based on personal knowledge, set out admissible facts, and show the affiant's competence. The Eleventh Circuit has consistently upheld the admissibility of such affidavits when these criteria are met. See *United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018); *Pace v. Capobianco*, 283 F.3d 1275, 1278–79 (11th Cir. 2002). Reply affidavits are permitted when they respond to issues raised in opposition, as was done here. See *Tishcon Corp. v. Soundview Communs., Inc.*, 2005 WL 6038743, at *4 (N.D. Ga. Feb. 15, 2005). In his declaration, Mr. Koutoulas established his competency and set forth facts within his personal knowledge regarding

evidentiary conflicts contained in the admissible record evidence and raised by Plaintiffs in opposition to summary judgment.

### B. The Affidavit Corrects Plaintiffs' Factual Misrepresentations

Plaintiffs' Opposition relies on transcript snippets and social media evidence taken grossly out of context and lacking reference to the complete record. Mr. Koutoulas' sworn declaration sets forth his personal knowledge to provide complete context from the record evidence, which directly rebuts at least twenty-seven identified factual misrepresentations. Courts routinely allow such affidavits, and Mr. Koutoulas' sworn declaration appropriately meets the requirements of Rule 56.

### C. Striking a Sworn Affidavit is a Drastic and Disfavored Remedy

Striking a sworn affidavit is an extreme measure, generally reserved for affidavits that are entirely conclusory, speculative, or inadmissible. Courts prefer to disregard inadmissible portions and consider the rest. *See Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980). Plaintiffs' fail to identify and explain which portions of the Defendants' declaration they consider inadmissible, hindering Defendants' ability to respond in further detail.

**D. Plaintiffs Cannot Use Page Limits as a Sword and a Shield**

Plaintiffs embedded a Rule 56(f) cross-motion in their opposition brief and filled it with new factual assertions and legal theories. They cannot now claim prejudice when Defendants reply with a fact-based rebuttal.

Plaintiffs falsely assert that the length of the affidavit is grounds for exclusion. However, Local Rule 3.01 limits only briefs—not declarations or evidence. The affidavit's length is justified by the scope of factual misstatements it rebuts.

**E. Conclusion**

Plaintiffs' Motion to Strike is an attempt to distract the Court from the central and fatal defects in their case: that Plaintiffs never alleged, let alone presented any evidence of, a binding promise of profits from Defendants to coin holders. They repeatedly presented material facts out of context to survive dismissal and class certification. Plaintiffs' Motion to Strike is meritless. Defendant's affidavit is admissible under Rule 56(c)(4), highly relevant to rebut factual misstatements and procedurally proper. The motion should be denied in full.

Dated: August 6, 2025.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

Respectfully submitted,

**DI PIETRO PARTNERS, LLP**
901 East Las Olas Blvd., Suite 202
Fort Lauderdale, FL 33301
Tel: (954) 712-3070
Fax: (954) 337-3824
Primary: service@ddpalaw.com
Secondary: paralegal4@ddpalaw.com

***/s/ Nicole Martell***
NICOLE MARTELL, ESQ.
Florida Bar No.: 100172
nicole@ddpalaw.com
*Counsel for Defendants*