# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

    **Plaintiffs,**

v.                                  Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

    **Defendants.**

_____/

## ORDER

This cause is before the Court on the following filings:

1. Defendants James Koutoulas and LGBCoin, LTD's (collectively, the "**Defendants**") Motion for Reconsideration on Motion to Dismiss the TAC (Doc. 463 (the "**Motion for Reconsideration**")), and Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key's (collectively, the "**Plaintiffs**") response thereto (Doc. 465).

2. Defendants' Motion for Class Decertification (Doc. 490), and Plaintiffs response thereto (Doc. 498).

Upon due consideration, the Motion for Reconsideration and the Motion for Class Decertification (collectively, the "**Motions**") are denied.

**I.     BACKGROUND**

The lengthy factual and procedural background of this case are largely laid out in the Court's previous Orders. (*See, e.g.*, Docs. 229, 354, 388, 389). Nonetheless, the Court outlines additional facts relevant to the instant Motions below.

Plaintiffs initiated this putative class action on April 1, 2022. (Doc. 1). After several amended complaints, motions to dismiss, and a stay of discovery, the Court narrowed the claims against Defendants in its Order ruling on the Motions to Dismiss, dated March 29, 2024. (Doc. 354). Plaintiffs filed their Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel on July 22, 2024. (Doc. 373 (the "**Motion for Class Certification**")). The Court granted in part and denied in part Plaintiffs' Motion for Class Certification on March 28, 2025. (Doc. 455 (the "**Class Certification Order**")).

On April 17, 2025—over a year after the Court issued its Order on the Motions to Dismiss—Defendants moved the Court to reconsider such an Order. (Doc. 463). Then, on June 17, 2025, Defendants moved to decertify the Class. (Doc. 490). Plaintiffs filed their respective responses in opposition, and the matters are now ripe for review. (Docs. 465, 498). For the reasons set forth below, the Court denies Defendants' Motions.

**II.    DISCUSSION**

At the outset, the Court acknowledges Defendants' failure to adequately litigate before this Court. On numerous occasions, the Court has highlighted the

2

several deficiencies inherent in Defendants' methods of briefing. (*See, e.g.*, Docs. 121, 229, 284, 300, 389, 455, 459). Indeed, in the Class Certification Order, the Court noted that:

> In the Response, Defendants adopt the approach of throwing every argument at the wall with the hope that the Court will sift through to see what sticks. (*See generally* Doc. 403). For example, Defendants fail to develop several arguments and fail to cite to legal authority or to the record. (*Id.*). In the few instances where there are citations, the citations are either incomplete, inaccurate, or do not properly support the stance Defendants present. (*Id.*). Further, in a cursory manner, Defendants recycle various arguments that the Court has thoroughly addressed in previous Orders. (*Id.*). The Court advises defense counsel to refrain from such practices in all future filings.

(*See* Doc. 455, p. 5 n.4). Nonetheless, despite the Court's advisements, Defendants have again thrown every argument at the Court, with little to no citations to legal authority. (*See* Docs. 463, 490). Further, while Defendants cite to a few cases in their Motions, such citations do not accurately support Defendants' positions. (*Id.*). Moreover, Defendants—as they have done for the past three years of litigation—rehash various arguments that the Court has thoroughly addressed in previous Orders. (*Id.*). Alas, the Court expends its finite time and resources to address the few arguments that are somewhat developed below.

### A. Motion for Reconsideration

In the Motion for Reconsideration, Defendants move for the Court to reconsider its Order ruling on several motions to dismiss the Third Amended Complaint. (Docs. 354, 463).

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

The Court first notes that Defendants cite to the wrong legal standard in support of the Motion for Reconsideration.[1] Nonetheless, even under the correct standard, Defendants' Motion for Reconsideration fails to establish grounds for reconsideration.

---

[1] Defendants move for reconsideration under Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." (Doc. 463, p. 2). Such a basis for reconsideration is improper here, considering Defendants moved for reconsideration over a year after the Court issued its Order on the Motions to Dismiss. (Docs. 354, 463).

4

At best, Defendants' only developed argument pertains to "new evidence" from the United States Securities and Exchange Commission ("**SEC**"). (Doc. 463, pp. 2–5). In support, Defendants present a "Stipulated Order" pending before the Eleventh Circuit. (*Id.* at pp. 3, 11–15). While Defendants strategically portray this as a stipulated order with the SEC, it is, in fact, a motion filed by Defendant James Koutoulas in a separate case pending before the Eleventh Circuit Court of Appeals. (*Id.*). More importantly, Defendants note that the Eleventh Circuit has not yet granted such a motion. (Doc. 463, pp. 2–4). And even if such a motion were granted, Defendants provide no explanation as to how this motion pertains to the Court's Order on the Motions to Dismiss. (*See id.*).

Next, Defendants argue that an SEC Staff Statement pertaining to meme coins "defeats Plaintiffs' Section 12(a)(1) claim as a matter of law." (*Id.* at p. 5). However, as Plaintiffs highlight, the SEC Staff Statement "explicitly disclaims any legal force and effect." (Doc. 465, pp. 12–13). Notably, the SEC notes that its Staff Statement "is not a rule, regulation, guidance, or statement of the [SEC] . . . [t]his statement, like all staff statements has no legal force or effect." (*Id.*; Doc. 445). Thus, Defendants' argument is questionable, at best.

As to the remainder of the Motion for Reconsideration, Defendants fail to provide any explanation as to how such conclusory arguments require the Court to revisit its Order on the Motions to Dismiss. (*See* Doc. 463); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments

5

are waived). In fact, Defendants do not even discuss the substance of the Order they seek reconsideration of. (*See id.*). Ultimately, Defendants fail to set forth "strongly convincing" reasons for the Court to change its prior decision. *See Madura*, 2013 WL 4055851, at \*2. Defendants' Motion for Reconsideration is thus denied.

## B.   Motion for Class Decertification

In the Motion for Class Decertification, Defendants seek to decertify the Class, arguing that Plaintiff Eric De Ford is not an adequate class representative under Federal Rule of Civil Procedure 23(a)(4).

"An order that grants or denies class certification may be altered or amended before final judgment." FED R. CIV. P. 23(c)(1)(C). "[D]istrict courts have broad discretion to revisit the issue of class certification at any time before entering final judgment." *Terrill v. Electrolux Home Prods., Inc.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011) (citing *Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1275 (11th Cir. 2007)). Indeed, a district court "retains the ability, and perhaps even a duty, to alter or amend a certification decision . . . to recognize the importance of new facts." *Shin v. Cobb Cty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001). Accordingly, a district court's class certification order is not a final judgment "impervious" to review and revision by the court. *Prado–Steiman ex. rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000). The ability to alter or amend a class certification order pursuant to Rule 23(c)(1)(C) "is critical, because the scope and contour of a class may change radically as discovery progresses and more

6

information is gathered about the nature of the putative class members' claims." *Id.* That said, courts consistently hold that "there must be some development or change in circumstances to merit revisiting a class certification decision." *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009) (collecting cases). "In the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues . . . in the guise of motions to reconsider the class ruling." *Washington v. Vogel*, 158 F.R.D. 689, 692–93 (M.D. Fla. 1994) (quoting 2 H. Newberg and A. Conte, Newberg on Class Actions (3d ed. 1992) § 7.47 at 7–146).

Simply put, Defendants fail to cite any "materially changed or clarified circumstances" that warrant decertification of the Class. *Washington*, 158 F.R.D. at 692–93. Defendants posit that Plaintiff Eric De Ford is not an adequate class representative under Rule 23(a)(4), citing to evidence that Defendants have been aware of throughout this litigation. (Doc. 490; *see* Doc. 498, pp. 5–9). Notably, Defendants presented similar arguments in their opposition to Plaintiffs' Motion for Class Certification, which the Court thoroughly addressed in its Class Certification Order. (*See* Docs. 455, 490). And even if Defendants presented "materially changed circumstances," they again "miss[] the mark here and ignore[] what a 'fundamental conflict' is for Rule 23(a)(4) purposes." *See Washington*, 158 F.R.D. at 692–93; (Doc. 455, p. 19). Ultimately, the Court will "not condone a series of rearguments on the class issues . . . in the guise of motions to reconsider the class ruling." *Id.*

7

## III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration on Motion to Dismiss the TAC (Doc. 463) and Motion for Class Decertification (Doc. 490) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 24, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties