**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA BADER,**
**SHAWN R. KEY, Individually and on**
**Behalf of All Others Similarly Situated,**

        **Plaintiffs,**

v.                                           **Case No: 6:22-cv-00652-PGB-DCI**

**JAMES KOUTOULAS and LGBCoin,**
**LTD.,**

        **Defendants.**

**ORDER**

Pending before the Court are two motions to file documents under seal: 1) Defendants' Motion to Seal (Doc. 478); and 2) Plaintiffs' Motion to Seal Exhibits to Opposition to Defendants' Amended Motion for Summary Judgment and Rule 56(F) Cross Motion for Partial Summary Judgment (Doc. 487). For the reasons below, the motions are due to be **DENIED**.

**I.    BACKGROUND**

On May 22, 2025, Defendants James Koutoulas and LGBCoin, LTD. (collectively, Defendants) filed an Amended Motion for Summary Judgment (Doc. 477) (Summary Judgment Motion) and a motion to seal Exhibits J and K to the Amended Motion for Summary Judgment. Doc. 478 (Defendants' Motion to Seal). Exhibit J is Defendant James Koutoulas' response to Plaintiffs' Interrogatory No. 19. Doc. 478 at 1. Exhibit K is the rough transcript of the deposition of James Koutoulas. *Id*. Defendants seek to file these documents under seal because "Defendant, James Koutoulas, has designated the entirety of his deposition and response to Interrogatory No.

19 as 'Highly Confidential' and portions of each are quoted and referred to in the Motion for Summary Judgment." *Id.* at 2.

On June 12, 2025, Plaintiffs filed a response in Opposition to Defendants' Amended Motion for Summary Judgment and Rule 56(f) Cross Motion for Partial Summary Judgment. Doc. 486 (the Response). Plaintiffs concurrently filed a motion to seal exhibits E, F, and I to the Response. Doc. 487 (Plaintiffs' Motion to Seal). Plaintiffs describe the documents as: 1) the "March 3, 2025 Transcript of Deposition of James Koutoulas;" 2) "Koutoulas-PL 000390;" and 3) "Koutoulas-PL 000399." Doc. 487 at 1. Plaintiffs seek to file these documents under seal because "Defendant James Koutoulas has designated these documents as 'Confidential' or 'Highly Confidential.'" *Id.* at 1-2.

Defendants' Motion to Seal and Plaintiffs' Motion to Seal are unopposed. The Court will refer to the five exhibits the Parties seek to seal as "the Documents."

## II.  LEGAL STANDARD

The filing of items under seal is governed by Local Rule 1.11(b), which provides as follows:

> (b) Motion to Seal. A motion to seal an item:
>
>> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
>>
>> (2) must describe the item;
>>
>> (3) must establish:
>>
>>> (A) that filing the item is necessary,
>>>
>>> (B) that sealing the item is necessary, and
>>>
>>> (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>>
>> (4) must include a legal memorandum;

>   (5) must propose a duration for the seal;
>
>   (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
>   (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
>   (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

Once the court has assessed compliance with the Local Rule, the Court then must determine whether the movant has shown good cause for sealing the documents. In deciding whether to grant a motion to seal, the Court must remain cognizant of a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted). Although the common law right of access creates a presumption against sealing court records, a party may overcome that presumption with a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

### III. DISCUSSION

A review of Defendants' Motion to Seal and Plaintiffs' Motion to Seal (collectively, the Motions) reveals that they are nearly identical, boilerplate motions. *See generally* Docs. 478, 487. The only substantive differences between the Motions are the list of exhibits to be sealed, Plaintiffs' addition of two facts under paragraph three in Plaintiffs' Motion to seal, and slight changes in wording to reflect which party has filed the motion and which filing the exhibits pertain to. *Id.* That Plaintiffs and Defendants (collectively, the Parties) submitted virtually the same motion underscores the extent to which the Motions lack the requisite detail required by Rule 1.11.[1] Specifically, the Parties have failed to establish: 1) that sealing the Documents is necessary; 2) that good cause exists to overcome the presumptive public right of access; and 3) that using a redaction or a means other than sealing is unavailable or unsatisfactory. For these reasons, the Motions are due to be denied.

First, the Parties have not established that sealing the Documents is necessary, as required by Local Rule 1.11(b)(3)(B). The Parties assert that sealing is necessary "considering the substantive nature of the document, the risks inherent in disclosure, and the potential breach of the Confidentiality Agreement." Doc. 478 at 5; Doc. 487 at 6. But neither Plaintiffs nor Defendants explain the substantive nature of the Documents nor the risks inherent in disclosure. To the extent the Parties' basis for relief is that Defendant James Koutoulas previously designated the materials "Confidential," the Parties do not have the right to stipulate what judicial records will be sealed. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985). Local Rule 1.11 specifies that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of

---

[1] Given that the Motions are nearly identical, the Court will address the Motions' shortcomings collectively.

4

confidentiality, or a stipulation." Local Rule 1.11(a). The Parties' one-sentence blanket assertion that sealing is necessary is insufficient.

Further, the Parties' confidentiality agreement does not militate sealing here. Although the Parties quote from the Second Amended Case Management and Scheduling Order (CMSO)—seemingly implying that the Court has already committed to enforcing the Parties' confidentiality agreement—the quoted language is pulled from the section of the CMSO addressing "Discovery." Doc. 478 at 2; Doc. 487 at 2 ("The 2nd Amended Case Management and Scheduling Order states that 'the Court will enforce a written agreement to protect the confidentiality of information produced during discovery,' subject to conditions."). Under the section of the CMSO addressing "Motions," the Court included a sub-section on "Motions to File Under Seal" and explained:

> Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.11.

Doc. 427 at 7. Accordingly, the Court has already conveyed the distinction between designating documents as confidential in discovery and seeking to file documents under seal in the context of motion practice.

Second, the Parties have not shown that good cause exists to overcome the public right of access. As the Court considers the Parties' summary judgment briefings, the evidence the Court relies upon becomes an integral part of the judicial record and subject to the public right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (per curiam) ("[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access.]"); *see also Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Stated another way, although there is no common law right to obtain discovery material, a party that submits documents in

5

connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access."). Thus, the Court must evaluate whether good cause for the seal exists. But the Parties have not articulated the harm that public disclosure of the Documents would cause. *Loc. Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, at *3 (M.D. Fla. May 12, 2017) ("Good cause is established by showing that disclosure will cause 'a clearly defined and serious injury.'") (citations omitted). And conclusory assertions that entire items are confidential are insufficient to show good cause. *Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

Further, the Parties' contention that "the public's interest in accessing the subject document is minimal" because the matter "involves private parties" is unavailing. Doc. 478 at 4; Doc. 487 at 6. Almost all cases before the court involve private parties. The Eleventh Circuit has reaffirmed the public's right to access court records: "As we have long recognized, when 'a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1365 (11th Cir. 2021)) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). While this action may not involve public figures, a federal class action concerning allegations of fraudulent cryptocurrency dealings (*see* Doc. 74) is a matter of public concern. In addition, to the extent the Parties cite *NXP B.V. v. Rsch In Motion, Ltd.*, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013) for the proposition that sealing might be appropriate because the "case involves private parties" and "keeping the document confidential will not impair judicial functions," the Court finds that decision unpersuasive. In *NXP*, the parties carried their burden of establishing that a seal was

6

necessary where the documents "contain[ed] confidential technical information about Defendants' devices and business operations." Here, the Parties have only provided blanket, conclusory statements to support their Motions.

Third, the Parties have not established that "using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory" as required by Local Rule 1.11(b)(3)(C). Plaintiffs make a blanket assertion that:

> Using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory because a redaction or pseudonym will render the item useless for purposes of the Court's review[.] Moreover, absent sealing the document, no other means exist to protect the Defendants' asserted interest in the confidentiality of, and preventing disclosure and dissemination of, any alleged sensitive information contained in the document.

Doc. 478 at 3; Doc. 487 at 4. The Parties have submitted five distinct items for seal and have not articulated why partial sealing or redactions would be inappropriate for each item. And blanket and conclusory assertions do not provide this Court with the information it needs to assess whether lesser measures could be appropriate for some of the Documents. Therefore, the Parties have not satisfied Local Rule 1.11(b)(3)(C).

Litigation is an inherently public process. Certainly, the Court does not regularly issue secret, sealed orders in civil cases. And if the information at issue is necessary to the Court's decision, the Court may discuss it in an eventual order. Thus, the confidential information at issue may become public regardless of whether the Court allows the parties to seal their briefing or exhibits. Of course, if the confidential information is not necessary to the Court's decision, the parties should probably not provide it to the Court, sealed or not. *See* Local Rule 1.11(c)(3)(A).

Nevertheless, it is expected that information obtained via discovery or otherwise in the possession of the Parties is available to all Parties for the purpose of seeking and opposing dispositive motions made to the Court, and this Order should not be construed as a mechanism to

prevent a party from utilizing such discovery or other materials in this case for all appropriate purposes. Thus, to the extent a party has concluded that a provisions of the Parties' confidentiality agreement (or some other confidentiality agreement) prevents them from filing their motions and the exhibits thereto on the public record, it is hereby **ORDERED** that the Parties are given leave of court to file those Documents at issue in the Motions on the public record in relation to the dispositive motions.

If there is information in the Documents that a party deems confidential **and** that is not necessary for the Court's consideration of the underlying motion for summary judgment, the Court expects that information to be minimally redacted prior to public filing—the Court will not consider any information that is redacted.

## IV.     CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Seal (Doc. 478) is **DENIED**; and
2. Plaintiffs' Motion to Seal Exhibits to Opposition to Defendants' Amended Motion for Summary Judgment and Rule 56(F) Cross Motion for Partial Summary Judgment (Doc. 487) is **DENIED**.

**ORDERED** in Orlando, Florida on August 29, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record