# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

      **Plaintiffs,**

v.                                              Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court upon Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key's (collectively, the "**Plaintiffs**") Motion for Approval of the Proposed Class Notice Plan. (Doc. 460 (the "**Motion**")). Defendants James Koutoulas and LGBCoin, LTD (collectively, the "**Defendants**") responded in opposition to the Motion. (Doc. 462 (the "**Response**")). Upon consideration, the Motion is due to be granted in part, and the Class Notice is due to be approved, subject to the modifications described herein.

I.    **BACKGROUND**

This case involves the sale of the cryptocurrency, LGBCoin. (*See generally* Docs. 1, 21, 74, 245, 354). In October of 2021, Defendant James Koutoulas ("**Defendant Koutoulas**") created LGBCoin and marketed it both personally and through Defendant LGBCoin, LTD ("**Defendant LGBCoin**"). (*See* Doc. 531,

pp. 2–3). Ultimately, Plaintiffs purchased LGBCoin, suffered financial losses, and now bring suit on behalf of themselves and all others similarly situated nationwide. (*See* Docs. 1, 21, 74, 245).

On March 29, 2024, the Court entered an Order granting in part Defendants' motion to dismiss several counts in Plaintiffs' Third Amended Complaint (Doc 245 (the "**Third Amended Complaint**")). (Doc. 354). As a result of that Order, only three of Plaintiffs' claims in the Third Amended Complaint remained: (1) violation of Section 12(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77l(a)(1)) against Defendant Koutoulas; (2) unjust enrichment against Defendant Koutoulas; and (3) unjust enrichment against Defendant LGBCoin. (*Id.* at pp. 29–30; *see also* Doc. 245, ¶¶ 369–81, 404–07, 416–19).

Pertinent to the instant Motion, on March 28, 2025, the Court entered an Order (Doc. 455 (the "**Class Certification Order**")) certifying a Rule 23(b)(3) Class with respect to Plaintiffs' Section 12(a)(1) claims only. (Doc. 455, pp. 22–24, 27–32). Therein, the Court directed the parties to file jointly for approval of a putative notice to class members, and if they could not agree, the Court directed Plaintiffs to file a putative notice with Defendants filing their objections. (*Id.* at pp. 32–33).

Because the parties could not agree on the putative notice, on April 11, 2025, Plaintiffs filed their Motion proposing the form and content of two class notices: the Summary Notice of Class Certification (Doc. 460-2 (the "**Summary Notice**"))

2

and the Notice of Class Certification (Doc 460-3 (the "**Long-Form Notice**")).[1] (Docs. 460, 460-2, 460-3). In their Motion, Plaintiffs seek the Court's approval of a Class Notice Plan (Doc 460, pp. 9–12 (the "**Proposed Class Notice Plan**")) that provides notice to potential class members via mail and electronic mail using the addresses provided by Defendant Koutoulas or by cryptocurrency exchanges. (Doc. 460, pp. 5–6, 8–12). Additionally, Plaintiffs propose providing supplementary notice to putative class members "via publication through a wire service, firm website, and websites and forums for cryptocurrency trading" including the LGBCoin Telegram and Discord Channels, LGBCoin's website, and the LGBCoin subreddit page. (*Id.* at pp. 10–11). Plaintiffs further request that the Court approve Angeion Group, LLC ("**Angeion**") as the "Notice Administrator to assist in disseminating the notices and processing requests for exclusion from the class." (*Id.* at pp. 4–5).

On April 16, 2025, Defendants responded in opposition. (Doc. 462). In their Response, Defendants object to Plaintiffs' alleged misrepresentation of the "public nature of the LGBCoin Telegram and Discord Channels." (*Id.* at pp. 1–3). Defendants contend that they should not be forced to publicize Plaintiffs' "misleading notice" on these channels because to do so would constitute "compelled speech in violation of [Defendants'] First Amendment rights." (*Id.* at p. 4). Further, Defendants request that the Court "[b]ar Plaintiffs from

---

[1] Collectively, the Summary Notice and the Long-Form Notice shall be referred to as the "Proposed Class Notices."

mischaracterizing access to or control of digital communications platforms in further litigation" and "[s]anction Plaintiffs for their purposeful misrepresentations of material facts submitted to this Court."[2] (*Id.* at p. 6).

The Motion is now ripe for the Court's review.

## II.  LEGAL STANDARD

A Rule 23(b)(3) class requires that "the court … direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). This notice is essential to give absent class members an opportunity to opt out of the Rule 23(b)(3) class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). Giving a class action judgment binding effect with respect to absent class members that were not provided sufficient notice violates constitutional due process protections. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). This is so, in part, because due process requires that the language of the class notice establish the parameters of preclusive effects against absent class members. *See Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226–27 (11th Cir. 1998). As such, Rule 23 requires that:

> [t]he notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests

---

[2]  Defendants' request for sanctions is inappropriately included in their Response. To the extent that Defendants seek affirmative relief from the Court, Defendants must do so in a motion that complies with all applicable rules and law, including Local Rule 3.01(b).

> exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members.

FED. R. CIV. P. 23(c)(2)(B). "The method and manner of the notice process is 'left to the discretion of the [district] court subject only to the broad 'reasonableness' standards imposed by due process.'" *Florida Educ. Ass'n v. Dep't of Educ.*, 447 F. Supp. 3d 1269, 1274–75 (N.D. Fla. 2020) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)).

### III.   DISCUSSION

Defendants' Response challenges both the form of Plaintiffs' Proposed Class Notice Plan and the substance of Plaintiffs' Proposed Class Notices. Specifically, Defendants' objections to Plaintiffs' Motion are two-fold: (1) the LGBCoin Telegram and Discord Channels are publicly accessible so Defendants should not be responsible for posting the Summary Notice on these channels; and (2) the Proposed Class Notices are, in themselves, misleading as they "promote a claim rejected by [the] SEC." (Doc. 462, pp. 1–5). The Court will take each objection in turn.

#### A.   Form of the Proposed Class Notice Plan

As to Defendants' first objection, Defendants challenge Plaintiffs' request to have Defendants post the Summary Notice on the LGBCoin Telegram and Discord Channels and on the LGBCoin website. (*Id.* at pp. 1–3). Defendants contend that Plaintiffs misrepresent the "private" nature of the LGBCoin Telegram and Discord groups in an attempt to "impose an undue and prejudicial burden on Defendants

5

to communicate defamatory false claims[.]" (*Id.* at pp. 2–3). Defendants assert that the LGBCoin Telegram Channel is "publicly accessible, open to any user, [] requires no invite or vetting to join[,]" and that named Plaintiff Eric De Ford "has long been an active member" of the Telegram group. (*Id.* at p. 2). In a similar manner, Defendants maintain that the LGBCoin Discord Channel is "public and searchable through Discord's general directory." (*Id.*). Thus, according to Defendants, Plaintiffs are equally as capable of posting the Summary Notice on the LGBCoin Telegram and Discord Channels as Defendants. (*Id.* at pp. 2–3).

While the Court agrees with Defendants that the LGBCoin Telegram and Discord Channels are generally open to the public, the Court is not convinced that Plaintiffs "seek to impose an undue and prejudicial burden" on Defendants by requesting that Defendants post the Summary Notice on these channels. (*Id.* at p. 3). Indeed, courts around the country have found it proper to require defendants to post class notices on their own websites and social media accounts, despite the public availability of these sources, where the courts found such notice was "practicable under the circumstances" to reach potential class members. FED. R. CIV. P. 23(c)(2)(B); *see, e.g.*, *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) (finding that requiring a defendant to post a class notice via social media may be appropriate where it is "targeted" and the proponent of the notice provides details on its "reasoning behind the use of a particular social media" (citation omitted)); *Stuart v. State Farm Fire & Cas. Co.*, 332 F.R.D. 293, 299 (W.D. Ark. 2019)

6

(rejecting defendant's argument that placing a notice banner on its own website would cause significant harm to its business); Order on Plaintiffs' Motion for Approval of Proposed Class Notice Plan, *Rensel v. Centra Tech, Inc.*, No. 1:17-cv-24500-RNS (S.D. Fla. Nov. 19, 2021), ECF No. 329 (approving publication of a summary notice on defendant's reddit page).

The Court finds Plaintiffs' Proposed Class Notice Plan in this case similar to the notice plan in *Woods v. Vector Marketing Corporation*, No. C-14-0264 EMC, 2015 WL 1198593 (N.D. Cal. Mar. 16, 2015). In *Woods*, the plaintiffs proposed a notice plan that was comprised of (1) an official case website, (2) a shortened email notice, (3) a follow-up notice via postcard, (4) a publication notice on Facebook, and (5) an additional email or postcard reminder notice. *Id.* at *4. The court approved the short Facebook ad as a form of notice because "a substantial majority of the potential plaintiffs [were] college-aged" and were "particularly likely to maintain a social networking presence." *Id.* at *5. The court found that Facebook was a useful mechanism to reach "the population of potential plaintiffs[.]" *Id.*

Here, Plaintiffs propose to supplement individual notice via mail and electronic mail by having Defendants publish the Summary Notice on the LGBCoin Telegram and Discord Channels and on the LGBCoin website.[3] (Doc. 460, pp. 9–

---

[3] Courts in the Eleventh Circuit generally recognize that supplementing individual notice with publication notice is a useful tool to "make class actions workable." *Elkins v. Equitable Life Ins. of Iowa*, No. CIVA96-296-CIV-T-17B, 1998 WL 133741, at *23 (M.D. Fla. Jan. 27, 1998); *see also Klewinowski v. MFP, Inc.*, No. 8:13-CV-1204-T-33TBM, 2013 WL 12157853, at *2 (M.D. Fla. Dec. 5, 2013) (finding notice by publication "is an appropriate method of providing notice to the Class"); *Gross v. Barnett Banks, Inc.*, 934 F. Supp. 1340, 1345 (M.D. Fla. 1995) (determining that publication notice "constitutes the most practicable method of insuring notice to identifiable members whose known addresses are inaccurate"). In this modern era,

11). According to Plaintiffs, potential class members use the LGBCoin Telegram and Discord Channels to communicate with other owners of LGBCoin and receive updates from Defendants about LGBCoin. (*See* Doc. 460, p. 11 nn.2–3; Doc. 488-2, 161:2–12). Additionally, the LGBCoin subreddit page "has over 1,500 members" and regularly discusses topics related to "the purchase, sale, and news surrounding the LGB[]Coin tokens." (Doc. 460, p. 10 n.1). To the extent that the individual notices are unable to reach class members, the various LGBCoin-related internet sources appear to be useful supplements to reach "the population of potential plaintiffs" in this case, just as the Facebook ad was in *Woods*. *Woods*, 2015 WL 1198593, at *5. Thus, the Court finds that the Proposed Class Notice Plan satisfies the requirements of Rule 23.[4]

B. **Substance of Notice**

In their second objection, Defendants contest the substance of the Proposed Class Notices as promoting claims that "lack any legal basis." (Doc. 462, p. 3).

---

"the Internet is increasingly becoming an acceptable avenue for accomplishing publication notice." *Stuart*, 332 F.R.D. at 298. As such, the Court finds that the LGBCoin Telegram and Discord Channels, the LGBCoin subreddit page, and the LGBCoin website are adequate as modern forms of publication notice.

[4] The Court further notes that Plaintiffs do not request Defendants post the Proposed Class Notices in their entirety on the LGBCoin Telegram and Discord Channels and the LGBCoin website. Instead, Plaintiffs merely seek to have Defendants post a link to the Summary Notice on these channels and on the LGBCoin website. (Doc. 460, pp. 10–11). The Court is skeptical that a link to the Summary Notice on these channels, and not the actual content of the Summary Notice, would cause Defendants to suffer from any undue prejudice. *See Woods*, 2015 WL 1198593 at *5 (determining that an ad redirecting class members to a separate website with a long-form notice would "significantly reduce" any burden suffered by Defendants). Nevertheless, the Court directs Plaintiffs to make several changes to their Proposed Class Notices to alleviate Defendants' concerns. *See* discussion *infra* section III.B.

Defendants assert that their argument is supported by Plaintiffs' own admissions, the SEC Staff Statement on Meme Coins, and the SEC's "stipulated order" in an Eleventh Circuit case. (*Id.* at pp. 3–4). Because the Proposed Class Notices alert potential class members of allegedly baseless claims, Defendants maintain that their First Amendment rights would be violated if they were required to post the Proposed Class Notices on their website or other social media accounts. (*Id.* at p. 4).

As the Court has previously acknowledged, Plaintiffs' claims appear to have merit and do not "lack any legal basis."[5] (*See generally* Docs. 354, 455, 531). Further, Defendants cite no case law to support the proposition that a class notice posted on a defendant's website constitutes compelled speech in violation of the First Amendment. Instead, Defendants cite to a decision from the Supreme Court which held that a state could not require an individual to display the state's motto on his license plate. (*See* Doc. 462, p. 4 (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977))). While Defendants are correct that the First Amendment protects an individual's right to "refrain from speaking at all," the facts of *Wooley* are wholly inapplicable to the present case. (*Id.*).

Yet, to the extent that Defendants believe their position is not adequately represented in the Proposed Class Notices, the Court finds the following modifications to the Summary Notice and the Long-Form Notice will mitigate any

---

[5] Indeed, the Court recently granted summary judgment in favor of Plaintiffs as to two elements of the *Howey* test for what constitutes a security. (*See* Doc. 531).

9

potential prejudice to Defendants.[6] *See Martins v. Flowers Foods, Inc.*, No. 8:16-CV-3145-MSS-JSS, 2018 WL 8576598, at *2 (M.D. Fla. Oct. 22, 2018) (finding that plaintiff's proposed notice should include a "more detailed explanation" of defendants' legal position to "further the impartiality of the Notice.").

For the Summary Notice, Plaintiffs shall amend the description of the action as follows:

> This Action was filed on April 1, 2022, and subsequently amended multiple times with the final amendment on April 14, 2023. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.
>
> Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.
>
> **Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933**.

(Doc. 460-2, pp. 1–2 (bold text indicates added language)).

For the Long-Form Notice, Plaintiffs shall amend paragraphs 3 and 4 to read as follows:

> 3. What is this lawsuit about and what has happened?

---

[6] The bolded text in the following paragraphs specify the changes that must be made in the Summary Notice and the Long-Form Notice for Plaintiffs to comply with the Court's Order. *See* discussion *infra* pages 10–11.

10

> This Lawsuit alleges that between November 2, 2021, and March 15, 2022 (the "Class Period"), James Koutoulas and LGBCoin, LTD violated the federal securities laws by engaging in an unlawful offer and sale of unregistered securities (in the form of LGBCoins). Specifically, Lead Plaintiffs assert a claim under Section 12(a)(1) (15 U.S.C. §77l(a)(1)) of the Securities Act of 1933, (the "Securities Act").
>
> **Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933**.
>
> Lead Plaintiffs commenced this Action on April 1, 2022, filed an Amended Complaint on June 6, 2022, filed a Second Amended Complaint on July 19, 2022, and filed a Third Amended Complaint on April 14, 2023. Defendants filed motions to dismiss the Third Amended Complaint, and the Court issued an Order ruling on the motions to dismiss on March 29, 2024. In the Order ruling on the motions to dismiss, several of the then-Defendants were dismissed and, as a result, Defendants James Koutoulas and LGBCoin, LTD became the only remaining Defendants in this case.
>
> On July 22, 2024, Lead Plaintiffs filed a Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel. On March 28, 2025, the Court entered an order granting the motion, certifying this case as a class action, appointing Lead Plaintiffs as representatives of the Class, and appointing Class Counsel as representative of the Class. The Court directed Lead Plaintiffs and Defendants to prepare a proposed notice to the Class Members, which was later approved by the Court.
>
> 4. What is the current status of the lawsuit?
>
> On March 28, 2025, the Court certified this lawsuit as a Class Action. **The Court has scheduled a Final Pretrial Conference for February 17, 2026, at 3:00 p.m. in Courtroom 4B of the Middle District of Florida. A jury trial is scheduled for the trial term beginning on March 2, 2026**. All deadlines in this Notice are subject to change by the Court.

(Doc. 460-3, p. 3 (bold text indicates added language)).

11

The Court further notes that the date for class members to opt out or request exclusion from the class shall be forty-five (45) days from the date the notice is mailed and/or posted on the LGBCoin Telegram and Discord Channels, the LGBCoin website, and the LGBCoin subreddit page. Plaintiffs shall incorporate this deadline in all appropriate places in the Proposed Class Notices.

Finally, the Court approves of Plaintiffs' selection of Angeion as the Notice Administrator. Angeion has extensive experience handling class action administration, especially in the context of securities and cryptocurrency. (*See* Doc. 460, pp. 4–5 (collecting cases)). Further, Defendants do not appear to oppose this selection. Thus, the Court is assured that Angeion will ably discharge its duties in ensuring notice is efficiently and timely provided to class members.

## IV. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Approval of the Proposed Class Notice Plan (Doc. 460) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court **APPROVES** the form and substance of Plaintiffs' Proposed Class Notice Plan (Doc. 460), and the attendant Proposed Class Notices (Docs. 460-2, 460-3), subject to the implementation of the revisions outlined in this Order. The Court finds that, as will be revised, Plaintiffs' Proposed Class Notice Plan provides the best notice practicable under the circumstances and provides for individual notice to all class members who can be identified through reasonable

effort. FED. R. CIV. P. 23(c)(2)(B). The Court further finds that the Proposed Class Notices, as will be revised, clearly and concisely state the requisite matters set forth in Rule 23(c)(2)(B)(i)–(vii) in plain, easily understood language. Thus, the Proposed Class Notice Plan, as will be revised, meets due process requirements.

3. Defendants are **DIRECTED** to provide Angeion with the names, addresses, and email addresses, where possible, of any potential Class Members that Defendants have in their possession, custody, or control to notice the Class.

4. On or before **December 28, 2025**, Plaintiffs shall provide notice to the class in substantially the form approved by the Court and in accordance with the approved Class Notice Plan. On or before **January 4, 2026**, Plaintiffs shall file a notice with the Court stating that this has been completed.

5. Class members shall be given at least **forty-five (45) days** from the date the notice is mailed and/or posted on the LGBCoin Telegram Channel, the LGBCoin Discord Channel, the LGBCoin website, and the LGBCoin subreddit page to opt out or request exclusion from the Class.

6. Plaintiffs' Motion for Approval of the Proposed Class Notice Plan (Doc. 460) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on December 22, 2025.


PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties