UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

      **Plaintiffs,**

v.                                           Case No: 6:22-cv-652-PGB-DCI

**JAMES KOUTOULAS and LGBCOIN, LTD,**

      **Defendants.**

                                              /

## ORDER

This cause is before the Court *sua sponte* upon review of Plaintiffs' Notice Regarding Notice to the Class. (Doc. 538).

**I.    BACKGROUND**

Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") initiated this class action against Defendants James Koutoulas and LGBCoin, LTD (collectively, the "**Defendants**") on April 1, 2022 for conduct associated with the creation, marketing, and sale of LGBCoin, a cryptocurrency. (Doc. 1). Plaintiffs allege in Count I of their Third Amended Complaint (Doc. 245 (the "**Third Amended Complaint**")) that Defendant James Koutoulas ("**Defendant Koutoulas**") violated Section 12(a)(1) of the Securities Act by offering or selling LGBCoin without filing a registration statement. (*See* Doc. 245, ¶¶ 369–81); 15 U.S.C. § 77e. The Court granted partial summary judgment in favor

of the Plaintiffs. (Doc. 531). On December 22, 2025, the Court granted, in part, the Plaintiffs' Motion for Approval of the Proposed Class Notice Plan. (Docs. 460, 534). In so doing, the Court ordered the Defendants "to provide the names, addresses, and email addresses, where possible, of any potential Class Members" to Angeion Group, LLC, the Notice Administrator. (Doc. 534, p. 13). The Summary Notice and Long-Form Notice were set forth in the Court's Order. (*Id.* at pp. 10–11). The Notice Plan required the Defendants to post a link to the summary notice on the LGBCoin Telegram and Discord Channels and to cause a link to the Summary Notice to be posted on the LGBCoin website, and to "make no statement contrary to the provision of the Class Notice regarding this case or the subject matter thereof to any Class Member." (Doc. 460, pp. 11–12; Doc. 534, p. 12).

The Plaintiffs have advised the Court that the Defendants have failed to comply with the Courts Order in the following respects:

> 1. Defendants did not provide Angeion the names, addresses, and email address of potential Class Members;
>
> 2. Defendants have not posted the Notice to the LetsGoBrandon.com website;
>
> 3. Defendant Koutoulas posted the Notice to the Telegram channel but deviated from the Court's Order by encouraging Class Members to opt-out and object, providing incorrect information about how to opt-out that contradicts the Court-approved notices, and providing legal advice to potential absent Class Members.

(Doc. 538, pp. 2–3).

The Plaintiffs report they were unable to confirm the content of Defendant's post on the LBGCoin Discord page, but they have confirmed that Defendant Koutoulas modified the Court-Approved Notice and deviated from the Court's Order by adding a preamble to the Court-Approved Notice. (*Id.* at p. 5). The unauthorized commentary posted to Telegram reads:

> Hi guys, big legal update. We are still on track for our hearing January 28 on a new trial. We also have state court appeals ready if that fails, and are working on a class action complaint if that fails. Should be helped by discovery in the MJ case that their president and chairman routinely hate on conservatives.
>
> Also, the Obama-appointed Honorable Judge Byron ignored the SEC's multiple statements to federal courts that they cant [sic] even allege LGBCoin is a security and is trying to make me bear the expense of standing trial. I have filed a motion to reconsider pointing out many of the errors in it which ChatGPT described as "flawed under at least 12 separate legal doctrines2." He has also ordered I post this notice in here:
>
> **This Action was filed on April 1, 2022, and subsequently amended multiple times with the final amendment on April 14, 2024. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.**
>
> **Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.**

3

> **Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933.**[1]
>
> As of now, the Plaintiffs lawyers have not added instructions on how to opt out or object if you are so inclined to do so, here are instructions: Important: The LGBCoin class action site does not have an opt-out form, but you can still opt out. To exclude yourself, submit a written, signed request stating "I request to be excluded (opt out) from the LGBCoin class action, De Ford v. Koutoulas, Case No. 6:22-cv-652 (M.D. Fla.)," including your name, address, email/phone, and date, before the opt-out deadline, either by filing with the Court via the Middle District of Florida web filing portal (https://apps.flmd.uscourts.gov/cmecf/filings_form.cfm) and/or by sending it to Plaintiffs' counsel (aaron@ziglerlawgroup.com) and the claims agent (info@lgbcoincryptoaction.com) (best practice: also copy Defense counsel at james@koutoulaslaw.com). If you want to stay in the class but object, send a written, signed objection explaining what you oppose and why, with the case info, to the Court, Plaintiffs' counsel, Defense counsel, and the claims agent by the objection deadline. If you do nothing, you stay in the class and are bound by the result.
>
> Here is his order on summary judgment and my motion to reconsider which explain how egregiously he has erred in his application of the law[.]"

(Doc. 538–3; *see also* Doc. 538, pp. 5–7).

---

[1] The Summary Notice appears in bold. (*See* Doc. 534, p. 10). All other text accompanying the Summary Notice violates the Court's Order.

The Plaintiffs further report that the Defendant has been providing legal advice to potential class members intended to encourage them to opt out. (Doc. 538, pp. 7–9).

## II. LEGAL STANDARDS

District courts have inherent power to enforce compliance with their orders through civil contempt. *E.g. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *FTC v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27MAP, 2011 WL 5924969, at *1 (M.D. Fla. Oct. 5, 2011); *FTC v. Slimamerica*, No. 97-CIV-06072, 2011 WL 882109, at *3 (S.D. Fla. March 9, 2011); *SEC v. Solow*, 682 F. Supp.2d 1312, 1324 (S.D. Fla.), *aff'd* 396 F. App'x 635 (11th Cir. 2010).[2] "A finding of civil contempt must be supported by clear and convincing evidence that 'the allegedly violated order was valid and lawful; . . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted). A finding of civil contempt is warranted when supported by clear and convincing proof "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted). The evidence must also establish clearly and convincingly that the order was indeed violated. *FTC v. Garden of Life, Inc.*, 845 F. Supp.2d 1328, 1331 (S.D.

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 (11th Cir. 2007).

5

Fla. 2012); *Ameriprise Fin. Servs., Inc. v. Lawton*, No. 2:11-cv-573-FtM-29SPC, 2011 WL 6412424, at * 1 (M.D. Fla. Dec. 21, 2011); *see also FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010); *Solow*, 682 F. Supp. 2d at 1325; *Slimamerica*, 2011 WL 882109, at *3; *RCA Credit Servs., LLC*, 2011 WL 5924969, at *1. The absence of willfulness is not a defense to a charge of civil contempt. *Leshin*, 618 F.3d at 1232. "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* "'[I]n a civil contempt proceeding the question is not one of intent but whether the alleged contemnors have complied with the court's order.'" *Id.* at 1233 (citation omitted).

## III. DISCUSSION

The Court's Order approving the Short and Long-Form Notices and directing the Notice to be provided to the class in "substantially the form approved by the Court and in accordance with the approved Class Notice Plan," included the directive that it be posted on the LGBCoin Telegram Channel, the LGBCoin Discord Channel, the LGBCoin website, and the LGBCoin subreddit page. (Doc. 534, pp. 12–13). Defendant Koutoulas was not permitted to deviate from the approved Notices, nor was he permitted to ignore the Court's Order that he produce the names, addresses, and email addresses of potential Class Members. (*Id.* at p. 13; *see also* Doc. 460, p. 12). The Plaintiffs submit credible evidence that Defendant Koutoulas has intentionally violated the Court's Order. (*See generally* Doc. 538). Accordingly, Defendant Koutoulas is Ordered to Show Cause why he should not be held in contempt.

6

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. Defendant Koutoulas shall file with the Court within **three (3) days** of this Order a true and accurate copy of the Class Notice(s) posted to the LGBCoin Discord Channel, including all commentary offered by Defendant Koutoulas.

2. This matter is **SET** for a **HEARING** on **January 16, 2026, at 1:00 p.m.**, before the undersigned in Courtroom 4B, at which time Defendant Koutoulas **SHALL SHOW CAUSE** why he should not be held in civil contempt for failing to comply with the Court's Order, dated December 22, 2025. (Doc. 534).

3. Defendant Koutoulas is **ORDERED** to appear in person at the Show Cause Hearing on January 16, 2026. Failure to appear in person will result in the initiation of criminal contempt proceedings without further notice.

**DONE AND ORDERED** in Orlando, Florida on January 7, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties