UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS, LGBCoin, LTD.<br><br>Defendants. | ) Case No.: 6:22-cv-00652-PGB-DCI<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

## DEFENDANT'S MOTION FOR AN ORDER HOLDING THAT PLAINTIFFS LACK JURISDICTION TO PURSUE THEIR UNCERTIFIED STATE-LAW CLAIMS IN FEDERAL COURT

Defendant James L. Koutoulas ("Defendant") respectfully move for an order declaring that Plaintiffs lack jurisdiction to pursue their state-law class claims, which this Court previously denied certification for, and which cannot proceed individually or representatively in federal court under 28 U.S.C. §1332.

## LEGAL STANDARD

Under 28 U.S.C. § 1332(a), Plaintiffs must establish all three to establish diversity jurisdiction:

1. Complete diversity

    o Every plaintiff must be a citizen of a different state than every defendant;

2. Amount in controversy exceeds $75,000

    o For each plaintiff *individually; See Roberts/ Heywood Prop. v. Rayonier Forest Res., LP, 2025 U.S. App. LEXIS 11270* ("To invoke a federal court's **diversity** jurisdiction, a plaintiff must claim, among other things, that the **amount in controversy** exceeds $75,000." <u>Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018)</u>. "A plaintiff satisfies the **amount in controversy** requirement by claiming a sufficient sum in good faith." <u>Giovanno v. Fabec, 804 F.3d 1361, 1365 (11th Cir. 2015)</u>).

3. And, Justiciable state-law claim

    o Plaintiff must have statutory standing under the specific state law invoked.

Failure on *any* prong defeats jurisdiction.

The only claim certified in this action is the federal Section 12(a)(1) claim under the Securities Act. (ECF 455)

The Court's Class Certification Order expressly denied certification of all other claims, including every state-law claim. *Id.*

Plaintiffs' only claimed basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), (ECF 245, ¶61). Yet, Plaintiffs continue to rely on state-law causes of action that:

Plaintiffs do not satisfy diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiffs' only claimed basis for subject matter jurisdiction (ECF 245, ¶61).

Plaintiffs' certified transactions, filed over a year after the PSLRA-mandated deadline (ECF 320-3), do not either individually, or even in aggregate, reach the $75,000 diversity threshold under Plaintiffs' sole pled grounds for subject matter jurisdiction of their unjust enrichment and Florida state securities counts. Plaintiff De Ford alleged only $10,185 in damages. Plaintiff Bader only alleged $91.94 in damages. Plaintiff Key alleged only $10,744.59 in damages. No Plaintiff can plead an excess of $75,000 in good faith.

## The Court Denied Certification of All State-Law Claims — They Cannot Proceed in Federal Court

The Court's Class Certification Order (ECF 455) expressly held that:

- only the §12(a)(1) claim was certifiable;

A federal court cannot adjudicate a state-law claim on behalf of a class when the court has refused to certify that class.

## CONCLUSION

Because:

- Plaintiffs fail to allege in good faith an amount in controversy in excess of $75,000, they do not satisfy diversity jurisdiction.

Defendant respectfully request that the Court enter an Order:

1. declaring that Plaintiffs lack jurisdiction to pursue any uncertified state-law claim in this Court;
2. dismissing all such claims without prejudice; and
3. granting any further relief the Court deems proper.

## Local Rule 3.01(g) Certification

Prior to this filing, counsel for Plaintiffs and the undersigned conferred in relation to this Motion on December 31, 2025, and Plaintiffs opposed the Motion.

**Dated:** January 9, 2026.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2026, I served the Clerk of the Court this Motion via a courier service, and served Plaintiffs' lead counsels of record Aaron Zigler and John Jasnoch via US mail with courtesy copies sent via email.

/s/ James Koutoulas

Respectfully Submitted,

**JAMES L. KOUTOULAS, ESQ.**

PRO SE

312-451-4088

JAMES@KOUTOULASLAW.COM