UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

[PROPOSED] ORDER OF CONTEMPT

## I.    BACKGROUND

On December 22, 2025, the Court granted, in part, the Plaintiffs' Motion for Approval of the Proposed Class Notice Plan. (Docs. 460, 534) (the "Order") and ordered the Defendants "to provide the names, addresses, and email addresses, where possible, of any potential Class Members" to Angeion Group, LLC, the Notice Administrator. (Doc. 534, p. 13). The Court's Order set forth a Summary Notice and a Long-Form Notice, with modifications made to each to address Defendants' concerns that the Notices did not appropriately state their position in the litigation (*see id.* at pp. 10–11).The Court-approved Notice Plan required the Defendants to post a link to the Summary Notice on the LGBCoin Telegram and Discord Channels and to cause a link to the Summary Notice to be posted on the LGBCoin

website, and to "make no statement contrary to the provision of the Class Notice regarding this case or the subject matter thereof to any Class Member." (Doc. 460, pp. 11–12; Doc. 534, p. 12).

On January 4, 2026, Plaintiffs submitted a Notice Regarding Notice to the Class (Doc. 538), which advised the Court, *inter alia*, that Defendants failed to comply with the Court's Order in the following respects:

1. Defendants did not provide Angeion the names, addresses, and email address of potential Class Members;

2. Defendants did not post the Notice to the LetsGoBrandon.com website; and

3. Defendant Koutoulas posted the Notice to the Telegram channel but deviated from the Court's Order by encouraging Class Members to opt-out and object, providing incorrect information about how to opt-out that contradicts the Court-approved notices, and providing legal advice to potential absent Class Members.

(Doc. 538, pp. 2–3). Defendants' unauthorized commentary posted to Telegram reads as follows:

> Hi guys, big legal update. We are still on track for our hearing January 28 on a new trial. We also have state court appeals ready if that fails, and are working on a class action complaint if that fails. Should be

helped by discovery in the MJ case that their president and chairman routinely hate on conservatives.

Also, the Obama-appointed Honorable Judge Byron ignored the SEC's multiple statements to federal courts that they cant even allege LGBCoin is a security and is trying to make me bear the expense of standing trial. I have filed a motion to reconsider pointing out many of the errors in it which ChatGPT described as "flawed under at least 12 separate legal doctrines." He has also ordered I post this notice in here:

**This Action was filed on April 1, 2022, and subsequently amended multiple times with the final amendment on April 14, 2024. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.**

**Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.**

**Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933.**

As of now, the Plaintiffs lawyers have not added instructions on how to opt out or object if you are so inclined to do so, here are instructions: Important: The LGBCoin class action site does not have an opt-out form, but you can still opt out. To exclude yourself, submit a written, signed request stating "I request to be excluded (opt out) from the LGBCoin class action, De Ford v. Koutoulas, Case No. 6:22-cv-652

(M.D. Fla.)," including your name, address, email/phone, and date, before the opt-out deadline, either by filing with the Court via the Middle District of Florida web filing portal (https://apps.flmd.uscourts.gov/cmecf/filings_form.cfm) and/or by sending it to Plaintiffs' counsel (aaron@ziglerlawgroup.com) and the claims agent (info@lgbcoincryptoaction.com) (best practice: also copy Defense counsel at james@koutoulaslaw.com). If you want to stay in the class but object, send a written, signed objection explaining what you oppose and why, with the case info, to the Court, Plaintiffs' counsel, Defense counsel, and the claims agent by the objection deadline. If you do nothing, you stay in the class and are bound by the result.

Here is his order on summary judgment and my motion to reconsider which explain how egregiously he has erred in his application of the law[.]"

In connection with their January 4, 2026 notice to the Court, Plaintiffs submitted credible evidence that Defendant Koutoulas intentionally violated the Court's Order. (*See generally* Doc. 538).

Based on that Notice, the Court *sua sponte* issued an Order on January 7, 2026 (Doc. 539) (the "Order to Show Cause"), directing Defendant Koutoulas to (1) file a true and accurate copy of the Class Notice(s) posted to the LGBCoin Discord Channel, including all commentary offered by Defendant Koutoulas, and (2) appear in person on January 16, 2026 for a hearing at which time Defendant Koutoulas was to show cause why he should not be held in civil contempt for failing to comply with the Order.

On January 12, 2026, Defendants submitted evidence of his class notice post

on the LGBCoin Discord Channel, but did not provide all surrounding commen-

tary (Doc. 547). Defendants' submission revealed that Defendant Koutoulas' post

on the LGBCoin Discord Channel was identical to his post on the LGBCoin Tele-

gram channel, both of which modified the Court-Approved Notice and deviated

from the Order by adding the same preamble and postscript to the Court-Ap-

proved Notice. (*Id.*, PDF p. 22; Doc. 539, pp.3-4).

On January 16, 2026 the Court held a hearing on the Order to Show Cause.

Defendant Koutoulas conceded that the Order on Class Notice was valid and law-

ful and that he was capable of complying with said Order, but testified that he

misinterpreted the Order. Mr. Koutoulas testified that he believed he had a First

Amendment right to offer commentary about the case and notice provisions to

absent Class Members. Defendant Koutoulas argued that the Order was unclear

and ambiguous because he did not believe the Order restricted his commentary.

On cross examination, Defendant Koutoulas testified that he was unaware

that legal ethics rules could restrict Defendants' contact with represented Class

Members. He further did not deny making a subsequent post on the Telegram

channel following the issuance of the Order to Show Cause, which made the fol-

lowing statement:

> Basically seems both judge and co counsel don't want me to tell you
> that you have the option to object or opt out and that their case is not
> supported by law or fact. If it wasn't clear before, though, obviously
> there is a conflict because if somehow they do manage to both con-
> vince a jury and survive appeal, you could potentially lose a payout
> from me. But joke's on them since I spent virtually all of my assets
> defending this nonsense and suing Nascar.

Defendant characterized this post as an "expanded conflict disclosure" and

claimed that he did not mean to deviate from the Court's order, impugn the Court

or these proceedings, or encourage Class Members to opt-out. As Mr. Koutoulas

testified, he holds himself out as an experienced securities attorney in the online

Telegram and Discord channels and believes the Class Members on those channels

know him as an attorney.

The Court, having listened to Defendant Koutoulas's testimony and consid-

ered his explanations for his conduct and stated intent, as well as the record on

this matter as a whole, does not find Defendant Koutoulas's testimony credible.

The Court finds, instead, that Mr. Koutoulas's actions were intended to suggest

that the case lacks merit and the Court is not impartial, all in an effort to convince

Class Members to opt out.

As an attorney who claims to have meaningful class action experience, Mr.

Koutoulas knew or should have known of the restrictions on communications with

Class Members during the opt-out period. These restrictions are well-established,

horn-book law. *See Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1201 (11th

Cir. 1985)(finding a defendant violated Rules 4.2 and 8.4 by running a campaign

to solicit opt-outs from class members, and recognizing power to sanction both

counsel and client for such conduct under Fed. R. Civ. P. 23 and the court's inher-

ent power); 3 Newberg and Rubenstein on Class Actions § 9:9 (6th ed.)(recognizing

the ethical issue because, "absent class members are therefore 'represented par-

ties,' and ethics rules prohibit opposing counsel from contacting them directly").

## II.    LEGAL STANDARDS

District courts have inherent power to enforce compliance with their orders

through civil contempt. *E.g. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65

(1980); *FTC v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27MAP, 2011 WL

5924969, at *1 (M.D. Fla. Oct. 5, 2011); *FTC v. Slimamerica*, No. 97-CIV-06072, 2011

WL 882109, at *3 (S.D. Fla. March 9, 2011); *SEC v. Solow*, 682 F. Supp.2d 1312, 1324

(S.D. Fla.), *aff'd* 396 F. App'x 635 (11th Cir. 2010)[1]. "A finding of civil contempt

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their
footnote continues on next page ….

must be supported by clear and convincing evidence that 'the allegedly violated order was valid and lawful; . . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted). A finding of civil contempt is warranted when supported by clear and convincing proof "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted). The evidence must also establish clearly and convincingly that the order was indeed violated. *FTC v. Garden of Life, Inc.*, 845 F. Supp.2d 1328, 1331 (S.D. Fla. 2012); *Ameriprise Fin. Servs., Inc. v. Lawton*, No. 2:11-cv-573-FtM-29SPC, 2011 WL 6412424, at * 1 (M.D. Fla. Dec. 21, 2011); *see also FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010); *Solow*, 682 F. Supp. 2d at 1325; *Slimamerica*, 2011 WL 882109, at *3; *RCA Credit Servs., LLC*, 2011 WL 5924969, at *1. The absence of willfulness is not a defense to a charge of civil contempt. *Leshin*, 618 F.3d at 1232. "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* "'[I]n a civil contempt proceeding the question is not one of intent but whether the

---

legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 (11th Cir. 2007).

alleged contemnors have complied with the court's order.'" *Id.* at 1233 (citation

omitted).

### III.    DISCUSSION

Plaintiffs have presented credible evidence that Defendant Koutoulas failed

to comply with the Order and the Order to Show Cause in the following ways:

1.  Defendants posted Notice to the Discord and Telegram channels but de-

    viated from the Court's Order by encouraging Class Members to opt-out

    and object, providing incorrect information about how to opt-out that

    contradicts the Court-approved notices, commenting on the strength of

    the case against them, falsely claiming the Securities and Exchange Com-

    mission took positions legally binding upon the Court, impugning the

    integrity of the legal proceedings and the Court to encourage Class Mem-

    bers to opt-out, and providing legal advice to absent Class Members;

2.  Defendant Koutoulas did not provide a true and accurate copy of "all

    commentary offered by Defendant Koutoulas" in connection with his

    class notice post to the LGBCoin Discord Channel, as directed by the

    Court's Order to Show Cause;

3. Defendant Koutoulas engaged in impermissible contacts with absent Class Members, including encouraging them to opt-out and object;

4. Defendant Koutoulas's posted Notice improperly suggested that he represents the interests of absent Class Members despite being adverse to them in this matter;

5. Defendant Koutoulas improperly suggested that Class counsel "do not speak for holders" despite the Court appointing Class counsel as authorized representatives of the Class;

6. Defendant Koutoulas improperly offered Class Members legal advice, including advice on the legal effect of an opt-out and odds of success; and

7. Subsequent to the filing of the Court' Order to Show Cause, Defendant Koutoulas posted follow up commentary to the LGBCoin Telegram channel that deviated from the Court's Order by encouraging Class Members to opt-out and object, providing incorrect information about how to opt-out that contradicts the Court-approved notices, and providing legal advice to potential absent Class Members

During the January 16, 2026 Show Cause hearing, the Court determined that a finding of civil contempt against Defendant Koutoulas was supported by clear and convincing evidence that (1) the Order valid and lawful[2]; (2) the Order was clear, definite, and unambiguous; and (3) Defendant Koutoulas had the ability to comply with the Order. The Court further found that there was credible evidence that clearly and convincingly established that Defendant Koutoulas violated the Court's Order and the related Order to Show Cause.

It is **HEREBY ORDERED AND ADJUDICATED** as follows:

1. Defendant Koutoulas shall file with the Court within **five (5) days** of this Order either (a) all surrounding commentary in the LGBCoin Discord channel related to the Court-Approved Notice plan, to the extent any exists or (b) a declaration from Defendant Koutoulas declaring under penalty of perjury that he did not make any additional commentary in the LGBCoin Discord channel beyond the single post described above;

2. Defendant Koutoulas shall produce, within five (5) days of this Order, any further communications including direct messages, text messages,

---

[2] Koutoulas conceded, in his testimony, that the Order was valid and lawful and that Koutoulas had the ability to comply with the Order. Mr. Koutoulas only challenged the Order for not being clear, definite, and unambiguous.

emails, or other public postings with or directed toward Class Members

or potential Class Members following the Order on Class Notice (March

28, 2025, Doc. 455).

3. Defendant Koutoulas shall post within **three (3) days** of this Order a link

to the Summary Notice on the LGBCoin Telegram and Discord Channels

that is accompanied **ONLY** by the text identified below as remedial state-

ments, all designated as a "sticky" or "pinned" message[3]:

a. **Defendants' Original Message**: "the Obama-appointed Honorable

Judge Byron ignored the SEC's multiple statements to federal courts

that they cant even allege LGBCoin is a security and is trying to make

me bear the expense of standing trial."

**Remedial Statement**: I was wrong when I told you the SEC has de-

termined LGBCoin isn't a security and has instructed federal courts

that LGBCoin is a security. I have made this argument in court and it

has failed. In truth, the SEC has issued no controlling statement on

---

[3] A pinned or sticky message in Telegram and Discord is a crucial message, announcement, or resource that remains affixed to the top of a chat, channel, or folder for easy access, ensuring important info isn't missed as a user scrolls through the chat channel.

LGBCoin specifically or on meme coins generally. The SEC Staff State-
ment on Meme Coins, which I wrongly claimed was binding legal
precedent, says: "This statement, like all staff statements, has no legal
force or effect; it does not alter or amend applicable law, and it creates
no new or additional obligations for any person."

I was wrong to imply that the Court's findings were based on an im-
proper political bias instead of the appropriate application of the law
and facts. I made those statements to convince LGBCoin purchasers
that the Court's findings were invalid and to opt out of the class.  I
retract this statement—it is both inappropriate and unsupported by
any evidence.

b. **Defendants' Original Message:** "I have filed a motion to reconsider
pointing out many of the errors in it which ChatGPT described as
'flawed under at least 12 separate legal doctrines.'"

**Remedial Statement:** You should not rely on my statements about the
strength of the case or potential outcomes because I am defending my

interests, not yours. Further, I was wrong to tell you that the Court's

orders were flawed or applied the incorrect legal standards, espe-

cially based on my use of ChatGPT. ChatGPT is not a reliable source

for legal advice, and I was wrong to offer its unreliable legal analysis

to potential class members. Further, I have already been cautioned

against the use of artificial intelligence-in legal filings and been ad-

vised that Defendants will be sanctioned if future filings with the

Court contain AI-generated cases that do not exist.

c. **Defendants' Original Message**: "As of now, the Plaintiffs lawyers

have not added instructions on how to opt out or object if you are so

inclined to do so, here are instructions: . . ."

**Remedial Statement**: I was wrong when I told you that Plaintiffs have

not added instructions on how to opt out or object and that "both

judge and [plaintiffs'] counsel don't want me to tell you that you have

the option to object or opt out."  The instructions to opt out have al-

ways been contained in the Long Form Notice posted to the notice

website: LGBCoinCryptoAction.com. The instructions are also posted in the Frequently Asked Questions (FAQ) section of that website under "14. How Do I Opt Out of the Class?" I misled you by claiming those instructions do not exist.

d. **Defendants' Original Message**: "Here is his order on summary judgment and my motion to reconsider which explain how egregiously he has erred in his application of the law"

**Remedial Statement**: I was wrong to undermine the validity of Court's decisions. I have been given an opportunity to present my legal arguments and factual support many times in court. The Court has repeatedly rejected these arguments as being legally flawed and/or unsupported by the facts.

e. **Defendants' Original Message**: "Will make sure all that have wronged us see justice before the end. The judge finally ordered this notice out though so any of you who bought before march 15, 2022

can object if you want to let the judge know what you think. The

plaintiffs supposedly represent the interest of all buyers"

**Remedial Statement**: I do not represent the interests of LGBCoin pur-

chasers.  In fact, I am adverse to the interests of those Class Members.

Further, there is no legally-binding requirement that any money I get

from any verdict or settlement will be used to help you or your finan-

cial situation in any way.

Also, the United States District Court has appointed Class Counsel to

represent LGBCoin purchasers against me for my alleged violations

of federal law related to LGBCoin. A federal judge reviewed Class

Counsel's knowledge and experience with class action securities liti-

gation, the resources available to counsel, and the quality of counsel's

litigation efforts so far. Class Counsel are qualified to represent LGB-

Coin purchasers, are experienced in securities litigation, and have

been appointed lead counsel in multiple other class actions.

Unlike me, the attorneys for the Class do represent your interests in

this case. I retract any claim that the Plaintiffs and their counsel "don't

speak for the [LGBCoin] holders."

f.  **Defendants' Original Statement**: "But joke's on them since I spent
virtually all of my assets defending this nonsense and suing Nascar."

**Remedial Statement**: I was wrong to imply that you cannot recover
from me because I have spent all of my assets. A judgment against me
for securities law violations could be collected and cannot be dis-
charged in bankruptcy.

g.  **Defendants' Original Statement**: "Activist judges are a real problem.
No respect for the law and have TDS bad."

**Remedial Statement**: I was wrong to impugn the integrity of the
Court or suggest that Class Members shouldn't have faith in the out-
come of the case against me. At no point did I submit any credible
evidence demonstrating political bias against me. In fact, I have been
sanctioned by the Court for my own failures to respect the law, in-
cluding my improper contacts with class members and failure to com-
ply with court orders.

4. To the extent that any potential class members request further infor-

mation or ask for additional commentary from Defendants about the

Court-Approved Notice or other related matters, Defendant Koutoulas

**SHALL ONLY MAKE THE FOLLOWING STATEMENT**:

All questions about the Class Notice or other related matters should

be sent to either the Notice Administrator: Angeion at info@LGB-

CoinCryptoAction.com or the Court-Appointed Class Counsel: Aa-

ron Zigler at aaron@ziglerlawgroup.com.

5. To the extent that Defendant Koutoulas has any further contact with any

individual Mr. Koutoulas knows or should reasonably believe to be a

Class Member regarding any matter related to LGBCoin or this lawsuit,

Mr. Koutoulas shall copy Plaintiffs' counsel on such communications.

6. Any deviation, addition, or modification by Defendant Koutoulas to the

above remedial statements is prohibited and will result in the initiation

of criminal contempt proceedings without further notice.

7. Plaintiffs may file an application for reasonable costs and attorneys' fees

accrued in responding to Defendants' violations of the Order and the

Order to Show Cause. Defendants may file a response thereto with the

Court **within five (5) days** of the filing of Plaintiffs fee application,

which, if filed, is to be limited to argument related to the reasonableness

of the costs and fees.

IT IS SO ORDERED.

Dated: _____          _____
                                  Hon. Paul G. Byron
                                  United States District Judge