# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SUSAN BADER, SHAWN R. KEY, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 6:22-cv-00652-PGB-DCI ) ) ) ) CLASS ACTION |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES KOUTOULAS and LGBCoin, LTD. | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO BIFURCATE LIABILITY AND DAMAGES

**COMES NOW** Defendants, JAMES KOUTOULAS and LGBCoin, LTD ("Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42 and Local Rule 1.07 hereby file this Motion to Bifurcate Liability Claims from Damages Claims, and in support thereof state as follows:

1. On April 1, 2022, Plaintiffs filed this class action on behalf of all individuals who purchased Let's Go Brandon meme coins ("LGBCoin").

2. LGBCoin was created as a meme coin to express shared political viewpoints and protected speech, not as an investment for financial gain. Plaintiffs did not purchase LGBCoins from Defendant, James Koutoulas, but instead through decentralized exchanges with no direct contact or privity with Defendant, and not through any promotional material by Defendant.

3. Plaintiffs assert claims under the Securities Act of 1933, Florida's Deceptive and Unfair Trade Practices Act, Florida's Securities and Investor Protection Act, among other causes of action, seeking to treat LBGCoin as a regulated investment security and alleging entitlement to restitution.

4. Federal Rule of Civil Procedure 42(b) governs the bifurcation of trials and provides that "[f]or convenience, ***to avoid prejudice***, or to ***expedite and economize***, the court may order a separate trial ***of one or more separate issues, claims,*** crossclaims, counterclaims, or third-party claims." (emphasis added). Fed. R. Civ. P. 42(b). The Rule "confers broad discretion on the district court in this area," permitting bifurcation under many circumstances including in furtherance of convenience. *Medtronic Xomed., Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006).

5. Courts routinely order bifurcation when the resolution of a threshold legal question may "dispose of or substantially narrow the remaining issues." *Dzafic v.*

*Geovera Specialty Ins. Co.*, 2008 WL 3874602, *1 (M.D. Fla. 2008) (bifurcation appropriate where resolution of liability may obviate need for damages trial).

6. The threshold issue in this case, whether LGBCoin constitutes a "security" under federal law, is legally and factually distinct from the damages issues that may arise only if liability is established. Bifurcation will allow the parties to first focus on the complex legal and factual issues, such as the application of the *Howey* test, before engaging in the complex and lengthy phase of damages.

7. Bifurcation prevents the unnecessary expense of resources on damages discovery, expert analysis, and trial preparation before liability is established. *Navelski v. International Paper Company*, 261 F. Supp. 3d 1212 (N.D. Fla. 2017). Thus, severing the issues of liability and damages "furthers convenience" because it is more efficient than permitting the parties to spend additional time presenting evidence on damages in the event Plaintiff is barred from recovery. *Gilbert v. State Farm Mutual Automobile Insurance Company*, 311 F.R.D. 685 (M.D. Fla. 2015).

8. Courts recognize bifurcation of liability and damages in cases involving complex or individualized damages calculations may "obviate, narrow, or allow resolution of the amount of damages, if any, for the hundred of class members, saving scarce time." *See Romero v. Florida Power & Light Co.*, 2012 WL 1970125 (M.D. Fla. 2012) (court held that bifurcation was appropriate in class action under

FLSA where liability could be proven through representative testimony, but damages must be addressed on an individual basis).

9. The damages phase in this case will require complex expert analysis of blockchain transaction data, trading records, and market fluctuations to model any alleged inflation or loss in token prices. These analyses will involve unique transactions across decentralized exchanges and wallets and will necessitate individualized testimony from numerous class members. As such, trying the issue of liability separately from damages will "expedite and economize" the claims. Fed. R. Civ. P. 42(b).

10. Liability and damages evidence are "[s]ufficiently complex and so distinct that "one trial on all issues will perplex a jury …. To include at the same time proof of damages issues could risk needless juror confusion"" (citing *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. at 116). *Medtronic Xomed., Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006). Bifurcation ensures that the jury first addresses whether Defendants are liable before being presented with complicated and competing damages theories. *Id.*

11. Bifurcation is also appropriate where evidence concerning damages may unfairly prejudice the jury's decision of liability. *Gilbert v. State Farm Mutual Automobile Insurance Company*, 311 F.R.D. 685 (M.D. Fla. 2015). For example,

evidence of alleged investor losses, however substantial or minimal, could lead jurors to subconsciously assume that Defendants are liable, even if liability is not legally proven. Courts bifurcate liability and damages to ensure that jurors evaluate liability solely on evidence relevant to legal authority and not sympathy or perceived harm. *Id*.

12.   Bifurcation is appropriate in this case "[f]or convenience, **to avoid prejudice**, or to **expedite and economize** … **the claims**" (emphasis added). Fed. R. Civ. P. 42(b). Resolving liability before considering damages in this case will be the best use of judicial resources, and will allow the Court to address the threshold issues as to all causes of action set forth by Plaintiffs.

WHEREFORE, Defendants respectfully request that this Court grant this Motion, bifurcate the issues of liability and damages at trial, and grant any other and further relief the Court deems just and proper under the circumstances.

## Local Rule 3.01(g) and Rule 37 Certification

Defendants attempted to confer with Plaintiffs on the foregoing via e-mail on February 4, 2026 and on February 05, 2026, in a good faith effort to resolve the issues contained in this Motion. Plaintiffs have not responded. We will continue efforts to confer and will update the court per the local rules.

Dated: February 5, 2026

Respectfully Submitted,

**DI PIETRO PARTNERS, LLP**
901 East Las Olas Blvd., Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
 *service@ddpalaw.com*
Secondary Email Address:
*paralegal2@ddpalaw.com*
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

/s/ *Nicole Martell, Esq.*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100772
nicole@ddpalaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via Email through the Florida Courts E-Filing Portal to the service list below on February 5, 2026.

/s/ *Nicole Martell, Esq.*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100772