UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA
BADER and SHAWN R. KEY,**

   **Plaintiffs,**

**v.**            **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and
LGBCOIN, LTD,**

   **Defendants.**
           /

## <u>ORDER</u>

This cause is before the Court on Defendants James Koutoulas and LGBCoin, LTD's (collectively, the "**Defendants**") Renewed Motion for Summary Judgment Based on Intervening Change in Interpretive Legal Statement. (Doc. 607 (the "**Renewed Motion for Summary Judgment**")). The Court does not deem a response necessary.[1]

The Renewed Motion for Summary Judgment is an improper filing. According to the operative Fifth Amended Case Management and Scheduling Order (Doc. 568 (the "**CMSO**")), "[e]ach party may only file **one** motion for

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

summary judgment." (*Id.* at p. 9 (emphasis in original)). Defendants filed their Amended Motion for Summary Judgment on May 22, 2025.[2] (Doc. 477 ("**Defendants' Motion for Summary Judgment**")). The Court denied Defendants' Motion for Summary Judgment on December 2, 2025. (Doc. 531). On December 24, 2025, Defendants moved for reconsideration (Doc. 535 ("**Defendants' Motion for Reconsideration**")) requesting that the Court vacate its Order and grant Defendants summary judgment. (Doc. 535, p. 19). After reviewing Defendants' renewed arguments, the Court denied Defendants' Motion for Reconsideration on January 21, 2026. (Doc. 565).

While Defendants make clear in their Renewed Motion for Summary Judgment that it is "not a motion for reconsideration under Rules 59(e) or 60(b)," Defendants fail to appreciate the requirements of the CMSO. (Doc. 607, pp. 5–6). Because a second motion for summary judgment is expressly prohibited by the CMSO, Defendants' Renewed Motion for Summary Judgment is due to be stricken. (*See* Doc. 568, p. 9).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Renewed Motion for Summary Judgment Based on Intervening Change in Interpretive Legal Statement (Doc. 607) is hereby **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on April 6, 2026.

---

[2] The Court struck Defendants' original motion for summary judgment on May 6, 2025, because the parties failed to file a Stipulation of Agreed Material Facts as required by the CMSO. (Doc. 472, p. 2). Thus, while Defendants' Motion for Summary Judgment is technically an amended version, it is not a second motion for summary judgment which is explicitly prohibited by the CMSO.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3