# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 13, 2026

James Koutoulas
Koutoulas Law, LLC
10 N DEARBORN STE 400
CHICAGO, IL 60604

Appeal Number:  26-10500-F
Case Style:  In re: James Koutoulas
District Court Docket No:  6:22-cv-00652-PGB-DCI

The enclosed order has been entered. No further action will be taken in this matter.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10500

_____

In re: JAMES KOUTOULAS,

*Petitioner.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 6:22-cv-00652-PGB-DCI

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

BY THE COURT:

James Koutoulas, a licensed attorney proceeding pro se, petitions this Court for a writ of mandamus arising from a class action against him that is pending in the U.S. District Court for the Middle District of Florida.  In his petition, Koutoulas argues that the district court has improperly entered a series of orders against him,

including an order granting partial summary judgment in favor of the plaintiffs.  He also argues that the district court improperly initiated civil contempt proceedings against him and contends that a reasonable observer would question whether the district court is biased against him.

As relief, Koutoulas requests that this Court direct the district court to: (1) "[v]acate or suspend dispositive rulings that were entered in contravention of controlling securities law precedent[]"; (2) "[r]ecognize and remedy Plaintiffs' conceded failure to comply with the [Private Securities Litigation Reform Act's] certification requirements . . . by vacating rulings and trial posture that were permitted to proceed without disclosure of those disqualification facts[]"; (3) "afford ordinary evidentiary and adversarial process to agency and precedent-based defenses, including consideration of the [U.S. Securities and Exchange Commission's] investigative findings under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and controlling commodity and collectible precedent"; (4) articulate threshold and dispositive determinations in a manner consistent with its obligation to follow precedent and to preserve meaningful appellate review[]"; and (5) "answer [Koutoulas's] clarifying questions in his Motion for Reconsideration of the Summary Judgment Order" and "grant a subsequent interlocutory appeal."  In the alternative, Koutoulas asks that this Court direct that his case be reassigned to a different district court judge.  He also asks that this Court direct the district court to "[s]tay all ongoing and threatened contempt proceedings and any related orders imposing compelled or corrective speech[.]"  He contends that a post-judgment appeal

26-10500    Order of the Court    3

will not serve as an adequate alternative remedy to mandamus relief.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Id.* The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith,* 926 F.2d 1027, 1030 (11th Cir. 1991) (quotation omitted).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).

Under 28 U.S.C. § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Similarly, under 28 U.S.C. § 144, a judge must recuse

4                          Order of the Court                    26-10500

himself if a party to the proceeding makes a timely and sufficient showing by affidavit that the judge "has a personal bias or prejudice" against him. *Id.* § 144. Disqualification is only required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *Steering Comm. v. Mead Corp.* (*In re Corrugated Container Antitrust Litig.*), 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (quotation marks omitted); *see id.* at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal); *see also In re Moody*, 755 F.3d at 897

26-10500                        Order of the Court                                    5

(explaining that review of district court judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty to recuse himself either is debatable or non-existent, a writ of mandamus will not issue to compel recusal. *Corrugated Container*, 614 F.2d at 962.

Here, Koutoulas is not entitled to mandamus relief. Koutoulas's requests for relief are based on his argument that the district court has improperly entered a series of orders against him. However, mandamus is not the proper vehicle for challenging the district court's orders, as Koutoulas has the adequate alternative remedy of challenging the orders on appeal once the district court enters a final judgment if it rules against him. While Koutoulas contends that a post-judgment appeal will not serve as an adequate alternative remedy to mandamus relief, his argument is incorrect because a post-judgment appeal will bring up all of the district court's non-final orders for review and allow Koutoulas to challenge all of the district court's alleged errors/violations before this Court.

Moreover, as to his specific request that this Court direct the district court to "answer [Koutoulas's] clarifying questions in his Motion for Reconsideration of the Summary Judgment Order" and "grant a subsequent interlocutory appeal[,]" Koutoulas has failed to establish that he has a clear and indisputable right to such relief

6                          Order of the Court                          26-10500

through mandamus, as he does not provide any legal authority demonstrating that he is entitled to such relief.

Regarding his alternative request that this Court direct the reassignment of his case to a different district court judge, Koutoulas has the adequate alternative remedy of moving the district court judge to recuse himself under 28 U.S.C. § 144 and § 455. Moreover, Koutoulas has not shown any "exceptional circumstances" warranting a recusal challenge through mandamus, as he does not provide evidence that the district judge has a bias against him stemming from an extra-judicial source. While Koutoulas points to several comments made by the district court, the comments do not demonstrate that the district judge has "a personal bias or prejudice" against Koutoulas.

As to Koutoulas's request that this Court "[s]tay all ongoing and threatened contempt proceedings and any related orders[,]" he has the adequate alternative remedy of challenging any contempt orders on appeal after the district court enters a final judgment if the district court rules against him. He also has not shown that he has a clear and indisputable right to such relief through mandamus, as he does not cite any authority showing that he is entitled to have this Court direct the district court to stay the proceedings/orders.

Accordingly, Koutoulas's mandamus petition is hereby **DENIED**.