**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA BADER and**
**SHAWN R. KEY,**

        **Plaintiffs,**

**v.**                                                                                     **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and LGBCOIN,**
**LTD,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

Before the undersigned on referral is the Renewed Motion to Intervene and Notice of

Objection to Class Certification filed *pro se* by Albert Sheeler. Doc. 560 (the Motion). Mr. Sheeler

requests that the Court grant the Motion, thereby:

> allowing him to participate in this action as a party on behalf of himself and to act
> as an additional representative of the Class (or a subclass), or alternatively, to
> intervene for the limited purpose of pursuing his objection to Class Certification
> and presenting evidence relevant thereto . . .

*Id*. at 20. Mr. Sheeler asserts intervention by right pursuant to Federal Rule of Civil Procedure

24(a)(2) (*Id.* at 8-10) but also makes a perfunctory alternative request for permissive intervention

under Rule 24(b)(2). *Id.* at 12. In the Motion, Mr. Sheeler also preemptively requests further relief

*if* he is permitted to intervene, including an objection to class certification pursuant to Rule

23(a)(4), reconsideration and modification of the order certifying the class (potentially by

"decertifying the class"), creating a subclass of members that share Mr. Sheeler's interests, and

permitting Mr. Sheeler to testify and present evidence and argument at trial. *See* Doc. 560 at 20-

21. Plaintiffs have responded in opposition, and Mr. Sheeler has filed a reply. Docs. 580, 599.

## I.      Background

Mr. Sheeler titles the Motion as "renewed" for a good reason.  Mr. Sheeler made this request for the first time in February 2025.  *See* Docs. 441; 452.  In April 2025, the Court denied Mr. Sheeler's request on its merits as untimely.  *See* Doc. 456 (the **Initial Order**).  Now, nine months after that denial (and nine months after class certification (*see* Doc. 455)), Mr. Sheeler has filed the "renewed" motion.  Mr. Sheeler is asking the Court to reconsider the Initial Order, but Mr. Sheeler fails to identify, let alone meet, the standard for reconsideration.  Regardless, the Motion is untimely, as it was more than a year ago.

As the Court noted last April in the Initial Order, "The lengthy factual and procedural background of this case is largely laid out in the Court's previous orders. (*See, e.g.*, Docs. 229, 354, 388, 389)."  Doc. 456 at 1.  Nevertheless, the Court laid out the following facts, which remain relevant here:

> Plaintiffs initiated this putative class action on April 1, 2022. (Doc. 1). On June 2, 2023, Plaintiffs filed a notice certifying their compliance with the Private Securities Litigation Reform Act ("**PSLRA**"). (Doc. 289 (the "**Notice**")). In the Notice, Plaintiffs informed the Court that they had published notice of the action, as required by the PSLRA, in Business Wire on May 26, 2023. (Doc. 289-2).
>
> After several amended complaints, motions to dismiss, and a stay of discovery, the Court narrowed the claims against Defendants James Koutoulas and LGBCoin, LTD (collectively, the "**Defendants**") in its Order dated March 29, 2024. (Doc. 354). Plaintiffs filed their Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel on July 22, 2024. (Doc. 373 (the "**Motion for Class Certification**")). Defendants responded in opposition to the Motion for Class Certification on October 2, 2024, and Plaintiffs replied thereto on October 16, 2024.2 (Docs. 403, 406).
>
> While the Motion for Class Certification was pending, Mr. Sheeler filed a Motion to Intervene in Response to Class Certification Under Rule 24(a), which the Court denied without prejudice for failure to comply with Local Rules 1.01(d)(10), 3.01(a), and 3.01(g). (Docs. 441, 449); FED. R. CIV. P. 24(a). Mr. Sheeler renewed his request by filing the instant Motion on March 20, 2025. (Doc. 452). Plaintiffs filed a response in opposition on March 24, 2025. (Doc. 454). While the Motion

was pending, the Court granted in part and denied in part Plaintiffs' Motion for Class Certification on March 28, 2025. (Doc. 455).

Doc. 456 at 2-3.  Since the Initial Order, discovery has closed and this litigation has continued, resulting in over 100 additional docket entries, including the filing and resolution of *Daubert* and summary judgment motions.

Of note, on October 10, 2025, Mr. Sheeler filed a "Motion to Withdraw Interested Party Status and Notice of Opt-Out from the Class."  Doc. 525.  In that filing, Mr. Sheeler stated his "intention to **opt out of the certified class** pursuant to Fed. R. Civ. P. 23(c)(2)(B), and requests that the Court and class counsel **remove the undersigned from any further communications, proceedings, or distributions relating to this class action.**"  Doc. 525 at 1 (emphasis in original). The filing referenced a "motion previously filed," and the only motions Mr. Sheeler previously filed were the motions to intervene, which the Court had already denied at that point.  *See* Docs. 452, 456.  Accordingly, the Court entered the following Order on October 17, 2025:

> ENDORSED ORDER denying as moot in part and denying without prejudice in part [525] Motion to Withdraw Interested Party Status and Notice of Opt-out from the Class. The aforementioned [525] Motion is moot in part because Movant Albert Mr. Sheeler seeks to withdraw a motion that the Court already ruled upon. See [456] the Court's Order denying [452] Motion to Intervene. As to the other requested relief in the aforementioned [525] Motion, Movant fails to include a legal memorandum supporting his request to opt out of the certified class in violation of Local Rule 3.01(a). Accordingly, that request in the Motion is DENIED WITHOUT PREJUDICE.

Doc. 526.  Mr. Sheeler never re-filed the portion of his motion that was denied without prejudice. Instead, on January 20, 2026, Mr. Sheeler filed the instant Motion, again seeking to intervene. Doc. 560.  Mr. Sheeler noted in his conferral certification that Plaintiffs referenced "a website to opt out."  *Id*. at 21.  Other than that reference, Mr. Sheeler never mentions his prior request to opt out under Rule 23(c), nor does he address that in the Motion.  *See generally* Doc. 560.

**II.    Legal Standards**

Reconsideration is an extraordinary remedy is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir.1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990)).

Under Federal Rule of Civil Procedure 24, an individual may intervene in an action—upon a timely motion—pursuant to subsection (a), intervention of right, or subsection (b), permissive intervention. For intervention of right, a court must permit an individual to intervene if that individual (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). For permissive intervention, the court may permit an individual to intervene if that individual (1)

"is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

### III. Discussion

In the Motion, Mr. Sheeler describes his request for relief as "renewed" and requests that the Court "revisit" his request to intervene. Doc. 560 at 2. This is a request for reconsideration. And though Mr. Sheeler never identifies his request as such, he does assert that new information, facts, and circumstances warrant revisiting the Court's prior ruling. *Id.* at 2-3.

First, Mr. Sheeler identifies the order granting class certification. *Id.* at 3. But when the Court entered the Initial Order, it had already certified the class, and the Court noted as much in the Order. *See, e.g.,* Doc. 456 at 3. Second, Mr. Sheeler notes that class counsel has a "personal relationship" with Plaintiff De Ford. Doc. 560 at 3. But class counsel disclosed that relationship in a declaration filed in October 2024, well before Mr. Sheeler ever sought to intervene. *See* Doc. 406-1 at 1. Finally, Mr. Sheeler asserts vaguely that the way in which Plaintiffs have litigated this case—because, Mr. Sheeler claims, Plaintiffs' counsel are not "politically conservative"—have revealed a "misalignment of interests" between Mr. Sheeler and class counsel that have "crystallized." Doc. 560 at 10-11. But Mr. Sheeler's first motion to intervene reflects these same concerns, including claims that Plaintiffs' relief is "deeply adverse" to Mr. Sheeler's interests, that Mr. Sheeler has a "first amendment interest in the outcome of this case," and that resolution of the case may impair Mr. Sheeler's "civil rights related to LGBCoin and its successor LETSGO." Doc. 452 at 2-3. While the instant Motion provides more detail about Mr. Sheeler's concerns, the Motion does not establish the discovery of new evidence that was not available at the time the Court rendered its decision in the Initial Order. *See* generally, Doc. 560. Instead, Mr. Sheeler has impermissibly attempted to use the Motion "to raise arguments, which could and should have been

made earlier." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990)).

In sum, the Motion should be denied because Mr. Sheeler has failed to identify—let alone meet—the standard required for reconsideration of the Initial Order. Even construing Mr. Sheeler's arguments liberally as an attempt to establish the discovery of new evidence, the asserted facts, information, and circumstances are not new. Many of them were raised in the original requests to intervene and are only now fleshed out with more detail. Others were not raised but could have been. Still others were before the Court when it issued the Initial Order. None of the reasons proffered by Mr. Sheeler necessitate reconsideration to correct clear error or manifest injustice, nor has Mr. Sheeler made that argument.

But even if the Court were to consider the Motion on its merits apart from the reconsideration standard, the Motion is untimely, as Mr. Sheeler's initial request was in February 2025. *See* Doc. 441. An individual seeking intervention as a right must demonstrate that:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017). To determine whether "an application to intervene is timely," courts turn to the following factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of

unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (citation omitted).

In applying the *Salvors* factors here, Mr. Sheeler's Motion is untimely. *See NAACP v. New York*, 413 U.S. 345, 366 (1973) (explaining that district courts are afforded broad discretion in deciding the timeliness of a motion to intervene). First, as stated in the Initial Order, "the length of time Mr. Sheeler reasonably should have known of his interest in this case before filing the Motion is long. At a minimum, Mr. Sheeler should have known of his interest in the case on May 26, 2023, when Plaintiffs published notice of the action pursuant to the PSLRA." Doc. 456 at 5 (citing Doc. 289-2). Further, Mr. Sheeler waited nine months to file the renewed Motion, and his assertions of new or changed facts and circumstances ring hollow, as the undersigned addressed in relation to the reconsideration standard. Second, Plaintiffs would suffer prejudice from Mr. Sheeler's delay as the Court has not only granted partial class certification, but discovery has also closed, and the Court has resolved both *Daubert* and summary judgment motions. As the Court noted in the Initial Order, Mr. Sheeler "has not disguised his intent to dismiss the case in its entirety." Doc. 456 at 5 (citing Docs. 441, 453). Now, Mr. Sheeler suggests that the Court disqualify class counsel and decertify the class (Doc. 560 at 14, 20), though Mr. Sheeler somehow asserts in his reply that he "does not seek to . . . vacate prior rulings" (Doc. 599 at 3). Further, Mr. Sheeler asserts a right to participate in the trial by presenting evidence and argument but provides little explanation as to what he seeks to accomplish, other than to obstruct Plaintiffs' case. Third, as he did in his initial requests, Mr. Sheeler fails to demonstrate the extent of prejudice, if any, he would suffer if this Motion were denied. To be sure, Mr. Sheeler provides more detail than he did in his initial requests, but the prejudice he claims remains vaguely based on his beliefs related to

- 7 -

allegedly conflicting political ideologies between class counsel and himself.  Further, Mr. Sheeler makes no reference whatsoever to his prior assertion that he would opt out of the class, nor does he address opting out as a potential avenue to dissociate his interests from that of the certified class.  Fourth, as in the Initial Order, the undersigned does not find any unusual circumstances impacting its analysis herein.  That said, the undersigned notes that Mr. Sheeler apparently (though sometimes vaguely) requests permission to represent the interests of class members, including the interests of a new subclass of ideologically aligned class members.  *See, e.g.,* Doc. 560 at 7.  This is clearly contrary to law, and weighs against Mr. Sheeler's request.[1]

Thus, because Mr. Mr. Sheeler's Motion fails due to untimeliness, the Court need not consider the remaining elements of Rule 24(a)(2).  *See NAACP*, 413 U.S. at 369; Fed. R. Civ. P. 24(a)(2).

As to Mr. Sheeler's request for permissive intervention under Rule 24(b), the request is perfunctorily made, lacks a stated legal or factual basis, and is not accompanied by a memorandum of law in support.  As such, it is due to be denied.

As to Mr. Sheeler's additional requests for relief in the Motion, they are all made contingent upon the Court allowing him to intervene.  *See* Doc. 560 at 12 ("If granted intervention (or even if viewed simply as an interested class member), Mr. Mr. Sheeler lodges a formal objection to the current Class Certification on the ground that the representation of the class is not 'fairly and adequately' protecting the interests of all class members, as required by Fed. R. Civ. P. 23(a)(4).").

---

[1] As Plaintiffs note, "[t]he law is clear: 28 U.S.C. 1654 authorizes a person to proceed pro se in federal court, but it does not allow a pro se litigant to represent others."  Doc. 580 at 10 n.6 (quoting *Wall v. Sw. Airlines*, No. 6:21-CV-1008-PGB-DCI, 2021 WL 8201960, at *2 (M.D. Fla. Oct. 28, 2021) ("This prohibition specifically applies in the context of class actions and extends to [pro se] Plaintiff's attempt to act as a class representative without counsel. He may not do so.")) (citing *Timson v. Sam*son, 518 F.3d 870, 873-74 (11th Cir. 2008), *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)).

If Mr. Sheeler's request to be "viewed as an interested class member" could be interpreted as a request for something alternative to intervention that would allow him to object to class counsel at this stage of the litigation, Mr. Sheeler has made that argument in a perfunctory manner and has failed to support the request with any legal authority. Because the undersigned recommends intervention not be permitted, the undersigned provides no further recommendation on Mr. Sheeler's contingent requests.

## IV.    Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 560) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on April 28, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE