# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

ERIC DE FORD, et al.,

Plaintiffs,

v.

JAMES KOUTOULAS, et al.,

Defendants.

**Case No: 6:22-cv-652-PGB-DCI**

**CLASS ACTION**

## DEFENDANT JAMES KOUTOULAS'S MOTION FOR

## RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL

### INTRODUCTION

Defendant James Koutoulas ("Defendant"), proceeding *pro se*, respectfully moves this

Court for sanctions against Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11(c)

and 28 U.S.C. § 1927, based on the numerous misrepresentations of fact and law contained in

Plaintiffs' Motion for Sanctions (Doc. 614) and Plaintiffs' Reply in Support Thereof (Doc. 635).

On April 27, 2026, Defendant served Plaintiffs' counsel with a Rule 11 safe harbor letter identifying seven categories of misrepresentations in the Motion and demanding withdrawal or correction within twenty-one days. The twenty-one-day safe harbor period expired on May 18, 2026. Plaintiffs' counsel have not responded to the letter, have not withdrawn or corrected any challenged representation, and have instead doubled down on several of the identified misrepresentations in their Reply (Doc. 635). Having fully complied with Rule 11(c)(2)'s safe harbor requirement — the very requirement Plaintiffs themselves failed to satisfy before filing their own sanctions motion — Defendant now files the instant Motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11(b) provides that by presenting a pleading, motion, or other paper to the court, an attorney certifies that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11(c) authorizes the court to impose sanctions on attorneys who violate Rule 11(b). Separately, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably attributable to such conduct."

## STATEMENT OF FACTS

On April 13, 2026, Plaintiffs filed a 27-page Motion for Sanctions with 16 exhibits (Doc. 614) — the night before the hearing on defense counsel's motion to withdraw. Plaintiffs refused to confer any exhibits before filing. Plaintiffs styled the Motion under 28 U.S.C. § 1927, the Court's inherent authority, and Rule 37, deliberately avoiding Rule 11, the rule whose safe harbor provision would have required them to serve Defendant with twenty-one days' notice before filing. Plaintiffs refused to provide any exhibits to Defendant during the conferral attempts on April 10 and 13, 2026. (Doc. 626, p. 3).

On April 27, 2026, Defendant served Plaintiffs' counsel with a detailed Rule 11 safe harbor letter identifying seven categories of misrepresentations in the Motion: (I) the improper circumvention of Rule 11's safe harbor; (II) the failure to comply with Local Rule 3.01(g)'s good faith conferral requirement; (III) factual misrepresentations regarding wallet addresses; (IV) misrepresentations regarding OTC trades and asset concealment; (V) misrepresentations regarding alleged class members; (VI) misrepresentation of legal authority regarding class communications; and (VII) misrepresentations regarding document deletion. The letter afforded Plaintiffs' counsel twenty-one days to withdraw or correct the challenged representations.

On May 15, 2026, rather than withdrawing or correcting the identified misrepresentations, Plaintiffs filed a Reply (Doc. 635) that compounded them — introducing new exhibits (Exhibits B, C, D) not contained in the original Motion, advancing new legal theories (the § 1927/law license theory), and raising new arguments (the Local Rule 3.01(c)

"unopposed" theory as to former counsel). The twenty-one-day safe harbor period expired on May 18, 2026. Plaintiffs' counsel have not responded to Defendant's safe harbor letter in any way.

## **ARGUMENT**

### **I.       Misrepresentations of Fact in Violation of Rule 11(b)(3)**

### **A.       The OTC Trade Misrepresentation**

Plaintiffs' Motion alleges that Defendant was "a party to OTC trades with James Heckman" and that records of "where the money went are missing." (Doc. 614, p. 17 n.17). Their Reply introduces new exhibits (Exhibits B and C) purporting to prove this claim. (Doc. 635, pp. 6–7).

This representation lacks evidentiary support. The email chain Plaintiffs cite shows a *contemplated* trade that was never consummated. Defendant produced in discovery an email from Lesley Wilhelmi, Jeff Hanson's executive assistant, dated November 22, 2021, stating: "Account still restricted for sending. I send a ticket to support. I will keep you posted." (Bates Nos. LGBcoin003459–3461). An attached Coinbase screenshot shows $999,990 in USDC frozen in the account. The wallet referenced in the email chain — which Defendant disclosed in discovery — has a complete, publicly verifiable transaction history on the Ethereum blockchain. There is no transaction anywhere near the size discussed in the email chain. Plaintiffs had the Wilhelmi email in their possession and presented earlier emails from the same chain to the Court as proof of a completed trade while omitting the later emails showing the trade was never

consummated. This is not inadvertence; it is selective presentation of evidence in violation of Rule 11(b)(3).

**B.      The Wallet Address Misrepresentations**

Plaintiffs' Motion attributes numerous cryptocurrency wallets to Defendant without evidentiary support. (Doc. 614, pp. 18–19). A reasonable inquiry would have revealed the following:

Wallet 0xD6660a05eDaDe3F088B4C93b92bD9de233c80768 belongs to Rafael Yakobi, outside counsel for the non-party Foundation, and was never under Defendant's control. No LGBcoins were ever transferred to or from this wallet — only USDC stablecoin. Plaintiffs' own exhibits confirm this.

Wallet 0xe88045b2c67d931635BAb9b372351c17398fA047 never held LGBcoins and was not responsive to the cited interrogatory. It was nevertheless produced in discovery.

Wallet 812e belongs to Alex Giuliani, as explained in the very document Plaintiffs cited and ignored. (03102023PROD26S0001).

At least two wallet addresses cited in the Motion appear to be invalid blockchain addresses altogether. Presenting nonexistent wallet addresses as evidence of concealment in a sanctions motion is a serious violation of Rule 11(b)(3). The remaining wallets Plaintiffs attribute to Defendant from the Foundation Trust transaction list are in no way identified as being owned or controlled by Defendant — Plaintiffs simply assert that without basis, and they were in fact never owned or controlled by Defendant.

In total, of all the wallets Plaintiffs attribute to Defendant in the Motion, the only one that is actually his is one he disclosed in discovery early in the case. Plaintiffs' complaint is not that the wallet was concealed — it was produced — but that it was not identified a second time in response to a later request. This does not constitute concealment, and presenting it as such in a sanctions motion violates Rule 11(b)(3).

**C.     The Class Member Misrepresentations**

The Motion implies that Defendant concealed potential class members. (Doc. 614, pp. 16–17). Marty Salm received free coins and did not purchase LGBcoin; he is not a class member. Anthony Marlowe received a 100% refund of OTC proceeds; he is not a class member. Both were identified to Plaintiffs in Defendant's productions. Allegations that they were concealed are contradicted by Defendant's own production records, which Plaintiffs' counsel had in their possession when they filed the Motion.

**D.     The Telegram Document Destruction Misrepresentation**

The Motion alleges that Defendant destroyed Telegram communications. (Doc. 614, p. 17). Magistrate Judge Irick previously adjudicated the broader question of auto-deleting messaging platforms and denied relief. (Doc. 202, pp. 18–21). Defendant recovered substantial auto-deleted communications and produced them in good faith. Plaintiffs did not disclose Judge Irick's prior ruling in their Motion. Moreover, the Telegram messages at issue post-date the class period, concern matters unrelated to the claims in this case, and were not responsive to any relevant discovery request. Plaintiffs themselves retained copies of these very messages and produced screenshots of them as exhibits. Presenting the auto-deletion of non-responsive, post-

class-period messages that Plaintiffs already possess as evidence of spoliation is a misrepresentation in violation of Rule 11(b)(3).

## II.    Misrepresentations of Law in Violation of Rule 11(b)(2)

### A.    The Kleiner Misrepresentation

Plaintiffs repeatedly cite *Kleiner v. First National Bank of Atlanta* for the proposition that Defendant's communications with LGBcoin purchasers are per se improper. Plaintiffs have cited this case in at least two filings (Doc. 538 and Doc. 614) without ever disclosing to the Court the material distinction that *Kleiner*'s finding of a rule violation was predicated on a pre-existing court order prohibiting informal contacts with class members. No such order exists in this case. The repeated omission of this dispositive distinction constitutes a misrepresentation of legal authority in violation of Rule 11(b)(2).

### B.    The § 1927 Misapplication

The Motion invokes 28 U.S.C. § 1927 against Defendant. By its plain terms, § 1927 authorizes sanctions only against "[a]ny attorney or other person admitted to conduct cases." Defendant was a represented party — not counsel — for the vast majority of this litigation. The fact that Defendant holds law licenses in New York and Illinois does not transform a represented party into "counsel" for purposes of § 1927, any more than a physician-defendant in a malpractice case becomes an expert witness by virtue of holding a medical license. Plaintiffs' Reply attempts to remedy this deficiency with an entirely new theory based on state bar ethics opinions — but the need to reach for state ethics opinions to justify applying a federal sanctions statute to a party confirms that the statute does not naturally reach Defendant. Filing a motion

under a statute that does not apply to the target of the motion is not warranted by existing law or by a nonfrivolous argument for extending existing law, in violation of Rule 11(b)(2).

### III.     The Motion Was Filed for an Improper Purpose in Violation of Rule 11(b)(1)

The circumstances surrounding the filing of the Motion demonstrate an improper purpose. The Motion was filed on April 13, 2026 — the night before the hearing on defense counsel's motion to withdraw — a 27-page filing with 16 exhibits timed to ensure maximum disruption at Defendant's most vulnerable moment. Plaintiffs refused to provide any of the 16 exhibits during the conferral attempts on April 10 and 13, rendering meaningful conferral impossible and violating Local Rule 3.01(g)'s good faith requirement.

Plaintiffs deliberately avoided invoking Rule 11, instead styling the Motion under § 1927, inherent authority, and Rule 37. The effect — and the apparent purpose — was to circumvent Rule 11(c)(2)'s mandatory safe harbor provision, which would have required Plaintiffs to serve the Motion on Defendant twenty-one days before filing and afford him the opportunity to withdraw or correct any challenged filings. The Supreme Court held in *Chambers v. NASCO, Inc.* that "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." 501 U.S. 32, 50 (1991). Filing a sanctions motion under inherent authority for conduct that Rule 11 "could adequately address" — while offering no explanation for bypassing Rule 11 — is itself evidence of improper purpose. The only feature of Rule 11 that Plaintiffs sought to avoid was the safe harbor, which exists to prevent exactly the kind of harm their filing caused.

The broader pattern confirms the improper purpose. This litigation was initiated by a shotgun pleading that Plaintiffs' own lead plaintiff, Eric De Ford, said in writing was not warranted. Plaintiffs admittedly violated the Private Securities Litigation Reform Act for over a year while coercing small settlements from wrongly named defendants which were cheaper than cost of being subjected to illegal discovery. The Third Amended Complaint is, at its core, a SLAPP suit targeting Defendant's protected political speech and association — naming President Trump, Donald Trump Jr., Peter Thiel, Candace Owens, and other conservative public figures as participants in an alleged securities fraud scheme, then dropping them after extracting the reputational damage of being baselessly named. The sanctions motion is the latest instrument in this pattern: it was filed not to remedy genuine discovery violations, but to manufacture grievances, generate press coverage, and pressure a pro se defendant into submission after two expert agencies formalized a regulation exempting meme coins from the securities regulatory regime.

## IV.    Vexatious Multiplication of Proceedings Under 28 U.S.C. § 1927

While § 1927 does not reach Defendant as a party, it does reach Plaintiffs' counsel as attorneys admitted to conduct cases in this Court. Plaintiffs' counsel have vexatiously multiplied the proceedings in this case by:

(a) Filing a 27-page sanctions motion with 16 exhibits containing numerous factual misrepresentations that a reasonable inquiry would have revealed, including attributing wallets to Defendant that are invalid blockchain addresses, presenting a never-consummated trade as completed, and alleging concealment of individuals identified in Defendant's own productions;

(b) Deliberately circumventing Rule 11's safe harbor to prevent Defendant from correcting or responding to the challenged representations before filing;

(c) Filing the Motion the night before defense counsel's withdrawal hearing while refusing to provide any of the 16 exhibits during conferral, ensuring Defendant could not meaningfully respond;

(d) Introducing new exhibits, new legal theories, and new arguments for the first time in their Reply (Doc. 635), further multiplying the proceedings by forcing Defendant to seek leave to file a surreply to address matters that should have been raised in the original Motion;

(e) Repeatedly citing *Kleiner v. First National Bank of Atlanta* without disclosing the dispositive distinction that the case involved a pre-existing court order — a misrepresentation that has required Defendant to dispute it in multiple rounds of briefing; and

(f) Reasserting the Telegram auto-deletion argument that Magistrate Judge Irick previously adjudicated and denied, thereby requiring duplicative litigation of a decided issue.

## V.    Plaintiffs' Own Admitted Violations Warrant Greater Scrutiny of Their Counsel's Conduct

The Court should evaluate Plaintiffs' counsel's conduct in this sanctions dispute against the backdrop of their broader litigation misconduct. Plaintiffs' counsel admittedly violated the Private Securities Litigation Reform Act's automatic discovery stay for over a year — a violation that carries mandatory sanctions under 15 U.S.C. § 78u-4(c). These mandatory sanctions have been deferred by the Court to the close of litigation. The certified 12(a)(1) class claim was

sustained on the basis of discovery that was illegally obtained during the period when the PSLRA's automatic stay should have been in effect — discovery that Defendant moved to stay (Doc. 119) and the Court denied (Doc. 122).

It is therefore Plaintiffs' counsel, experienced securities class action attorneys from four law firms, who filed a complaint their own lead plaintiff said was unwarranted, who violated the PSLRA for over a year, who coerced settlements from wrongly named defendants using illegally obtained discovery, and who now file a sanctions motion riddled with factual misrepresentations while circumventing the very safe harbor provision designed to prevent such abuses. That Plaintiffs' counsel have deployed no fewer than ten attorneys to prosecute this case against a now pro se defendant, funded by an anonymous litigation funder, while their own admitted statutory violations remain unsanctioned, is a circumstance this Court should weigh heavily in assessing the propriety of their conduct.

## REQUESTED RELIEF

Defendant respectfully requests that the Court:

(1) Impose sanctions against Plaintiffs' counsel under Rule 11(c) for the misrepresentations of fact and law identified in Sections I and II above, including an award of Defendant's reasonable attorneys' fees and costs incurred in responding to the Motion (Doc. 614) and the Reply (Doc. 635), and in preparing this Motion;

(2) Impose sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 for vexatiously multiplying the proceedings as described in Section IV above;

(3) Order Plaintiffs' counsel to withdraw or correct the specific misrepresentations identified in Defendant's Rule 11 Safe Harbor Letter (Exhibit A) and in this Motion;

(4) Issue such additional sanctions as the Court deems appropriate under its inherent authority, including but not limited to admonishment, monetary sanctions, and an order requiring Plaintiffs' counsel to certify compliance with Rule 11(b) in all future filings in this case; and

(5) Schedule a consolidated hearing on this Motion together with Defendant's previously deferred sanctions motions (Docs. 113, 271) so that the full record of both parties' conduct may be adjudicated on the merits.

## CERTIFICATION UNDER RULE 11(c)(2)

Defendant certifies that the Rule 11 safe harbor letter attached as Exhibit A was served on Plaintiffs' counsel on April 27, 2026, more than twenty-one (21) days before the filing of this Motion. Plaintiffs' counsel have not withdrawn or corrected any of the challenged misrepresentations, rather they have made more in their reply.

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

Defendant certifies that the issues raised in this Motion were identified to Plaintiffs' counsel in the Rule 11 Safe Harbor Letter dated April 27, 2026. Plaintiffs' counsel did not respond to the letter or make any effort to confer regarding the challenged representations.

**CONCLUSION**

Plaintiffs' counsel filed a sanctions motion replete with factual misrepresentations, legal mischaracterizations, and procedural gamesmanship. They deliberately bypassed Rule 11's safe harbor to ambush a defendant on the eve of his counsel's withdrawal. They attributed wallets to Defendant that do not exist on the blockchain, presented a never-consummated trade as completed, alleged concealment of individuals identified in Defendant's own productions, relitigated issues previously decided by Magistrate Judge Irick, and repeatedly cited *Kleiner* without disclosing the dispositive factual distinction. When afforded twenty-one days to withdraw or correct these representations, they responded with silence — and then compounded the misrepresentations in their Reply. Should the Court grant Defendant's Motion for a Surreply, Defendant shall outline these further misrepresentations more fully.

This is precisely the conduct Rule 11 was designed to address. Defendant respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,


/s/ James Koutoulas
James Koutoulas, *Pro Se*
10 N. Dearborn St., Suite 400
Chicago, IL 60602
312-451-4088
james@koutoulaslaw.com

Dated: May 19, 2026


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 19, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ James Koutoulas