# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC DE FORD, SANDRA
BADER and SHAWN R. KEY,**

**Plaintiffs,**

**v.**                                                  **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and
LGBCOIN, LTD,**

**Defendants.**

_____/

## ORDER

This cause is before the Court on *pro se* non-party Albert Sheeler's ("**Mr. Sheeler**") Objections to Magistrate Judge Daniel C. Irick's Report and Recommendation.[1] (Doc. 634 (the "**Objection**")). Upon consideration, the Court's Order adopting the Report (Doc. 633 (the "**Order Adopting the Report**")) is vacated, the Objection is overruled,[2] the Report is adopted, and Mr. Sheeler's Renewed Motion to Intervene and Notice of Objection to Class Certification (Doc. 560 (the "**Renewed Motion**")) is denied.

---

[1]  Magistrate Judge Daniel C. Irick's Report and Recommendation shall be referred to as the "Report." (Doc. 627).

[2]  Although *pro se* filings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## I.    BACKGROUND[3]

On March 20, 2025, Mr. Sheeler filed his initial Motion to Intervene. (Doc. 452 (the "**Initial Motion**")). The Court denied the Initial Motion on April 3, 2025 (Doc. 456 (the "**Order Denying the Initial Motion**")) for failure to comply with the Local Rules and as untimely under Federal Rule of Civil Procedure 24(a)(2). (*Id.* at pp. 3–5).

Ultimately, on January 10, 2026, Mr. Sheeler filed the Renewed Motion. (Doc. 560). Therein, Mr. Sheeler requested that the Court reconsider its decision to deny his Initial Motion. (*Id.* at pp. 1–2). Mr. Sheeler claimed that his Renewed Motion cured the procedural defects outlined in the Order Denying the Initial Motion and asserted that he had a substantial interest in the subject of the litigation such that the Court should allow him to intervene. (*Id.* at pp. 2, 9). Further, in the Renewed Motion, Mr. Sheeler objected to the class certification order (Doc. 455 (the "**Class Certification Order**")) alleging that Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") are not adequate class representatives and that their counsel is not adequate as class counsel. (*Id.* at pp. 13–18).

On April 28, 2026, the Magistrate Judge submitted a Report recommending that the Court deny the Renewed Motion. (Doc. 627). Therein, the Magistrate Judge construed the Renewed Motion as a motion seeking reconsideration of the

---

[3]    The Court has previously detailed the factual and procedural background of this case in several Orders. (*See, e.g.*, Docs. 229, 354, 388, 389, 455, 456, 531, 565). Accordingly, for brevity, the Court will only outline the facts relevant to the Objection herein.

Order Denying the Initial Motion and found that Mr. Sheeler failed to meet the standard for reconsideration. (*Id.* at p. 6). Moreover, the Magistrate Judge emphasized the fact that the Renewed Motion was untimely, and that Plaintiffs would suffer prejudice from Mr. Sheeler's delay. (*Id.* at p. 7).

Based on the Court's initial calculation, the Court determined that any objections to the Report were due on May 12, 2026—fourteen days after the Report was filed. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Accordingly, on May 15, 2026, noting that no objections had been timely filed, the Court entered the Order Adopting the Report.  (Doc. 633). However, after entering the Order Adopting the Report, the Court learned that a copy of the Report was not mailed to Mr. Sheeler until two days after the Report was filed. As such, the Court acknowledges that, in retrospect, the Objection was timely filed. (*See* Doc. 634, pp. 9–10 (specifying date of mail as May 14, 2026)). Consequently, the Order Adopting the Report was entered prematurely and is due to be vacated. Thus, the Court will now consider the Objection.

## II.    LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

3

magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III.   DISCUSSION

Mr. Sheeler's Objection to the Report does not present a sufficient basis for the Court to reject the Report because it includes conclusory objections without any supporting case law and rehashes old arguments brought before the Magistrate Judge.

In the Objection, Mr. Sheeler claims that the Magistrate Judge "improperly characterizes" the Renewed Motion as a motion for reconsideration in the Report and thus applied the incorrect standard to the Renewed Motion. (Doc. 634, pp. 5–6). However, in the Renewed Motion, Mr. Sheeler explicitly requested that the Court "revisit[] his request" from his Initial Motion and further, "reconsider or modify the existing [C]lass [C]ertification Order[.]" (Doc. 560, p. 20). As such, in the Renewed Motion, Mr. Sheeler seeks reconsideration of two of the Court's Orders: (1) the Order Denying the Initial Motion and (2) the Class Certification Order. (*Id.* at pp. 5–6, 20; *see also* Docs. 456, 455). Thus, the Court agrees with the

4

Magistrate Judge's decision to apply the standard for reconsideration to the Renewed Motion in the Report. (Doc. 627, pp. 5–6).

Furthermore, Mr. Sheeler asserts that the Magistrate Judge's analysis of the timeliness of the Renewed Motion was "legally deficient." (Doc. 634, pp. 6–7). But Mr. Sheeler fails to cite to any case law or applicable rules to establish the appropriate standard for timeliness of intervention under Federal Rule of Civil Procedure 24. Instead, Mr. Sheeler simply states in a conclusory manner that "[t]he Report improperly measures timeliness solely from [Mr. Sheeler's] awareness of the litigation itself rather than the point at which [Mr. Sheeler's] interests became concretely threatened by inadequate representation and advancing proceedings." (Doc. 634, p. 6). As previously discussed in the Order Denying the Initial Motion and the Report, the standard advanced in Mr. Sheeler's Objection is incorrect.  (*See* Doc. 456, pp. 4–5; Doc. 627, pp. 6–8).

To determine whether a motion to intervene is timely, courts in the Eleventh Circuit consider several factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (citation omitted). In the Order Denying the Initial Motion, the Court walked through the *Salvors* factors and determined that the Initial Motion was untimely because "[a]t minimum, Mr. Sheeler should have known of his interest in the case on May 26, 2023, when Plaintiffs published notice of the action pursuant to the [Private Securities Litigation Reform Act]." (Doc. 456, pp. 4–5). Then again, in the Report, the Magistrate Judge applied the *Salvors* factors and determined that the Renewed Motion was untimely for the same reasons. (Doc. 627, pp. 6–8).

Mr. Sheeler now asserts the timeliness argument for a third time. (*Compare* Doc. 634, p. 6, *with* Doc. 452, p. 2, *and* Doc. 560, p. 10). Consequently, this argument is "nothing more than a rehashing of the same argument[] and position[] taken in the original papers submitted to the Magistrate Judge." *Hall v. Sargeant*, No. 18-CV 80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quoting *Marlite, Inc. v. Eckenrod*, No. 10 23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)). As such, Mr. Sheeler's Objection concerning the timeliness of the Renewed Motion is improper and is due to be overruled. *Id.* ("[P]arties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendation]." (quoting *Marlite*, 2012 WL 3614212, at *2)).

## IV.   CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

6

1. The Order Adopting the Report (Doc. 633) is hereby **VACATED**.

2. *Pro se* non-party Albert Sheeler's Objection (Doc. 634) is **OVERRULED**.

3. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 627), filed on April 28, 2026, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

4. Mr. Sheeler's Renewed Motion to Intervene and Notice of Objection to Class Certification (Doc. 560) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 21, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7