# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ERIC DE FORD, et al.,
Plaintiffs,

v.

JAMES DEFENDANT, et al.,

Defendants.

**Case No: 6:22-cv-652-PGB-DCI**
**CLASS ACTION**

# DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 3.01(j), Defendant James L. Koutoulas respectfully submits this Notice of Supplemental Authority identifying a published decision of the United States Court of Appeals for the Eleventh Circuit issued on May 29, 2026, after the filing of Defendant's pending Motion for Reconsideration (Doc. 624, filed April 24, 2026) (the "Motion") and is not merely cumulative of the authority already before the Court.

## 1. Citation of the authority.

*Citadel Securities LLC v. U.S. Securities & Exchange Commission*, No. 25-13631, \_\_\_ F.4th \_\_\_, 2026 WL _____ (11th Cir. May 29, 2026).

## 2. Specification of the issue or argument in the earlier paper that the authority supplements.

The foregoing authority supplements the following portions of the Motion, each of which argues that a formal interpretive release reflecting the considered judgment of the Securities and Exchange Commission and the Commodity Futures Trading Commission, the agencies charged with administering the securities and commodities laws, is entitled to substantial persuasive weight under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), on a question within those agencies' technical expertise:

(a) Page 7, Section III, the paragraph beginning "The distinction is dispositive under *Skidmore*" (lines 6–15);

(b) Page 12, Section V.A, the paragraph beginning "Under *Bastias*, the Joint Release satisfies each *Skidmore* factor" (lines 1–10);

(c) Page 17, Section V.C, the paragraph beginning "The Joint Release does not

exist in a vacuum," which addresses the Securities and Exchange

Commission's case-specific determination, following a two-and-a-half-year

investigation across two administrations, that it could not allege LGBcoin to

be a security (lines 16–24); and

(d) Page 18, Section V.C, the paragraph beginning "This Court declined to

afford the SEC's findings any weight or provide any Skidmore analysis" (lines

1–10).

### 3. Succinct quotation from the authority.

> "But in any event, we apply a particularly deferential review to matters,
> like this one, that implicate an agency's technical expertise. See *Cboe Glob.*,
> 155 F.4th at 716; cf. *Nat'l Min. Ass'n v. Sec'y, U.S. Dep't of Lab.*, 812 F.3d 843,
> 866 (11th Cir. 2016) ('[L]ike our colleagues on the District of Columbia
> Circuit, we believe it appropriate to give an extreme degree of deference
> to the agency when it is evaluating scientific data within its technical
> expertise.' (quoting *Kennecott Greens Creek Min. Co. v. Mine Safety & Health
> Admin.*, 476 F.3d 946, 954 (D.C. Cir. 2007)))." *Citadel Securities LLC v. SEC*,
> No. 25-13631, slip op. at 24 (11th Cir. May 29, 2026).

Dated: June 8, 2026.

Respectfully submitted,

/s/ James Koutoulas
James Koutoulas, pro se
james@koutoulaslaw.com
312-451-4088
10 N. Dearborn St., Suite 400, Chicago, IL 60602

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, the foregoing Notice of Supplemental Authority was filed with the Clerk of Court for the United States District Court for the Middle District of Florida using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ James Koutoulas

James Koutoulas