## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC DE FORD, et al.,

Plaintiffs,

v.

JAMES KOTUOULAS, et al.,          **Case No: 6:22-cv-652-PGB-DCI**

                                  **CLASS ACTION**

Defendants.

## DEFENDANT JAMES L. KOUTOULAS' MOTION TO CONTINUE PRETRIAL DEADLINES, FINAL PRETRIAL CONFERENCE, AND TRIAL TERM

**I. INTRODUCTION**

This case presently stands in an unusual procedural posture. On April 24, 2026, Defendant filed a Motion for Reconsideration (Doc. 624) seeking reconsideration of portions of the Court's Summary Judgment Order based upon, inter alia, the Joint SEC/CFTC Interpretive Release (Release Nos. 33-11412; 34-105020). That motion remains pending. That Motion invoked, inter alia, the Eleventh Circuit's binding decision in *Bastias v. U.S. Att'y Gen.*, 158 F.4th 1188 (11th Cir. 2025), which establishes the analytical framework governing judicial evaluation of expert agency interpretations in this Circuit following *Chevron* being overturned by the Supreme Court. Following the filing of the Motion for Reconsideration, the Eleventh Circuit issued its decision in *Citadel Securities LLC v. SEC*, which Defendant brought to the Court's attention via Notice of Supplemental Authority (Doc. 649). The Court has not yet had occasion to address the threshold questions raised by these developments, including the appropriate deference framework for evaluating expert federal agency determinations under the analytical standards now clarified by the Eleventh Circuit. Resolution of these questions may materially alter the claims proceeding to trial, including the sole remaining certified class claim. Proceeding with final pretrial preparations before resolution of the pending motion risks duplication of effort, unnecessary expenditure of resources, and manifest injustice.

**II. PROCEDURAL HISTORY**

1. The Court entered its Summary Judgment Order (Doc. 531), resolving certain claims while permitting others to proceed toward trial.

2. On March 17, 2026, the SEC and CFTC published a Joint Interpretive Release (Release Nos. 33-11412; 34-105020), addressing the classification of certain digital assets under federal securities and commodities law.

3. On April 24, 2026, Defendant filed a Motion for Reconsideration (Doc. 624), which remains pending. The Motion raises, *inter alia*, the significance of the Joint Release, the binding Eleventh Circuit authority in *Bastias v. U.S. Att'y Gen.*, 158 F.4th 1188 (11th Cir. 2025), and the deference owed to expert agency determinations regarding the classification of the assets at issue.

4. Following the filing of the Motion for Reconsideration, the Eleventh Circuit issued its decision in *Citadel Securities LLC v. SEC*, and Defendant filed a Notice of Supplemental Authority bringing that decision to the Court's attention.

5. The Court's Sixth Amended Case Management and Scheduling Order presently sets pretrial deadlines beginning in August 2026, a Final Pretrial Conference on September 15, 2026, and a trial term beginning October 5, 2026.

**III. GOOD CAUSE EXISTS UNDER RULE 16**

Good cause exists to continue pretrial deadlines because the pending Motion for Reconsideration raises significant threshold legal questions whose resolution may substantially affect, or altogether eliminate, the claims proceeding to trial.

First, the Motion for Reconsideration presents the question of what deference, this Court should afford to the SEC's and CFTC's expert determinations regarding the classification of the digital assets at issue. The Court has not yet had occasion to conduct a deference analysis with respect to the Joint SEC/CFTC Interpretive Release, which expressly addresses the type of assets at the center of this litigation. *See Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). The Eleventh Circuit's decision in *Bastias v. U.S. Att'y Gen.*, 158 F.4th 1188 (11th Cir. 2025) which Defendant cited in the Motion for Reconsideration, together with the Eleventh Circuit's subsequent decision in *Citadel Securities LLC v. SEC*, which Defendant brought to the Court's attention via Notice of Supplemental Authority, have now clarified the analytical framework governing the weight to be afforded expert agency interpretations in this Circuit. The Court has not yet had occasion to evaluate the Joint Release under the standards articulated by these binding Eleventh Circuit decisions. These developments were not available to the Court at the time of its Summary

Judgment Order and bear directly on whether the assets at issue can properly be classified as securities at all.

Second, the Motion for Reconsideration raises the question of whether the assets at issue constitute commodities (as admitted by Plaintiffs (Doc. 74, ¶3) or collectibles rather than securities—classifications that the Court's Summary Judgment Order did not address. No order in this case has mentioned the commodity or collectible classification of the assets at issue, nor has the Court addressed Defendant's arguments regarding the CFTC's position on these assets. These alternative classifications bear directly on whether a securities fraud claim can be maintained.

Third, the Court has not yet addressed Defendant's argument that Plaintiffs cannot establish "statutory seller" status under Section 12 of the Securities Act—a threshold question that the Summary Judgment Order did not reach.

The resolution of any one of these issues could materially alter the scope of trial, the claims submitted to the jury, jury instructions, verdict forms, witness presentations, and evidentiary rulings. Requiring the parties to prepare final pretrial submissions before these threshold questions are resolved would risk substantial duplication of effort and wasteful expenditure of resources by all parties and the Court.

## IV. A CONTINUANCE IS NECESSARY TO PREVENT MANIFEST INJUSTICE

The Sixth Amended Case Management and Scheduling Order provides that continuances of trial generally will be granted only when necessary to prevent manifest injustice. That standard is satisfied here.

The central question presented by the Motion for Reconsideration is the analytical framework governing a threshold issue in this case: whether the digital assets at issue are securities. The Court's Summary Judgment Order (Doc. 531) applied the test set forth in *SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946). Since that Order, two significant developments have occurred that bear directly on whether that analysis was conducted under the correct legal framework.

First, the SEC and CFTC—the two federal agencies with primary responsibility for classifying financial instruments—issued a Joint Interpretive Release directly addressing the type of digital assets at issue in this case. That Release represents the considered, joint judgment of both expert agencies charged by Congress with administering the federal securities and commodities laws. The Court has not yet had occasion to evaluate what weight, that expert determination is owed under the framework established in *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944). Under *Skidmore,* an agency's interpretation may be entitled to respect proportional to "the thoroughness evident in its consideration, the validity

of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Id.* at 140. Here, the Joint Release bears the hallmarks of a determination warranting deference: it was issued jointly by both relevant agencies, it reflects a thorough analysis of the applicable statutory frameworks, and it is consistent with prior agency positions. The Court should have the opportunity to evaluate these factors before the parties are required to prepare for trial.

Second, the Eleventh Circuit has now issued binding authority clarifying how courts in this Circuit must evaluate expert agency interpretations. Defendant's Motion for Reconsideration cited *Bastias v. U.S. Att'y Gen.*, 158 F.4th 1188 (11th Cir. 2025), which requires a de novo *Skidmore* weighing of agency interpretations pursuant to a five-pronged test.

The Eleventh Circuit's subsequent decision in *Citadel Securities LLC v. SEC*—issued after the Motion was filed and brought to the Court's attention via Notice of Supplemental Authority—reinforces and extends that framework stating it is "…appropriate to give an extreme degree of deference to the agency when it is evaluating scientific data within its technical expertise.' (quoting *Kennecott Greens Creek Min. Co. v. Mine Safety & Health Admin.*, 476 F.3d 946, 954 (D.C. Cir. 2007)))." *Citadel Securities LLC v. SEC*, No. 25-13631, slip op. at 24 (11th Cir. May 29, 2026). The Court has not yet had occasion to apply the analytical standards these binding decisions establish, nor has it evaluated the Joint Release under the

Eleventh Circuit's now-clarified framework for assessing the persuasiveness of expert agency interpretations.

The question before the Court is not whether Defendant will ultimately prevail on reconsideration. The question is whether manifest injustice would result from requiring the parties to expend substantial resources preparing final pretrial submissions—including proposed jury instructions, verdict forms, motions in limine, deposition designations, exhibit lists, and witness lists—before the Court determines the legal framework governing a central issue in the case and before it determines which claims, if any, will ultimately proceed to trial.

If the Court grants reconsideration and concludes that the expert agency determinations are entitled to deference, the securities claims may not survive for trial. If the Court addresses the commodity or collectible classifications that have not yet been analyzed, the scope of trial would change fundamentally. If the Court conducts the statutory seller analysis it has not yet reached, certain claims may be eliminated entirely. In any of these scenarios, the pretrial submissions prepared under the current framework would need to be substantially revised or discarded. Judicial economy and fundamental fairness to both parties counsel in favor of resolving these threshold questions before requiring the substantial investment of time and resources that final pretrial preparation demands.

## V. NO PREJUDICE WILL RESULT

Plaintiffs will suffer no cognizable prejudice from a brief continuance. Discovery is closed. All dispositive motions have been filed and decided or remain pending. The request does not arise from any failure of diligence on Defendant's part; rather, it arises from intervening legal developments—a Joint SEC/CFTC Interpretive Release published on March 17, 2026, and new Eleventh Circuit authority—that postdate the Court's Summary Judgment Order and that squarely bear on the threshold issues before the Court.

This case has been pending since April 1, 2022. A modest continuance of approximately ninety days following resolution of the Motion for Reconsideration is a small fraction of the case's overall duration and is far outweighed by the risk of requiring the parties to prepare for trial on a legal framework that may change. Indeed, both parties benefit from clarity regarding which claims will actually proceed to trial before investing the substantial time and expense of final pretrial preparation. Efficiency, fairness, and judicial economy all favor a brief pause to allow the Court to resolve the pending threshold legal questions.

## VI. REQUESTED RELIEF

Defendant respectfully requests that the Court continue all remaining deadlines, continue the September 15, 2026 Final Pretrial Conference, continue the October 5, 2026 trial term, reset those dates approximately

ninety (90) days following disposition of the Motion for Reconsideration,

and grant such other relief as the Court deems just and proper.

**Dated:** June 26, 2026.

By: /s/ James Koutoulas

James Koutoulas, pro se

james@koutoulaslaw.com

312-451-4088

10 N. Dearborn St., Suite 400

Chicago, IL 60602

## LOCAL RULE 3.01(G) CERTIFICATION

Defendant conferred this Motion with Plaintiffs on June 24, 2026 and they opposed it June 26, 2026.

Respectfully submitted,

James Koutoulas, pro se

james@koutoulaslaw.com

312-451-4088

10 N. Dearborn St., Suite 400

Chicago, IL 60602

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, a copy of the foregoing Defendant James L. Koutoulas' Motion To Continue Pretrial Deadlines, Final Pretrial Conference, And Trial Term was filed with the Clerk of Court for the United States District Court for the Middle District of Florida using the CM/ECF system, which will send notification of such filing to all counsel of record.

James Koutoulas, pro se

james@koutoulaslaw.com

312-451-4088

10 N. Dearborn St., Suite 400

Chicago, IL 60602