**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| ERIC DE FORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO
## ALBERT SHEELER'S MOTION TO PROCEED IN FORMA PAUPERIS

Proposed Intervenor and non-party Albert Sheeler ("Sheeler") seeks permission to proceed *in forma pauperis* in an appeal of the Court's order denying intervention. The motion should be denied for two reasons. First, Sheeler's application appears to misstate the income and assets he claims in public postings and court filings, including a yellow Lamborghini, accredited investor status with over $1 million in net worth, and income earned as a real estate professional and "serial entrepreneur". Second, Sheeler's application is not taken in good faith—as a twice-rejected non-party, he lacks standing to represent the class and does not appeal denial of intervention, but only an order finding reconsideration moot. The Court should deny the motion and certify the appeal is not taken in good faith.

1

## ARGUMENT

**I.      Sheeler's Sworn Poverty Does Not Match the Life He Broadcasts.**

The Eleventh Circuit has repeatedly and unambiguously held that proceeding *in forma pauperis* "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). In exercising that discretion, courts "should grant the privilege sparingly" in civil damages actions. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004), *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014). Section 1915 thus permits denial "if the affidavit of poverty is untrue," and its purpose is to "weed out the litigant who falsely understates his net worth in order to obtain in forma pauperis status to which he is not entitled." *Camp*, 798 F.2d at 437.

Sheeler's public conduct and filings are inconsistent with his application. On Instagram under the handle @albertsheeler_, Sheeler has posted recent images operating a yellow Lamborghini—base price over $200,000—along with photos on private planes and lounging on a yacht, drink in hand.[1] On LinkedIn, he brands himself a "Serial Entrepreneur | Investor" who owns businesses,[2] and

---

[1] The referenced Instagram posts are attached as Exhibit A.

[2] Sheeler's LinkedIn profile is attached as Exhibit B.

a real estate professional affiliated with the brokerage Epique Realty.[3] In 2021,

Sheeler certified he was an accredited investor with net assets between $1 million

and $4,999,999.99. *See* Complaint Ex. 1, attachment A, *Sheeler v. Real Brands*, Case

No. 1:25-cv-00330 (D. Del. 2025).[4]

Assets like these suggest a "serious misrepresentation" that defeats a

sworn claim of indigency and lays bare a litigant who has "falsely understate[d]

his net worth." *Martinez*, 364 F.3d at 1307; *Camp*, 798 F.2d at 437; *cf. United States

v. Valdes*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004) (denying IFP where real-estate eq-

uity and vehicle ownership contradicted the poverty claim). The Court may deny

the motion outright or order limited inquiry into Sheeler's finances before confer-

ring IFP status. The purpose of denying or revoking IFP status on this basis "is

not to punish the litigant whose affidavit contains an insignificant discrepancy,

but to weed out the litigant who falsely understates his net worth in order to ob-

tain *in forma pauperis* status to which he is not entitled". *Camp,* 798 F.2d at 438.

---

[3] Sheeler's profile on Epique Realty identifying him as a real estate agent is attached as Exhibit C.

[4] The exhibits Sheeler filed for this Complaint are attached as Exhibit D, and the accredited investor certification appears on pages 9-10.

## II.  The Appeal Is Frivolous, Which Independently Bars IFP Status.

A movant must show not only poverty but also that "the appeal presents non-frivolous issues." *In re: Rivas*, 682 F. App'x 842, 843 (citing 28 U.S.C. § 1915(a)(1), (e)(2)(B)). An appeal is frivolous when "without arguable merit either in law or fact," *Id.*, and is taken in good faith only when the movant seeks review of an issue "not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). This Court makes that determination and may certify that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Sheeler fails that test. He is a non-party whose motion to intervene this Court denied on the merits—twice (Docs. 456, 640)—adopting the Magistrate Judge's recommendation over his objections (Doc. 627). The denial turned on un-timeliness, a determination committed to this Court's "sound discretion" that "will not be disturbed on review" absent an abuse. *NAACP v. New York*, 413 U.S. 345, 366 (1973). Sheeler knew of his asserted interest no later than the May 26, 2023 PSLRA notice, yet waited past class certification, the close of discovery, and the resolution of Daubert and summary-judgment motions to renew his request (Doc. 627)—and "if it is untimely, intervention must be denied." *Id.* at 365. An

4

appeal from that discretionary ruling raises no issue "capable of being convincingly argued," *Ghee*, 271 F. App'x at 859; indeed, the Eleventh Circuit has held that pressing an untimely intervention that is "clearly unavailable . . . under existing case law" is itself "frivolous." *Reeves v. Harrell*, 791 F.2d 1481, 1485 (11th Cir. 1986). Worse still, Sheeler does not even appeal that denial; his Notice of Interlocutory Appeal challenges the order finding his reconsideration motion moot (Docs. 644, 654)—an order that merely recognized the Court had already overruled his objections. His own filings seal it: Sheeler moved to opt out of the class altogether (Doc. 525) and cannot appear for anyone but himself. 28 U.S.C. § 1654. The appeal lacks arguable merit and bars IFP status whatever his finances. *Rivas*, 682 F. App'x at 843.

## III.    Sheeler's Motion is Procedurally Flawed

Sheeler's Motion also fails for an independent, procedural reason. Under Local Rule 3.01(g), Sheeler was required to confer prior to filing the motion with the district court. Sheeler was also required to certify that this conferral occurred

5

prior to the filing. Sheeler made no attempt to confer and did not include the certification in his motion. Sheeler's motion should be denied for this independent reason, as well.

## CONCLUSION

The Court should deny Sheeler's Motion to Proceed In Forma Pauperis (Doc. 655) and certify under 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith. A man who broadcasts wealth from multiple businesses, including a Lamborghini, private jets, and private yachts is not a pauper—and an interlocutory appeal from a mootness order, taken by a twice-denied non-party who asked to leave the class, is not a good-faith appeal.

Dated: July 13, 2026        Respectfully submitted,

s/ Kevin McCormack
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin McCormack (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 13, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Kevin McCormack*

7