**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA**
**BADER and SHAWN R. KEY,**

      **Plaintiffs,**

**v.**                           **CASE NO: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and**
**LGBCOIN, LTD,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on its Order to Show Cause Why Defendant James Koutoulas ("**Defendant Koutoulas**" or "**Mr. Koutoulas**") should not be held in civil contempt. (Doc. 539 (the "**Order to Show Cause**")). The Court held an evidentiary hearing, at which Mr. Koutoulas testified. (*See* Docs. 540, 569). The parties have submitted competing proposed orders. (Docs. 562, 574) Upon consideration, Defendant Koutoulas is found to be in civil contempt.

## I. BACKGROUND[1]

Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") initiated this class action against Defendants Koutoulas and

---

[1] The Court has previously detailed the factual and procedural background of this case in several Orders. (*See, e.g.*, Docs. 229, 354, 388, 389, 455, 531, 565). Accordingly, for brevity, the Court will only outline the facts relevant to the Order to Show Cause and civil contempt hearing.

LGBCoin, LTD (collectively, the "**Defendants**") for conduct associated with the creation, marketing, and sale of LGBCoin. (*See generally* Doc. 245 (the "**Third Amended Complaint**")). In due course, the Court granted in part the Plaintiff's Motion for Approval of the Proposed Class Notice Plan (Doc. 534 (the "**Order**")) and ordered Mr. Koutoulas to post a link to the summary notice on the LGBCoin Telegram and Discord Channels. (*Id.* (granting in part and denying in part Doc. 460)). For the Summary Notice, the Court approved the following:[2]

> This Action was filed on April 1, 2022, and subsequently amended multiple times with the final amendment on April 14, 2023. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.
>
> Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.
>
> Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933.

(*Id.* at p. 10 (emphasis omitted)).

Instead of using the language ordered by the Court, Mr. Koutoulas posted the following modification:

---

[2] Additionally, the Court directed Mr. Koutoulas to "make no statement contrary to the provision of the Class Notice regarding this case or the subject matter thereof to any Class Member." (Doc. 460, pp. 11–12; Doc. 534, p. 12).

Hi guys, big legal update. We are still on track for our hearing January 28 on a new trial. We also have state court appeals ready if that fails, and are working on a class action complaint if that fails. Should be helped by discovery in the MJ case that their president and chairman routinely hate on conservatives.

Also, the Obama-appointed Honorable Judge Byron ignored the SEC's multiple statements to federal courts that they cant [sic] even allege LGBCoin is a security and is trying to make me bear the expense of standing trial. I have filed a motion to reconsider pointing out many of the errors in it which ChatGPT described as "flawed under at least 12 separate legal doctrines." He has also ordered I post this notice in here:

This Action was filed on April 1, 2022, and subsequently amended multiple times, with the final amendment on April 14, 2024. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.

Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.

Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933.

As of now, the Plaintiffs lawyers have not added instructions on how to opt out or object if you are so inclined to do so, here are instructions: Important: The LGBCoin class action site does not have an opt-out form, but you can still opt out. To exclude yourself, submit a written, signed request stating "I request to be excluded (opt out) from the LGBCoin class action, De Ford v. Koutoulas, Case No. 6:22-cv-652 (M.D. Fla.)," including your name, address, email/phone, and date, before the opt-out deadline, either by filing with the Court via the Middle District of Florida web filing portal (https://apps.flmd.uscourts.gov/cmecf/filings_form.cfm) and/or by sending it to Plaintiffs' counsel (aaron@ziglerlawgroup.com) and the claims agent

> (info@lgbcoincryptoaction.com) (best practice: also copy
> Defense counsel at james@koutoulaslaw.com). If you want to
> stay in the class but object, send a written, signed objection
> explaining what you oppose and why, with the case info, to the
> Court, Plaintiffs' counsel, Defense counsel, and the claims
> agent by the objection deadline. If you do nothing, you stay in
> the class and are bound by the result. Here is his order on
> summary judgment and my motion to reconsider which
> explain how egregiously he has erred in his application of the
> law[.]

(Doc. 539, pp. 3–4 (emphasis omitted); *see also* Doc. 538-3; Doc. 538, pp. 5–7).[3]

The Plaintiffs also brought to the Court's attention that the Defendants did

not provide the Notice Administrator, Angeion, with the names, addresses, and

email addresses of potential Class Members and failed to post the Notice to the

LetsGoBrandon.com website. (Doc. 539, p. 2 (quoting Doc. 538, pp. 2–3)).

## II.    LEGAL STANDARD

District courts have inherent power to enforce compliance with their orders

through civil contempt. *E.g. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–

65 (1980); *FTC v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27MAP, 2011 WL

5924969, at *1 (M.D. Fla. Oct. 5, 2011); *FTC v. Slimamerica*, No. 97-CIV-06072,

2011 WL 882109, at *3 (S.D. Fla. Mar. 9, 2011); *SEC v. Solow*, 682 F. Supp. 2d

1312, 1324 (S.D. Fla.), *aff'd* 396 F. App'x 635 (11th Cir. 2010).[4] "A finding of civil

---

[3]    On January 12, 2026, Defendants submitted evidence of their class notice post on the
LGBCoin Discord Channel. (Doc. 548-1). Defendants' submission revealed that Mr.
Koutoulas' post on the LGBCoin Discord Channel was identical to his post on the LGBCoin
Telegram channel, both of which modified the Court-Approved Notice and deviated from the
Order by adding the same preamble and postscript to the Court-Approved Notice. (*Id.* at p. 1;
Doc. 539, pp. 3–4).

[4]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their
legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir.
2007).

contempt must be supported by clear and convincing evidence that 'the allegedly violated order was valid and lawful; . . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

A finding of civil contempt is warranted when supported by clear and convincing proof "that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (citation omitted). The evidence must also clearly and convincingly establish that the order was violated. *FTC v. Garden of Life, Inc.*, 845 F. Supp. 2d 1328, 1331 (S.D. Fla. 2012); *Ameriprise Fin. Servs., Inc. v. Lawton*, No. 2:11-cv-573-FtM-29SPC, 2011 WL 6412424, at * 1 (M.D. Fla. Dec. 21, 2011); *see also FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010); *Solow*, 682 F. Supp. 2d at 1325; *Slimamerica*, 2011 WL 882109, at *3; *RCA Credit Servs., LLC*, 2011 WL 5924969, at *1. The absence of willfulness is not a defense to a charge of civil contempt. *Leshin*, 618 F.3d at 1232. "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* "'[I]n a civil contempt proceeding the question is not one of intent but whether the alleged contemnors have complied with the court's order.'" *Id.* at 1233 (citation omitted).

## III.    DISCUSSION

Mr. Koutoulas testified at the show cause hearing and admitted he was aware of the Order that set forth the Notice he was required to publish. (Doc. 569,

5

17:4–12). He conceded that the Order was lawful. (*Id.* 17:13–22). And he did not claim to lack the ability to comply. Rather, Mr. Koutoulas argued that the Order directing him to post the Notice did not direct him to refrain from commentary. (*Id.* 18:3–9, 21:6–9). The Court asked Mr. Koutoulas if he understood that the Order approving the class notification directed him to file the class notification "full stop." (*Id.* 28:17–19). He responded that he understood he was required to "paste the [O]rder word for word," but argues that he did not know he was precluded from being "able to speak on it and give [his] opinion." (*Id.* 28:20–23).

The Court does not find Mr. Koutoulas' testimony to be credible. Mr. Koutoulas modified the Court's notice to suggest to class members that the lawsuit lacks merit, to suggest that the Court is not impartial, and to convince class members to opt out. Mr. Koutoulas is not a novice to class action litigation. He knew the Court had ordered him to post the Notice verbatim, but he added language intended to render it meaningless. Not only did Mr. Koutoulas violate a clear and unambiguous order, but he also ran afoul of several ethical constraints. *See Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1201 (11th Cir. 1985) (finding that a defendant violated Model Rules 4.2 and 8.4 of the A.B.A. Model Rules of Professional Conduct by running a campaign to solicit opt-outs from class members, and recognizing power to sanction both counsel and client for such conduct under Federal Rule of Civil Procedure 23 and the court's inherent power); 3 Newberg and Rubenstein on Class Actions § 9:9 (6th ed.) (recognizing the ethical

issue because "absent class members are therefore 'represented parties,' and ethics rules prohibit opposing counsel from contacting them directly").

The Court finds that Mr. Koutoulas violated the Court's Order in the following ways:

1. Posting the Notice to the Discord and Telegram channels and intentionally deviating from the Order to disparage the Court, undermine the legitimacy of the Plaintiff's case, and to encourage Class Members to opt out;

2. Failing to provide a true and accurate copy of "all commentary offered by Defendant Koutoulas" in connection with his class notice post to the LGBCoin Discord Channel, as directed by the Court in its Order to Show Cause (*See* Doc. 539, p. 7); and

3. Failing to provide Angeion the names, addresses, and email addresses of potential Class Members.[5]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Within five (5) days of this Order, Defendant Koutoulas shall post, or cause to be posted, on LGBCoin Telegram and Discord Channels, the LGBCoin website, and the LGBCoin subreddit page the following:

   **NOTICE REGARDING CLASS ACTION:**

   I previously posted commentary alongside the Court-approved class action notice that included improper

---

[5] Mr. Koutoulas has not contested the last two items.

commentary on the impartiality of the Judge presiding over this case and the merits of the case. I am a named defendant in this case. As such, I have a direct financial interest in its outcome, and I do not represent the interests of the class members.

If you purchased LGBCoin during the class period, you may have rights in this case, including the right to remain in the class, object, or request exclusion. Instructions explaining these options are contained in the Long Form Notice available at LGBCoinCryptoAction.com, including in the FAQ section.

Due to my financial interest in this case, I cannot advise you on how to proceed. To the extent that you viewed my earlier post as providing legal advice, including as to the merits of the lawsuit, you should disregard my statements. I should not have made those earlier statements, and you should not rely upon them in deciding how to proceed.

I regret my prior comments and apologize for them. I respect the Court and the judicial process. All questions about the Class Notice or other related matters should be sent to either the Notice Administrator: Angeion at info@LGBCoinCryptoAction.com or the Court-Appointed Class Counsel: Aaron Zigler at aaron@ziglerlawgroup.com.

The Court-Authorized Notice is reproduced below:

This Action was filed on April 1, 2022, and subsequently amended multiple times, with the final amendment on April 14, 2023. This Action was brought by Plaintiffs Eric De Ford, Sandra Bader, and Shawn Key ("Plaintiffs") against James Koutoulas and LGBCoin, LTD (collectively, "Defendants"). The claims against all Defendants other than Mr. Koutoulas and LGBCoin, LTD have been dismissed.

Plaintiffs allege that between November 2, 2021 and March 15, 2022 (the "Class Period"), Defendants violated the federal securities laws by engaging in the unlawful sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933.

Defendants deny these allegations against them. Defendants do not believe that LGBCoin constitutes a security, but instead, Defendants assert that LGBCoin is a meme coin dedicated to conservative advocacy. As such, Defendants contend they are not subject to any portion of the Securities Act of 1933.

8

2.  Within twenty-one (21) days of this Order, the Plaintiffs may file an application for reasonable costs and attorney's fees accrued in responding to Defendants' violations of the Order (Doc. 534) and the Order to Show Cause (Doc. 539). Defendants may file a response in opposition within the timeframe permitted by the Local Rules of this Court, but argument shall be limited to the reasonableness (not entitlement to) of the costs and fees.

**DONE AND ORDERED** in Orlando, Florida on July 23, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9