# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ERIC DE FORD, SANDRA BADER, and
SHAWN R. KEY, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

JAMES KOUTOULAS and LGBCOIN,
LTD,

Defendants.

Case No. 6:22-cv-652-PGB-DCI

CLASS ACTION

---

## DEFENDANT JAMES KOUTOULAS'S EMERGENCY MOTION TO EXTEND THE COMPLIANCE DEADLINE SET BY THE CONTEMPT ORDER (DOC. 658)

*EMERGENCY — EXPEDITED TREATMENT REQUESTED UNDER LOCAL RULE 3.01(e).* The compelled-statement provision of the Court's contempt Order (Doc. 658 at 7-8) requires compliance within five days of the Order. The Order was dated July 23, 2026, so compliance is due Tuesday, July 28, 2026. Defendant has filed a notice of appeal (Doc. 659) and will file an emergency motion for a stay pending appeal in the United States Court of Appeals for the Eleventh Circuit once a case

number becomes available to do so. Defendant requests a ruling on this motion on or before Monday, July 27, 2026. This motion seeks scheduling relief only.

Defendant James Koutoulas respectfully moves, under Federal Rules of Civil Procedure 6(b)(1)(A) and 62(d), for an order extending the deadline for compliance with the compelled-statement provision of Doc. 658 until the earlier of (a) thirty days from the date of the order granting this motion, or (b) fourteen days after the Eleventh Circuit rules on Defendant's pending emergency motion for a stay pending appeal. Defendant does not now ask the Court to reconsider its Order of July 24, 2026 (Doc. 662), and does not reargue the merits of the stay. He asks only for additional time, so that the appellate court he has already asked for relief may rule before the deadline passes. No other provision of Doc. 658 and no other date in this case, including the October 5, 2026 trial date, would be affected.

## I. BACKGROUND

The Court dated its contempt Order on July 23, 2026 (Doc. 658). The Order requires Defendant, within five days (two of which are an intervening weekend in which the 11th Circuit is closed), to publish a statement the Court itself drafted on the LGBCoin Telegram and Discord Channels, the LGBCoin website, and the

LGBCoin subreddit page. (Doc. 658 at 7-8.) Compliance is therefore due Tuesday, July 28, 2026.

Defendant filed a notice of appeal from the Order on July 23, 2026 (Doc. 659). On July 24, 2026, he filed an emergency motion to stay the compelled-statement provision pending that appeal (Doc. 661), as Federal Rule of Appellate Procedure 8(a)(1) requires him to do in this Court in the first instance. The Court denied that motion by endorsed order the same day, on the ground that it did "not find that irreparable harm will occur absent a stay." (Doc. 662.)

Defendant will file an emergency motion for a stay pending appeal in the Eleventh Circuit under Federal Rule of Appellate Procedure 8(a)(2) and 11th Cir. R. 27-1(b). That motion cannot be filed until a case number is issued, and that is pending. Given the intervening weekend, it makes it unlikely that even an emergency motion can be filed and heard before the compliance deadline. This motion asks only that the compliance date not arrive before the appellate court can act.

## II. THE COURT HAS AUTHORITY TO GRANT THE EXTENSION

Federal Rule of Civil Procedure 6(b)(1)(A) provides that when an act must be done within a specified time, the court may, for good cause, extend the time if

a request is made before the original time expires. This request is made before the July 27 deadline.

Federal Rule of Civil Procedure 62(d) supplies independent authority notwithstanding the pending appeal. It provides that while an appeal is pending from an interlocutory order that grants an injunction, "the court may suspend, modify, restore, or grant an injunction." The compelled-statement provision is a mandatory injunction: it commands Defendant to speak, in prescribed words, through prescribed channels, by a date certain. Extending the date on which that command takes effect is a modification the Rule expressly authorizes, and Federal Rule of Appellate Procedure 8(a)(1) confirms that the district court is the court to which such a request is first addressed.

If the Court concludes that the notice of appeal has divested it of authority to act, the mechanism is Federal Rule of Civil Procedure 62.1, and Defendant respectfully requests in the alternative that the Court state that it would grant the extension, or that the motion raises a substantial issue, so that Defendant may so advise the Eleventh Circuit under Federal Rule of Appellate Procedure 12.1.

### III. GOOD CAUSE: THE APPEAL IS SUBSTANTIAL, AND TWO OF THE THREE FINDINGS ARE ADDRESSED BY THE COURT'S OWN ORDER AND THE HEARING RECORD

Defendant identifies the following not to reargue the Order, and not to ask the Court to revisit it on this motion, but to show that the appeal he has taken is a substantial one and that this request is not made for delay.

*First*, the Order holds Defendant in contempt for "[f]ailing to provide a true and accurate copy of 'all commentary offered by Defendant Koutoulas' in connection with his class notice post to the LGBCoin Discord Channel." (Doc. 658 at 7.) The same Order elsewhere rests on Defendant's submission of that material: "On January 12, 2026, Defendants submitted evidence of their class notice post on the LGBCoin Discord Channel. (Doc. 548-1)." (Doc. 658 at 4 n.3.) At the January 16, 2026 hearing, the Court stated of the Discord post: "I just got this before the hearing, because, obviously, I compelled it in my order to be produced. It was not produced on time, but it was produced." (Doc. 569 at 9.)

*Second*, the Order holds Defendant in contempt for "[f]ailing to provide Angeion the names, addresses, and email addresses of potential Class Members." (Doc. 658 at 7.) At the same hearing, the Court stated as to the deadline, "In fairness, I did not put a deadline on that. I should have" (Doc. 569 at 4), and as to completeness, "there's no way for me to know if there's more than nine, less than

nine, or however many he has. . . . If discovery demonstrates that they intentionally left names out, I'll deal with that at the appropriate time" (Doc. 569 at 8). Defendant's counsel advised the Court that the Angeion production "has been done" (Doc. 569 at 7), and Plaintiffs' counsel confirmed the transmittal of names and contact information (Doc. 569 at 8).

The Order is clearly contradicted by the record on these two points. These are questions for the Eleventh Circuit, and Defendant presents them there. Their relevance here is narrow: an appeal that turns on the Order's own text and on the Court's own statements at the hearing is not an insubstantial one, and the requested extension requested would allow the appellate court to reach it before the compliance date makes the question academic.

## IV. WITHOUT AN EXTENSION, DEFENDANT MUST MAKE AN IRREVERSIBLE ELECTION BEFORE THE ELEVENTH CIRCUIT CAN RULE

The practical consequence of the July 27 date is that Defendant must choose, over a weekend and while a timely emergency motion sits undecided in the Eleventh Circuit, between two courses. Each causes harm that no later ruling can undo.

If Defendant publishes the statement, the compulsion will have been carried out. The statement cannot be recalled from the audiences to which it is posted, and

Plaintiffs may contend that the appeal is moot because the act complained of has already occurred. Defendant would also be publishing, over his own name, a disavowal of the very positions he is at that moment asking the Eleventh Circuit to vindicate. The right asserted on appeal is the right not to be compelled to make that statement; performing the compelled act is the injury, and it is not one an appellate judgment can repair.

That injury is the harm Defendant asserts on appeal, and it is why the sequence of rulings matters here. The First Amendment protects "both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). A compelled declaration of belief or contrition is the paradigm of the compulsion that protection forbids. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). And where First Amendment freedoms are at stake, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *accord Otto v. City of Boca Raton*, 981 F.3d 854, 870 (11th Cir. 2020). Defendant does not ask the Court to revisit its ruling of July 24, 2026 on this motion. He notes only that if the Eleventh Circuit agrees with him, a statement already published on four public channels cannot be unpublished, and the relief

that court might otherwise grant will have been placed beyond its reach by the calendar rather than by any decision on the merits.

If Defendant does not publish the statement, he stands in violation of an order of this Court and exposes himself to further contempt proceedings and to sanctions that may escalate. Defendant does not suggest that the Court has threatened any particular additional sanction. The point is only that the election exists, that it must be made before the Eleventh Circuit can rule, and that a party ought not have to choose between forfeiting the appeal in a situation where clear error has been and made, and disobeying a court order.

An extension eliminates the election. It decides nothing, concedes nothing, and preserves the appellate court's ability to grant or deny meaningful relief on the motion already before it. That is the ordinary office of a scheduling extension, and it is all Defendant asks for here.

## V. THE EXTENSION WOULD NOT PREJUDICE PLAINTIFFS

The compelled statement is retrospective. It addresses commentary Defendant posted in January 2026, and it returns nothing to Plaintiffs that a brief delay would diminish. To the extent the Order serves a notice function, the channels at issue are public and open, class counsel and the court-appointed

administrator have access to them, and nothing prevents Plaintiffs from communicating with the class in the interim. No class member has opted out of the class in response to the commentary the Order addresses. The extension sought is short, is self-limiting by its terms, and would not disturb the October 5, 2026 trial date or any other deadline in this case.

Defendant further undertakes that, if the Eleventh Circuit denies the relief he has requested, he will promptly notify this Court of that ruling.

## VI. RELIEF REQUESTED

Defendant respectfully requests that the Court enter an order extending the deadline for compliance with the compelled-statement provision of Doc. 658 until the earlier of (a) thirty days from the date of that order, or (b) fourteen days after the Eleventh Circuit rules on Defendant's pending emergency motion for a stay pending appeal; or, in the alternative, an indicative ruling under Federal Rule of Civil Procedure 62.1; and such further relief as is just.

## LOCAL RULE 3.01(e) CERTIFICATION

Pursuant to Local Rule 3.01(e), the undersigned certifies that this motion presents a true emergency. Doc. 658 requires compliance by Tuesday, July 28, 2026; an emergency motion for a stay pending appeal is pending assignment of a case

number in the Eleventh Circuit; and once the compelled statement is published it

cannot be withdrawn. The date by which action is needed is *Monday, July 27, 2026*.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned attempted to confer with

counsel for Plaintiffs on July 24, 2026 regarding the relief requested in this Motion.

Plaintiffs have not yet responded and Defendant will continue to make attempts

to confer.


Dated: July 24, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
james@koutoulaslaw.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2026, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will serve all counsel of

record. I further certify that I gave counsel for Plaintiffs notice of this emergency

motion by [telephone/email] on July 24, 2026.

/s/ James L. Koutoulas