# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-652-PGB-DCI |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | |
| JAMES KOUTOULAS and LGBCOIN, LTD, | |
| Defendants. | |

## DEFENDANT JAMES KOUTOULAS'S CORRECTED EMERGENCY MOTION TO EXTEND THE COMPLIANCE DEADLINE SET BY THE CONTEMPT ORDER (DOC. 658)

*EMERGENCY — EXPEDITED TREATMENT REQUESTED UNDER LOCAL RULE 3.01(e).* The compelled-statement provision of the Court's contempt Order (Doc. 658 at 7-8) requires compliance within five days of the Order. The Order bears the date July 23, 2026, and compliance is accordingly due Tuesday, July 28, 2026. Defendant has filed a notice of appeal (Doc. 659) and will file an emergency motion for a stay pending appeal in the United States Court of Appeals for the Eleventh Circuit once a case number is assigned. Defendant requests a ruling on this motion

on or before Monday, July 27, 2026, the day before compliance is due, so that he is not left without direction on the deadline itself. This motion seeks scheduling relief only.

*Note on filing.* This is a corrected copy of the motion Defendant filed on July 24, 2026, which was docketed as Doc. 663 under an incorrect CM/ECF event. It is refiled under the correct event. The corrections are non-substantive and are itemized in the Notice filed herewith. No argument has been added, withdrawn, or altered, and the relief requested is unchanged. Defendant does not seek separate relief on Doc. 663 and requests that it be terminated as superseded.

Defendant James Koutoulas respectfully moves, under Federal Rules of Civil Procedure 6(b)(1)(A) and 62(d), for an order extending the deadline for compliance with the compelled-statement provision of Doc. 658 until the earlier of (a) thirty days from the date of the order granting this motion, or (b) fourteen days after the Eleventh Circuit rules on the emergency motion for a stay pending appeal that Defendant will file upon assignment of a case number. Defendant does not now ask the Court to reconsider its Order of July 24, 2026 (Doc. 662), and does not reargue the merits of the stay. He asks only for additional time, so that the appellate court may rule before the deadline passes. No other provision of Doc.

658 and no other date in this case, including the October 5, 2026 trial date, would be affected.

## I. BACKGROUND

The Court's contempt Order was signed with the date July 23, 2026 (Doc. 658). The Order requires Defendant, within five days, two of which are an intervening weekend during which the Eleventh Circuit is closed, to publish a statement the Court itself drafted on the LGBCoin Telegram and Discord Channels, the LGBCoin website, and the LGBCoin subreddit page. (Doc. 658 at 7-8.) Five days from the date the Order bears, computed under Federal Rule of Civil Procedure 6(a)(1), is Tuesday, July 28, 2026.

Defendant filed a notice of appeal from the Order on July 23, 2026 (Doc. 659). On July 24, 2026, he filed an emergency motion to stay the compelled-statement provision pending that appeal (Doc. 661), as Federal Rule of Appellate Procedure 8(a)(1) requires him to do in this Court in the first instance. The Court denied that motion by endorsed order the same day, on the ground that it did "not find that irreparable harm will occur absent a stay." (Doc. 662.)

Defendant will file an emergency motion for a stay pending appeal in the Eleventh Circuit under Federal Rule of Appellate Procedure 8(a)(2) and 11th Cir.

R. 27-1(b). That motion cannot be filed until a case number is assigned, and assignment is pending. Given the intervening weekend, it is unlikely that an emergency motion can be filed and heard before the compliance deadline. This motion asks only that the compliance date not arrive before the appellate court can act.

## II. THE COURT HAS AUTHORITY TO GRANT THE EXTENSION

Federal Rule of Civil Procedure 6(b)(1)(A) provides that when an act must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original time expires. This request is made before the deadline.

Federal Rule of Civil Procedure 62(d) supplies independent authority notwithstanding the pending appeal. It provides that while an appeal is pending from an interlocutory order that grants an injunction, "the court may suspend, modify, restore, or grant an injunction." The compelled-statement provision is a mandatory injunction: it commands Defendant to speak, in prescribed words, through prescribed channels, by a date certain. Extending the date on which that command takes effect is a modification the Rule expressly authorizes, and Federal

Rule of Appellate Procedure 8(a)(1) confirms that the district court is the court to which such a request is first addressed.

If the Court concludes that the notice of appeal has divested it of authority to act, the mechanism is Federal Rule of Civil Procedure 62.1, and Defendant respectfully requests in the alternative that the Court state that it would grant the extension, or that the motion raises a substantial issue, so that Defendant may so advise the Eleventh Circuit under Federal Rule of Appellate Procedure 12.1.

## III. GOOD CAUSE: THE APPEAL IS SUBSTANTIAL, AND TWO OF THE THREE FINDINGS ARE ADDRESSED BY THE COURT'S OWN ORDER AND THE HEARING RECORD

Defendant identifies the following not to reargue the Order, and not to ask the Court to revisit it on this motion, but to show that the appeal he has taken is a substantial one and that this request is not made for delay.

*First*, the Order holds Defendant in contempt for "[f]ailing to provide a true and accurate copy of 'all commentary offered by Defendant Koutoulas' in connection with his class notice post to the LGBCoin Discord Channel." (Doc. 658 at 7.) The same Order elsewhere rests on Defendant's submission of that material: "On January 12, 2026, Defendants submitted evidence of their class notice post on the LGBCoin Discord Channel. (Doc. 548-1)." (Doc. 658 at 4 n.3.) At the January 16,

2026 hearing, the Court stated of the Discord post: "I just got this before the hearing, because, obviously, I compelled it in my order to be produced. It was not produced on time, but it was produced." (Doc. 569 at 9.)

*Second*, the Order holds Defendant in contempt for "[f]ailing to provide Angeion the names, addresses, and email addresses of potential Class Members." (Doc. 658 at 7.) At the same hearing, the Court stated as to the deadline, "In fairness, I did not put a deadline on that. I should have" (Doc. 569 at 4), and as to completeness, "there's no way for me to know if there's more than nine, less than nine, or however many he has. . . . If discovery demonstrates that they intentionally left names out, I'll deal with that at the appropriate time" (Doc. 569 at 8). Defendant's counsel advised the Court that the Angeion production "has been done" (Doc. 569 at 7), and Plaintiffs' counsel confirmed the transmittal of names and contact information (Doc. 569 at 8).

The Order is contradicted by the record on these two points. These are questions for the Eleventh Circuit, and Defendant presents them there. Their relevance here is narrow: an appeal that turns on the Order's own text and on the Court's own statements at the hearing is not an insubstantial one, and the

requested extension would allow the appellate court to reach it before the compliance date makes the question academic.

## IV. WITHOUT AN EXTENSION, DEFENDANT MUST MAKE AN IRREVERSIBLE ELECTION BEFORE THE ELEVENTH CIRCUIT CAN RULE

The practical consequence of the July 28 date is that Defendant must choose, over a weekend and before an emergency motion can even be filed in the Eleventh Circuit for want of a case number, between two courses. Each causes harm that no later ruling can undo.

If Defendant publishes the statement, the compulsion will have been carried out. The statement cannot be recalled from the audiences to which it is posted, and Plaintiffs may contend that the appeal is moot because the act complained of has already occurred. Defendant would also be publishing, over his own name, a disavowal of the very positions he is at that moment asking the Eleventh Circuit to vindicate. The right asserted on appeal is the right not to be compelled to make that statement; performing the compelled act is the injury, and it is not one an appellate judgment can repair.

That injury is the harm Defendant asserts on appeal, and it is why the sequence of rulings matters here. The First Amendment protects "both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430

U.S. 705, 714 (1977). A compelled declaration of belief or contrition is the paradigm of the compulsion that protection forbids. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). And where First Amendment freedoms are at stake, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *accord Otto v. City of Boca Raton*, 981 F.3d 854, 870 (11th Cir. 2020). Defendant does not ask the Court to revisit its ruling of July 24, 2026 on this motion. He notes only that if the Eleventh Circuit agrees with him, a statement already published on four public channels cannot be unpublished, and the relief that court might otherwise grant will have been placed beyond its reach by the calendar rather than by any decision on the merits.

If Defendant does not publish the statement, he stands in violation of an order of this Court and exposes himself to further contempt proceedings and to sanctions that may escalate. Defendant does not suggest that the Court has threatened any particular additional sanction. The point is only that the election exists, that it must be made before the Eleventh Circuit can rule, and that a party ought not have to choose between forfeiting an appeal that raises the questions set out above and disobeying a court order.

An extension eliminates the election. It decides nothing, concedes nothing, and preserves the appellate court's ability to grant or deny meaningful relief. That is the ordinary office of a scheduling extension, and it is all Defendant asks for here.

## V. THE EXTENSION WOULD NOT PREJUDICE PLAINTIFFS

The compelled statement is retrospective. It addresses commentary Defendant posted in January 2026, and it returns nothing to Plaintiffs that a brief delay would diminish. To the extent the Order serves a notice function, the channels at issue are public and open, class counsel and the court-appointed administrator have access to them, and nothing prevents Plaintiffs from communicating with the class in the interim. Plaintiffs may also contact any and every LGBcoin holder via Ethereum messenger and all of their wallet addresses are public record. No class member has opted out of the class in response to the commentary the Order addresses. The extension sought is short, is self-limiting by its terms, and would not disturb the October 5, 2026 trial date or any other deadline in this case.

Defendant further undertakes that, if the Eleventh Circuit denies the relief he will request, he will promptly notify this Court of that ruling.

## VI. RELIEF REQUESTED

Defendant respectfully requests that the Court enter an order extending the deadline for compliance with the compelled-statement provision of Doc. 658 until the earlier of (a) thirty days from the date of that order, or (b) fourteen days after the Eleventh Circuit rules on the emergency motion for a stay pending appeal that Defendant will file upon assignment of a case number; or, in the alternative, an indicative ruling under Federal Rule of Civil Procedure 62.1; and such further relief as is just.

## LOCAL RULE 3.01(e) CERTIFICATION

Pursuant to Local Rule 3.01(e), the undersigned certifies that this motion presents a true emergency. Doc. 658 requires compliance by Tuesday, July 28, 2026; an emergency motion for a stay pending appeal awaits assignment of a case number in the Eleventh Circuit; and once the compelled statement is published it cannot be withdrawn. So that a ruling issues before the compliance date arrives, and because the intervening weekend leaves no time thereafter, the date by which action is needed is *Monday, July 27, 2026*.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned attempted to confer with counsel for Plaintiffs by email on July 24, 2026 regarding the relief requested in

this Motion. Plaintiffs have not yet responded, and Defendant will continue to attempt to confer.

Dated: July 24, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
james@koutoulaslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record. I further certify that I gave counsel for Plaintiffs notice of this emergency motion by email on July 24, 2026.

/s/ James L. Koutoulas