UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

ERIC DE FORD, et al.,

Plaintiffs,

v. Case No. 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS, et al.,

Defendants.

**ALBERT SHEELER'S REPLY IN SUPPORT OF HIS MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Proposed Intervenor/Appellant Albert Sheeler, proceeding pro se, respectfully replies in support of his Motion to Proceed In Forma Pauperis on Appeal.

## Introduction

Plaintiffs' opposition misses both parts of the governing inquiry. The first question under 28 U.S.C. § 1915 is whether Appellant's current sworn financial showing is truthful and demonstrates inability to prepay appellate fees without foregoing necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The second, under § 1915(a)(3) and Federal Rule of Appellate Procedure 24, is whether the appeal is taken in good faith— whether it presents any non-frivolous issue for appellate review. *Coppedge v. United States*, 369

U.S. 438, 445 (1962); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307–08 (11th Cir. 2004).

Plaintiffs do not carry their burden on either point. They rely on historical photographs, social-media posts, a realtor profile, and a 2021 accredited-investor questionnaire, none of which establish present ownership of luxury assets, current income, or current ability to prepay appellate fees. By contrast, Appellant's sworn affidavit describes his present financial condition under penalty of perjury, and Exhibit A—the July 14, 2026 Citizens Bank notice—corroborates hardship by showing a negative checking-account balance of $9,473.90, an overdrawn period of 46 days, and impending charge-off after 60 days.

Nor does the opposition show that the appeal is frivolous. The appeal raises arguable questions about a renewed Rule 24 motion after class certification, the legal significance of changed circumstances, adequacy-of-representation concerns under Rule 23(a)(4), and the scope of the notice of appeal. These are classic appellate issues, not bad-faith filings. *Coppedge*, 369 U.S. at 445.

## Plaintiffs do not show the sworn poverty allegation is untrue

Section 1915 does not require absolute destitution. A litigant qualifies when he cannot pay the fees and still provide himself and his dependents with the necessities of life. *Adkins*, 335 U.S. at 339–40. The Eleventh Circuit directs courts to assess the poverty showing reflected in the affidavit by comparing assets and liabilities. *Martinez*, 364 F.3d at 1307–08; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). The relevant question

is present financial capacity—not whether the applicant once projected success, held assets, or qualified as an "accredited investor."

Plaintiffs' proof rests on Instagram posts, LinkedIn descriptions, a realtor page, and a 2021 Real Brands investor questionnaire. A photograph does not prove title or equity. An online biography does not prove cash on hand. A realtor profile does not prove current commissions. And a 2021 certification speaks, at most, to financial status in 2021, not Appellant's condition in 2026 when he filed his IFP papers.

Appellant does not deny that he may previously have had greater means. He denies that historical snapshots decide his current financial capacity. Plaintiffs offer no brokerage statement, current tax return, title record or deed, bank statement showing available funds, or commission record contradicting the sworn affidavit. Exhibit A instead shows his checking account overdrawn for 46 days, with a negative balance of $9,473.90 and approaching charge-off. That corroborates present hardship, not misrepresentation.

The 2021 Real Brands paperwork likewise shows only that Appellant certified a different financial picture in May 2021. It does not show present liquidity in July 2026. The proper inference from changed circumstances is that his position materially deteriorated, not that his current affidavit is false. Section 1915 asks whether the present affidavit is truthful; it does not impose a lifetime prosperity bar based on past status.

## The appeal is taken in good faith

Here's a more compact version that keeps your key case law and points:

Under § 1915(a)(3), an appeal is taken in good faith when it seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court need not conclude that Appellant will prevail; it need only find that the issues are arguable on their merits.

This appeal easily meets that standard. It presents non-frivolous questions about whether the renewed intervention motion should have been treated differently once the case posture changed after class certification—when Appellant became an absent class member whose rights could be bound by the judgment. That change raises due-process and adequate-representation concerns recognized in *Hansberry v. Lee*, 311 U.S. 32, 42–45 (1940), and *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985).

It also presents non-frivolous issues under Rule 24 and Rule 23. Timeliness under Rule 24(a)(2) is context-dependent and "not a word of exactitude." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Later intervention can be proper when class-related interests shift or become concrete. See *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–96 (1977); *Stone v. First Union Corp.*, 371 F.3d 1305, 1310–12 (11th Cir. 2004). Adequacy under Rule 23(a)(4) turns on conflicts and whether the class will be vigorously prosecuted. *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189–92 (11th Cir. 2003); *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280–81 (11th Cir. 2000). Whether the district court properly handled Appellant's post-certification adequacy concerns is plainly arguable.

Finally, Plaintiffs' notice-of-appeal argument does not render the appeal frivolous. The Eleventh Circuit liberally construes notices where the intent to appeal is clear and appellees are not prejudiced. *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006); *Nichols v. Ala. State Bar*, 815 F.3d 726, 732–33 (11th Cir. 2016); *Foman v. Davis*, 371 U.S. 178,

181–82 (1962). Whether Appellant's notice sufficiently reaches the intervention-related orders is at least debatable, and a debatable scope issue is not a frivolous appeal.

## Plaintiffs' historical exhibits are weak on the present IFP inquiry

Plaintiffs' evidentiary mix relies on historical and impressionistic indicators rather than current, verifiable financial capacity. The yellow Lamborghini material shows only that Appellant appeared in or near such a vehicle; it does not prove ownership, equity, or ability to sell it to pay fees. The yacht photograph likewise does not establish current ownership or liquid assets. The realtor profile and LinkedIn page show professional branding but not current cash, closings, commissions, or balances. Section 1915 asks whether the applicant can presently pay fees and still meet basic necessities; it does not deny relief because someone once enjoyed or advertised success.

## Appellant proceeds on his own behalf; procedural issues do not equal bad faith

Plaintiffs also overstate the "non-party" and pro se issues. Appellant is not attempting to appear as counsel for the class; he proceeds on his own behalf to challenge the denial of intervention and to protect what he contends are his own rights as a class member. Federal law permits parties to conduct their own cases personally. 28 U.S.C. § 1654; see also *Devlin v. Scardelletti*, 536 U.S. 1, 9–14 (2002) (recognizing absent class member appellate rights), *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–96 (1977), and *Technology Training Assocs. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–97 (11th Cir. 2017).

Finally, any procedural issues—including Local Rule 3.01(g) conferral—do not justify a

certification that the appeal is not taken in good faith. In the Middle District of Florida, conferral

defects are typically addressed through denial without prejudice or a requirement to supplement,

not by declaring an appeal objectively frivolous. See, e.g., *Sawyer v. Comm'r of Soc. Sec.*, No.

6:13-cv-1419-Orl-18TBS, Doc. 23 (M.D. Fla. Sept. 18, 2014); *Woide v. Ramsey & Assocs.*

*Mortg. Co.*, No. 6:16-cv-1183-Orl-40TBS, Doc. 12 (M.D. Fla. July 14, 2016). A curable

local-rule issue is not synonymous with bad faith.

## Conclusion

Appellant's sworn poverty showing is not disproved by historical photos, online self-description,

or a 2021 accredited-investor certification. The current record instead contains direct

corroboration of financial hardship through Exhibit A and the affidavit. The appeal readily clears

the *Coppedge* good-faith threshold because it presents several non-frivolous questions

concerning Rule 24, Rule 23(a)(4), absent-class-member due process, and the scope of the notice

of appeal.

For these reasons, Appellant respectfully requests that the Court grant his Motion to Proceed In

Forma Pauperis on Appeal, decline to certify under 28 U.S.C. § 1915(a)(3) that the appeal is not

taken in good faith, and grant such other relief as is just.

Respectfully submitted,

/s/ Albert Sheeler

Albert Sheeler, Pro Se

Exhibit A

## An urgent message from Citizens

**From:** Citizens Servicing Alerts noreply@paymentalertsemail.citizensbank.com

**To:** ASHEELER@LIVE.COM

**Date:** Tue, 14 Jul 2026, 12:53 PM



### Dear Albert Sheeler,

Our records show that **your Citizens Checking account ending in 2581 has been overdrawn for 46 days**. Please note that accounts overdrawn for more than 60 days are subject to charge off and negative reporting to a nationwide specialty consumer reporting agency which compiles bank account closure information.

Your total amount due is $9473.90.

**If you have encountered financial hardship or have questions about potential charge off, please contact us.** Select from the options below to make a payment or to have us call you.

| PAY NOW | PAY IN 5 DAYS | CALL ME |
|---------|---------------|---------|

If you have already made a deposit in the past 3 days, please click here to confirm.

Sincerely,
Citizens