UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIC DE FORD, SANDRA
BADER and SHAWN R. KEY,**

       **Plaintiffs,**

**v.**                                   **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and
LGBCOIN, LTD,**

       **Defendants.**

_____/

## ORDER

This cause is before the Court upon Defendant James Koutoulas'
(**"Defendant Koutoulas"**) Motion for Reconsideration of the Court's Order
Denying Defendants' Amended Motion for Summary Judgment and Granting
Partial Summary Judgment in Favor of Plaintiffs.[1] (Doc. 624 (the "**Motion**")).
Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the
"**Plaintiffs**") have submitted a Response in Opposition. (Doc. 628). Upon due
consideration, the Motion is denied.

---

[1]   The Court's Order denying Defendants' Amended Motion for Summary Judgment and
granting partial summary judgment in favor of Plaintiffs can be found at docket entry 531.

## I.    BACKGROUND[2]

This class action was initiated on April 1, 2022, and arises from the creation, marketing, and sale of LGBCoin, a cryptocurrency. (Doc. 1). The Court pauses to note that Defendant Koutoulas's assertion that "[t]he Court acknowledged LGBcoin is a 'meme cryptocurrency' in its Order, dated September 27, 2022, on Defendant's Motion for Sanctions," is disingenuous and part of Defendant's pattern of disregarding the Court's rulings. (Doc. 624, p. 1). Defendant Koutoulas chooses to ignore that the Court's reference to LGBCoin as a "meme cryptocurrency" in December 2022 was not a legal or factual conclusion; it was dicta. (Doc. 121, p. 1). The Order denying Defendant Koutoulas's Motion for Sanctions addressed only whether sanctions were warranted; it did not address whether LGBCoin is a security. (*Id.*). Three years later, however, the Court held that LGBCoin satisfies the first two prongs of the *Howey* test.[3] (Doc. 531, p. 17). As such, LGBCoin is not merely a "meme cryptocurrency," and, as a licensed attorney, Defendant Koutoulas knows his representation to the contrary is misleading.

The Court also stated in its Order Denying Motion to Dismiss the Third Amended Complaint that "the Court has already determined that LGBCoin is plausibly a security under federal [and Florida] law." (Doc. 354, p. 20). The

---

[2]    The lengthy factual and procedural backgrounds of this case are largely laid out in the Court's prior orders. (*See, e.g.*, Docs. 229, 354, 388, 389).

[3]    The canonical test to determine what constitutes an "investment contract" and thus, a security, was established by the Supreme Court in *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 299 (1946).

Defendant's habit of recycling arguments that have been rejected was addressed in the Order denying Defendant Koutoulas's Motion for Reconsideration of the Order Certifying the Class, where the Court stated that the "Defendants—as they have done for the past three years of litigation—rehash various arguments that the Court has thoroughly addressed in previous Orders." (Doc. 515, p. 3 (citing Docs. 463, 490)). Pertinent here, the Court also previously rejected Defendant Koutoulas's argument that Securities and Exchange Commission ("**SEC**") Staff Statements defeat Plaintiff's Section 12(a)(1) claim. (*Id.* at p. 5; *see also* Doc. 531, p. 14).

More recently, Defendant Koutoulas sought reconsideration of the Court's Order granting partial summary judgment in favor of the Plaintiffs. (Doc. 535). Defendant Koutoulas argued that the Court "improperly ignored" the SEC Staff Statements (*Id.* at p. 6). In denying Defendant's motion, the Court reminded Defendant Koutoulas of its ruling that SEC Staff Statements are not binding. (Doc. 565, p. 8). Defendant Koutoulas again seeks reconsideration of the Order entered in December 2025 granting partial summary judgment in favor of the Plaintiffs. (Doc. 624). This time, Defendant Koutoulas contends that the SEC and the Commodity Futures Trading Commission ("**CFTC**") jointly issued Release Nos. 33-11412; 34-105020, titled "*Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets*".[4] (*Id.*

---

[4]   *See* Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets, Securities Act Release Nos. 33-11412, 34-105020, 17 C.F.R. pts. 231, 241, available at https://www.sec.gov/files/rules/interp/2026/33-11412.pdf (Mar. 17, 2026).  For citation purposes, the Court will refer to the SEC and CFTC's joint release as the "Interpretative Release." *See* discussion *supra* Section III.

3

at p. 1). Defendant Koutoulas characterizes the "joint release" as an intervening change in controlling law, warranting reconsideration of the Court's prior order. (*Id.* at p. 4). As discussed below, the SEC and CFTC do not share the Defendant's claim that their statements carry the force of controlling law.

## II.    STANDARD OF REVIEW

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1.

## III.    DISCUSSION

The SEC and the CFTC's "joint releases" do not constitute an intervening change in the law. As the Plaintiffs correctly observe, the instant Motion is nothing

more than an end-run around the Court's Order denying Koutoulas's Renewed
Motion for Summary Judgment based on the same so-called intervening change in
the law. (Doc. 628, pp. 2–3 (citing Docs. 607, 609)). The Plaintiffs also correctly
note that the instant Motion does not explain how interpretive guidance from an
agency can constitute an intervening change in the law when the United States
Supreme Court in *Loper Bright Enterprises v. Raimondo* held that "courts need
not and under the APA may not defer to an agency interpretation of the law simply
because a statute is ambiguous." (Doc. 628, p. 4 (citing 603 U.S. 369, 413 (2024))).

Here, Section 12 of the Securities Act is not ambiguous, and Defendant
Koutoulas points to no such ambiguity. Moreover, Defendant Koutoulas does not
contend that Congress explicitly delegated authority to the agency to elucidate a
specific provision of the statute by regulation. *Loper Bright*, 603 U.S. at 413; *see
also Wright v. Everson*, 543 F.3d 649, 654 (11th Cir. 2008) ("If Congress explicitly
leaves a gap for the agency to fill, . . . [a] resulting regulation is reviewed only to
see if it is arbitrary, capricious, or manifestly contrary to the statute.").
Accordingly, this Court is not required to consider the agency's interpretation of
the law.

Defendant Koutoulas attempts to distinguish the "joint release" from SEC
Staff Statements by acknowledging — albeit belatedly — that Staff Statements
disclaim legal force, while characterizing the "joint release" as having the force of
law. (Doc. 624, pp. 6–8). However, the interpretive release by the SEC and CFTC
includes a disclaimer that "[t]he interpretation in this release does not supersede

or replace the *Howey* test, which is binding legal precedent." Interpretive Release at p. 8. Defendant Koutoulas is a licensed attorney and owes the Court the duty of candor. By arguing that the SEC and CFTC's interpretive release constitutes a change in the law, the Defendant is affirmatively misleading the Court. (*See generally* Doc. 624).

Defendant Koutoulas has repeatedly argued that the SEC's interpretative commentary entitles him to summary judgment, or, alternatively, relief from the Order granting partial summary judgment in the Plaintiffs' favor, and the Court has consistently rejected that contention. (*See* Docs. 531, 565, 609). The Court rejects Defendant Koutoulas's argument yet again.

## IV.    CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant Koutoulas's Motion for Reconsideration on Motion for Summary Judgment (Doc. 624) is **DENIED** as frivolous.

**DONE AND ORDERED** in Orlando, Florida on July 28, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

6