# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, <br><br><br>    Plaintiffs, <br><br><br>v. <br><br><br>JAMES KOUTOULAS and LGBCOIN, LTD, <br><br><br>    Defendants. | Case No. 6:22-cv-652-PGB-DCI <br><br> CLASS ACTION |

## DEFENDANT JAMES KOUTOULAS'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 3.03 AND TO DIRECT PLAINTIFFS TO FILE AN AMENDED CERTIFICATE OF INTERESTED PERSONS

Defendant James Koutoulas respectfully moves the Court, under Local Rule 3.03 and this Court's Order on Interested Persons and Corporate Disclosure (Doc. 3), for an order directing Plaintiffs to file an amended Certificate of Interested Persons and Corporate Disclosure Statement that identifies the third-party litigation funder financing this action and any other person or entity with an interest in a party or in the outcome. The grounds are set forth below.

1

## I. INTRODUCTION

Local Rule 3.03 requires every party to disclose, on a continuing basis, each person or entity that has or may have an interest in a party or in the outcome of the action. The Rule serves the Court's own function: it enables the Court to screen for conflicts and to determine whether recusal or disqualification is required. That function cannot operate when a party with a direct economic interest in the outcome remains hidden. Plaintiffs have never disclosed the third-party litigation funder that is financing this action, notwithstanding the Rule's mandatory and continuing disclosure obligation. As this case approaches trial, the real parties in interest remain concealed from the Court and from Defendant. Defendant asks the Court to enforce its own Rule and require the disclosure the Rule commands.

## II. THE RULE AND ITS PURPOSE

Local Rule 3.03 and this Court's Order on Interested Persons and Corporate Disclosure (Doc. 3) obligate every party to disclose "each person . . . that has or may have an interest in a party to this action or in the outcome of this action, including subsidiaries, conglomerates, affiliates, parent corporations, . . . and all other identifiable legal entities related to a party." (Doc. 22 ¶ 1.) The obligation is self-executing and continuing: each certifying party undertakes that it "will immediately notify the Court in writing upon learning of any such conflict"

2

involving the assigned District Judge or Magistrate Judge. (Doc. 22 ¶ 5.) Compliance does not depend on a motion by any other party; it is mandatory. Because the obligation is continuing and self-executing, it is independent of the discovery period. The close of fact discovery does not terminate the duty, excuse a party's failure to disclose, or bar the Court from enforcing its Rule and its Order. This Motion accordingly seeks compliance with the disclosure command, not discovery; it asks only that Plaintiffs file the accurate Certificate that has been required of them throughout this action.

The purpose of the disclosure is to permit the Court to evaluate whether any actual or potential conflict of interest exists that would bear on the participation of the assigned District Judge and Magistrate Judge. See 28 U.S.C. § 455 (disqualification for, among other things, a financial or other interest that could be substantially affected by the outcome). A funder that stands to receive a share of any recovery has precisely the kind of interest in the outcome that the Rule is designed to surface. Where that interest is undisclosed, the Court is deprived of the information it needs to discharge its own recusal-screening obligation.

### III. PLAINTIFFS HAVE NOT COMPLIED

This action is financed by a third-party litigation funder whose identity Plaintiffs have never disclosed. Defendant Erik Norden moved to compel

discovery to "unmask" Plaintiffs' "litigation financier," expressly seeking to discover "the identity of Plaintiffs' financier and the terms of the outside financing of this action." (Doc. 208, filed Mar. 6, 2023.) In responding to that motion, Plaintiffs did not deny that the financing exists; they resisted disclosure only on relevance and privilege grounds, invoking attorney-client and work-product protection over "counsel's businesses' financing arrangements" and disputing only Norden's characterization that the funding was "politically motivated." (Doc. 214 at 1–2, filed Mar. 13, 2023.) Plaintiffs' own response thus confirms that an outside litigation-financing arrangement exists, even as it withholds the financier's identity. Norden's motion was then withdrawn and found moot following his dismissal from the case (Docs. 229, 241, 242), and the underlying nondisclosure was never cured. Defendant Koutoulas has since identified Plaintiffs' failure to disclose the funder in the pending Rule 11 sanctions briefing. To date, Plaintiffs' operative Certificate of Interested Persons (Doc. 22, filed June 6, 2022, by Plaintiffs De Ford and Bader) does not identify the funder or its interest in the outcome, and Plaintiffs have filed no amended certificate. Nor has Plaintiff Shawn R. Key, who joined this action as a named Plaintiff in 2023, ever filed a Certificate of Interested Persons of his own; the docket contains none.

4

Plaintiffs' own privilege log confirms both the existence of the funding and their concealment of the funder. In their Privilege Log Regarding the First Set of Norden Discovery Requests (Jan. 23, 2023), attached as Exhibit A, Plaintiffs logged documents reflecting "litigation funding" and expressly objected to producing "the name(s) and contact information of any Litigation financer(s)" on an asserted "qualified associational privilege." Here, Plaintiffs have necessarily conceded that a financer with an interest in the litigation exists, the precise interested person that Local Rule 3.03 and the Court's Order require them to disclose.

The relief sought is consistent with the even-handed application of the parties' disclosure obligations. Defendant's own assertions of privilege in this litigation were overruled, and he was directed to produce numerous documents identified on his privilege log, including communications with outside counsel. (Doc. 383.) Local Rule 3.03 asks considerably less of Plaintiffs. It does not require the production of any privileged funding document; it requires only the identification of interested persons, including a non-party with a financial interest in the outcome. The Rule's disclosure command is not privilege-dependent, and it applies regardless of any privilege that may attach to the underlying funding documents. Plaintiffs therefore may not withhold the identity of their litigation

financer behind a "qualified associational privilege" label, and their operative

Certificate should be amended to disclose that interest.

## IV. DISCLOSURE IS ALSO NECESSARY TO THE RULE 23 INQUIRY AND TO ANY FEE DETERMINATION

The concealment bears directly on issues the Court must decide before trial.

Rule 23(a)(4) and Rule 23(g) require the Court to assure itself that the named

representatives and class counsel, not an undisclosed stakeholder with its own

economics, control the litigation and will fairly and adequately protect the

interests of absent class members, and Rule 23(g)(1)(A)(iv) directs the Court to

consider the resources counsel will commit. See *Gbarabe v. Chevron Corp.*, No. 14-

cv-00173-SI, 2016 U.S. Dist. LEXIS 103594, at *5–6 (N.D. Cal. Aug. 5, 2016) (holding

a litigation funding agreement "relevant to the adequacy determination" and

ordering it produced to the defendant in advance of class certification); *In re Nat'l

Prescription Opiate Litig.*, No. 1:17-MD-2804, 2018 U.S. Dist. LEXIS 84819, at *45–46

(N.D. Ohio May 7, 2018) (requiring every attorney with third-party contingent

litigation financing to disclose the financing and to affirm that the funder holds no

control over litigation strategy or settlement, subject to a continuing duty to

update). In addition, each representative certified under penalty of perjury that he

or she "will not accept any payment for serving as a representative party . . .

6

beyond the pro rata share of any recovery." (Doc. 320-3); see 15 U.S.C. § 77z-1(a)(2)(A)(vi). Neither the Court nor absent class members can verify continued compliance with Rule 23 or with that certification while the funding arrangement remains undisclosed. Disclosure is therefore necessary both to the Court's conflict-screening function and to the pending questions of adequacy and control.

The nondisclosure also obstructs a live remedial question now before the Court. In its contempt Order (Doc. 658), the Court has authorized Plaintiffs to apply for an award of attorneys' fees. A compensatory sanction of that kind may reimburse only a loss actually sustained by the party seeking it. See *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (a contempt fine is civil and remedial only if it coerces compliance or "compensates the complainant for losses sustained"); *FTC v. Leshin*, 618 F.3d 1221, 1239 (11th Cir. 2010) (same); *McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000) (a compensatory fine "must of course be based upon evidence of complainant's actual loss") (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). If Plaintiffs' litigation expenses, including any fees they now seek to shift, are being borne by an undisclosed third-party funder, then the named Plaintiffs have sustained no out-of-pocket loss, and the Court cannot determine whether any compensable loss

exists, or in what amount, without knowing who in fact paid. The funder's concealment thus deprives the Court of a fact necessary to adjudicate the pending fee request. Separately, a party invoking the Court's equitable power to shift fees while itself refusing to comply with a mandatory, self-executing disclosure rule seeks equity with unclean hands. For these reasons as well, the Court should require the disclosure the Rule commands before any fee determination proceeds.

## V. RELIEF REQUESTED

Defendant respectfully requests that the Court enter an order directing Plaintiffs, within fourteen days, to file an amended Certificate of Interested Persons and Corporate Disclosure Statement that (1) identifies each third-party litigation funder or other person or entity with an interest in a party or in the outcome of this action, and (2) states the nature of that interest, and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on July 24, 2026 and July 28, 2026 the undersigned emailed counsel for Plaintiffs requesting a conference regarding the relief requested in this Motion. Plaintiffs' counsel has not responded despite sending other emails, and the undersigned has been unable to confer despite these efforts. As required by Local Rule 3.01(g)(3), the undersigned will continue to try diligently to contact opposing counsel for three days after filing and will promptly supplement this Motion with a statement certifying whether the parties have resolved all or part of the Motion.

Dated: July 28, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
*Pro se*
10 N. Dearborn St., Suite 400
Chicago, IL 60602
james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2026, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will serve all counsel of

record.

/s/ James L. Koutoulas