**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA
BADER and SHAWN R. KEY,**

       **Plaintiffs,**

**v.**                                     **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and
LGBCOIN, LTD,**

       **Defendants.**
_____/

**<u>ORDER</u>**

This cause is before the Court upon Defendant James Koutoulas' ("**Defendant Koutoulas**") Motion for Sanctions against Plaintiffs' Counsel. (Doc. 637 (the "**Motion**")). Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (collectively, the "**Plaintiffs**") submitted a Response in Opposition, and Defendant Koutoulas filed a Reply. (*See* Docs. 639, 648). Upon consideration, Defendant Koutoulas's Motion is due to be denied.

## I.    BACKGROUND[1]

Approximately one month after the Plaintiffs filed a motion for sanctions seeking case-ending sanctions, Defendant Koutoulas filed the instant Motion for sanctions against Plaintiffs' counsel. (*See* Docs. 614, 637). Defendant Koutoulas, a

---

[1]    The lengthy factual and procedural backgrounds of this case are largely laid out in the Court's prior Orders. (*See, e.g.*, Docs. 229, 354, 388, 389). Accordingly, the Court will only address those facts relevant to the instant Motion.

licensed attorney appearing *pro se*, served Plaintiff's counsel with a "Rule 11 safe harbor letter" prior to filing the instant Motion. (Doc. 637, p. 2). Defendant Koutoulas admittedly failed to serve a copy of the Rule 11 *Motion* on opposing counsel as required. *See* FED. R. CIV. P. 11(c)(2); (*see also* Doc. 637-1; Doc. 639, pp. 6–7). The Motion is due to be denied based on Defendant Koutoulas's failure to serve the Motion in accordance with Federal Rule of Civil Procedure 5 within 21 days of filing the Motion. *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1348 (11th Cir. 2022) ("[W]hen service is skipped or delayed, the safe harbor is not triggered, and Rule 11 motions that evade the opponent's safe harbor review are barred."); *see also* FED. R. CIV. P. 11(c)(2). Even if the Rule 11 Motion was not procedurally barred, it fails on the merits, which the Court will briefly address.

## II.    STANDARD OF REVIEW

An attorney or a party may be sanctioned under Federal Rule of Civil Procedure 11(b) for "presenting to the court a pleading, written motion, or other paper" that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose. *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989); FED. R. CIV. P. 11(b). The imposition of Rule 11 sanctions for an allegedly unreasonable legal or factual basis is subject to a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

## III.    DISCUSSION

Defendant Koutoulas asserts seven "categories of misrepresentations" in support of his Motion for Rule 11 sanctions. (Doc. 637, p. 3). Defendant Koutoulas's Motion for sanctions largely repackages arguments he made in opposition to Plaintiffs' motion for sanctions. (*Compare* Doc. 637, *with* Doc. 626). Defendant Koutoulas argues that Plaintiffs' counsel made factual and legal misrepresentations. (*Id.* at pp. 3–11). The Court will address each in turn, but "[i]t is axiomatic that arguments not supported and properly developed are deemed waived." *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017); *see also U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped arguments" and that such are waived.).

### A.    The OTC Trades

Defendant Koutoulas contends that Plaintiff's counsel misrepresented that he "was a party to 'OTC trades with James Heckman' and that records of 'where the money went are missing.'" (Doc. 637, p. 4). Defendant Koutoulas asserts that the email chain cited by Plaintiffs' counsel "shows a *contemplated* trade that was never consummated." (*Id.*). Defendant Koutoulas then purports to cite an email produced in discovery without attaching the document for the Court's consideration. (*Id.*). Defendant Koutoulas's failure to provide evidence supporting his argument renders his contention waived. The Court does not impose sanctions under Rule 11 based on counsel's mere proffer. Moreover, Plaintiff's counsel rebuts

3

this argument by citing to Exhibits B and C of their Reply to Defendant's response to Plaintiff's motion for sanctions. (Doc. 639, p. 10 (citing Doc. 635, pp. 6–7; Doc. 635-2; Doc. 635-3)). Whether the sale was consummated is a factual dispute that does not support Rule 11 sanctions.

### B.    Wallet Address Misrepresentations

Defendant Koutoulas submits that Plaintiffs' counsel attributes "numerous cryptocurrency wallets to [him] without evidentiary support." (Doc. 637, p. 5). Again, Defendant Koutoulas advances arguments regarding the ownership of cryptocurrency wallets but does not attach any documents to support his claim. (*Id.*). Thus, Defendant Koutoulas's argument that opposing counsel presented "nonexistent wallet addresses as evidence of concealment" violates Rule 11 is waived as perfunctory and unsupported. (*Id.*). Plaintiffs' counsel is correct that whether the wallets identified in Docket Number 635-4 belong to the Defendant is a factual dispute that does not merit Rule 11 sanctions. (Doc. 639, p. 9).

### C.    Class Member Misrepresentations

Defendant Koutoulas claims that class counsel's motion for sanctions "implies" that he concealed potential class members. (Doc. 637, p. 6 (citing Doc. 614, pp. 16–17)). Defendant Koutoulas proffers that one class member, Mr. Marty Salm, received "free coins and did not purchase LGBcoin," and another member, Mr. Anthony Marlowe, received a 100% refund and is not a class member. (*Id.*). Defendant Koutoulas fails to offer any documentary evidence to support his assertion. Even if proof had been presented, Rule 11 sanctions are not warranted

4

where opposing counsel "implies" that class members were concealed. Defendant Koutoulas fails to cite any authority in support of sanctions based on mere implications.

### D.    Telegram Document Destruction

Defendant Koutoulas next argues that sanctions are warranted, because Plaintiffs' counsel alleges in their motion for sanctions that he destroyed Telegram communications. (*Id.* at p. 6 (citing Doc. 614, p. 17)). Defendant Koutoulas claims that Magistrate Judge Irick "previously adjudicated the broader question of auto-deleting messaging platforms and denied relief." (*Id.* (citing Doc. 202, pp. 18–21)). Defendant Koutoulas also asserts, without supporting evidence, that "the Telegram messages at issue post-date the class period, concern matters unrelated to the claims in this case, and were not responsive to any relevant discovery request." (*Id.*).

The Court notes that Magistrate Judge Irick's ruling is not as favorable as Defendant Koutoulas suggests. Magistrate Judge Irick observed that a user may opt to have conversations on Signal automatically deleted after a set period, and he observed that if Defendants allowed conversations to be deleted after this litigation started, that may be a spoliation issue. (Doc. 202, 18:24–19:3). Magistrate Judge Irick then ordered:

> To the extent that they exist in any format, they need to be turned over and searched. So to the extent they're in an iCloud backup or anything like that . . . . To the extent that that exists, Counsel, you-all have an obligation to look for that and to look everywhere it could exist, including iCloud backups.

(*Id.* 19:21–20:9).

Plaintiffs' counsel correctly observes that Magistrate Judge Irick was addressing Signal communications deleted before this litigation began. (Doc. 639, pp. 12–13). Plaintiffs' sanctions motion discusses Defendant Koutoulas's failure to preserve evidence created during this case. (*Id.* at p. 13 (citing Doc. 614)). Defendant Koutoulas misrepresents Magistrate Judge Irick's order in pressing for sanctions. This conduct is, in itself, sanctionable.

### E.    The Kleiner Citation

Next, Defendant Koutoulas misconstrues the holding in *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985), in arguing that Plaintiffs' counsel should face Rule 11 sanctions for failing to alert the Court that the holding in *Kleiner* is predicated on a pre-existing court order prohibiting contact with class members. (Doc. 637, p. 7). While the issue in *Kleiner* was the trial court has authority under the federal rule or statutes to forbid defense contacts with class members for the purpose of eliciting exclusion requests, the court more broadly held that class members are entitled to intervene as of right. 751 F.2d at 1201–02. The *Kleiner* court observed that "[u]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." 751 F.2d at 1203.

It is absurd to argue, as Defendant Koutoulas does here, that an order prohibiting such abusive conduct must be in place before the Court can impose

sanctions. (Doc. 637, p. 7). In fact, Defendant Koutoulas's contact with class members to encourage them to opt-out of the class prompted the Court to issue a show cause order and ultimately to hold Defendant Koutoulas in civil contempt. (*See* Docs. 539, 540, 658).

### F.    The § 1927 Misrepresentation

Defendant Koutoulas contends, without citing any precedent and with only a passing reference to the statute, that Rule 11 sanctions are warranted because Plaintiffs' counsel is pursuing sanctions against him rather than his former attorney (Doc. 637, p. 7). "A district court may impose sanctions for litigation misconduct under its inherent power." *Maus v. Ennis*, 513 F. App'x 872, 877 (11th Cir. 2013)[2] (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009)). In *Maus*, the court entered a default judgment against the *pro se* party under Federal Rule of Civil Procedure 16(f) for the defendant's disrespectful conduct and refusal to participate in discovery. 513 F. App'x at 878. "The key to unlocking the inherent power of the Court is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001). Sanctions may be imposed where a *party* has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991).

---

[2]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

While Plaintiffs moved for sanctions under 28 U.S.C. § 1927, they also base their motion upon "Rule 37 and/or [the Court's] inherent authority to remedy [Defendant] Koutoulas's multi-year pattern of misconduct, and award fees under Section 1927." (Doc. 614, p. 25). Even assuming that § 1927 is limited to sanctions imposed upon attorneys, the Plaintiffs' motion also rests upon Rule 37 and the Court's inherent authority. (*Id.*). Additionally, Defendant Koutoulas, a licensed attorney, represented himself after his counsel withdrew on April 9, 2026, thereby subjecting him to the possibility of sanctions under § 1927.[3] As such, filing a motion for sanctions based upon Rule 37, the Court's inherent authority, and § 1927 was not objectively frivolous.

## G.    The Motion for Sanctions Violates Rule 11(b)(1)

Defendant Koutoulas contends, without citing any precedent or other authority, that Plaintiffs' Rule 11 sanctions are warranted because Plaintiffs elected to seek sanctions under Rule 37, the Court's inherent authority, and/or § 1927 instead of first seeking sanctions under Rule 11. (Doc. 637, pp. 8–9). Defendant Koutoulas cites no authority for the proposition that a party is required to exhaust Rule 11 before pursuing sanctions under other Rules, Statutes, or the Court's inherent authority. Rule 11 is limited to imposing sanctions for "presenting to the court a pleading, written motion, or other paper" that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose.

---

[3]    A litigant's *pro se* status does not excuse compliance with "the relevant law and rules of court, including the Federal Rules of Civil Procedure" and the Court's Orders. *Moon v. Newsome*, 863 F.2d 835, 837–39 (11th Cir. 1989).

*Thomas*, 880 F.2d at 1239. Sanctions may be appropriate where a party disparages opposing counsel, attempts to undermine the class action notice procedure by encouraging members to opt out, or engages in other noxious conduct. Defendant Koutoulas's argument that one must first pursue sanctions under Rule 11 is not supported and properly developed, thus it is deemed waived. *Astrue*, 495 F.3d at 1287 n.13.

### H.    Vexatious Multiplication of Proceedings

Having filed a motion for sanctions under Rule 11, Defendant Koutoulas somewhat confusingly adds a section where he asserts that the Plaintiffs' counsel has vexatiously multiplied the proceedings by seeking sanctions against him. (Doc. 637, p. 10). The argument rests upon the same deficient arguments that form the basis of Defendant Koutoulas's Motion for Rule 11 sanctions and merits no further discussion. *See* discussion *supra* Sections III.A–G.

## IV.    CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that Defendant Koutoulas's Motion for Rule 11 Sanctions Against Plaintiffs' Counsel (Doc. 637) is **DENIED,** both on the ground of procedural default and on the merits.

**DONE AND ORDERED** in Orlando, Florida on July 29, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties