**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> JAMES KOUTOULAS and LGBCOIN, LTD, <br><br>     Defendants. | Case No. 6:22-cv-652-PGB-DCI <br><br> CLASS ACTION |

**DEFENDANT JAMES KOUTOULAS'S NOTICE OF CORRECTION AND SUPPLEMENTAL LOCAL RULE 3.01(g) CERTIFICATION REGARDING HIS MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 3.03 (DOC. 673)**

Defendant James Koutoulas submits this notice to complete a quotation in his Motion to Compel Compliance with Local Rule 3.03 (Doc. 673), to clarify one citation, and to supplement his Local Rule 3.01(g) certification. Before filing the Motion, the undersigned requested a conference by emails of July 24 and July 28, 2026, and received no response; Plaintiffs' counsel first responded on July 29, 2026,

1

after the Motion was filed, and their response raised the points addressed below. Defendant files this notice promptly so that the record before the Court is precise.

First, at pages 6 to 7, the Motion quotes the class representatives' certifications as stating that each representative "will not accept any payment for serving as a representative party . . . beyond the pro rata share of any recovery." (Doc. 320-3.) The full sentence reads: "I will not accept any payment for serving as a representative party on behalf of the Class beyond the pro rata share of any recovery, except for such reasonable costs and expenses (including lost wages) directly related to the representation of the Class as ordered or approved by the Court." (Doc. 320-3 ¶ 6.) The Motion should have set out the full sentence. The complete text does not change the point: any payment to a representative beyond a pro rata share requires the Court's approval, and none has been sought or entered in this action.

Second, the Motion's introduction summarizes the disclosure obligation as arising under Local Rule 3.03. To be precise: the Court's Order of April 4, 2022, entered "[c]ompliant with Local Rule 3.03," directed every party to file a Certificate of Interested Persons and Corporate Disclosure Statement in the form attached to the Order and imposed "a continuing obligation to file and serve an

amended certificate within fourteen (14) days of discovering any ground for amendment." (Doc. 3 at 1–2 (citing Local Rule 3.03).) The language quoted in Section II of the Motion is drawn from Plaintiffs' certificate filed under that Order. (Doc. 22 ¶¶ 1, 5.) The Court's current standard form under Local Rule 3.03, a copy of which is attached as Exhibit A, carries the same duty forward. The form instructs that its disclosures "will contribute to evaluating judicial recusal" and that "[e]ach party must revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy"; under its Recusal Information heading, each filer must identify "any other entity or natural person . . . with an interest the action's outcome might substantially affect." Plaintiffs did not identify their litigation financer in the certificate the Order then required, and they do not identify the financer under the form the Rule now requires. The correction therefore does not alter the Motion; under either instrument, the relief requested is unchanged.

3

## SUPPLEMENTAL LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g)(3), the undersigned certifies that on July 29, 2026, Plaintiffs' counsel responded in writing to the conferral requests described in the Motion's Local Rule 3.01(g) certification. The parties have now conferred. Plaintiffs oppose the Motion, and the parties have not resolved any part of it. The Motion is accordingly ripe for the Court's determination.

Dated: July 30, 2026
Respectfully submitted,
/s/ James L. Koutoulas
James L. Koutoulas, Esq.
*Pro se*
10 N. Dearborn St., Suite 400
Chicago, IL 60602
james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2026, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will serve all counsel of

record.

/s/ James L. Koutoulas