# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO
## DEFENDANT LGBCOIN, LTD'S EMERGENCY TIME-SENSITIVE
## MOTION FOR ONE-DAY EXTENSION OF DEADLINE
## TO CONDUCT IN-PERSON MEETING TO PREPARE
## JOINT FINAL PRETRIAL STATEMENT

Plaintiffs do not oppose extending the deadline for the in-person meeting of trial counsel. Plaintiffs oppose only its length. One day does not work for anyone. Plaintiffs respectfully ask the Court to reset the meeting to Monday, August 10, 2026, and to leave every other deadline in the Sixth Amended Case Management and Scheduling Order undisturbed. (Doc. 620)

However, the motion tells the Court two things that are not accurate. First, Plaintiffs did not refuse to let counsel appear remotely. The motion states that "Plaintiffs refused to allow counsel to appear by telephone." (Doc. 678, ¶ 10.) Plaintiffs told LGBCoin's counsel the opposite, in writing, the night before he

1

filed: "It's not plaintiffs' counsel's decision to let you or not let you attend via zoom or telephone. . . . If you obtain leave for the meeting to be conducted via zoom, we are happy to conduct the meeting remotely." (Ex. 1, Aug. 2, 2026 email.) That remains Plaintiffs' position. The in-person requirement is the Court's, not Plaintiffs'. Plaintiffs will meet in person on August 10, or by videoconference on any date the Court authorizes. Plaintiffs are indifferent as between the two and will accommodate whichever the Court prefers.

Second, the motion omits the scheduling history that Local Rule 3.08(a) requires it to supply. That rule directs a movant to "explain in detail the reason a continuance is warranted and the effort to resolve any scheduling conflict." M.D. Fla. L.R. 3.08(a). The effort here has been substantial, and every change of date has come from LGBCoin. On June 5, Mr. Koutoulas proposed July 31 at Mr. Winderman's offices; Plaintiffs agreed on June 17. On June 24, LGBCoin's counsel said he was "not available July 31" and that the meeting "needs to be between July 20 and July 29"; Plaintiffs agreed to July 29 two days later. On July 22, counsel wrote, without explanation, that he was "not available now on July 29," and asked to move the meeting to "August 3 or 4th." Plaintiffs changed their travel and agreed to August 3, the last day the Court's order permits. (Ex. 1.)

2

Plaintiffs served their pretrial materials on July 27, a week in advance, to make the meeting productive.

Plaintiffs relied on that date. When counsel wrote on August 2 that his flight had been canceled, Plaintiffs told him within the hour that they would not oppose a motion for an extension on two conditions: that the motion recite the rescheduling history above, and that it attach evidence of the cancellation. (Ex. 1.) Counsel attached the Southwest documentation. He did not include the history, and he declined to remove the statement that Plaintiffs "refused" remote participation after Plaintiffs identified it. Plaintiffs raise this once, for the record, and ask for nothing on account of it.

Which brings Plaintiffs to the only point of substance: August 4 is not a workable date for anyone. LGBCoin's Exhibit C shows counsel arriving in Fort Lauderdale at 8:50 p.m. on August 3. Plaintiffs' trial counsel are traveling to California for hearings later this week, having built their schedules around the August 3 meeting; one of them canceled his flights on August 2 in reliance on counsel's email. A one-day extension therefore produces the same problem on Tuesday morning and, in all likelihood, a second emergency motion. Plaintiffs

3

and their counsel are available Monday, August 10, and have already offered that date to LGBCoin.

An August 10 meeting preserves the trial schedule. The parties have exchanged their pretrial materials, and Plaintiffs are prepared to file the Joint Final Pretrial Statement on August 17 as ordered. Nothing else needs to move: the August 24 deadline for motions in limine, the August 31 deadline for objections to counter-designations, the September 15 Final Pretrial Conference, and the October 5 trial term all stand.

## CONCLUSION

Plaintiffs respectfully request that the Court extend the deadline for the in-person meeting of trial counsel to August 10, 2026, or, in the alternative, authorize the meeting to proceed by videoconference on a date certain, and confirm that no other deadline in the Sixth Amended Case Management and Scheduling Order is affected.

4

Dated: August 3, 2026

Respectfully submitted,

s/ *Kevin McCormack*

Aaron M. Zigler (admitted *pro hac vice*)
Kevin McCormack (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
kevin@ziglerlawgroup.com
nidya@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-236-0508
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
Fax: 212-223-6334
smasson@scott-scott.com

*Counsel for Plaintiffs and the Class*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 3, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

_s/ Kevin McCormack_
Kevin McCormack