**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER,
and SHAWN R. KEY,
  Plaintiffs,

v.     Case No: 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and
LGBCOIN, LTD,
  Defendants.

_____/

**DEFENDANT JAMES KOUTOULAS'S EMERGENCY MOTION FOR A
LIMITED EXTENSION OF THE COMPLIANCE DATE SET BY DOC. 667**

**NATURE OF THE EXIGENCY AND DATE RULING REQUESTED**

Pursuant to Local Rule 3.01(e), Defendant states the following. The compliance date set by the Court's Order of July 27, 2026 (Doc. 667) is today, August 4, 2026. Earlier today, the Eleventh Circuit resolved Defendant's Time-Sensitive Motion for a Limited Extension of the Compliance Date for the Compelled-Statement Provision, holding that "[t]o the extent Koutoulas requests an extension of time to post the revised class-action notice outlined in the district court's July 22, 2026, contempt order, such relief is more appropriately sought in the district court." Order, No. 26-12606, Doc. 16 (11th Cir. Aug. 4, 2026). Defendant files this motion promptly upon receipt of that Order. Because the

1

compliance date is today, Defendant respectfully requests a ruling today, or as soon thereafter as the Court is able.

## I.  RELIEF REQUESTED

Defendant respectfully requests a limited extension, to and including August 18, 2026, of the date by which he must post the Notice Regarding Class Action set forth in Doc. 658 ¶ 1.

Defendant does not seek reconsideration of Doc. 658, of Doc. 662, or of any other order. He seeks additional time only.

## II.  PROCEDURAL POSTURE

On July 22, 2026, the Court entered its Order on the Order to Show Cause, directing Defendant to post the Notice Regarding Class Action within five days. Doc. 658 ¶ 1. Defendant appealed on July 23, 2026. Doc. 659.

On July 24, 2026, the Court denied Defendant's motion to stay the compelled-statement and fee provisions pending appeal. Doc. 662. On July 27, 2026, the Court granted Defendant's corrected motion to extend the compliance date, and set that date at August 4, 2026. Doc. 667.

On August 3, 2026, the Eleventh Circuit held that "the part of the Contempt Order that holds Appellant in contempt and requires him to post a retraction is appealable," granted in part Plaintiffs' motion to dismiss the appeal as to the costs and fees provision, and denied Defendant's motion to stay. Order, *De Ford v. Koutoulas*, No. 26-12606 (11th Cir. Aug. 3, 2026).

2

On August 4, 2026, the Eleventh Circuit denied a Time Sensitive Motion for a Limited Extension of the Compliance Date for the Compelled-Statement Provision, and directed that an extension of the compliance date is "more appropriately sought in the district court." Order, No. 26-12606, Doc. 16 (11th Cir. Aug. 4, 2026).

## III. GOOD CAUSE FOR A LIMITED EXTENSION

Doc. 667 provided that no further extension would be granted absent extraordinary cause. Defendant respectfully submits that the following circumstances, none of which existed when Doc. 667 issued, satisfy that standard.

First, Defendant's request for relief as to the compliance date was pending in the Eleventh Circuit until today. Had Defendant simultaneously pressed the same request in this Court while it was pending in the Court of Appeals, he would have asked two courts for the same relief at once. He did not do so. The Court of Appeals has now determined that this Court is the appropriate forum, and Defendant has come here immediately.

Second, the Eleventh Circuit determined only yesterday that the compelled-statement provision is appealable and subject to its jurisdiction. That determination bears directly on how the compelled-statement provision should be addressed, and it was not available to Defendant when Doc. 667 issued.

Third, Defendant intends to seek an indicative ruling under Federal Rule of Civil Procedure 62.1 addressed to the compelled-statement provision, and, if

3

necessary, relief under 28 U.S.C. § 2101(f). A limited extension would permit those matters to be presented in an orderly way, with the conferral the Local Rules require, rather than in the hours remaining today. Defendant seeks the extension for that purpose and states plainly that he does not represent what his position will be if that relief is denied.

Fourth, the requested extension is short, is to a date certain, and prejudices no one. The class notice approved by the Court has been in circulation since it was posted, and the Long Form Notice remains available to class members at all times through the Notice Administrator.

## IV.  CONCLUSION

Defendant respectfully requests that the Court extend to and including August 18, 2026 the date by which he must post the Notice Regarding Class Action set forth in Doc. 658 ¶ 1.

Dated: August 4, 2026.

Respectfully submitted,

/s/ James Koutoulas
James Koutoulas
Koutoulas Law, LLC
10 N. Dearborn, #400
Chicago, IL 60604
(312) 836-1180
james@koutoulaslaw.com
Defendant, pro se

4

## LOCAL RULE 3.01(g) CERTIFICATION

*(A) CONFERRAL COMPLETED:*

I certify that on August 4, 2026, I attempt to confer with counsel for Plaintiffs by email regarding the relief requested in this motion. Plaintiffs oppose the relief requested.

/s/ James Koutoulas
James Koutoulas

## CERTIFICATE OF SERVICE

I certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ James Koutoulas
James Koutoulas