# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC DE FORD, SANDRA BADER,
and SHAWN R. KEY,
   Plaintiffs,

v.     Case No: 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and
LGBCOIN, LTD,
   Defendants.

_____/

## DEFENDANT JAMES KOUTOULAS'S NOTICE OF OBJECTION AND RESERVATION OF RIGHTS

Defendant James Koutoulas respectfully files this Notice to advise the Court, promptly and on the record, of his position as to the Court's Order of July 22, 2026 (Doc. 658), as extended by the Court's Order of July 27, 2026 (Doc. 667). Defendant has not posted the statement ordered at Doc. 658 ¶ 1. His reasons follow, beginning with the constitutional objection that is the reason for his position. Defendant files this Notice on the date performance is due rather than allow the deadline to pass without explanation.

## I. THE OBJECTION IS CONSTITUTIONAL

1. Defendant objects to the compelled expression of contrition and esteem required by Doc. 658 ¶ 1. He does not concede that any portion of the ordered statement may properly be compelled, and he reserves that question to the Court of Appeals, which has determined that it is appealable.

1

2.  The ordered text requires Defendant to declare, in his own name and in his own voice: "I should not have made those earlier statements"; "I regret my prior comments and apologize for them"; and "I respect the Court and the judicial process." Doc. 658 at 7–8.

3.  Those are not disclosures of fact. They are professions of belief, remorse, and regard. The First Amendment protects the right to decline to profess them.

4.  At the show cause hearing on January 16, 2026, the Court struck Defendant's filings responding to the Order to Show Cause. Docs. 553, 554 (striking Docs. 549, 552). Defendant's counsel objected at that hearing that Defendant had not been properly placed on notice of the conduct at issue beyond the Order to Show Cause itself. Doc. 569 at 42.

5.  At that same hearing, the Court itself observed: "Maybe it's a First Amendment right to speak not to say anything." Doc. 569 at 31–32. Defendant respectfully invokes that right, and only that right. Defendant further notes that the statement now compelled is punitive rather than coercive or compensatory, and is therefore criminal in substance whatever its label. Federal Rule of Criminal Procedure 42(a)(1) required notice of the essential facts, which was not given. Federal Rule of Criminal Procedure 42(a)(3) required that the matter be heard by a different judge, because the contempt involves criticism of the presiding judge and Defendant did not consent. Neither occurred.

## II.  THE ORDERED STATEMENT ALSO COMPELS AFFIRMATION OF FINDINGS NOW ON APPEAL

6.  The ordered text further requires Defendant to state, as his own declaration, that his earlier commentary was "improper." Doc. 658 at 7. That is neither a disclosure of his interest nor a disclaimer of reliance. It is the adoption, in his own voice and over his signature, of adjudicative findings from which he has appealed and which he disputes.

2

7.  Defendant does not argue the merits of those findings here. They are before the Court of Appeals. He notes only, and solely to make the record complete, that the second and third bases for the contempt finding concern matters the Court addressed at the January 16, 2026 hearing. As to the Discord commentary, the Court stated that it "was not produced on time, but it was produced." Doc. 569 at 9. As to the class member information, the Court stated, "In fairness, I did not put a deadline on that. I should have," Doc. 569 at 4, and that the subject "may be a matter that gets flushed out further in discovery," which the Court would address "at the appropriate time," Doc. 569 at 8.

8.  As to the first basis, the Notice Order's decretal paragraph directs Plaintiffs, not Defendant, to provide the class notice "in substantially the form approved by the Court." Doc. 534 at 13 ¶ 4. The only decretal command that Order addressed to Defendants directs them to give the notice administrator contact information in their "possession, custody, or control." Id. ¶ 3. Defendant performed that command. The Court denied Plaintiffs' motion "in all other respects." Id. ¶ 6. The Notice Order imposed on Defendant no duty to post the notice, and a fortiori no duty to post it without accompanying commentary.

9.  Defendant nonetheless posted the approved notice verbatim, without altering a word. Doc. 569 at 24; Doc. 658 at 3–4. The Court acknowledged that "the short-form notice was submitted as directed." Doc. 569 at 4. He did so voluntarily, as part of a broader update to the community whose foundation he serves as trustee, several of whom had asked how to request exclusion from or object to the class action because the approved notice contained no such instructions. The added text says so on its face: "As of now, the Plaintiffs lawyers have not added instructions on how to opt out or object if you are so inclined to do so, here are instructions." Doc. 682 at 5. It then told class members how to request exclusion, how to object, and that "[i]f you do nothing, you stay in the

3

class and are bound by the result." Id. Defendant's court-directed response preserved this point: his posts "were not a violation of the Court's Order as written (which did not order that Koutoulas post only the summary notice)." Doc. 574 at 2 n.1.

10. Requiring a litigant to declare in public that contested findings are correct, while his appeal from those findings is pending and undecided, is different in kind from requiring him to disclose his adverse interest or to disclaim reliance on his earlier statements.

## III.  THE COMPELLED PROFESSIONS SERVE NO CORRECTIVE PURPOSE

11. Even assuming a corrective posting could properly be compelled, the stated purpose of the ordered notice is to correct the record for class members. The disclosure paragraphs, the disclaimer, the referral to the Notice Administrator and Class Counsel, and the reproduction of the Court-Authorized Notice would accomplish that purpose in full. A class member who read them would learn that Defendant is an adverse party with a financial interest in the outcome, that he does not represent the class, that his earlier commentary should not be relied upon, and precisely where to obtain accurate information.

12. Whether Defendant regrets his earlier statements, and whether he holds the Court in esteem, add nothing a class member needs in order to decide how to proceed. Those sentences correct nothing and compensate no one. Nor is there anything left to correct. Plaintiffs have represented to the Court of Appeals that this Court "noted that no class member had opted out as a result of his commentary." Appellees' Opposition at 20, No. 26-12606 (11th Cir.). The opt-out period has closed. No class member can act on any statement now, and none acted on the earlier one.

## IV.  DEFENDANT DOES NOT SEEK TO DEFY THE COURT

13.  Defendant sincerely believes in freedom of expression. It is the actual mission of the LGBCoin project, it is the principle he has asserted consistently in this litigation for more than four years, and he will not betray it. He does not advance that position here as an argument on the merits of any claim, and this Notice should not be read as doing so.

14.  Defendant objects not out of disrespect for this Court, but because he will not be compelled to make public statements that he believes to be false. Defendant serves as Trustee of a foundation whose mission is to protect freedom of expression globally and to defend the legal rights of LGBCoin. Making the ordered statement would require him to act against the mission he is charged with advancing. Defendant is also an officer of the court. Neither role permits him to profess what he does not believe.

15.  He will not surrender that right on the basis of a proceeding in which he was denied notice of the conduct he was required to defend, and still less on the basis of an order whose three findings are each erroneous for the reasons set out in Paragraphs 7 through 9 above.

16.  Rather than simply decline, Defendant has sought relief in every forum available to him. He sought a stay in this Court. He sought a stay in the Court of Appeals, and sought reconsideration when it was denied. He moved in this Court for a limited extension when the Court of Appeals directed that such relief be sought here. He has applied to the Supreme Court. Defendant remains prepared to comply with any lawful order that does not require him to make a statement he believes to be false.

17.  Defendant files this Notice so that the Court knows what he has done, what he has not done, and why, on the day performance is due.

## V.  PROCEDURAL STATUS

18.  Doc. 658 ¶ 1 directs Defendant to post the Notice Regarding Class Action on the LGBCoin Telegram and Discord channels, the LGBCoin website, and the LGBCoin subreddit page. Doc. 667 set the compliance date at August 4, 2026.

19.  On August 4, 2026, the Eleventh Circuit denied Defendant's motion for a limited extension of the compliance date to the extent it sought reconsideration of that court's August 3 order, and determined that such relief is "more appropriately sought in the district court." Order, No. 26-12606, Doc. 16 (11th Cir. Aug. 4, 2026). Promptly upon receipt of that Order, and at approximately 5:30 p.m. this evening, Defendant moved in this Court for a limited extension of the compliance date. No ruling has issued.

## VI.  APPELLATE POSTURE

20.  Defendant appealed Doc. 658 on July 23, 2026. Doc. 659. On August 3, 2026, the Eleventh Circuit held that "the part of the Contempt Order that holds Appellant in contempt and requires him to post a retraction is appealable," and denied a stay. Order, *De Ford v. Koutoulas*, No. 26-12606 (11th Cir. Aug. 3, 2026).

21.  Defendant has also filed an emergency application for a stay with the Supreme Court of the United States. The application was received at approximately 4:10 p.m. today. Because it was submitted in paper form, it is subject to security screening before it is transmitted, and Defendant does not anticipate that it will be reviewed today. Defendant states, so that there is no misunderstanding, that the application does not of its own force stay this Court's Order, and he does not treat it as having done so.

## VII.  RESERVATION OF RIGHTS

22.  Defendant preserves, and does not argue here, the following: (a) that the compelled statements identified above abridge rights secured by the First

Amendment; (b) that the provisions of Doc. 658 that are punitive rather than coercive or compensatory required the protections attending criminal contempt, including notice of the essential facts and disqualification of the presiding judge where the contempt involves criticism of that judge, see Fed. R. Crim. P. 42(a)(1), (a)(3); (c) that the second contempt finding rests upon conduct first directed by the Order to Show Cause itself, and so was not the subject of any notice; and (d) that jurisdiction over the matters embraced by the pending appeal rests with the Court of Appeals.

Dated: August 4, 2026.

Respectfully submitted,

/s/ James Koutoulas
James Koutoulas
Koutoulas Law, LLC
10 N. Dearborn, #400
Chicago, IL 60604
(312) 836-1180
james@koutoulaslaw.com
Defendant, pro se

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ James Koutoulas
James Koutoulas