UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC DE FORD, et al,

                    Plaintiffs,

     v.

JAMES KOUTOULAS, et al.,

                    Defendants.

Case No. 6:22-cv-652-PGB-DCI

CLASS ACTION

**PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE REGARDING
THE IN-PERSON MEETING OF LEAD TRIAL COUNSEL**

Under Section III.C of the Court's Sixth Amended Case Management and Scheduling Order, Plaintiffs' counsel has the primary responsibility to coordinate the in-person meeting of lead trial counsel and the filing of the Joint Final Pretrial Statement. That provision directs that, "[i]f counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference." *See* Doc. 620 at 13, §III.C.

Plaintiffs have worked for more than two months to coordinate the in-person meeting. Despite these efforts, the meeting has not gone forward, because counsel for Defendant LGBCoin, Ltd has moved the meeting date repeatedly and canceled the meeting for August 3, 2026, the last date the Court's order allows. Plaintiffs therefore respectfully request a brief status conference so the Court can set a firm

1

date for the meeting. In the alternative, and to conserve the Court's and the parties' resources, Plaintiffs ask the Court to reset the meeting to Monday, August 10, 2026 at Plaintiffs' counsel's office, or to authorize the meeting to proceed by videoconference on a date certain, with every other deadline in the Sixth Amended Case Management and Scheduling Order left undisturbed.

The scheduling history reflects Plaintiffs' repeated efforts to coordinate, and every change of date has come from LGBCoin. On June 5, 2026, Defendant Koutoulas proposed July 31 at Mr. Winderman's offices, and Plaintiffs agreed on June 17. (Ex. 1). On June 24, LGBCoin Ltd.'s counsel stated that he was "not available July 31" and that the meeting "needs to be between July 20 and July 29." *Id.* Plaintiffs agreed to July 29 two days later. On July 22, one week before the scheduled meeting, LGBCoin LTD.'s counsel wrote, without explanation, that he was "not available now on July 29," and asked to move the meeting to "August 3 or 4th." *Id.* Plaintiffs changed their travel and agreed to August 3, the last date the Court's order permits. *Id.* In agreeing to August 3, Plaintiffs specifically advised that "August 3 is the deadline set by the Court for this meeting, so we are unable to reschedule further." *Id.* Plaintiffs served their pretrial materials on July 27, a week in advance, to make the meeting productive.

On the evening of August 2, LGBCoin Ltd.'s counsel wrote that a flight of his had been canceled and asked to reschedule or to meet by videoconference. Plaintiffs

2

told him within the hour that they would not oppose a motion for an extension on two conditions: that the motion recite the rescheduling history above, and that it attach evidence of the cancellation. (Ex. 2) Plaintiffs counsel also told LGBCoin Ltd.'s counsel that they would not be available after August 3 until August 10 due to other matters they had scheduled around the in-person meeting, and reminded him that the in-person requirement is the Court's, not Plaintiffs', and that "[i]f you obtain leave for the meeting to be conducted via zoom, we are happy to conduct the meeting remotely." *Id.*

On August 3, LGBCoin filed an emergency motion seeking a one-day extension to August 4, and falsely asserting that Plaintiffs had "refused" to allow LGBCoin Ltd.'s counsel to appear remotely. (Doc. 678.) Plaintiffs responded to that Motion the same day. (Doc. 679). The Court denied that motion without prejudice on August 4, 2026, and expressly granted LGBCoin Ltd. "leave to refile the Motion[.]" (Doc. 681.) LGBCoin Ltd. has not done so, no in-person meeting has occurred, and no date is presently set.

Plaintiffs and their counsel are available Monday, August 10, and have already offered that date to LGBCoin Ltd.'s counsel without response.

Because Plaintiffs' counsel has been unable to coordinate the in-person meeting despite diligent effort, Section III.C directs Plaintiffs to notify the Court. Plaintiffs submit this request so that the Court may set a firm date, by status

3

conference or by order, and so that the parties can complete the meeting in time to file the Joint Final Pretrial Statement on August 17.

### CONCLUSION

Plaintiffs respectfully request that the Court set a brief status conference to establish a firm date for the in-person meeting of lead trial counsel, or, in the alternative, reset the meeting to August 10, 2026, or authorize the meeting to proceed by videoconference on a date certain, and confirm that no other deadline in the Sixth Amended Case Management and Scheduling Order is affected.

Dated:  August 5, 2026            Respectfully submitted,

/s/ Kevin McCormack
Aaron M. Zigler (admitted pro hac vice)
Kevin McCormack (admitted pro hac vice)
Nidya S. Gutierrez (admitted pro hac vice)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street, Suite 333
Chicago, IL 60661
Tel:  312-673-8427
aaron@ziglerlawgroup.com
kevin@ziglerlawgroup.com
nidya@ziglerlawgroup.com

John T. Jasnoch (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.:  619-233-4565
Fax:  619-236-0508

4

jjasnoch@scott-scott.com

Sean T. Masson (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Tel.:  212-223-6444
Fax:  212-223-6334
smasson@scott-scott.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Kevin McCormack
Kevin McCormack

5