## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ERIC DE FORD, et al.,

                Plaintiffs,

    v.

JAMES KOUTOULAS, et al.,

                Defendants.

Case No: 6:22-cv-652-PGB-DCI

CLASS ACTION

## PLAINTIFFS' MOTION FOR SANCTIONS
## AGAINST DEFENDANT LGBCOIN, LTD.

Plaintiffs move under the Court's inherent authority and Rule 37 for entry of default judgment against Defendant LGBCoin, Ltd. and for the fees and costs Plaintiffs incurred because Defendant multiplied these proceedings through and alongside its general counsel, James Koutoulas.

## INTRODUCTION

The Court has already made the findings this motion requires. The Court's Order on Plaintiff's Motion for Sanctions holds that "Defendants Koutoulas and LGBCoin LTD submitted fabricated authority across at least eight separate filings," naming each one. (Doc. 682, p. 20.) It records that LGBCoin, Ltd. filed a motion to strike the Third Amended Complaint on PSLRA grounds the Court had twice

rejected (*id.* at 17), that Koutoulas and LGBCoin, Ltd. twice moved for reconsideration of rulings that had gone against them (*id.* at 18), and that they pressed the SEC Staff Statement in a summary-judgment reply after the Court had held such statements carry no legal effect (*id.* at 19). The Order also notes that Plaintiffs sought nothing against the entity even though Koutoulas swore he was "[a]t all times material hereto . . . acting in his capacity as . . . [LGBCoin,] LTD's director and in-house counsel." (*Id.* at 1 n.1 (quoting Doc. 248, ¶¶ 17–18).) Plaintiffs now seek it.

This motion asks the Court to apply what it decided in its Order on Sanctions (Doc. 682) to the other party that made the filings. Submitting invented judicial authority is bad faith in its most direct form, and the Court has already found that LGBCoin, Ltd. did it — eight times, in filings the Order identifies by docket number. Plaintiffs catalogued more than forty instances. (Doc. 614, pp. 9–15; Doc. 614-4.) The Court's characterization of the pattern — "Arguments repeatedly rejected by the Court are renewed, often within days of the Court's rulings" (Doc. 682, p. 19) — describes filings made both by Koutoulas and LGBCoin, Ltd.

LGBCoin, Ltd. may argue that whatever Koutoulas did, he did for himself. It cannot. Koutoulas owns LGBCoin, Ltd., by its own admission. *See* Answer of

LGBCoin, Ltd., ¶ 26 (Doc. 366.) He is its director and its in-house counsel, by his own sworn statement. (Doc. 248, ¶ 18.) He directed its filings in that capacity, and this Court has already found that he "is not a mere client in the instant action; he is actively serving as legal counsel for himself." (Doc. 682, p. 7 n.6.) When LGB-Coin, Ltd. needed a corporate witness, Koutoulas selected himself — "By this, I designated myself" — consulted "[n]o one," and confirmed that he was "authorized on behalf of LGBCoin, LTD." *See* LGBCoin, LTD Depo., 9:2-8, 13:9-11 (Ex. B). And, hours after judgment was entered against him, he began announcing LGBCoin, Ltd.'s trial exhibits and its litigation posture. (Ex. A.)

There is no separate corporate will here to protect. By LGBCoin, Ltd.'s own account it has no operations; by its director's account it exists "to file corporate governance reports with the Cayman Islands," and its director is "just a human who is filing reports on behalf of the entity." (Doc. 614-2 at 6, lines 22:6-17, 23:9-16). An entity that has reduced itself to one man cannot disclaim that man when his conduct is sanctioned, and the Court's grant of terminating sanctions against Koutoulas should apply equally to the entity he uniquely controls.

3

## BACKGROUND

### A. LGBCoin, Ltd. Is a Litigant Koutoulas Created, Owns, Speaks for, and Controls.

Plaintiffs added LGBCoin, Ltd. as a defendant on April 14, 2023. (Doc. 245). Six days later, Koutoulas filed a motion for a protective order captioned on LGB-Coin, Ltd.'s behalf and swore to his role in it: "At all times material hereto, Mr. Koutoulas was acting in his capacity as the Foundation's trustee and in-house counsel and LTD's director and in-house counsel." (Doc. 248, ¶ 18 (at 4).)[1]

LGBCoin, Ltd.'s own Answer admits that "Defendant Koutoulas owns LGB-Coin, LTD." (Doc. 366, ¶ 26.) In his deposition Koutoulas testified that he was "a director of the LBGCoin entity, which, in turn, I believe, is the director of the Foundation," that the entity's function was "[j]ust to file corporate governance reports with the Cayman Islands," and that "the Director is just a human who is filing reports on behalf of the entity." (Doc. 488-9, Tr. 21:1–23:14.) Asked who has authority to sue on the Foundation's behalf, he answered: "Currently, me." Asked whether he alone makes litigation decisions, he answered: "At this time, yeah." (*Id.*, Tr. 35:13–36:13.)

---

1. In fact, the motion's first line describes him as "in-house counsel and director of LGBCoin, LTD." (*Id.* at 1.)

He also selected himself to speak for the entity under oath. At LGBCoin, Ltd.'s Rule 30(b)(6) deposition on September 25, 2024:

> Q. Mr. Koutoulas, how were you selected to be the corporate designee of LGB, LTD?
> A. By this, I designated myself.
> Q. And who did you consult with to make this designation?
> A. No one.
> . . .
> A. I am authorized on behalf of LGBCoin, LTD.
> . . .
> Q. Are you authorized to bind LTD with your testimony today?
> A. Yes.

(Ex. B, 8:19-9:8, 13:4-11).

The Court has already characterized the relationship. Koutoulas "represented to this Court that he is in-house counsel for Defendant LGBCoin, LTD," and "is not a mere client in the instant action; he is actively serving as legal counsel for himself." (Doc. 682, p. 7 n.6.) The Order describes LGBCoin, Ltd. as the entity "for which Koutoulas is general counsel." (*Id.* at 17.)

He directs its litigation still. On August 4, 2026, just hours after the Sanctions Order (Doc. 682) issued, Koutoulas advised Plaintiffs' counsel that "there is no default against LTD," that correspondence between Koutoulas and Plaintiffs' counsel after the Sanctions Order "are now defense exhibits," and that LGBCoin, Ltd.'s counsel of record "is out of pocket but can confirm later that additional exhibit,"

5

adding that there would be "[t]rial or any other motions to come." (Ex. A.) LGB-Coin, Ltd.'s exhibit designations and its litigation posture are being directed, controlled, and announced by Koutoulas, not its counsel of record.

### B. LGBCoin, Ltd. Has Litigated Vexatiously and Frivolously for Three Years, and the Court Has Found the Filings Sanctionable.

LGBCoin, Ltd. has appeared and been heard on the merits repeatedly, acting in lockstep with Koutoulas on every action, including: a motion for a protective order (Doc. 248); a notice regarding conferral (Doc. 238); a motion to continue a hearing (Doc. 240); a motion to strike the Third Amended Complaint (Doc. 294); a motion to dismiss the Third Amended Complaint (Doc. 302); an Answer with nine affirmative defenses (Doc. 366); a joint motion for a protective order (Doc. 367); a notice of taking Plaintiff Key's deposition (Doc. 409); motions for reconsideration (Docs. 457, 463); a joint motion for summary judgment and reply (Docs. 470, 520); and, on August 3, 2026, an emergency motion for an extension of the deadline to prepare the joint pretrial statement (Doc. 678).

The Court has found four of those filings advanced arguments the Court had already rejected. LGBCoin, Ltd. "filed a motion to strike the Third Amended Complaint for violation of the PSLRA" after the Court had rejected that theory twice. (Doc. 682, p. 17.) "After the Court rejected the PSLRA arguments raised

twice by Koutoulas and once by LGBCoin, LTD, Defendant Koutoulas repeated those arguments three days later." (*Id.*) "Koutoulas and LGBCoin, LTD moved for reconsideration of class certification," and ten days later "moved for reconsideration of the Order entered a year earlier." (*Id.* at 18.) And "Defendant Koutoulas and LGBCoin LTD argued in their Reply to Plaintiffs' Motion for Summary Judgment that LGBCoin is not a security, citing the SEC Staff Statement" — after the Court had held that such statements have no legal effect. (*Id.* at 19.) The Court found that the Defendants, jointly, committed misconduct: "Further, Defendants Koutoulas and LGBCoin LTD submitted fabricated authority across at least eight separate filings: Docs. 403, 463, 470, 477, 490, 535, 545, and 582." (*Id.* at 20.)

## ARGUMENT

### I. The Court Should Enter Default Judgment Against LGBCoin, Ltd. Under Its Inherent Power, Because the Bad Faith the Court Found Against Koutoulas Is Also the Entity's.

A court may sanction litigation misconduct under its inherent power, and "[t]he key to unlocking the inherent power of the Court is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (sanctions available where a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). Default judgment is available

7

on that authority. *Maus v. Ennis*, 513 F. App'x 872, 877–78 (11th Cir. 2013). The inherent power reaches conduct that no rule addresses and may be invoked "even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 49.

**A. The Court Has Already Found That LGBCoin, Ltd. Filed Fabricated Authority in Eight Filings and Recycled Arguments the Court Had Rejected.**

Plaintiffs need not establish LGBCoin, Ltd.'s bad faith from scratch. The Court has found the relevant facts already: "Defendants Koutoulas and LGBCoin LTD submitted fabricated authority across at least eight separate filings: Docs. 403, 463, 470, 477, 490, 535, 545, and 582." (Doc. 682, p. 20.) Plaintiffs catalogued more than forty instances in a spreadsheet attached to the sanctions motion. (Doc. 614, pp. 9–15; Doc. 614-4.) The Court treated that conduct as independently sufficient for terminating relief: "This is just one of Defendant Koutoulas's many sanctionable acts, including terminating sanctions." (Doc. 682, p. 20.)

Presenting a federal court with authority that does not exist is bad faith without more. It is not a close call, it does not depend on an assessment of motive, and it cannot be explained by zeal. The Court has already said so, and it said so as to filings LGBCoin, Ltd. submitted.

8

The recycling findings run to LGBCoin, Ltd. by name as well, in four separate filings across three years. (Doc. 682, pp. 17–19.) Each required a response from Plaintiffs on a question the Court had already answered. The Court's assessment of that pattern — "Defendant Koutoulas's intentional disregard for the Court's Orders is nothing short of stunning" and "[a]rguments repeatedly rejected by the Court are renewed, often within days of the Court's rulings" (id. at 19) — was made on a record that includes LGBCoin, Ltd.'s filings.

**B. Koutoulas's Bad Faith Is LGBCoin, Ltd.'s Bad Faith, Because He Is the Person Who Acted for It.**

A corporation acts only through natural persons, and the acts of the individual who controls it are the corporation's acts. It is "not an abuse of discretion to charge [parties] personally with 'the consequences of the acts or omissions of their freely selected agent.'" *Hornady v. Outokumpu Stainless USA, LLC,* 118 F.4th 1367, 1378 (11th Cir. 2024)(quoting *Jochum v. Schmidt,* 570 F.2d 1229, 1232 (5th Cir. 1978)). Here the identification between the principal and agent is total.

Koutoulas owns LGBCoin, Ltd. (Doc. 366, ¶ 26.) He is its director, having named himself to that role. (Doc. 248, ¶ 18.) He has also named himself its in-house counsel and signed its filings in that capacity. (*Id.*; Doc. 682, p. 7 n.6.) He designated himself its Rule 30(b)(6) witness, consulted no one in doing so, and

9

confirmed he was "authorized to bind" it. He is, after being held in contempt personally and sanctioned (Doc. 682), announcing its trial exhibits and directing its litigation strategy. (Ex. A.)

There is no separate corporate will, ownership, or interest to protect. LGBCoin, Ltd. exists "to file corporate governance reports with the Cayman Islands," and its director is "just a human who is filing reports on behalf of the entity." (Doc. 488-9, Tr. 22:1–14.) An entity that reduces itself to one man cannot then disclaim that man's conduct when the conduct is sanctioned. In opposing sanctions, LGBCoin, Ltd. was described as "an entity whose formal organization was not completed until after NASCAR revoked the on-track sponsorship approval and never has owned a cryptocurrency wallet or had any operations." (Doc. 626, p. 14.)

Plaintiffs do not seek to pierce the corporate veil, but to hold Defendant responsible for its own actions taken by its agent, Koutoulas. An entity with no operations does not file numerous frivolous motions, answer with nine affirmative defenses, notice a plaintiff's deposition, and move for summary judgment. Whatever LGBCoin, Ltd. lacks, it did not lack the capacity to litigate — and litigating is what it did badly enough to be sanctioned. LGBCoin, Ltd. has been in this litigation for three years on filings Koutoulas directed. Koutoulas directed and

10

continues to direct its litigation strategy and Defendant, controlled by Koutoulas, has joined with Koutoulas on his sanctionable misconduct at every step.

### II. Nothing Less Than Default Will Be Effective, as LGBCoin Ltd.'s Most Recent Disregard of the Court's Orders Further Demonstrates.

### A. Lesser Sanctions Have Been Tried and Have Failed.

Default is a last resort, appropriate "when less drastic sanctions would not ensure compliance with the court's orders," and the Court need not first impose lesser sanctions where doing so would be ineffective. *United States v. 32′ Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009). The record establishes ineffectiveness.

This Court has warned Defendant three separate times to stop recycling rejected arguments. In the Class Certification Order: "Defendants recycle various arguments that the Court has thoroughly addressed in previous Orders. The Court advises defense counsel to refrain from such practices in future filings." (Doc. 455, p. 5 n.4.) In the order denying decertification: "despite the Court's advisements, Defendants have again thrown every argument at the Court, with little to no citations to legal authority. . . . Moreover, Defendants—as they have done for the past three years of litigation—rehash various arguments that the Court has thoroughly addressed in previous Orders." (Doc. 515, p. 3.) It held a show-cause proceeding

11

and entered a contempt order (Doc. 658), denied reconsideration while finding Koutoulas was "affirmatively misleading the Court" (Doc. 672, pp. 5–6), and denied his Rule 11 motion (Doc. 675).

### B. Default Judgment is Also Proper For Failure to Comply With the Court's Scheduling Order

Three months after the last warning, LGBCoin, Ltd. filed an emergency motion over a one-day extension, seeking relief that was a metaphysical impossibility. (Doc. 678.) LGBCoin Ltd. has failed to comply with the Court's deadline for the final pre-trial meeting, despite extensive coordination attempts by Plaintiffs (Doc. 680). And it has not sought an extension of this deadline after its filing was rejected, despite the Court's permission to do so. (Doc. 681).

Rule 16 permits a Court to "issue any just orders," including Rule 37 sanctions, where a party "(A) fails to appear at a scheduling or other pretrial conference;" or "(C) fails to obey a scheduling or other pretrial order." LGBCoin, Ltd. was ordered to attend a meeting to prepare a pretrial order in this matter. Plaintiffs attempted for several months to coordinate compliance, and agreed to multiple reschedulings and changes in travel plans. (Doc. 680). LGBCoin, Ltd. canceled for a final time due to its counsel's travel difficulties and sought the Court's action by noon in a filing at 3 p.m. (Doc. 681).

Lesser sanctions, including monetary sanctions in particular, will not work here. LGBCoin, Ltd. represents that it has no operations and no assets (Doc. 492-3, p. 18). The entity is being controlled and directed by Koutoulas, who has already been found to act in bad faith and with a pattern of disregarding this Court's orders. A fine against an admitted shell is not a sanction; it is a nullity. Orders imposing lesser sanctions will face the same obstinance and defiance that has marked Defendants' actions throughout this case. In light of the severity and pattern of misconduct, a lesser sanction is unlikely to work. This Court is not required to impose one first. *32′ Scorpion Go-Fast Vessel*, 339 F. App'x at 905.

## CONCLUSION

Plaintiffs respectfully request that the Court enter default judgment in Plaintiffs' favor on the Third Amended Complaint against Defendant LGBCoin, Ltd.; find LGBCoin, Ltd. acted in bad faith; award Plaintiffs the reasonable fees and costs they incurred in responding to the filings made in LGBCoin, Ltd.'s name, to be quantified in the fee petition the Court has authorized; and grant such further relief as is appropriate.

Dated: August 6, 2026        Respectfully submitted,

s/ Kevin McCormack
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin McCormack (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

| | |
|---|---|
| John T. Jasnoch (admitted *pro hac vice*) | Sean T. Masson (admitted *pro hac vice*) |
| **SCOTT+SCOTT** | **SCOTT+SCOTT** |
| **ATTORNEYS AT LAW LLP** | **ATTORNEYS AT LAW LLP** |
| 600 W. Broadway, Suite 3300 | The Helmsley Building |
| San Diego, CA 92101 | 230 Park Avenue, 17th Floor |
| Tel.: 619-233-4565 | New York, NY 10169 |
| jjasnoch@scott-scott.com | Tel.: 212-223-6444 |
| | smasson@scott-scott.com |

*Attorneys for Plaintiffs and the Class*

14

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel conferred with counsel for Defendant on August 6, 2026 regarding the relief sought by this Motion. Defendant opposes the Motion.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on August 6, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

<u>*s/ Kevin McCormack*</u>

15