Outlook

---

## Re: LGBCoin - PTO Materials

---

**From** James Koutoulas <james@koutoulaslaw.com>

**Date** Tue 8/4/2026 10:59 PM

**To** Aaron Zigler <aaron@ziglerlawgroup.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>

**Cc** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>

We'll see. Regardless there is no default against LTD, Harry is out of pocket but can confirm later that additional exhibit.

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** Aaron Zigler <aaron@ziglerlawgroup.com>
**Sent:** Tuesday, 04 August 2026 23:37:30
**To:** James Koutoulas <james@koutoulaslaw.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>
**Subject:** Re: LGBCoin - PTO Materials

A default judgment means there will be no trial and you'll need to confer over any "other motions" you intend to file.



**Aaron Zigler**
*Founder and Managing Attorney*
**Zigler Law Group, LLC**

p: (312) 673-8427
a: 308 S. Jefferson, Suite 333, Chicago, IL, 60661, USA
w: www.ziglerlawgroup.com
e: aaron@ziglerlawgroup.com

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy, distribute or use the information in this message. Important legal disclosures are contained within our Terms of Service.

Aaron Zigler is licensed in Illinois, New York, California and Missouri.

**From:** James Koutoulas <james@koutoulaslaw.com>
**Sent:** Tuesday, 04 August 2026 22:35:25
**To:** Aaron Zigler <aaron@ziglerlawgroup.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>
**Subject:** Re: LGBCoin - PTO Materials

Trial or any other motions to come

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** Aaron Zigler <aaron@ziglerlawgroup.com>
**Sent:** Tuesday, 04 August 2026 23:32:11
**To:** James Koutoulas <james@koutoulaslaw.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>
**Subject:** Re: LGBCoin - PTO Materials

Exhibits to what?



**Aaron Zigler**
*Founder and Managing Attorney*
**Zigler Law Group, LLC**
p: (312) 673-8427
a: 308 S. Jefferson, Suite 333, Chicago, IL, 60661, USA
w: www.ziglerlawgroup.com
e: aaron@ziglerlawgroup.com

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy, distribute or use the information in this message. Important legal disclosures are contained within our Terms of Service.

Aaron Zigler is licensed in Illinois, New York, California and Missouri.

**From:** James Koutoulas <james@koutoulaslaw.com>
**Sent:** Tuesday, 04 August 2026 22:21:12
**To:** Aaron Zigler <aaron@ziglerlawgroup.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>
**Subject:** Re: LGBCoin - PTO Materials

I will note your position. They are now defense exhibits.

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** Aaron Zigler <aaron@ziglerlawgroup.com>
**Sent:** Tuesday, 04 August 2026 22:52:51
**To:** James Koutoulas <james@koutoulaslaw.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; harry4334 <harry4334@hotmail.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>
**Subject:** RE: LGBCoin - PTO Materials

No, we will not be filing anything with the Court concerning your attachment. As far as I can tell, it gives rise to no duty to file anything.

On December 6, 2022, nearly four years ago, we told you in writing that Mr. DeFord "cannot fully respond to [Request No. 2] as written in the absence of a definition of those 'involved with LGBCoin or LetsGo.'"

Rule 34 puts the burden of drafting on you. A request must "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). This Court's guidance says that a request framed so broadly that the responding party must guess at what is wanted is objectionable. Middle District Discovery (2021), III.A.1.

You (or your counsel) understood that at the time. You dropped it.  There was no conferral, no deficiency letter, no Local Rule 3.01(g) conference, no motion to compel, no order. Instead, you tried to fix it. Your Second Set of RFPs, served March 21, 2023, drops "any other Person involved with LGBCoin or LetsGo" entirely and replaces it with thirty-two paired requests naming sixteen specific individuals and entities. As far as I can tell, none of the accounts Luchadude replies to in your attachment is a named Defendant or one of those sixteen individuals and entities or are otherwise someone "involved with LGBCoin or LetsGo." Assuming the posts are authentic and are Mr. DeFord's, we disagree that they are responsive to your requests as written. Nothing was improperly withheld.

You have put some version of this argument to the Court three times, and it has failed three times. As we said last time:

"Plaintiffs responded to Defendants' discovery request, objecting that Plaintiffs cannot fully respond "in the absence of a definition of those 'involved with LGBCoin or LetsGo.' ... Plaintiffs, noting their objection, then agreed to provide all records of communications with the named defendants. Defendants did not object to this response, nor did they challenge it with a motion