**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA**
**BADER and SHAWN R. KEY,**

        **Plaintiffs,**

**v.**                                **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and**
**LGBCOIN, LTD,**

        **Defendants.**
                            /

## ORDER

This cause is before the Court *sua sponte* striking Defendant Koutoulas's sur-reply. (Doc. 651).

## I.    DISCUSSION[1]

This putative class action was initiated on April 1, 2022, and arises from the creation, marketing, and sale of LGBCoin, a cryptocurrency. (Doc. 1). In response to Defendant Koutoulas's vexatious litigation, the Plaintiffs filed a Motion for Sanctions. (Doc. 614). The Defendant submitted a woefully inadequate Response, (Doc. 626), and the Plaintiffs filed a Reply. (Doc. 635). Defendant Koutoulas sought leave to file a sur-reply (Doc. 636), which the Magistrate Judge granted. (Doc. 645).

---

[1]    The lengthy factual and procedural backgrounds of this case are largely laid out in the Court's prior orders. (*See, e.g.*, Docs. 229, 354, 388, 389).

Defendant Koutoulas's motion for leave to file a sur-reply (Doc. 643) misrepresented the record to the Magistrate Judge and is, therefore, stricken. "[T]he Eleventh Circuit recognizes the appropriateness of sur-replies where new theories or arguments are presented in a reply memorandum. *Stone v. Dewey*, 2011 WL 2784595, at *5 (N.D. Fla. July 14, 2011) (citing *First Specialty Ins. Co. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788-89 (11th Cir. 2008). Here, the Plaintiffs' Reply responds only to arguments raised by Defendant Koutoulas in his Response and does not interject new theories or arguments. *See F.T.C. v. Lalonde*, 545 F. App'x 825, 836 (11th Cir. 2013) (affirming decision to strike sur-reply where party did not raise new issues in reply).

### a.    Section 1927

Defendant Koutoulas claimed in his motion for leave to file a sur-reply that the Plaintiffs raised a new legal theory that 28 U.S.C. § 1927 applies to him because he is a licensed attorney, citing ethics opinions and disciplinary cases. (Doc. 636, p. 2). This contention misstates the record. The Plaintiffs argued in their motion for sanctions that § 1927 applies to lawyers, including lawyers appearing *pro se*. (Doc. 614, p. 23). In his response, Defendant Koutoulas argued that § 1927 cannot reach him, because "the statute reaches attorneys, not parties." (Doc. 626, p. 10). Therefore, the issue of whether § 1927 reaches an attorney appearing *pro se* who also happens to be a lawyer was not raised for the first time by Plaintiffs in their reply. Rather, the Plaintiffs reply addresses Defendant Koutoulas's assertion that § 1927 does not apply to him by citing the language of the statute, "any attorney or

other person admitted to conduct cases in any court of the United States," and by noting that "*pro se*  attorneys, whose clients are themselves" are subject to disciplinary rules. (Doc. 635, pp. 5-6). The reply does not raise a new issue. The issue remained whether a *pro se* attorney falls within the reach of § 1927. This was raised in the original motion for sanctions, denied by Defendant Koutoulas in his response, and that denial was properly addressed in the reply.

###   b.      New documentary evidence: November 2021 email chain

Defendant Koutoulas asserted in his motion for leave to file a sur-reply that the Plaintiffs introduced new documentary evidence in the form of an email chain and OTC Sale Sheet. (Doc. 636, p. 2). Defendant Koutoulas failed to advise the Magistrate Judge that the Plaintiff motion for sanctions included allegations that the Defendant failed to disclose in discovery all wallets under his ownership and control. (Doc. 614, pp. 18–20). In his response, Defendant Koutoulas stated, "First, Defendant has never concealed assets. The wallet-related allegations are factually incorrect." (Doc. 626, p. 15). Defendant Koutoulas also asserted that he was "never a party to any trade with James Heckman," [and that he] "produced discussions of contemplated trades with Heckman associates Jeff Hanson and Lesley Wilhelmi, but Defendant never completed any trades with either of them." (*Id.* at 17). Plaintiffs replied to these assertions by attaching an email chain that strongly suggests the opposite. The Plaintiffs did not introduce a new issue in their reply. The issue remained whether Koutoulas concealed cryptocurrency wallets sought in discovery. The email chain is in response to Defendant Koutoulas's assertion that

he never concealed assets and never competed trades with Hanson or Wilhelmi. The Plaintiffs did not raise a new issue, theory, or argument. They responded to the Defendant's assertions to demonstrate their falsity.

### c.    New revised Undisclosed Wallet List

Defendant Koutoulas claimed that the Plaintiffs submitted a revised "Undisclosed Wallet List" that differs from the wallet list in the motion for sanctions (Doc. 636, p. 3). The Plaintiffs' reply does include a revised wallet list, but it differs from the original by removing three wallets the Defendant identified in his response as belonging to Rafael Ykobi and two that contain typographical errors. (Doc. 635, pp. 7–8). By providing a shortened list of undisclosed wallets, the Plaintiffs do not interject a new issue or theory warranting a sur-reply.

### d.    New Argument regarding Magistrate Judge Ruling

Defendant Koutoulas also argued that the Plaintiffs introduced a new argument in their reply, asserting that the Magistrate Judge's ruling on the concealment of communications only addressed conversations on Signal and not Telegram. (Doc. 636, p. 3). In their motion for sanctions, the Plaintiffs argued that Defendant Koutoulas concealed communications and destroyed Telegram messages. (Doc. 614, pp. 2, 17 n.12–13, 18). Defendant Koutoulas responded that "[t]he Telegram issue was already adjudicated by Magistrate Judge Irick." (Doc. 626, p. 13). The Plaintiffs reply sets the record straight by quoting Magistrate Jude Irick's ruling which only addressed Signal. (Doc. 635, p. 8). By responding to the

4

Defendant's mischaracterization of the Magistrate Judge's ruling, the Plaintiffs do not introduce a new issue or theory that warrants a sur-reply.

### e.  Ms. Martell and Rule 3.01(g)

Lastly, Defendant Koutoulas told the Magistrate Judge that the Plaintiffs raised a new issue or theory in their reply when they asserted that Defendant's former counsel, Ms. Martell, did not respond to Plaintiffs' meet and confer obligation pursuant to Local Rule 3.01(g). (Doc. 636, p. 3). However, the Plaintiffs stated in their motion for sanctions that they attempted to confer with the Defendant and his former counsel, pursuant to Rule 3.01(g), and neither cooperated. (Doc. 614, p. 27). In his response, Defendant Koutoulas claimed that "[a] meaningful good faith conferral … was *impossible* because Defendant was in the process of losing counsel." (Doc. 626, p. 7) (emphasis added). In their reply, the Plaintiffs demonstrate that conferral was not "impossible," because the Plaintiffs asked Ms. Martell if she intended to respond to the sanctions motion, and she declined to do so absent a Court Order. (Doc. 635, pp. 2–3). In the conclusion, Plaintiffs state that "[a]s to Ms. Martell, who did not respond, the Motion should be granted as unopposed under Local Rule 3.01(c) (sic)[2] (Doc. 635, p. 10). The issue of whether Defendant Koutoulas or his former counsel conferred under rule 3.01(g) was thoroughly discussed in the motion for sanctions and the response.  To the extent that Plaintiffs' contended that the motion for sanctions

---

[2]  Local Rule 3.01(d) provides, "If a party fails to timely respond, the motion is subject to treatment as unopposed."

should be granted as unopposed as to Ms. Martell due to her failure to respond, it was impossible for the Plaintiffs to seek this relief in their motion, since the failure of Ms. Martell to respond had not yet materialized. Furthermore, the Plaintiff sought sanctions against Ms. Martell under § 1927 for fees and costs. The Plaintiffs did not raise a new theory or issue as to Defendant Koutoulas by seeking sanctions against Martell as unopposed. Defendant Koutoulas did respond, so Plaintiffs' Rule 3.01(d) argument is not directed at him and does not warrant a sur-reply.

## IV.   CONCLUSION

For these reasons, Defendant Koutoulas's Motion for Leave to file a sur-reply (Doc. 636) was based on a misrepresentation of the record, and his sur-reply (Doc. 651) is **STRICKEN.**

**DONE AND ORDERED** in Orlando, Florida on August 7, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties