UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-652-PGB-DCI |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | |
| JAMES KOUTOULAS and LGBCOIN, LTD, | |
| Defendants. | |

**DEFENDANT JAMES KOUTOULAS'S EMERGENCY MOTION
FOR A FURTHER LIMITED EXTENSION
OF THE COMPLIANCE DATE**

**NATURE OF THE EXIGENCY AND DATE RULING REQUESTED**

Pursuant to Local Rule 3.01(e), Defendant states the following. The compliance date for the compelled-statement provision of Doc. 658, as most recently extended by this Court, is today, August 7, 2026, at 5:00 p.m. Two developments occurred today, after the current date was set. First, the Clerk of the Supreme Court of the United States advised that Defendant's application for a stay has been received and docketed as No. 26A171, and

1

that the application, the supplemental brief, and Defendant's letter would be submitted to Justice Thomas. Second, the Eleventh Circuit denied Defendant's Emergency Motion for a Stay Pending Appeal. Order, No. 26-12606, Doc. 18 (11th Cir. Aug. 7, 2026). Defendant files this motion promptly. Because the compliance date is today, Defendant respectfully requests a ruling today, or as soon thereafter as the Court is able.

## I. RELIEF REQUESTED

Defendant respectfully requests a further limited extension of the date by which he must post the Notice Regarding Class Action set forth in Doc. 658 paragraph 1, to and including August 21, 2026, or until the Supreme Court acts on Application No. 26A171, whichever occurs first.

Defendant does not seek reconsideration of Doc. 658, of Doc. 662, or of any other order. He seeks additional time only.

## II. WHAT HAS CHANGED SINCE DOC. 683

When Defendant filed Doc. 683 on August 4, 2026, no application was pending in the Supreme Court. One is now pending, and it is directed to the same provision. An application under 28 U.S.C. section 2101(f) and

2

Supreme Court Rule 23 is the last avenue available to Defendant. If the provision is complied with before that application is decided, there will be nothing left for the Circuit Justice to act upon.

Defendant recognizes that neither this Court nor the Eleventh Circuit has found a stay warranted. He does not ask this Court to revisit that determination. He asks only that the compliance date be set far enough out that the pending application is not rendered academic by the passage of a single afternoon.

## III. THE HARM RUNS IN ONE DIRECTION ONLY

The relief at issue is not the payment of money or the production of a document. It is a court-ordered statement, in Defendant's own name, on channels where Defendant is known to the audience. A statement of that kind, once published, cannot be withdrawn. The Supreme Court has observed that courts "cannot always 'unring the bell' once the information has been released." *Maness v. Meyers*, 419 U.S. 449, 460 (1975).

This Court recognized the same asymmetry at the show cause hearing. Addressing Defendant's First Amendment argument, the Court

observed: "Maybe it's a First Amendment right to speak not to say anything." Doc. 569 at 32:6-7. Defendant does not cite that observation for more than it says. He cites it because it identifies precisely the interest that a brief extension preserves and that compliance extinguishes.

On the other side of the ledger, Defendant is aware of no prejudice that a two-week extension would cause. The period for class members to opt out or request exclusion has closed. Plaintiffs advised the Eleventh Circuit that this Court noted that no class member had opted out as a result of Defendant's commentary. Nothing in the record identifies a class member who was misled, a deadline that would be missed, or a step in the notice program that would be delayed.

## IV. A RECORD MATTER BEARING ON THE BALANCE

Defendant raises the following only because it bears on how the equities are weighed during a short extension. He does not ask this Court to revisit Doc. 658 in this motion, and he reserves the argument for the Eleventh Circuit in No. 26-12606.

Doc. 658 at 2 n.2 states that "the Court directed Mr. Koutoulas to 'make no statement contrary to the provision of the Class Notice regarding this case or the subject matter thereof to any Class Member,'" citing Doc. 460 at 11 to 12 and Doc. 534 at 12. The quoted language appears in Doc. 460, which is Plaintiffs' motion. It does not appear at Doc. 534 page 12, and the words "contrary" and "subject matter" do not appear anywhere in Doc. 534. Doc. 534 paragraph 6 states that Plaintiffs' motion "is DENIED in all other respects."

Two rules bear on that sequence. An order limiting communications between a party and potential class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). And Federal Rule of Civil Procedure 65(d)(1)(C) requires that an order granting an injunction "describe in reasonable detail, and not by referring to the complaint or other document, the act or acts restrained or required."

Defendant states this without characterization. Whether it has merit is for the Eleventh Circuit. Its relevance here is narrow: it is a question that has been raised, it is now before an appellate court, and it counsels against requiring an irreversible act while it is pending.

## V. CONCLUSION

Defendant respectfully requests a further limited extension of the compliance date for the compelled-statement provision of Doc. 658 paragraph 1, to and including August 21, 2026, or until the Supreme Court acts on Application No. 26A171, whichever occurs first. Defendant remains prepared to comply with any order this Court enters and does not seek relief from the provision itself in this motion.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), and as this Court directed at Doc. 621, the undersigned attempted to confer with counsel for Plaintiffs by telephone on August 7, 2026 regarding the relief sought in this Motion. As Local Rule 3.01(g)(2)(B) requires, the undersigned states whether the parties agree on the resolution of all or part of the Motion. Given the

compliance deadline of 5:00 p.m. today, the undersigned files this Motion without having completed conferral, and will supplement this certification promptly under Local Rule 3.01(g)(3).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com