UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS and LGBCOIN, LTD, | |
| Defendants. | |

## DEFENDANT JAMES KOUTOULAS'S NOTICE OF COMPLIANCE UNDER PROTEST AND RESERVATION OF RIGHTS

Defendant James Koutoulas respectfully notifies the Court that he has caused the Notice Regarding Class Action set forth in paragraph 1 of Doc. 658 to be posted, and reports the circumstances of that posting fully and without omission.

## I. WHAT WAS POSTED, WHERE, AND WHEN

1. Paragraph 1 of Doc. 658 directs that Defendant "shall post, or cause to be posted, on LGBCoin Telegram and Discord Channels, the

1

LGBCoin website, and the LGBCoin subreddit page" the Notice Regarding

Class Action set forth in that paragraph.

2.  On August 7, 2026, Defendant caused the Notice Regarding Class

Action to be posted on three of the four channels. The text of the Notice

itself was posted word for word as set forth in Doc. 658 paragraph 1. Not

one word of the Notice was added, omitted, or altered.

3.  Paragraph 1 of Doc. 658 permits Defendant either to post the

Notice himself or to cause it to be posted. Defendant elected the latter, for

the reason stated in paragraph 9 below. He transmitted the text of the

Notice to an administrator of the LGBCoin channels, who published it to

each platform in turn:

a.  LGBCoin Telegram Channel, posted at approximately 5:04 p.m.

Eastern. Screenshot attached as Exhibit A.

b.  LGBCoin subreddit page, r/LGBcoin_io, posted at approximately

5:13 p.m. Eastern. Copy attached as Exhibit B.

c.  LGBCoin Discord Channel, posted at 5:34 p.m. Eastern. Screenshot

attached as Exhibit C.

2

4.  Defendant reports that the postings occurred shortly after the 5:00

p.m. compliance deadline. At 4:55 p.m. Eastern, Defendant filed an

Emergency Motion for a Further Limited Extension of the Compliance

Date. Doc. 698. Defendant waited to learn whether that motion, or the

application pending in the Supreme Court as No. 26A171, would be acted

upon before the deadline. When neither had been, Defendant proceeded.

Because the postings were routed through a single administrator, who had

to publish to one platform at a time, they occurred in sequence rather than

at once. That accounts for the interval between 5:00 p.m. and the times set

out above. Separately, the LGBCoin website is maintained by a different

group, and Defendant transmitted his request to that group as described in

Part III below.

## II.  THE PREFATORY SENTENCE

5.  Each posting was preceded by a single sentence identifying the

speaker and the circumstances of the posting. Defendant reports it

verbatim.

6. On Telegram, the administrator wrote: "Hi everyone posting this for James under protest while he waits for appellate and supreme court to rule on what he believes to be an unconstitutional order-"

7. On the subreddit and on Discord, the administrator wrote: "This is posted under protest on behalf of James Koutoulas pending his appeals to its unconstitutionality"

8. Defendant does not attribute that sentence to anyone else. He asked that it be included. He reports it here rather than leaving it to be discovered.

9. Defendant also elected to cause the Notice to be posted rather than to post it himself, as paragraph 1 of Doc. 658 expressly permits. Defendant could have posted it himself. The Notice is written in the first person and includes an expression of regret and an apology. Defendant objects to being compelled to make that statement, and that objection is now before the Eleventh Circuit and the Supreme Court. He did not wish to publish the compelled statement from his own account while its lawfulness is under review. Nothing was withheld by that choice. The Notice appeared

4

in full, in the first person, on every channel, and identified Defendant by name.

10.  Defendant included the prefatory sentence for a related reason. He is required by Doc. 658 to publish a statement in the first person expressing regret, apology, and respect. Two courts are presently considering whether that requirement may lawfully be imposed. His appeal is pending in the Eleventh Circuit as No. 26-12606, in which that court held on August 3, 2026 that the portion of Doc. 658 requiring a retraction is appealable. His application for a stay is pending in the Supreme Court of the United States as No. 26A171 and has been submitted to Justice Thomas. Publishing a compelled first-person statement without any indication that it is compelled would convey to readers that the statement is volunteered and that the question is settled. Neither is so.

11.  Defendant respectfully submits that the sentence differs in kind from the conduct addressed in Doc. 658. It says nothing about the impartiality of the Court. It says nothing about the merits of Plaintiffs' claims, the Securities Act, or any regulator. It does not mention opt out,

exclusion, or any deadline, and it does not suggest that any person should take or refrain from taking any step. It reports the procedural posture and nothing else. The Notice itself follows immediately, complete and unaltered, including the sentences directing readers to the Long Form Notice, to the Notice Administrator, and to Class Counsel.

12.  Defendant is aware that the Court has stated that the Notice was to be posted "full stop." He does not offer the foregoing as a certainty that he has read that direction correctly. He offers it as the reason he acted as he did, and he reports the facts so that the Court may judge them.

13.  If the Court concludes that the prefatory sentence is inconsistent with Doc. 658, Defendant will ask for it to be removed from all three channels immediately upon being so advised, without the need for further proceedings, and will file confirmation of the removal the same day.

## III.  THE LGBCOIN WEBSITE

14.  Defendant does not control the LGBCoin website, as he testified at the show cause hearing. Doc. 569 at 21:10-14. The website is maintained

by a media group separate from the administrator who posted to the three channels identified above, and Defendant has no posting access to it.

15. At approximately 5:06 p.m. Eastern on August 7, 2026, Defendant transmitted the full text of the Notice to that team and asked that it be posted on the website. A screenshot of that request is attached as Exhibit D. As of the filing of this Notice, the team has not responded and the Notice has not appeared on the website.

16. Defendant will continue to follow up and will file a supplement promptly upon confirmation that the posting has occurred, or promptly advise the Court if the team declines or fails to act.

## IV. COMPLIANCE IS UNDER PROTEST

17. Defendant complied to purge any claim that he stands in contempt of this Court. He did not comply because he agrees that the compelled statement is lawful, and the statement does not reflect his own view.

## V.  RESERVATION OF RIGHTS

18.  By complying, Defendant does not waive, abandon, forfeit, or in any respect diminish any right, objection, defense, or argument. Without limitation, Defendant reserves:

a.  every objection to Doc. 658 and to the compelled-statement provision, including those raised in his motions for a stay, in Doc. 683, in Doc. 698, and in his filings in No. 26-12606 and No. 26A171;

b.  every argument that the compelled-statement provision is invalid, was entered without the predicate the law requires, or exceeds the Court's authority;

c.  his appeal in No. 26-12606 and his application in No. 26A171, neither of which is withdrawn, narrowed, or rendered academic by this compliance;

d.  every right to seek vacatur of the compelled-statement provision and appropriate relief from its consequences in any court with jurisdiction to grant it; and

e.  every objection preserved on the record at the show cause hearing.

19.  Nothing in this Notice, and nothing in the act of compliance it reports, is an admission of any fact, a concession of any legal proposition, or an acquiescence in any finding.

## VI.  NO RELIEF REQUESTED

20.  This is a notice. Defendant requests no relief in this filing. He asks only that the Court note the foregoing on the docket, and he stands ready to act at once on any direction the Court gives regarding paragraph 13 above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2026, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will

serve all counsel of record.


Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com