**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DEFORD, et al, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT KOUTOULAS'S MOTION**
**TO COMPEL COMPLIANCE WITH LOCAL RULE 3.03**

Koutoulas asks this Court to order Plaintiffs to do something no rule requires. Local Rule 3.03 requires disclosure of an entity or person who is "not a party or counsel of record" and who holds "an interest the action's outcome might substantially affect." (Doc. 677-1). What Koutoulas wants is what he's wanted since 2022: the business financing arrangements of Plaintiffs' counsel's law firms.

Koutoulas has told this Court for three years that someone he cannot name is directing this case against him for political reasons. He has described Plaintiffs as "funded by an anonymous litigation funder" (Doc. 637 at 11), called this action "needless harassment in furtherance of a negative political campaign advertisement cloaked as a lawsuit" (Doc. 271 at 3), and now tells the Court that

1

"the real parties in interest remain concealed" (Doc. 673 at 2). The motion is built entirely on that suspicion. It is also an impermissible collateral attack on this Court's contempt order and default judgment, and it continues the pattern of vexatious litigation that this Court sanctioned on August 4, 2026.  It should be denied.

## I.    Local Rule 3.03 Does Not Require Plaintiffs to Disclose Litigation Financing.

Local Rule 3.03 directs each filer to "[i]dentify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect." (Doc. 677-1). Koutoulas claims this requires the disclosure of the business financing arrangements of Plaintiffs' counsel's law firms.  It does not.

The districts that require funder disclosure amended their rules to say so. The Northern District of California now provides that its interested-persons certification "includes an individual or entity (other than a party or its counsel of record) that provides funding for the litigation and that has a financial interest in the outcome of the litigation." N.D. Cal. Civil L.R. 3-15(b)(2). The District of New Jersey enacted Local Civil Rule 7.1.1 to the same end. A rule that already required funder disclosure would not need amending to require it. The Middle District has

enacted no such rule, and it revised this very form in January 2026 without adding a word about funders.

Koutoulas's own lead case confirms this. He cites *Gbarabe v. Chevron Corp.* for a Rule 26 ruling ordering a funding agreement produced — on a record where the plaintiff conceded relevance and asserted no privilege. (Doc. 673 at 6). Asked in the same order whether that district's interested-persons rule itself reached litigation funders, the court refused to answer, deferring the question pending a proposed rule revision. *Gbarabe v. Chevron Corp.*, 2016 WL 4154849 (N.D. Cal. Aug. 5, 2016). The Northern District then amended the rule. Koutoulas asks this Court to supply by construction what his own authority said would take an amendment. This Court should decline as "Federal judges are not in the business of creating public policy for new developments in litigation that might be disfavored. That role falls to Congress, whose job it is to write the statutes and rules that govern federal litigation." *In re Turkey Antitrust Litig.*, 789 F. Supp. 3d 648, 650 (N.D. Ill. 2025). Local Rule 3.03 reaches an interest the action's outcome "might substantially affect." (Doc. 677-1). Construing that same phrase in 28 U.S.C. § 455(b)(4) — the statute Koutoulas invokes (Doc. 673 at 3) — the Eleventh Circuit adopted the formulation that "substantial" "should probably be read to depend on the

3

interaction of two variables: the remoteness of the interest and its extent or degree." *In re Moody*, 755 F.3d 891, 897 (11th Cir. 2014) (citation modified). A commercial lender to a law firm, whose repayment turns on the firm's own obligation rather than on this action's outcome, is remote on both axes. The form also excludes "counsel of record" outright, and counsel's firms are what this record has always described: "counsel's businesses' financing arrangements." (Doc. 214 at 1-2, quoted at Doc. 673 at 4).

## II.    The Motion Is an Impermissible Collateral Attack on the Contempt Order and Continues Sanctioned Conduct.

Whatever caption Koutoulas gives it, the motion is functionally an attempt to relieve him of the fee sanction this Court has already imposed. The Sanctions Order authorized Plaintiffs to apply for attorneys' fees and expressly limited Defendants to contesting "the reasonableness (not entitlement to) of the costs and fees." Doc. 658 at 9. A motion that seeks to extinguish the fee award by demanding disclosure of who paid the fees is not a challenge to reasonableness; it is a challenge to entitlement, which this Court has already resolved. A contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed. *See CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1531 (11th Cir. 1992) (noting that a contempt proceeding does not open to

4

reconsideration the legal or factual basis of the order alleged to have been disobeyed). Koutoulas's unclean hands argument (Doc. 673 at 8) fails at the threshold: a contemnor may not invoke equity against the very order he violated. *SEC v. Lauer*, 445 F. Supp. 2d 1362, 1366-67 (S.D. Fla. 2006).

The motion also continues the pattern of vexatious litigation this Court sanctioned on August 4, 2026. Doc. 682 entered default judgment against Koutoulas and authorized fees under 28 U.S.C. § 1927 based on, among other things, his "campaign of delay and obfuscation" and the recycling of arguments "repeatedly rejected by the Court." Doc. 682 at 19. This motion recycles and reasserts the denied arguments from the Rule 11 sanctions motion. *See* Doc. 637 (motion); 675 (order denying it). It should be rejected as such. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (courts have inherent power to sanction bad-faith conduct that abuses the judicial process).

## III.    The Motion Is a Back Door to Discovery Koutoulas Sought, Received, and Abandoned.

Koutoulas served interrogatories in 2022 asking Plaintiffs to "list each entity from which you have received litigation funding and/or financial assistance for this legal action and the beneficial owners." On January 17, 2023, De Ford and Bader answered without objection: "Plaintiff's costs for this action are being

5

advanced by Plaintiff's counsel." He served the identical interrogatory on Shawn Key in 2024 and received the identical answer on September 18, 2024. He never sent a deficiency letter, never conferred about the answers, and never moved to compel.

His counsel questioned every Plaintiff about litigation funding in their depositions. Bader testified that "[m]y attorneys" were supporting the costs. (Doc. 403-2 at 77:13-15). DeFord answered, "No. Only my attorneys are paying for this." (Doc. 403-1 at 111-12). Key testified that he had never spoken to a funder and knew of none. Koutoulas already has the answer to the question his motion purports to ask now. Three Plaintiffs confirmed under oath that no third-party funder exists. He served interrogatories on the same subject, received the same answer, and never moved to compel any of it. The motion does not seek compliance with a disclosure rule; it seeks a second bite at discovery he chose not to pursue.

Koutoulas now argues that (1) a privilege log establishes that a funder exists and (2) that identity cannot hide behind privilege. (Doc. 673 at 4–6). Neither premise holds. The log he relies on (Doc. 673-1) logged documents relating to "Litigation and operational financer(s)"—his brief quotes it throughout as "litigation financer", silently dropping the word "operational." The complete

6

phrase describes the ordinary commercial financing that counsel's firms maintain as businesses. This is the same financing Plaintiffs' counsel described to this Court as "counsel's businesses' financing arrangements." (Doc. 214 at 1–2). A privilege log is a procedural mechanism for identifying withheld documents, not a judicial admission.   To be binding, a judicial admission must be "unequivocal" and "unambiguous." *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1233 (M.D. Fla. 2018) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). The log is not a judicial admission. It does not establish what any document says, and it says nothing about whether a case-specific funder with a contingent interest in this litigation's outcome exists.

Koutoulas also claims that the privilege cannot shield a funder's identity from Local Rule 3.03. (Doc. 673 at 5–6). That argument presupposes that the rule requires the disclosure in the first place. As shown above, it does not. The existence of a privilege log entry does not expand the scope of the disclosure obligation; it records what documents were withheld in a discovery dispute between different parties that was resolved without any order of production.

When Koutoulas did move to compel discovery aimed at class counsel, this Court denied it. In November 2024 he moved to compel Plaintiffs' counsel's

advertising records, on the theory that they bore on counsel's adequacy under Rule 23(g). (Doc. 410). Magistrate Judge Irick denied the motion as untimely and held the material "not relevant or proportional to the needs of the case considering the conclusion of class certification briefing." (Doc. 432 at 1). This motion runs the same adequacy theory at the same target twenty months later. (Doc. 673 at 6). It is still untimely.

Koutoulas further claims that his motion "seeks compliance with the disclosure command, not discovery." (Doc. 673 at 3). Not so. The order he requests would compel Plaintiffs to identify a nonparty and to state "the nature of that interest." (Doc. 673 at 9). That is what former defendant Norden sought by motion to compel in March 2023 before withdrawing it a month later. (Docs. 208, 214, 241, 242; Doc. 673-1). A motion requesting that a party produce facts it has declined to produce is a discovery motion, whatever the caption says. Fact discovery closed years ago; Koutoulas does not move to reopen it and offers no reason for waiting three and a half years. *See Prudential Ins. Co. of Am. v. Gardina*, 2024 WL 3090671, at *3 (M.D. Fla. June 20, 2024) (denying a motion to compel where the movant "inexplicably waited a month and a half to file the [m]otion" and "presented no good reason for doing so").

8

## IV.    The Information Koutoulas Seeks Is Speculative and Bears on Nothing the Court Must Decide.

Plaintiffs objected to this discovery as irrelevant in January 2023, and the objection was right then and remains right now. "The involvement of a litigation funder is not, in and of itself, indicative of an improper motivation." *In re Int'l Oil Trading Co.*, 548 B.R. 825, 838 (Bankr. S.D. Fla. 2016). Financing bears on a class action only where the movant makes "a sufficient showing that a non-party is making ultimate litigation or settlement decisions, the interests of plaintiffs or the class are sacrificed or are not being protected, or conflicts of interest exist"; absent that showing, the discovery is "irrelevant to the claims and defenses in the case" and "a side issue." *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615-16 (D.N.J. 2019). Koutoulas identifies no decision in this case made by anyone but Plaintiffs and their counsel.

Nothing else in the motion supplies the missing relevance. This Court resolved adequacy at certification. As a defaulted defendant, Koutoulas has no standing to raise adequacy challenges. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Courts in this district apply a two-part adequacy inquiry: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately

9

prosecute the action." *Chianne D. v. Weida*, 2024 WL 1743334, at *22 (M.D. Fla. Apr. 23, 2024) (citing *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)). "Litigation and operational" financing bears on neither prong. Rule 23 requires class representatives to demonstrate that they will vigorously prosecute the action by providing adequate financing and competent counsel, not that they personally bore the litigation costs. *See Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1314-15 (M.D. Fla. 2000).

The fee application argument fares no better. The Court's Order (Doc. 658 at 9) limits Defendants' response to "the reasonableness (not entitlement to) of the costs and fees," and none of the contempt authorities Koutoulas cites requires a movant to prove who advanced the money to its lawyers. After all, recovery of attorneys' fees is permitted even when the client's attorney has received payment from another source. *See Schafler v. Fairway Park Condo. Ass'n*, 147 F. App'x 113, 114-15 (11th Cir. 2005).

## CONCLUSION

Plaintiffs respectfully request that the Court deny Koutoulas's motion.


Dated: August 10, 2026


Respectfully submitted,

10

/s/ Aaron M. Zigler
Aaron M. Zigler (admitted pro hac vice)
Kevin McCormack (admitted pro hac vice)
Nidya S. Gutierrez (admitted pro hac vice)
Zigler Law Group, LLC
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com

John T. Jasnoch (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW
LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

Sean T. Masson (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW
LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Counsel for Plaintiffs and the Proposed
Class*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

/s/ Aaron M. Zigler
Aaron M. Zigler