# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DEFORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| KOUTOULAS, et al., | |
| Defendants. | |

## DECLARATION OF SEAN MASSON IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS INCURRED IN RESPONDING TO DEFENDANTS' CONTEMPT VIOLATIONS

1.    I, Sean T. Masson, declare pursuant to 28 U.S.C. §1746 as follows:

## I.    BACKGROUND AND QUALIFICATIONS

2.    I am a Partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott"), co-counsel for Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key ("Plaintiffs") in the above-captioned action.  I submit this Declaration in support of Plaintiffs' Application for Attorneys' Fees and Costs Incurred in Responding to Defendant Koutoulas's Contempt Violations (the "Application"), filed pursuant to the Court's Order dated July 23, 2026 (Doc. 658) (the "Contempt Order").  I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently testify thereto.

1

3. I am an attorney admitted to practice in New York. I received my J.D., cum laude, from Hofstra University School of Law in 2009, where I served as Senior Notes and Comments Editor of the Hofstra Law Review and received the 1L Excellence in Torts award. I received my B.A., summa cum laude, from Queens College in 2006. I was admitted to practice before the United States District Court for the Middle District of Florida pro hac vice on October 19, 2022 (Doc. 104). I have been actively involved in the prosecution of this action since its inception and personally supervised and performed the Scott+Scott work reflected in this Application.

4. I have extensive experience in complex class action litigation, including securities class actions, consumer fraud cases, and cryptocurrency-related litigation. Notable matters in which I have served in a leadership role include: *Roberts v. Ehrlich*, No. 1:22-cv-09590-PKC (S.D.N.Y.) (cryptocurrency securities class action arising from the collapse of Voyager Digital cryptocurrency platform, in which Scott+Scott served as lead counsel, I personally billed 556.30 hours, and the Court granted final approval of a $6.5 million class settlement in 2024); *Combs v. SafeMoon LLC*, No. 2:22-cv-00642-DBB-JCB (D. Utah) (cryptocurrency securities class action

2

in which Scott+Scott serves as lead counsel and preliminary approval of a $12 million class settlement has been obtained); and other complex class actions in federal courts across the country.

5.      Prior to entering private practice, I served as an Assistant District Attorney in the Manhattan District Attorney's Office, where I successfully argued more than 40 appeals in state and federal courts.

## II.    SCOTT+SCOTT'S INVOLVEMENT IN THE CONTEMPT PROCEEDINGS

6.      Scott+Scott served as co-counsel for Plaintiffs in responding to Defendant Koutoulas's violations of the Court's Order approving the Class Notice Plan (Doc. 534) (the "Notice Order") and the Court's Order to Show Cause (Doc. 539) (the "OSC"), resulting in the Court's civil contempt finding set forth in the Contempt Order.  The Court found Defendant Koutoulas in civil contempt on three grounds: (1) intentionally modifying the Court-approved class notice to disparage the Court and encourage opt-outs; (2) failing to provide the Notice Administrator (Angeion) with class member contact information; and (3) failing to provide a true and accurate copy of LGBCoin's Discord commentary.  *See* Contempt Order at 7-8.

7.    Scott+Scott's work in the contempt proceedings included, among other things: investigating Defendant Koutoulas's modifications to the Court-approved class notice and his failure to provide required class member contact information; researching and drafting Plaintiffs' Notice to the Court Regarding Notice to the Class (Doc. 538); researching civil contempt law, available sanctions, and corrective notice procedures; preparing for and attending the January 16, 2026 evidentiary hearing; reviewing and analyzing Defendant Koutoulas's Discord commentary and related Telegram records; and drafting Plaintiffs' proposed contempt order.

## III.    QUALIFICATIONS OF SCOTT+SCOTT TIMEKEEPERS

### A. <u>Sean T. Masson</u>

8.    My background and qualifications are set forth above. My current billing rate of $975 per hour is consistent with my experience, the complexity of this litigation, and prevailing market rates in the Orlando Division for attorneys of comparable skill and experience in complex class action matters. My rate of $975 per hour has been submitted to and accepted by courts in comparable cryptocurrency securities class actions. In *Roberts v. Ehrlich*, No. 1:22-cv-09590-PKC

(S.D.N.Y. 2024), a class action arising from the collapse of the Voyager Digital cryptocurrency platform, I billed 556.30 hours at my rate of $975 per hour as part of Scott+Scott's total lodestar of $1,366,814.50, which the Court found reasonable and approved. Similarly, Ms. Chadwick's rate of $625 per hour was submitted to and accepted by the Court in *Roberts v. Ehrlich* on 76.40 hours of work. *See* Decl. of Daryl F. Scott, ECF No. 100-2, Ex. A (Aug. 27, 2024). My rate of $975 per hour is also squarely within the middle of the M.D. Fla. PSLRA securities class action partner rate range of $800 to $1,425 per hour that Senior United States District Judge Timothy J. Corrigan of this Court found "fair and reasonable" and "consistent with awards in similar cases" in *Lemen v. Redwire Corp.*, No. 3:21-cv-01254-TJC-PDB, ECF No. 221, ¶¶ 4–5(g) (M.D. Fla. Aug. 18, 2025). My $975 rate also matches exactly the partner rate submitted without objection by Levi & Korsinsky, LLP and subsequently approved in *Edge v. Tupperware Brands Corp.*, No. 6:22-cv-01518-LHP, ECF No. 191-3 (M.D. Fla. Apr. 7, 2026), a contemporaneous Orlando Division securities class action. *See* ¶ 21–22, *infra*.

B. <u>Mollie E. Chadwick</u>

5

9.      Mollie E. Chadwick is an Associate at Scott+Scott.  She was admitted to the California Bar in 2019 and has six years of litigation experience, concentrating in complex class action litigation.  Ms. Chadwick recently had a leading role in *Boston Retirement System v. Uber Technologies,* Case No. 3:19-cv-06361 (N.D. Cal., Dec. 4, 2024), a complex securities matter that settled for $200 million.  In connection with *Uber Technologies,* Ms. Chadwick billed 1,421.50 hours at her rate of $625 per hour, which was approved.  Her billing rate of $625 per hour is reasonable and consistent with prevailing market rates for associates of her experience in the Orlando Division.

## IV.    SCOTT+SCOTT'S BILLING PRACTICES

10.      Scott+Scott maintains contemporaneous time records for all professionals working on client matters.  All time entries submitted in connection with this Application were recorded contemporaneously and reflect time actually expended on tasks directly related to responding to Defendant Koutoulas's contempt violations.

11.      Scott+Scott's billing rates are established by firm management based on a review of market rates for attorneys of comparable experience and skill in complex class action litigation, rates approved by courts in prior matters, and rates

6

negotiated in co-counsel agreements.  The rates set forth herein are the rates actually maintained by Scott+Scott for its professionals and reflect the rates that would be charged to fee-paying clients for work of this nature.

## V. SCOTT+SCOTT'S FEES AND HOURS INCURRED IN THE CONTEMPT PROCEEDINGS

12. Attached hereto as Exhibit A is a true and correct copy of Scott+Scott's billing records for the time its professionals spent in connection with the contempt proceedings that are the subject of this Application.  These records document time expended during the period from December 28, 2025 through January 20, 2026.

13. In the exercise of billing judgment, Scott+Scott excluded from this Application 7.9 hours of travel time, 1.7 hours of overlapping trial preparation time, and 0.5 hours of clerical entries—a total reduction of 10.1 gross hours.  Scott+Scott's gross recorded hours for the contempt proceedings were 59.0; the hours submitted in this Application reflect post-billing-judgment hours.

14. After the exercise of billing judgment, Scott+Scott's fees for the contempt proceedings are as follows:

| Professional | Title | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Sean T. Masson | Partner | $975 | 39.2 | $38,220.00 |
| Mollie E. Chadwick | Associate | $625 | 9.7 | $6,062.50 |
| **Total** | | | **48.9** | **$44,282.50** |

7

15.     I have personally reviewed each of the billing entries submitted in connection with this Application.  Each entry was recorded contemporaneously, reflects time actually expended on tasks directly related to responding to Defendant Koutoulas's contempt violations, is of the kind and character that Scott+Scott normally bills to fee-paying clients, and was reasonably necessary to give Plaintiffs the best possible opportunity to prevail in the contempt proceedings.  I have removed any entries that were duplicative, excessive, unproductive, or clerical in nature.

16.     I verify that the billing rates set forth in Table A reflect the rates actually maintained by Scott+Scott for its professionals, that I have personally reviewed all time entries submitted herewith, and that I have removed entries that I determined to be unreasonable.

## VI.    SCOTT+SCOTT'S EXPENSES INCURRED IN THE CONTEMPT PROCEEDINGS

17.     Attached hereto as Exhibit B is a true and correct copy of Scott+Scott's expense records for costs incurred in connection with the contempt proceedings. These expenses were reasonably and necessarily incurred in connection with the January 16, 2026 evidentiary hearing in Orlando, Florida, and are of the type that Scott+Scott includes in a bill for professional services and that are not absorbed as

8

firm overhead. All expense entries were verified against the American Express invoice (Invoice No. 010051805073-20260128-A, card ending …4800) for Sean T. Masson's travel to Orlando.

18. Scott+Scott's expenses are summarized as follows:

| Expense | Amount |
|---|---|
| Airfare (New York to Orlando, round trip) | $855.29 |
| Local ground transportation (taxi and rideshare) | $191.37 |
| Hotel lodging (Orlando) | $269.88 |
| Meals | $62.67 |
| **Total** | **$1,379.21** |

## VII.   MARKET RATE EVIDENCE

19. The rates requested by Scott+Scott are consistent with prevailing market rates for attorneys of comparable skill, experience, and reputation in the Orlando Division of the Middle District of Florida. The following survey evidence and court acceptance confirm the reasonableness of the requested rates.

20. Courts in the Middle District of Florida, and in Florida generally, have repeatedly approved hourly rates comparable to, and higher than, the rates requested here in complex securities class actions. For example, in *Theodore v. Pure-Cycle Technologies, Inc.*, a securities class action, (No. 6:21-cv-00809-PGB-RMN (M.D. Fla.)), this Court approved an award of $4,000,000 in attorneys' fees. In support of that award, lead counsel Pomerantz LLP submitted a lodestar reflecting

hourly rates ranging from $975 to $1,325 for its partners and $450 to $625 for its associates. That submission included a partner billed at $975 per hour and an associate billed at $625 per hour, the same rates requested for Mr. Masson and Ms. Chadwick here. *See* ECF No. 218 (lodestar declaration) and attached hereto as Exhibit C; ECF No. 224 (order awarding fees) and attached hereto as Exhibit D (M.D. Fla. Oct. 8, 2024).

21.    Likewise, in *Lemen v. Redwire Corp.*, No. 3:21-cv-01254-TJC-PDB (M.D. Fla.), the Court approved an award of attorneys' fees equal to 30% of the $8,000,000 settlement fund, or approximately $2.4 million. In support, lead counsel Hagens Berman Sobol Shapiro LLP submitted a lodestar reflecting hourly rates ranging from $800 to $1,425 for its partners and $525 to $575 for its associates, and liaison counsel Buckner + Miles submitted a partner rate of $1,250 per hour. *See* ECF No. 217 (fee declarations) and attached hereto as Exhibit E; ECF No. 221 (order awarding fees) and attached hereto as Exhibit F (M.D. Fla. Aug. 18, 2025).

22.    Similarly, in *Edge v. Tupperware Brands Corp.*, No. 6:22-cv-01518-LHP (M.D. Fla.), another securities class action in this Division, the Court approved an award of attorneys' fees of one-third of the $21,750,000 settlement fund, or

$7,264,500.  In support, co-lead counsel Pomerantz LLP submitted a lodestar reflecting hourly rates ranging from $1,150 to $1,375 for its partners and $575 to $650 for its associates; co-lead counsel Levi & Korsinsky, LLP submitted a lodestar reflecting hourly rates ranging from $975 to $1,075 for its partners and $475 to $600 for its associates; and local counsel Cullin O'Brien Law, P.A. submitted a partner rate of $1,000 per hour.  Those submissions included a partner billed at $975 per hour and an associate billed at $625 per hour, the same rates requested for Mr. Masson and Ms. Chadwick here.  *See* ECF No. 191-3 (fee declarations) and attached hereto as Exhibit G; ECF No. 193 (order awarding fees) and attached hereto as Exhibit H (M.D. Fla. Apr. 7, 2026).

23.     Florida federal courts outside this District have approved comparable rates as well.  In *City of Atlanta Police Officers' Pension Plan v. Celsius Holdings, Inc.*, No. 9:22-cv-80418-DMM (S.D. Fla.), the Court approved attorneys' fees of 25% of the $7,900,000 settlement fund, or approximately $1.9 million.  In support, lead counsel Grant & Eisenhofer P.A. submitted a lodestar reflecting hourly rates ranging from $1,100 to $1,500 for its partners and $500 to $650 for its associates.  *See* ECF No. 122-2 (fee schedule) and attached hereto as Exhibit I; ECF No. 129 (final approval order) and attached hereto as Exhibit J (S.D. Fla. Feb. 1, 2024).

11

24.    The 2024 National Association of Legal Fee Analysis ("NALFA") Litigation Hourly Rate Survey, filed as Exhibit K, which collected self-reported billing data from more than 32,800 attorneys nationwide, confirms the reasonableness of the requested rates.  According to that survey: (a) Senior and Managing Partners handling complex matters most prevalently report rates in the $901–$950 range, with 24.24% reporting rates above $1,000 per hour; (b) Partners handling complex matters report rates predominantly above $751 per hour, with 35.92% reporting rates above $825 per hour; and (c) Associates handling complex matters report rates above $550 per hour in 54.58% of instances.  All requested S+S rates fall within or below these ranges.

25.    The 2024 Wolters Kluwer Real Rate Report, filed as Exhibit L, which is compiled from actual invoices submitted in commercial litigation, further corroborates the requested rates.  That report reflects a nationwide median partner rate of $680, a mean of $803, and a 75th-percentile rate of $1,056 for litigation partners.  The requested partner rate of $975 falls between the mean and the 75th percentile for national litigation partners—which is appropriate given Mr. Masson's specialization in complex cryptocurrency securities class actions, a practice area commanding premium rates.

26. The 2024 Major, Lindsey & Africa Partner Compensation Survey, filed as Exhibit M, which collected data from 1,718 AmLaw 200 partners, reflects an average hourly rate of $1,114 and a median of $1,075 for participating partners. All requested S+S partner rates fall below both the average and the median reflected in that survey.

27. The Laffey Matrix, filed as Exhibit N, adjusted for the locality of the Middle District of Florida, supports a rate of $1,170 per hour for attorneys with more than 20 years of experience, and $972 per hour for attorneys with 18 to 19 years of experience. The Fitzpatrick Matrix similarly supports all requested rates. The requested S+S partner rate of $975 falls at or below the locality-adjusted Laffey Matrix figure for attorneys of comparable seniority.

28. The judicial approvals set forth above in ¶¶ 20–23 represent the most direct and probative evidence of prevailing market rates — each involving the same court, the same practice area, and rates at or above those requested here. The Table of Peer Law Firm Billing Rates filed as Exhibit O to the Application sets forth 19 cases from seven peer firms in complex class action work in other federal courts, reflecting billing rates at or above the rates requested here.

29.     Most importantly, the requested rates have been accepted by courts in directly analogous litigation.  My rate of $975 per hour and Ms. Chadwick's rate of $625 per hour were submitted to and accepted by the Honorable P. Kevin Castel of the United States District Court for the Southern District of New York in *Roberts v. Ehrlich*, No. 1:22-cv-09590-PKC (S.D.N.Y. 2024), a cryptocurrency securities class action in which Scott+Scott's total lodestar of $1,366,814.50—including 556.30 hours billed by me at $975 per hour and 76.40 hours billed by Ms. Chadwick at $625 per hour—was found reasonable.  *See* Decl. of Daryl F. Scott, ECF No. 100-2, at ¶4 & Ex.  A (Aug. 27, 2024); *Roberts v. Ehrlich*, No. 1:22-cv-09590-PKC (S.D.N.Y. Oct. 9, 2024) (ECF No. 112) (order granting final approval of attorneys' fees).

## VIII.   COMBINED REQUEST AND VOLUNTARY REDUCTION

30.     Scott+Scott's total lodestar for the contempt proceedings is $44,282.50, and Scott+Scott's total expenses are $1,379.21.  Combined with Zigler Law Group's lodestar of $44,728.75 and expenses of $2,960.20, the total lodestar and expenses for both firms is $93,350.66.

31.     In the exercise of billing judgment and in a spirit of cooperation with the Court's efficient resolution of this matter, Plaintiffs' counsel have voluntarily reduced the total requested amount to $75,000.00—a reduction of $18,350.66, or

14

approximately 19.6%.  The requested amount of $75,000.00 is reasonable, necessary, and commensurate with the work performed in responding to Defendant Koutoulas's three separate contempt violations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2026, in New York, New York.

By:

_____

Sean T. Masson