**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM C. THEODORE,**
**ERSTE ASSET MANAGEMENT**
**GMBH and DAVID**
**TENNENBAUM,**

        **Plaintiffs,**

**v.**                                  **Case No: 6:21-cv-809-PGB-RMN**

**PURECYCLE TECHNOLOGIES,**
**INC., MICHAEL OTWORTH,**
**MICHAEL E. DEE, DAVID**
**BRENNER and BYRON ROTH,**

        **Defendants.**

                               /

## <u>ORDER AND FINAL JUDGMENT</u>

On the 8th day of October, 2024, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated May 6, 2024 (Doc. 201-2, pp. 2–46 (the "**Settlement Stipulation**")) are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award

Lead Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award a Compensatory Award to Lead Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated June 4, 2024 (Doc. 204 ("**Preliminary Approval Order**")) was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, all Settlement Class Members, and Defendants.

2

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b)     there are questions of law and fact common to the Settlement Class;

(c)     the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d)     Lead Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e)     questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.     the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.     the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

3

        iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

        iv.    the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.    The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired PureCycle Technologies, Inc. ("**PureCycle**") Securities during the Class Period, November 16, 2020 through November 10, 2021, both dates inclusive, and who were damaged thereby. Excluded from the Class are: (i) Defendants, all current and former directors and officers of PureCycle during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above; (ii) Opt-Outs; and (iii) Persons who have no compensable damages.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("**Class Representatives**") and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Settlement Class ("**Lead Counsel**").

4

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except for the two Settlement Class Members who have requested exclusion. (*See* Doc. 218-1, p. 47).

7.      The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations

between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are **DISMISSED WITH PREJUDICE** as against Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any

capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

10. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant or to bar or otherwise affect any claims by Byron Roth for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle.

11. Lead Counsel is awarded attorneys' fees in the amount of $4,000,000.00 and expenses in the amount of $485,832.25, plus any applicable

interest, such amounts to be paid out of the Settlement Fund no later than ten (10) days following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiff's counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

12.    Lead Plaintiffs are awarded in total $60,000.00, or $30,000.00 each, as Compensatory Awards for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

13.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to

administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

14. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

15. Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Representatives, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, the Released Parties, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)    is or may be deemed to be or shall be used, offered or received against the Settling Parties, Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of the Class Representatives' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

16.    The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*,

collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, except that nothing contained herein shall constitute a release by Byron Roth of any claims for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

17.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19. Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsels' application for an award of attorneys' fees and expenses or an award to the Class Representatives.

22. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to March 20, 2024, pursuant to the terms of the Settlement Stipulation.

23. Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. 216) is **GRANTED**. Lead Plaintiffs'

Unopposed Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Lead Plaintiffs (Doc. 217) is **GRANTED**.

24.    The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on October 8, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties