# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| JED LEMEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-cv-01254-TJC-PDB |
| Plaintiff, | CLASS ACTION |
| v. | |
| REDWIRE CORPORATION f/k/a GENESIS PARK ACQUISITION CORP., PETER CANNITO, and WILLIAM READ, | |
| Defendants. | |

**ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARD TO LEAD PLAINTIFF**

This matter came for hearing on July 31, 2025 ("Settlement Hearing") on Lead Counsel's motion for attorneys' fees, litigation expenses, and a compensatory award for Lead Plaintiff in the above-captioned action. *See* ECF No. 216. The Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 15, 2024 (ECF No. 213-2) ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and Defendants.

3. Notice of Lead Counsel's motion for attorneys' fees, litigation expenses, and a compensatory award to Lead Plaintiff was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees, litigation expenses, and a compensatory award satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel, on behalf of Lead Plaintiff's Counsel, is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund). Lead Counsel is also hereby awarded $430,087.97 for payment of its litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these

sums to be fair and reasonable.

5.     In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

 a. The Settlement has created a fund of $8,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and the numerous Settlement Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Lead Plaintiff's Counsel;

 b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, which actively supervised the Action, at the conclusion of the Action;

 c. Copies of the Notice were mailed or emailed to over 39,000 potential Settlement Class Members stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33% of the Settlement Fund and payment of litigation expenses in an amount not to exceed $550,000 and no objections to the requested attorneys' fees or litigation expenses were submitted;

 d. Lead Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e.  The Action raised a number of complex issues;

f.  Had Lead Plaintiff's Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and other members of the Settlement Class may have recovered less or nothing from Defendants; and

g.  The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.  Lead Plaintiff Jared Thompson is hereby awarded $ 10,000.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class. The Notice stated that Lead Plaintiff would seek a payment not to exceed $10,000 to compensate him for his time and effort related to his representation of the Settlement Class. No objections to the requested compensatory award were submitted.

7.  Any appeal or any challenges affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.      Exclusive jurisdiction is hereby retained over Lead Plaintiff, Defendants, and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of August, 2025.

*Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
Senior United States District Judge