# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL EDGE, MICHAEL J.
DENNEHY, RALPH ESTEP,

     Plaintiffs,

   v.                 Case No.:  6:22-cv-01518-LHP

MIGUEL FERNANDEZ,
CASSANDRA HARRIS,

     Defendants,

---

## ORDER[1]
### (And Direction to Clerk)

Contemporaneously with the filing of this Order, the Court entered an Order granting final approval of the parties' class action settlement and plan of allocation, and finally certified a class for settlement purposes.  Doc. Nos. 162, 192.[2]  That Order addressed all issues other than the question of fees and costs.  Now before the Court is Lead Counsel's Unopposed Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs (Doc. No. 191), through which Plaintiffs request an order: (1) awarding attorneys' fees of one-third of the Settlement Fund, in the amount of $7,264,500.00; (2) awarding reimbursement of $430,553.01 in

---

[1] The parties have agreed to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 153, 155-156, 181, 183, 186-188.

[2] This Order incorporates by reference the definitions set forth in the Amended Stipulation of Settlement.  *See* Doc. No. 160-2.

-1-

expenses incurred in prosecuting this case; and (3) granting a compensatory award of $15,000.00 for each of the Lead Plaintiffs as authorized by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) ("PSLRA"). *Id.*

On December 18, 2025, the Court held a Final Approval Hearing, at which the Court addressed a variety of matters, including the present requests for fees, costs, and compensatory award. Doc. Nos. 165-166, 169; *see also* Doc. Nos. 162, 162-1.[3] The Court has carefully considered the issues addressed at that hearing, as well as the present motion and its attachments (Doc. Nos. 191, 191-1 through 191-10). The Court also previously found that the Long Notice is substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated September 5, 2025 ("Preliminary Approval Order") (Doc. No. 161), and was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, in accordance with the Preliminary Approval Order. Doc. No. 191-2. The Publication Notice is also substantially in the form approved by the Court in the Preliminary Approval Order, and was published in accordance

---

[3] Plaintiffs originally filed their motion for fees and costs as an attachment to their motion for final approval of the class settlement. Doc. No. 162-1. The Court directed Plaintiffs to refile their motion as a separate docket entry, which Plaintiffs did. Doc. Nos. 190-191.

with the Preliminary Approval Order. *Id.* Both notices addressed the award of fees and expenses, as well as a compensatory award to Lead Plaintiffs. Finally, the Court has considered and determined the fairness and reasonableness of the requested award of attorneys' fees and reimbursement of litigation expenses, as well as the Lead Plaintiff award pursuant to the PSLRA.

Accordingly, it is **ORDERED** as follows:

1. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

2. Lead Counsel's Unopposed Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs (Doc. No. 191) is **GRANTED**.

3. Notice of Plaintiffs' motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiffs' PSLRA Awards was given to all Settlement Class Members who could be identified with reasonable effort. *See* Doc. No. 191-2. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiffs' PSLRA Awards satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, due process, and all other applicable laws and rules, constituted the best notice practicable under the

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. *See id.*

3. Lead Counsel is **AWARDED** attorneys' fees in the amount of $7,264,500.00, which represents one-third of the Amended Settlement, plus $430,553.01 in reimbursement of litigation expenses. Lead Counsel's award of attorneys' fees and reimbursement of litigation expenses shall both be paid from the Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

4. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court finds that:

(a) the Amended Settlement created a fund of $21,750,000.00 in cash that has been funded into escrow pursuant to the terms of the Amended Settlement, and that numerous Settlement Class members who submit acceptable Proof of Claim and Release Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) the requested fees have been reviewed and approved as reasonable by Lead Plaintiffs;

(c) over 17,846 Postcard Notices were mailed or emailed to potential Settlement Class Members and their nominees, stating that Lead Counsel would apply for attorneys' fees of up to one-third ($7,264,500.00) of the Settlement Fund and for reimbursement of litigation expenses in an amount not to exceed $700,000.00, and that Lead Plaintiffs would be seeking a PSLRA award collectively not to exceed $50,000.00 from the Settlement Fund, and no objections to the requested fees and expenses were filed;

(d) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted over 12,197 hours, with a lodestar value of over $7,320,194.00, to achieve the Settlement; and

(h) the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. In accordance with 15 U.S.C. § 78u-4(a)(4), Lead Plaintiffs are **AWARDED** $15,000.00 each from the Settlement Fund as reimbursement for their

reasonable costs and expenses directly related to their representation of the Settlement Class. These compensatory awards shall be paid to Lead Plaintiffs upon the Effective Date of the Settlement.

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

7. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other Plaintiffs' Counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

8. With the granting of this motion, all proceedings in this case have been fully and finally resolved. Accordingly, the Clerk of Court is **DIRECTED** to terminate any other pending motions and close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record