## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS and LGBCOIN, LTD, | |
| Defendants. | |

## DEFENDANT JAMES KOUTOULAS'S MOTION FOR LEAVE TO SUPPLEMENT AND CLARIFY THE PROSPECTIVE SCOPE OF DOC. 691

Defendant James Koutoulas respectfully moves for leave to file a limited

Supplement to his pending Motion for Disqualification. (Doc. 691.) The proposed

Supplement would place one post-filing docket event, Doc. 694, before the Court

and would clarify the prospective scope of the relief requested under 28 U.S.C. §

455(a). In support, Defendant states as follows.

1

## I. THE PROPOSED SUPPLEMENT IS TIMELY

On August 6, 2026, Defendant filed his Motion for Disqualification under

Federal Rule of Criminal Procedure 42(a)(3) and 28 U.S.C. § 455(a). (Doc. 691.)

That motion requests only prospective relief, alleges no subjective bias, and asks

that no entered order be altered, vacated, stayed, or reconsidered.

On August 7, 2026, after Doc. 691 was filed, the Court *sua sponte* entered an

order striking Defendant's sur-reply at Doc. 651. (Doc. 694.) Because that event

had not occurred when Doc. 691 was filed, it could not have been addressed

there.

Although § 455 contains no express deadline, a motion under § 455(a)

must be timely. *Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997).

Defendant moves promptly after Doc. 694 and seeks to present the event through

a single limited supplement, rather than through a second disqualification

motion or repeated briefing.

## II. THE CONTENTS OF THE PROPOSED SUPPLEMENT

Defendant does not attach the proposed Supplement, and therefore states

its contents with specificity. If leave is granted, the Supplement will contain only

the following: (1) a short statement of the docket sequence concerning Doc. 645,

Doc. 651, and Doc. 694; (2) a statement that Doc. 694 is offered solely as a

subsequent circumstance within the cumulative, objective inquiry under § 455(a); (3) the clarification of prospective scope described in Part III below; and (4) a statement that all other grounds, limits, and disclaimers in Doc. 691 remain unchanged. The proposed Supplement will not exceed five pages.

The proposed Supplement will not renew every argument in Doc. 691 and will not add a new statutory theory. It will not invoke 28 U.S.C. § 144 or § 455(b)(1), allege subjective bias, seek a stay, ask the Court to revisit the merits of Doc. 694, or request alteration, vacatur, or reconsideration of any order already entered. It will not ask to delay the October 5, 2026 trial or any other deadline. Every document it cites is already on the docket, so no evidentiary exhibit is necessary.

Defendant further states that he does not contend that Doc. 694, an adverse ruling, an asserted legal error, the sua sponte nature of a ruling, or the timing of a ruling independently establishes partiality. Judicial rulings alone almost never provide a basis for disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The proposed Supplement offers Doc. 694 only as one circumstance to be assessed, if at all, within the cumulative and objective appearance presented by the record as a whole. *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014).

## III. CLARIFICATION OF THE PROSPECTIVE SCOPE WILL AVOID AMBIGUITY

Doc. 691 asks, under § 455(a), for disqualification from the proceedings that remain against Defendant, and then identifies damages proceedings and future criminal-contempt adjudication. (Doc. 691 at 1-2, 21-22.) To eliminate any ambiguity, Defendant seeks leave to clarify the prospective scope of that request.

Section 455(d)(1) provides that a "proceeding" includes "pretrial, trial, appellate review, or other stages of litigation." 28 U.S.C. § 455(d)(1). Defendant's § 455(a) request therefore extends prospectively to all remaining civil stages of this action, including the October 5, 2026 trial, the determination of damages following default, and any remaining sanctions or fee proceedings, as well as any future adjudication, trial, hearing, or disposition of criminal contempt identified in Doc. 691. The Rule 42(a)(3) request, and Doc. 691's express exclusion of the antecedent decision whether to initiate criminal-contempt proceedings or to issue notice, remain unchanged.

Defendant does not represent LGBCoin, Ltd. and does not purport to state its position. He raises his own request under § 455(a), whose command is directed to the judicial officer and whose definition concerns the stages of the proceeding. To the extent the Court regards this clarification as an expansion of

the prospective relief described in Doc. 691, Defendant respectfully requests

leave to amend the requested relief to that limited extent.

## IV. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Grant leave to file the proposed Supplement to Doc. 691;

2. Permit Defendant to file the Supplement within three days after entry of an

order granting leave; and

3. Grant such other relief as is just.

## CONCLUSION

The proposed Supplement is prompt, limited, and entirely prospective.

Leave will permit the Court to consider one subsequent docket event and will

remove any ambiguity about the scope of Doc. 691, without disturbing any order

already entered and without affecting any deadline.

Respectfully submitted,


/s/ James L. Koutoulas

James L. Koutoulas, Esq.

Pro se

10 N. Dearborn St., Suite 400

Chicago, IL 60602

(312) 836-1180

james@koutoulaslaw.com

Dated: August 13, 2026

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), the undersigned certifies that he attempted in good faith to confer with counsel for Plaintiffs regarding the relief requested in this Motion. The undersigned contacted counsel for Plaintiffs by telephone and by electronic mail on August 11, 2026, and again on August 13, 2026. Plaintiffs' oppose this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ James L. Koutoulas
James L. Koutoulas