**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS and LGBCOIN, LTD, | |
| Defendants. | |

**DEFENDANT JAMES KOUTOULAS'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) TO VACATE THE JUDGMENT AT DOC. 688 AND TO REVISE THE ORDER AT DOC. 682**

Defendant James Koutoulas moves under Federal Rule of Civil Procedure 54(b) for an order vacating the judgment entered at Doc. 688 and revising the Order at Doc. 682.

Defendant separately preserves, and does not waive by this Motion, his requests that entry of judgment be deferred until the claims against Defendant LGBCoin, LTD are adjudicated and that an evidentiary hearing be held under Rule 55(b)(2) before any sum is fixed.

This motion is directed to Doc. 682 and Doc. 688. It does not ask the Court to revisit the contempt adjudication at Doc. 658, which is on appeal, and it does not ask the Court to revisit the order at Doc. 694.

**PRELIMINARY STATEMENT**

Two things this motion does not do. First, it does not contend that the judgment at Doc. 688 is criminal in character. A default judgment is not. "[S]uch judicial sanctions never have been considered criminal." *Int'l Union, UMW v.*

1

*Bagwell*, 512 U.S. 821, 833 (1994). That is a separate question from the character of the compelled-statement provision of Doc. 658, which Defendant has contended is punitive and criminal in character in No. 26-12606 and in Application No. 26A171. Nothing in this motion qualifies, withdraws, or narrows that contention. Second, it does not ask the Court to reweigh any fact, to reconsider the severity of any sanction, or to enter any additional finding.

What follows is narrower. Two grounds go to the Court's authority to enter the sanction it entered: the Order rests independently on a ground the moving papers expressly excluded, and it rests independently on an adjudication that was before the Eleventh Circuit when the Order issued. One further ground is a record correction: the Order treats as unopposed four assertions that two filings of record addressed. Each can be granted without disturbing any finding the Court has made.

## I.    RULE 54(b) SUPPLIES THE STANDARD, AND DOC. 688 IS NOT FINAL

Rule 54(b) provides that an order adjudicating fewer than all claims or the rights of fewer than all parties "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Eleventh Circuit has applied that rule to this precise posture. In *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir. 2024), a district court entered a default judgment as a discovery sanction and left damages unfixed. The court of appeals held: "[T]he second half of Rule 55(c)—directing courts to apply the Rule 60(b) standard—applies only to final default

2

judgments. The order here is neither an entry of default nor a final default judgment; it is the entry of a non-final default judgment. The court entered judgment against *Outokumpu* but did not finalize the damages. Accordingly, Rule 55(c) does not govern." *Id.* at 1382. Rule 54(b) governs instead: "Entry of a non-final default judgment is one such order. Under Rule 54(b), district courts retain plenary power to reconsider an interlocutory order before the entry of final judgment." *Id.* at 1379.

Doc. 688 is that order. It is a Clerk's judgment entered August 5, 2026 pursuant to the direction in Doc. 682, and its operative text states in full that "pursuant to the Court's Order, default judgment entered in favor of the Plaintiffs on their Third Amended Complaint (Doc. 245) against Defendant James Koutoulas." (Doc. 688 at 1.) It states no sum and adjudicates no damages. Damages remain undetermined, to be fixed "upon motion of the Plaintiffs." (Doc. 682 at 22, ¶ 3.) Defendant LGBCoin, LTD remains a party, and Plaintiffs' separate motion directed to that Defendant is pending. (Doc. 692.) A judgment that resolves liability and leaves the assessment of damages for later is interlocutory. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (a judgment limited to liability is "by [its] terms interlocutory" and, "where assessment of damages or awarding of other relief remains to be resolved," has "never been considered to be 'final' within the meaning of 28 U.S.C. § 1291"). The Civil Appeals Jurisdiction Checklist attached to the judgment states the same rule: "In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b)." (Doc. 688 at 2.) The Court's revisory power is therefore textual, is not time-

3

barred, and does not require the showing Rule 59(e) or Rule 60(b) would demand.

Plaintiffs have confirmed that no sum has been fixed. Plaintiffs' draft pretrial statement, provided to Defendant on July 31, 2026, states that Plaintiffs and the Class "seek restitution, not compensatory damages," and that Plaintiffs "will serve a computation of the aggregate rescission amount, presently estimated at $21,306,432, before the final pretrial conference." (Ex. A.) As of the date of this Motion, Defendant has not been served with that computation.

*Hornady* affirmed the default judgment before it and affirmed the district court's refusal to revisit that judgment. 118 F.4th at 1372. It did so on a record in which the district court entered a "nearly 100-page order," made an express bad-faith finding, and had already imposed lesser sanctions to no avail. *Id.* at 1378–79. Defendant relies on *Hornady* for the standard that governs this motion.

*Hornady* also states when the power should and should not be exercised. District courts "should hesitate before revisiting their earlier interlocutory orders," because "important interests of finality, stability, and predictability underlie that justifiable caution." *Id.* at 1380. A court "typically would not abuse its discretion" in denying reconsideration "if the movant simply rehashed arguments already considered and rejected," and "the more time that has passed between a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request." *Id.* at 1381. The inquiry weighs "both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed." *Id.*

Those considerations favor revision here. This Motion is brought within days of the Order, not months. It rehashes nothing: two of its grounds arise from

4

the face of Doc. 682 itself and could not have been raised before it issued, and

one arises from an order of the Eleventh Circuit entered the day before. And it

precedes any proceeding to fix damages, so revision would disrupt nothing that

has been built on the judgment.

**II.    THE ORDER GRANTS A MOTION THAT EXPRESSLY EXCLUDED
THE CONDUCT THE ORDER HOLDS INDEPENDENTLY
SUFFICIENT**

The Order grants one motion. Its first decretal paragraph reads: "Plaintiffs'

Motion for Sanctions (Doc. 614) is GRANTED." (Doc. 682 at 21, ¶ 1.)

The first footnote of that motion, on its first page, states its scope: "This

Motion only discusses additional misconduct that was not addressed during the

Court's hearing on the Order to Show Cause (Docs. 539, 569)." (Doc. 614 at 1

n.1.)

The hearing on the Order to Show Cause addressed Defendant's

commentary accompanying the class notice. (Docs. 539, 569.) That conduct was

therefore outside the motion by the motion's own terms.

The Order nonetheless makes that conduct an independently sufficient

basis for the sanction it imposes:

> "Koutoulas's efforts to undermine the Court's authority, disparage
> the judicial system, and encourage class members to opt out or
> object to the class are sufficiently malicious to warrant entry of
> default judgment, **even setting aside** the litany of vexatious
> pleadings and discovery violations committed before and after the
> contempt citation."
> (Doc. 682 at 7–8 (emphasis added).)

The Order's findings paragraph opens on the same conduct: "The

Defendant intentionally acted to undermine the Court's Order through his

comments accompanying the Class Notice. (See Doc. 539). He willfully

disparaged the Court to the Class Members." (*Id.* at 21.)

Nothing in the show-cause proceeding gave notice that a case-terminating sanction was at stake. Doc. 539 directed Defendant to show cause why he should not be held in civil contempt. It noticed civil contempt and nothing else. And Plaintiffs' motion, the only paper that requested a default judgment, told the Court and Defendant that this conduct was not part of it.

Where a sanction rests on the Court's inherent power, "the accused must be given an opportunity to respond, orally or in writing." *Glatter v. Mroz* (*In re Mroz*), 65 F.3d 1567, 1575–76 (11th Cir. 1995). An opportunity to respond presupposes notice of what is at stake. Doc. 539 identified the class-notice commentary, and it identified the proceeding it was commencing: an order to show cause why Defendant should not be held in civil contempt. Defendant received a hearing on that question. But neither Doc. 539 nor any other paper filed before judgment notified Defendant that the same commentary could, standing alone, terminate his defense.

This defect cannot be cured by a further finding. Due process requires that a party "be given fair notice that his conduct may warrant sanctions and the reasons why." *In re Mroz*, 65 F.3d at 1575 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987)). Notice supplied after judgment is not fair notice, and no finding entered now can supply it. Defendant therefore asks that the judgment be vacated and that the Order be revised so that it does not rest on conduct the motion it grants expressly excluded.

## III.  THE ORDER RESTS INDEPENDENTLY ON AN ADJUDICATION THAT WAS BEFORE THE ELEVENTH CIRCUIT WHEN THE ORDER ISSUED

The same conduct was, on August 4, 2026, before the Eleventh Circuit.

6

Defendant appealed the contempt order at Doc. 658 on July 23, 2026. Plaintiffs moved to dismiss that appeal for lack of jurisdiction. On August 3, 2026, the Eleventh Circuit granted that motion in part and denied it in part:

> "While the part of the Contempt Order that holds Appellant in contempt and requires him to post a retraction is appealable, . . . the part imposing costs and attorney's fees is not immediately appealable because that issue is not final. . . . Appellant's challenge to the sanction of costs and attorney's fees is DISMISSED." (No. 26-12606, Doc. 14 at 2.)

The court of appeals dismissed only the challenge to costs and fees. It retained the appeal from the contempt finding and from the retraction requirement.

The Order issued the following day. By its own terms it rests, independently of every other ground, on the conduct that contempt finding adjudicated.

The governing principle is settled, and the Supreme Court restated it three years ago. "An appeal, *including an interlocutory appeal*, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). That principle, the Court explained, "reflects a longstanding tenet of American procedure." *Id.*

The Eleventh Circuit applies that principle aspect by aspect. In *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003), the court held that a district court was without jurisdiction to allow an amendment that "would have altered the status of the case," adopting the rule that "[w]hen one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case," and that "[a]

district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Id.* (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). When the Supreme Court collected the decisions applying *Griggs* to interlocutory appeals, it cited that page of *Green Leaf* and those pages of *Dayton. Coinbase*, 599 U.S. at 742 & n.5.

That same page of *Green Leaf* states the limit, and Defendant states it too. "[A]n interlocutory appeal does not completely divest the district court of jurisdiction," because "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Green Leaf*, 341 F.3d at 1309 (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000)). The question is therefore not whether this Court retained authority over this action. It plainly did. The question is whether the conduct adjudicated in Doc. 658 was a portion of the case related to the claims on appeal. On August 3 the court of appeals confirmed that the contempt adjudication and the retraction requirement were before it.

Defendant states the point no more broadly than the record supports. He does not contend that this action was frozen, or that the Court lacked authority over the discovery and filing grounds, or that any other order is affected. He contends only that on August 3 the court of appeals determined which part of the contempt order was before it, and that on August 4 an order entered here rested independently on that part. A ruling that attaches a new and greater consequence to conduct whose adjudication is pending on appeal is a ruling on an aspect of the case the court of appeals has retained.

Defendant raises this at the first opportunity after the August 3 order, and a finding entered now cannot supply authority that was absent on August 4.

8

Defendant recognizes that, absent a stay, a district court retains jurisdiction to enforce its own orders while an appeal is pending. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). Doc. 682 did not enforce Doc. 658. It did not direct compliance with the retraction requirement, and it imposed no condition designed to obtain compliance. It attached a new and unconditional consequence to conduct that Doc. 658 had already adjudicated and that was then before the court of appeals. The Eleventh Circuit drew that line on the same authorities Defendant relies on here. *Bindslev v. Silva*, Nos. 24-11896, 24-12592, 2025 U.S. App. LEXIS 525, at *5–*6 (11th Cir. Jan. 10, 2025) (per curiam) (unpublished; cited as persuasive authority under 11th Cir. R. 36-2) (applying *Griggs*, *Green Leaf*, and *Dayton*; holding that an order entered while an appeal was pending "was not a valid 'enforcement'" of the order under review but "an attempted amendment of a portion of the Return Order that was inseparably involved in a pending appeal," which "[t]he district court has no jurisdiction to do"). Defendant asks that the judgment be vacated and that the Order be revised so that it does not rest on that adjudication.

## IV.    THE RECORD DID NOT SUPPORT TREATING THE FOUR ASSERTIONS AS UNOPPOSED

The Order holds that Defendant's response "constitute[s] a waiver and renders unopposed Plaintiffs' assertions that he hid cryptocurrency wallets, concealed class members' identities, failed to preserve evidence, and improperly communicated with class members." (Doc. 682 at 15.) That premise organizes the second half of the Order. (*See id.* at 12–13, 17.)

Doc. 626 addressed each of those four matters.

9

The Response answered what could be answered in the time allowed. The response period ran from April 13 to April 27, 2026, and Defendant was without counsel for substantially all of it. Plaintiffs' motion ran twenty-seven pages with sixteen exhibits, which Plaintiffs declined to furnish for conferral. The Response addressed the procedural defects and the factual errors that could be identified without those exhibits, and said so in its first footnote: "This Opposition only addresses the procedural deficiencies of Plaintiffs' Motion for Sanctions (Doc. 614) and outlines some obvious falsehoods for the Court's review. In the event the Court declines to deny the Motion, Defendant reserves the right to file a substantive opposition addressing each allegation on the merits." (Doc. 626 at 1 n.1.)

The Response's treatment of the disputed wallet list had a concrete effect on Plaintiffs' own submission. The Response identified one address on Plaintiffs' list as belonging to Rafael Yakobi, outside counsel for a non-party foundation. (Doc. 626 at 15.) It identified two further addresses as facially invalid, and stated that Defendant had no knowledge of them. (*Id.* at 16–17.) Plaintiffs' reply accepted all three: it states that "Koutoulas disputes three wallet addresses, one that he identifies as belonging to Rafael Yakobi and two that contain typographical errors," and attaches "[a] revised Undisclosed Wallet List, omitting these disputed wallets." (Doc. 635 at 7 & n.8.) A filing that causes the movant to withdraw part of its own factual showing is not an unopposed one. The Response addressed the other three matters as well. As to preservation, it stated that the deletion allegation had already been heard and denied, and that Defendant had recovered and produced communications that had been set to auto-delete. (Doc. 626 at 17.) As to the identities of class members, it stated that

10

the individuals Plaintiffs identified had been disclosed in Defendant's own productions. (Doc. 626 at 18.) As to communications with class members, it stated that no order in this case restricts such communications, and it addressed the authority Plaintiffs had cited. (Doc. 626 at 18.)

Separately, the Magistrate Judge granted Defendant leave in part to file a ten-page sur-reply, which Defendant timely filed. (Doc. 645; Doc. 651.) When Doc. 682 issued on August 4, 2026, and judgment was entered on August 5, Doc. 651 remained a filing of record made with leave. It was stricken on August 7. (Doc. 694.) Defendant does not ask the Court to revisit Doc. 694 or rely on Doc. 651 as an operative merits submission. This chronology is noted only because neither Doc. 682 nor Doc. 688 mentioned Doc. 645 or Doc. 651 in treating the assertions as unopposed.

One further characterization in the Order raises the same kind of record question, and Defendant notes it without seeking relief. The Order states that the Court "denied" Defendant's earlier motion at Doc. 271, citing Doc. 284 at 3–7. (Doc. 682 at 17.) The decretal paragraph of Doc. 284 states that the motion "is GRANTED IN PART and DENIED IN PART." It denies the request to strike or dismiss the Third Amended Complaint, and it directs three affirmative measures, including a stay of discovery pending resolution of any motions to dismiss. (Doc. 284 at 11–12, ¶ 3.) Defendant requests no relief on this point and notes it only because the characterization is among the premises of the Order's vexatiousness determination.

Defendant does not ask the Court to weigh either filing, and does not ask for any finding about them. Defendant asks that the judgment be vacated and that the Order be revised so that it does not rest on the premise that the four

assertions were unopposed, because Doc. 626 addressed each of them. Defendant concedes the accuracy of none of Plaintiffs' assertions and preserves his objections to each.

## CONCLUSION

Defendant respectfully requests that the Court vacate the judgment at Doc. 688 and revise the Order at Doc. 682. Defendant preserves every other objection to Doc. 682 and Doc. 688, including as to the Rule 37 predicate, the last-resort and proportionality determinations, the due process limits on a Rule 37 default, the relationship between the sanction and the claims on which judgment was entered, the Order's description of the decretal paragraphs of Doc. 534, and the attribution of the citation findings, and does not waive any of them by confining this motion to the relief requested above. Defendant further preserves all objections to whether the well-pleaded allegations of the Third Amended Complaint, as corrected by the errata the Court approved, establish liability under Section 12(a)(1). (Doc. 245; Doc. 315; Doc. 313.) A default admits well-pleaded allegations of fact, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); accord *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). Those objections include whether Defendant was a statutory seller and whether the well-pleaded allegations support Plaintiffs' pleaded theory that LGBCoin is itself a security because it is an investment contract. (Doc. 245 ¶ 372.) This Motion does not request adjudication of those questions.

## LOCAL RULE 3.01(g) CERTIFICATE

12

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Plaintiffs in a good faith effort to resolve the Motion. The undersigned requested a telephone conference on August 11, 2026, and again on August 13, 2026. Counsel for Plaintiffs responded by email, and the conference accordingly occurred by email. The parties do not agree on the resolution of any part of the Motion, and Plaintiffs oppose the Motion. The undersigned remains available to confer by telephone.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

Respectfully submitted,
/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com

13