# EXHIBIT A

Plaintiffs' draft Pretrial Statement

provided to Defendant on July 31, 2026

De Ford v. Koutoulas, No. 6:22-cv-652-PGB-DCI (M.D. Fla.)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, et al., | Case No: 6:22-cv-652-PGB-DCI |
| Plaintiffs, | CLASS ACTION |
| v. | |
| JAMES KOUTOULAS, et al., | |
| Defendants. | |

### [DRAFT] PLAINTIFFS' PRETRIAL STATEMENT

Pursuant to Rule 3.06(b) of the Local Rules, Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby file Plaintiffs' Pretrial Statement as follows:

### I.      BASIS FOR THIS COURT'S JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331; 28 U.S.C. §1332(d); and 15 U.S.C.A. § 77v(a). Plaintiffs bring this civil action representing a Class of more than 100 plaintiffs pursuant to Fed. R. Civ. P. 23.  Plaintiff De Ford is a citizen of the State of Missouri.  Plaintiff Bader is a citizen of the State of Idaho.  Plaintiff Key is a citizen of Virginia.  Neither Defendant James Koutoulas or LGBCoin, LTD ("Defendants") are citizens of Missouri or Idaho or Virginia.  Plaintiffs seek an award exceeding $5,000,000, exclusive of interest and costs, on behalf of themselves and the Class.

The Securities Act further grants Federal courts jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." 15 U.S.C.A. § 77v(a). Accordingly, the Securities Act provides this Court with subject-matter jurisdiction over the Section 12(a)(1) of the Securities

Act of 1933 claim.

When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). The only difference between the two is that where the Fifth Amendment applies, the applicable forum for minimum contacts purposes is the United States, not the state in which the district court sits. *Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1310 (11th Cir. 2022). "A United States resident or business, which necessarily has 'directed activities at the United States' 'through her choice of residence or incorporation,' satisfies the purposeful availment component of Fifth Amendment due process analysis." *S.E.C v. Marin*, 982 F.3d 1341, 1350 (11th Cir. 2020) (quoting BCCI Holdings, 119 F.3d at 945 n.16) (cleaned up).

The Court has personal jurisdiction over Defendant Koutoulas because he is domiciled in the State of Florida and thus "at home" in the forum. The Court also has personal jurisdiction over Koutoulas because he operates, conducts, engages, and carries on business and business ventures in Florida, committed a tortious act within Florida, and entered into a March 2022 contract related to this action that complies with Fla. Stat. §685.102.  *See* Fla. Stat. §48.193(1)(a).

The Court has personal jurisdiction over Defendant LGBCoin, LTD because LGBCoin, LTD's principal place of business is Florida, and it operated and conducted the majority of its operations in Florida, represents itself as the sole director of LetsGoBrandon.com Foundation, which operated and conducted the majority of its operations in Florida, and committed a tortious act within Florida. *See* Fla. Stat. §48.193(1)(a).  The Court also has personal jurisdiction over LGBCoin, LTD because LGBCoin, LTD entered into a March 2022 contract related

2

to this action that complies with Fla. Stat. §685.102.  *See* Fla. Stat. §48.193(1)(a).

## II.   PLAINTIFFS' CONCISE STATEMENT OF THE ACTION

Plaintiffs initiated this class action against Defendants on April 1, 2022 for conduct associated with the creation, marketing, and sale of LGBCoin, a cryptocurrency, alleging, among other things, that Defendants violated Section 12(a)(1) of the Securities Act by offering or selling LGBCoin without filing a registration statement.; violated the Florida Securities and Investor Protection Act, Fla. Stat. §§ 517.07 and 517.211; and were unjustly enriched.

LGBCoin was minted on October 27, 2021.  LGBCoin was never registered with any federal or state regulatory authority. After LGBCoin was minted, Defendant Koutoulas drafted the "LGBCoin Trust Agreement" (the "Trust Agreement") to transfer LGBCoin from an unnamed Developer to the LGBCoin Foundation wallet. The Trust Agreement named Koutoulas Law, LLC, which is owned and operated by Defendant Koutoulas, as the trustee of the LGBCoin Foundation wallet.

Under the Trust Agreement, Koutoulas Law, LLC had the power to enter into legal agreements on behalf of all LGBCoins including promotional agreements and agreements for the creation and management of decentralized liquidity pools.  In addition, Koutoulas Law, LLC had the authority to manage a treasury of LGBCoins that can be traded or sold to pay for the above service and organize a non-profit LGBCoin Foundation.  For his work as trustee, Defendant Koutoulas was initially paid 1 trillion LGBCoins.  Further, pursuant to the Trust Agreement, Defendant Koutoulas, and other purchasers of LGBCoin, had rights that ran with the tokens without any further intervention or action.

Following the launch of LGBCoin, in November 2021, Defendant Koutoulas

created and advanced a market for LGBCoin through various promotional materials and marketing activities, including social media posts, and by obtaining sponsorships.   LGBCoin social media accounts highlighted a sponsorship agreement with NASCAR and professional driver, Brandon Brown.  Defendant Koutoulas has had approval power for all posts made on the various LGBCoin social media accounts.  Additionally, Defendant Koutoulas was responsible for negotiating and signing the sponsorship agreement with NASCAR and Brandon Brown.   In January of 2022, the LGBCoin Foundation was incorporated, naming Defendant LGBCoin, LTD as its sole director and owner.  Defendant Koutoulas was, and is, the sole director of Defendant LGBCoin, LTD.

Similar to his role as trustee of the LGBCoin Foundation wallet, Defendant Koutoulas, as sole director of Defendant LGBCoin, had the authority to enter contracts on behalf of the Foundation, make payments from the Foundation's treasury, and give approval for transactions involving the Foundation.

In due course, Plaintiffs purchased LGBCoins on cryptocurrency exchanges such as Coinbase and Uniswap.  Plaintiffs converted US dollars into forms of cryptocurrency, like Ethereum, to make these purchases.  Plaintiffs assert that they viewed these purchases of LGBCoin as investments, and that Defendants' solicitations for LGBCoin gave them a reasonable expectation of profits based on the efforts of Defendant Kotoulas and LGBCoin, Ltd.

## III.   PLAINTIFFS' EXHIBIT LIST

*See* Exhibit 1 (Plaintiff's Exhibit List) attached hereto.

## IV.    PLAINTIFFS' WITNESS LIST

| | |
|---|---|
| Eric De Ford [to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |

4

| | |
|---|---|
| Sandra Bader<br>[to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |
| Shawn Key<br>[to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |
| James Koutoulas<br>1300 Monad Ter #4B<br>Miami Beach, FL 33139 | Witness is likely to testify and there are no objections to witness testifying. |

## V.   PLAINTIFFS' EXPERT WITNESS LIST

| | |
|---|---|
| Philip Werlau<br>[to be contacted through Counsel] | The subject matter of this witness's testimony is the financial outcomes associated with Class Period transactions of LGBCoin. Specifically, a detailed accounting of the profits realized by the Defendants and insiders and the consideration Plaintiffs and members of the Class paid for LGBCoin, less any income or value they received, for purposes of the rescissory measure of recovery. There are no objections to witness testifying. |

## VI.   RESTITUTION AND OTHER RELIEF SOUGHT

### A. Restitution — the Rescissory Measure Under Section 12(a)(1)

Plaintiffs and the Class seek restitution, not compensatory damages. Section 12(a)(1) affords a rescissory remedy: the purchaser recovers "the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or . . . damages if he no longer owns the security." 15 U.S.C. § 77l(a). Rescission is the remedy where the purchaser still holds the security; where the purchaser has sold it, the recovery is "a rescissory measure of damages" under which "the plaintiff is entitled to a return of the consideration paid, reduced by the amount realized when he sold the

5

security and by any 'income received' on the security." *Randall v. Loftsgaarden*, 478 U.S. 647, 655–56 (1986).

The Florida Securities and Investor Protection Act supplies the same measure. Each sale made in violation of section 517.07 "may be rescinded at the election of the purchaser," and in an action for rescission "[a] purchaser may recover the consideration paid for the security or investment, plus interest thereon at the legal rate, less the amount of any income received by the purchaser"; damages are available only if the purchaser has sold the security. Fla. Stat. § 517.211(1), (3)(a).

The class-wide recovery is therefore the aggregate consideration Class members paid for LGBCoin, plus interest, less any income or value they received — not the decline in LGBCoin's market price. Plaintiffs will prove that consideration through Defendants' own blockchain, exchange, and liquidity-pool transaction records and the testimony of Philip Werlau. See Doc. 488-3 (Declaration of Philip Werlau). Plaintiffs will serve a computation of the aggregate rescission amount, presently estimated at $21,306,432, before the final pretrial conference.

### B. Restitution — Unjust Enrichment

Plaintiffs and Class members also seek restitution of the benefits Defendants received and inequitably retained, including the LGBCoins Koutoulas received as trustee and the proceeds Defendants realized from their sales of LGBCoin, to remedy Defendants' unjust enrichment under Florida common law.

6

### C. Post-trial relief to be determined by the Court

Plaintiffs will be seeking attorney's fees and costs as permitted by statute and from any common fund recovered for the Class.

## VII. DEPOSITIONS TO BE OFFERED INTO EVIDENCE

Plaintiffs may offer into evidence the deposition testimony of Defendant James Koutoulas, individually and as corporate representative of Defendant LGBCoin, LTD, as admissions of a party opponent under Fed. R. Evid. 801(d)(2), or for any purpose under Fed. R. Civ. Proc. 32(a)(3). Plaintiffs' page-and-line designations are attached as Exhibit 3 and served concurrently with this Statement.

## VIII. CONCISE STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF AT TRIAL[1]

1. LGBCoin was minted on October 27, 2021.

2. Defendant Koutoulas drafted a document entitled the "LGBCoin Trust Agreement."

3. Pursuant to the LGBCoin Trust Agreement, LGBCoin was transferred from the unnamed Developer to the LGBCoin "Foundation Wallet" on October 29, 2021.

4. At no point in time did Defendant Koutoulas register the LGBCoin cryptocurrency with any federal or state regulatory authority.

5. The Trust Agreement named Koutoulas Law, LLC as trustee to perform the following:

   a. Enter into legal agreements on behalf of all LGBCoins, including but not limited to exchange listing agreements, the creation and management of decentralized liquidity pool(s), advisor agreements, promotional agreements, agreements for technical

---

[1] *See* ECF No. 479 (Stipulation of Agreed Material Facts).

services, and engage counsel to protect and/or enforce the rights of all LGBCoins collectively;

b. Manage a treasury of LGBCoins that can be traded or sold to pay for the above services; and

c. Organize a non-profit LGBCoin Foundation outside the United States.

6. Koutoulas Law, LLC is owned and operated by Defendant Koutoulas.

7. Koutoulas' and coin purchasers' rights pursuant to the LGBCoin Trust Agreement "runs with the tokens" without any further intervention or action from the coin purchaser.

8. LGBCoin purchasers "believed in" the activities undertaken by the Foundation and Defendant Koutoulas as its trustee, including "donating to charity." *Id.*

9. Koutoulas believes that what made LGBCoin immediately successful was its advocacy work.

10. LGBCoin Foundation entered into indemnification agreements with various agents and/or advisors, including with Koutoulas.

11. Following the NASCAR revocation, the LGBCoin Foundation tried to "maintain the advocacy of the project" by, among other things, "getting major political figures on board" and "recapitalizing liquidity pool."

12. The LGBCoin Foundation never held any formal vote before taking action.

13. LGBCoin purchasers had no legal say in the activities or control of the LGBCoin Foundation.

14. Class Representatives purchased LGBCoins consistent with their PSLRA certifications.

8

15.     Defendants hired Rafael Yakobi to give an advisory opinion letter on whether or not LGBCoins were securities.

16.     DeFord offered free multimedia and advertising services to the LGBcoin Foundation.

## IX.     CONCISE STATEMENT ON APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT

There appears to be no agreement between the Parties on applicable principles of law or this Court's jurisdiction (*see* ECF No. 543) except that the law governing this matter is Section 12(a)(1) of the Securities Act.

## X.     CONCISE STATEMENT OF ISSUES OF FACTS WHICH REMAIN TO BE LITIGATED

1.     Does the evidence establish within the LGBCoin purchasers a reasonable expectation of profits based on the efforts of others?

2.     Did Defendants sell or solicit the sale of LGBCoin?

3.     Whether Defendant Koutoulas personally participated in or aided the sale of LGBCoin within the meaning of Fla. Stat. § 517.211(1).

4.     Whether Defendants received and inequitably retained a benefit conferred by Plaintiffs and the Class.

5.     The aggregate consideration Class members paid for LGBCoin, and the amount of any income or value they received, for purposes of the rescissory measure of recovery.

## XI.     CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE DETERMINED BY THE COURT

None pending at this time.

## XII.     CONCISE STATEMENT OF DISAGREEMENT AS TO APPLICATION OF THE FEDERAL RULES OF EVIDENCE AND/OR FEDERAL RULES OF CIVIL PROCEDURE

9

None at this time other than those identified in the pending motions

## XIII. PENDING MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

1. Plaintiffs' Motion for Sanctions [Doc. 614]

2. ~~Defendant Koutoulas's Motion for Rule 11 Sanctions [Doc. 637]~~

## XIV. SETTLEMENT DISCUSSIONS

The parties have previously engaged in settlement mediation and were unable to reach settlement.

Dated: August 17, 2026

Respectfully submitted,

s/ DRAFT_____
Aaron M. Zigler (admitted *pro hac vice*)
Kevin McCormack (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661

Tel: 312-673-8427
aaron@ziglerlawgroup.com
kevin@ziglerlawgroup.com

nidya@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ DRAFT*_____