**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY,

Plaintiffs,

v. Case No. 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and LGBCOIN, LTD,

Defendants.

_______________________________________/

**DEFENDANT LGBCOIN, LTD'S SEPARATE REQUEST FOR ORAL ARGUMENT BY VIDEOCONFERENCE AND EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT LGBCOIN, LTD. (DOC. 692)**

Defendant LGBCoin, LTD ("LTD"), through undersigned counsel Harry Winderman, files this separate request under Local Rule 3.01(i) for oral argument

by Zoom or other Court-approved videoconference and, if the Court is considering terminating sanctions, an evidentiary hearing on Plaintiffs' Motion for Sanctions Against Defendant LGBCoin, LTD (Doc. 692).

LTD requests thirty to forty-five minutes for oral argument. If the Court is inclined to consider default or other terminating sanctions, LTD requests a limited evidentiary hearing of approximately sixty to ninety minutes, also by videoconference if acceptable to the Court.

A hearing would assist the Court because Doc. 692 raises disputed factual and proportionality issues concerning counsel's August 3 filing, Mr. Winderman's travel disruption, whether the defect was client-directed bad faith by LTD, prejudice, lesser sanctions, agency attribution, and the claim-and-remedy limits applicable to Count VII against LTD.

LTD anticipates presenting testimony or declaration evidence from Harry Winderman concerning the flight cancellation, filing logistics, conferral, and counsel responsibility. If the Court wishes to hear entity-specific evidence before considering terminating sanctions, LTD would present an appropriate corporate representative or other competent evidence on the limited issues identified by the Court.

Due process requires fair notice and a meaningful opportunity to respond before inherent-power sanctions are imposed. In re Mroz, 65 F.3d 1567, 1575-76

(11th Cir. 1995). Accordingly, LTD respectfully requests that the Court set oral argument on Doc. 692 and, if default or other terminating relief is under consideration, set a limited evidentiary hearing before ruling.

**LOCAL RULE 3.01(g) CERTIFICATE**

Counsel certifies that on August 10, 2026, he attempted to confer with Plaintiffs' counsel by email regarding the relief requested in this filing. Plaintiffs' position is not yet known. Before filing, LTD will update this certificate to state Plaintiffs' position or, if unavailable, to comply with Local Rule 3.01(g)(3).

Dated: August 16, 2026

Respectfully submitted,

/s/ Harry Winderman

Harry Winderman, Esq.

Florida Bar No. 209562

One Boca Place, Suite 205E

2255 Glades Road

Boca Raton, FL 33431

Telephone: (561) 901-5110

Facsimile: (561) 434-0033

Email: Harry4334@hotmail.com

Counsel for Defendant LGBCOIN, LTD

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Harry Winderman

Harry Winderman