**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, et al,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS, et al.,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**PLAINTIFFS' RENEWED REQUEST FOR A STATUS CONFERENCE**

Under Section III.C of the Court's Sixth Amended Case Management and Scheduling Order, Plaintiffs' counsel has the primary responsibility to coordinate the in-person meeting of lead trial counsel and the filing of the Joint Final Pretrial Statement. That provision directs that, "[i]f counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference." *See* Doc. 620 at 13, §III.C.

Plaintiffs previously requested a status conference, noting their difficulty obtaining an in-person meeting with counsel for LGBCoin, Ltd. ("LGBCoin"), despite months of effort to coordinate the meeting (Doc. 689). The Court resolved that request by granting LGBCoin's counsel's request for a meeting via teleconference (Doc. 704). Plaintiffs regretfully must approach the Court again, having been unable to secure a productive meeting to prepare the pre-trial order.

**Events Since the Court's Order**

Following the Court's Order, Plaintiffs' counsel sought time to confer with counsel for LGBCoin, the remaining defendant in this matter following the default judgment entered against Koutoulas. The undersigned advised LGBCoin that PTO materials would need revision due to the default against Mr. Koutoulas and asked whether 2 p.m. EST on August 14, 2026 was available. Counsel for LGBCoin responded, "Fine, I don't know." (Ex. A).

The following day, Koutoulas emailed Plaintiffs' counsel asking for a time to confer on the PTO. (Ex. B, p. 6). Plaintiffs' counsel responded, advising Koutoulas that his involvement was unnecessary following the default and that a meeting time was set with LGBCoin's counsel. *Id.,* p. 5. Plaintiffs' counsel thereafter provided revised PTO materials to counsel for LGBCoin, who confirmed the 2 p.m. call and advised that no modifications were planned for Defendant LGBCoin. *Id.*, p. 4. Koutoulas then responded, requesting a meeting and stating: "Given the judgment was entered on faulty grounds per motion to vacate filed last night, I reserve all rights and will have updated materials Monday." *Id.*

Plaintiffs' counsel called LGBCoin's counsel to confer on the PTO as planned at 2 p.m. on August 14. During the call, counsel declined to confer on the substance of the PTO, directing Plaintiffs to confer with "Nikoulas (sic)" directly on behalf of LGBCoin. McCormack Dec. (Ex. C) at ¶ 8. Counsel for LGBCoin advised that he

did not have the knowledge of the case to appropriately confer on modifications to the PTO, and that he had no authority to confer regarding the PTO materials or any amendments thereto. *Id.* at ¶¶ 9-10. LGBCoin's counsel further advised that his role in the case is only to act as independent counsel for LGBCoin, apparently as a conduit for Koutoulas to represent the corporation. *Id.* When advised that the Court's order required conferral on the PTO, counsel for LGBCoin stated that any conferral would need to be with Koutoulas. Counsel for LGBCoin gave permission for Plaintiffs to contact Koutoulas directly as LGBCoin's representative for purposes of preparing the PTO. *Id.*

Shortly thereafter, the undersigned confirmed LGBCoin's counsel's lack of authority and direction to confer directly with Koutoulas via email. (Ex. D.)

During the intervening weekend, counsel for Plaintiffs' reviewed the record and applicable rules, identifying two related concerns. *First*, Local Rule 2.02(b)(2) provides that a party other than a natural person "can appear through the lawyer only." Mr. Winderman's written confirmation that he lacks authority to bind LGBCoin, lacks independent knowledge of the case, and has directed Plaintiffs to deal directly with Koutoulas raises a serious question whether LGBCoin, Ltd. has effectively appeared in this matter at all (and whether the August 14 call constituted the meaningful meet and confer required by Doc. 704 and Local Rule 3.06).

*Second*, Local Rule 2.01(e) requires that a lawyer appearing in the Middle District "must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar." Florida Bar Rule 4-5.5(c)(1) and its commentary[1] provide that a Florida-admitted lawyer associated with an out-of-state lawyer "could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation." Mr. Winderman's statements on August 14, oral and confirmed in writing, that he lacks knowledge and authority and that Koutoulas is the person Plaintiffs must deal with describe precisely the conduit arrangement that rule prohibits. This concern is compounded by the fact that Koutoulas himself represented to this Court that he cannot represent LGBCoin, Ltd. due to a conflict of interest, (Doc. 626 at 14), yet directed every aspect of LGBCoin, Ltd.'s pretrial submission on August 16 (discussed below).[2]

[1] "Subdivisions (c)(1)and (d)(1) recognize that the interests of clients and the public are protected if a lawyer admitted only in another jurisdiction associates with a lawyer licensed to practice in Florida. For these subdivisions to apply, the lawyer admitted to practice in Florida could not serve merely as a conduit for the out-of-state lawyer, but would have to share actual responsibility for the representation and actively participate in the representation. To the extent that a court rule or other law of Florida requires a lawyer who is not admitted to practice in Florida to obtain admission pro hac vice prior to appearing in court or before a tribunal or to obtain admission pursuant to applicable rule(s) prior to appearing before an administrative agency, this rule requires the lawyer to obtain that authority." *See* R. Regulating Fla. Bar, 4-5.5, cmt.

[2] Though Koutoulas has represented himself *pro se* in this matter and has filed a notice of appearance (Doc. 623), he is not admitted to practice in the state of Florida and has not

On August 16, 2026, at 9:45 p.m. EST, Koutoulas emailed Plaintiffs' counsel with over 200 single-spaced pages of proposed additions to the pre-trial order. *See* E-mail thread (Ex. D). The proposed additions take positions on behalf of Koutoulas individually and LGBCoin as an entity, including taking positions on disputes of fact and law on behalf of the entity, identifying witnesses and documentary evidence for it, stating objections on its behalf, and asserting affirmative defenses in LGBCoin, Ltd.'s name.

The proposed additions revisit nearly all of the arguments already considered and rejected by the Court, including arguments regarding the PSLRA, the "SEC exonerated me" theory, Koutoulas's stipulation of dismissal in the SEC case, arguments of "judicial admissions" by the lead Plaintiffs, arguments on motions to decertify, arguments about privity for a 12(a)(1) claim, and corporate veil arguments, to name a few. The new materials also misstate the Court's previous rulings, claiming, for example, that the Court never ruled on Koutoulas's Motion for Rule 11 Sanctions (denied in Doc. 675); that Koutoulas's Motion for Reconsideration on Summary Judgment remains pending (denied in Doc. 672); and that Plaintiffs'

---

been admitted *pro hac vice* in this matter. Given the Court's ruling on ethical violations before the Court by Koutoulas, it is questionable whether he would be permitted to practice *pro hac vice* in this matter.

original Request for a Status Conference is unresolved (moot as recognized by Doc. 705), to name a few.

Koutoulas requested a meeting on August 17, 2026, to confer on these additions, despite the pre-trial order being due that day and the Court's order requiring a meeting and conferral prior to August 17 (Doc. 675). While Plaintiffs remain willing and eager to confer with LGBCoin, Ltd. regarding the pre-trial order, they cannot meaningfully parse over 200 single-spaced pages of legal and factual errors provided late at night the day before the pre-trial order is due to the Court. Plaintiffs also have no authority to extend the time provided by the Court.

Plaintiffs have prepared a draft pre-trial order and materials representing their positions on the elements of the required order, which have been provided to counsel for LGBCoin as reflected in Ex. B.

**CONCLUSION**

Plaintiffs regretfully request a brief telephonic status conference to obtain the Court's guidance on how to proceed with preparation of the pretrial order, given the refusal of LGBCoin's counsel to confer and his direction to confer with an attorney who is not authorized to practice in this matter.

Dated: August 17, 2026

Respectfully submitted,

/s/ Kevin McCormack

Aaron M. Zigler (admitted pro hac vice)
Kevin McCormack (admitted pro hac vice)
Nidya S. Gutierrez (admitted pro hac vice)
ZIGLER LAW GROUP, LLC
308 S. Jefferson Street, Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
kevin@ziglerlawgroup.com
nidya@ziglerlawgroup.com

John T. Jasnoch (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-236-0508
jjasnoch@scott-scott.com

Sean T. Masson (admitted pro hac vice)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
Fax: 212-223-6334
smasson@scott-scott.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/*s*/ Kevin McCormack
Kevin McCormack