Outlook

**Defendant Koutoulas's pretrial submissions for the August 17, 2026 Joint Final Pretrial Statement**

**From** James Koutoulas <james@koutoulaslaw.com>
**Date** Sun 8/16/2026 8:45 PM
**To** Kevin McCormack <kevin@ziglerlawgroup.com>; harry4334 <harry4334@hotmail.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; Aaron Zigler <aaron@ziglerlawgroup.com>
**Cc** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>

7 attachments (437 KB)

1 - Defendant James Koutoulas Pretrial Statement.docx; 2 - Defendant James Koutoulas Proposed Jury Instructions.docx; 3 - Defendant James Koutoulas Proposed Special Verdict Form.docx; 4 - Defendant James Koutoulas Proposed Voir Dire.docx; 5 - Defendant James Koutoulas Trial Witness List.docx; 7 - Defendant James Koutoulas Objections to Plaintiffs Exhibit List.docx; 8 - Defendant James Koutoulas Deposition Designations.docx;

Counsel:

Attached are Defendant James Koutoulas's pretrial submissions for the Joint Final Pretrial Statement due August 17, 2026 under the Sixth Amended Case Management and Scheduling Order (Doc. 620). They are served today so that the parties can assemble the single joint submissions that order requires.

**Defendant's position on your Friday correspondence.**

Your Friday correspondence states that Mr. Koutoulas has a default judgment against him, that his motion to vacate has not been granted, and that as matters stand the only pretrial issues to discuss are those relating to the claims against LGBCoin, Ltd. He disagrees, and the submissions are served for four reasons, none of which depends on who is right.

First, Doc. 620 Section III.B.2 provides that issues and objections not stated with specificity are waived. Mr. Koutoulas is a party of record. Withholding submissions in reliance on your reading of Doc. 688 would risk precisely the waiver that provision creates, and he will not take that risk on your rhetorical say-so.

Second, the judgment is not final. It adjudicates fewer than all claims and the rights of fewer than all parties, no certification has been entered under Federal Rule of Civil Procedure 54(b), and it therefore may be revised at any time before entry of a judgment adjudicating all claims and all parties' rights and liabilities. Fed. R. Civ. P. 54(b); *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379, 1382 (11th Cir. 2024). Rule 55(c) governs final default judgments and does not apply. The Clerk's own Civil Appeals Jurisdiction Checklist, attached to Doc. 688 itself, states the same rule at paragraph 1(b).

Third, Mr. Koutoulas has moved under Rule 54(b) to vacate Doc. 688 and to revise Doc. 682. Doc. 714. That motion is pending. It expressly preserves his requests that entry of judgment be deferred until the claims against LGBCoin, Ltd. are adjudicated and that an evidentiary hearing be held under Rule 55(b)(2) before any sum is fixed. Doc. 714 at 1. Mr. Koutoulas further maintains that Doc. 682 and Doc. 688 are subject to appellate review and that relief remains available.

Fourth, and independent of all of the foregoing, no amount has been fixed. Doc. 688 states no sum, and paragraph 3 of Doc. 682 concerns attorneys' fees and costs as a discovery sanction in an amount to be

determined upon motion, which has not been adjudicated.

Overall, where the sum is neither certain nor capable of being made certain by computation, Rule 55(b)(2) requires an evidentiary hearing to determine the amount; entering judgment without one is an abuse of discretion; and a hearing may be dispensed with only in limited circumstances where all essential evidence is already of record. *SEC v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005). Essential evidence is not of record here, including transaction-specific purchase amounts, ownership and tender status, income or value received, seller or solicitor attribution transaction by transaction, and any benefit actually received and retained. So even on your reading of Doc. 688, a hearing or trial on the amount of any recovery is required, and Mr. Koutoulas is entitled to participate in it.

A word on the closing question in your email. Whether Mr. Koutoulas engaged in misconduct is a contested question that no tribunal has resolved with finality. The contempt findings are on appeal in Eleventh Circuit No. 26-12606, a related petition is pending at No. 26-12688, and Doc. 682 and Doc. 688 are the subject of a pending motion under Rule 54(b) with appellate review to follow. What has been resolved on this record is that Plaintiffs violated the Private Securities Litigation Reform Act. Plaintiffs conceded it. Doc. 284 at 3 ("Plaintiffs concede they violated the PSLRA."). The concession ran to three separate provisions: plaintiff certification, early notice, and the discovery stay. *Id.* at 3, 5. The Court found that evidence Plaintiffs obtained through the stay violation "appears to be ill-gotten" and stated that it "will not reward Plaintiffs for their non-compliance with the PSLRA's procedural protections." *Id.* at 9 n.3. It granted Mr. Koutoulas's motion in part, ordered Plaintiffs to publish the early notice they should have published at the outset, stayed discovery, and warned that further non-compliance could result in sanctions "up to and including dismissal with prejudice." *Id.* at 11-12. Mr. Koutoulas raises this not to relitigate it, but because a party whose own statutory violations are a matter of concession and of record is not well positioned to make the conduct of an opposing party the reason for declining to confer about a pretrial statement.

**Documents served with this letter.**

Each is provided in Microsoft Word so the parties can assemble the joint submissions:

1. Defendant James Koutoulas's Pretrial Statement
2. Defendant James Koutoulas's Proposed Jury Instructions
3. Defendant James Koutoulas's Proposed Special Verdict Form
4. Defendant James Koutoulas's Proposed Voir Dire
5. Defendant James Koutoulas's Trial Witness List
6. Defendant James Koutoulas's Trial Exhibit List (via link below)
7. Defendant James Koutoulas's Objections to Plaintiffs' Exhibit List
8. Defendant James Koutoulas's Deposition Designations

**Supplemental exhibit transmittal.**

A supplemental exhibit transmittal is available at the link below:

Exhibit Transmittal 2026-07-24

It contains two additional items from the last time it was sent:

DX 00115. The original video of Governor DeSantis's remarks concerning NASCAR and LGBCoin as published by Florida's Voice, produced natively together with an H.264 playback copy. This exhibit was previously listed with a source locator only; the media is now produced.

DX 00150. The final executed Settlement Agreement of March 18-19, 2022. It appears that an earlier version of this agreement was included in a prior exchange. The version in this transmittal is the final executed document, and it supersedes any earlier version previously provided.

Also, you have not retransmitted Key's production which Ms. Martell said the initial one and all backups were corrupted. Please advise if you will send non-corrupt versions or if a motion is required.

**Conferral.**

Mr. Koutoulas remains available to confer on the joint submissions tomorrow, what time works for you? Please advise promptly whether Plaintiffs will include his submissions in the Joint Final Pretrial Statement. If Plaintiffs decline to do so, please say so in writing so that the disagreement is documented and each side may present its positions separately.

Nothing in this letter or in the attached submissions concedes that Doc. 682 or Doc. 688 is valid, final, or preclusive, consents to the trial of any issue, or waives any objection, defense, or right, all of which are expressly reserved.

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** Kevin McCormack <kevin@ziglerlawgroup.com>
**Date:** Friday, August 14, 2026 at 7:18 PM
**To:** James Koutoulas <james@koutoulaslaw.com>; harry4334 <harry4334@hotmail.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; Aaron Zigler <aaron@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

James,

You have a default judgment against you and your motion to vacate has not been granted. As it stands, the only PTO issues to discuss relate to the claims against LGBCoin Ltd.

Are you really asking that we create a PTO and have a meeting to confer about the claims for which we have a default judgment based on your misconduct?



**Kevin McCormack**
*Attorney*
**Zigler Law Group, LLC**
p: (224) 480-2056
a: 308 S. Jefferson, Suite 333, Chicago, IL, 60661, USA
w: www.ziglerlawgroup.com
e: kevin@ziglerlawgroup.com

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy, distribute or use the information in this message. Important legal disclosures are contained within our Terms of Service.

Kevin McCormack is licensed in Tennessee.

**From:** James Koutoulas <james@koutoulaslaw.com>
**Sent:** Friday, August 14, 2026 4:38 AM
**To:** harry4334 <harry4334@hotmail.com>; John Jasnoch (Scott + Scott) <jjasnoch@scott-scott.com>; Aaron Zigler <aaron@ziglerlawgroup.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

Given the judgment was entered on faulty grounds per motion to vacate filed last night, I reserve all rights and will have updated materials Monday. What time Monday works for a call.

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** harry winderman <harry4334@hotmail.com>
**Sent:** Friday, 14 August 2026 00:43:59
**To:** John Jasnoch <jjasnoch@scott-scott.com>; Aaron Zigler <aaron@ziglerlawgroup.com>; James Koutoulas <james@koutoulaslaw.com>; kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

No new material and 2 is fine. Call 5619015110

Sent via the Samsung Galaxy S24 Ultra, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** John Jasnoch <jjasnoch@scott-scott.com>
**Sent:** Friday, 14 August 2026 00:37:43
**To:** harry winderman <harry4334@hotmail.com>; Aaron Zigler <aaron@ziglerlawgroup.com>; James Koutoulas <james@koutoulaslaw.com>; kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

Hi Harry,

I believe you said 2pm eastern was fine. Attached are the revised materials. Please let us know if we can expect revised materials from LGBCoin Ltd.

Thanks,
John

SCOTT + SCOTT

**John Jasnoch,** Partner
619.798.5310
jjasnoch@scott-scott.com
www.scott-scott.com
600 W. Broadway + Suite 3300
San Diego, CA 92101

NEW YORK+CONNECTICUT+CALIFORNIA+DELAWARE+TEXAS+VIRGINIA+OHIO+NEBRASKA
AMSTERDAM+BERLIN+LONDON+MONTRÉAL

This e-mail may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

---

**From:** harry winderman <harry4334@hotmail.com>
**Sent:** Thursday, August 13, 2026 9:17 PM
**To:** Aaron Zigler <aaron@ziglerlawgroup.com>; James Koutoulas <james@koutoulaslaw.com>; kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

Remind me of the time of the call

Sent via the Samsung Galaxy S24 Ultra, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Aaron Zigler <aaron@ziglerlawgroup.com>
**Sent:** Thursday, 13 August 2026 23:29:53
**To:** James Koutoulas <james@koutoulaslaw.com>; Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>; harry4334 <harry4334@hotmail.com>
**Subject:** RE: For conferral

We have a conference scheduled with Harry tomorrow to discuss the PTO on the claim against Ltd. I don't think there is a need to discuss a PTO with respect to the claims against you personally since the Court entered a judgment and thus there will be no trial. Please let me know if you disagree.



**Aaron Zigler**
*Founder and Managing Attorney*
**Zigler Law Group, LLC**
p: (312) 673-8427
a: 308 S. Jefferson, Suite 333, Chicago, IL, 60661, USA
w: www.ziglerlawgroup.com
e: aaron@ziglerlawgroup.com

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy, distribute or use the information in this message. Important legal disclosures are contained within our Terms of Service.

Aaron Zigler is licensed in Illinois, New York, California and Missouri.

---

**From:** James Koutoulas <james@koutoulaslaw.com>
**Sent:** Thursday, August 13, 2026 6:07 PM
**To:** Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>; harry4334 <harry4334@hotmail.com>
**Subject:** Re: For conferral

When would you like to confer for the PTO?

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** Kevin McCormack <kevin@ziglerlawgroup.com>
**Date:** Thursday, August 13, 2026 at 1:45 PM
**To:** James Koutoulas <james@koutoulaslaw.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

James,

We oppose both motions. If you'd like, you may consider this a conferral under Rule 3.01.

Regards,



**Kevin McCormack**
*Attorney*
**Zigler Law Group, LLC**
p: (224) 480-2056
a: 308 S. Jefferson, Suite 333, Chicago, IL, 60661, USA
w: www.ziglerlawgroup.com
e: kevin@ziglerlawgroup.com

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy, distribute or use the information in this message. Important legal disclosures are contained within our Terms of Service.

Kevin McCormack is licensed in Tennessee.

**From:** James Koutoulas <james@koutoulaslaw.com>
**Sent:** Thursday, August 13, 2026 10:15 AM
**To:** Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

Any thoughts on these or want to discuss via phone this afternoon?

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com

---

**From:** James Koutoulas <james@koutoulaslaw.com>
**Date:** Tuesday, August 11, 2026 at 12:01 PM
**To:** Kevin McCormack <kevin@ziglerlawgroup.com>
**Cc:** LGBCoin-Ext <LGBCoin@ziglerlawgroup.com>; Mae Lynora <lynora.mae@gmail.com>
**Subject:** Re: For conferral

Please find attached two motions for conferral. Please let me know if you have a time to discuss this afternoon.

James L. Koutoulas, Esq.
Managing Member
Koutoulas Law, LLC
www.koutoulaslaw.com