**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, et al,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS, et al.,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**DECLARATION OF KEVIN MCCORMACK IN SUPPORT OF PLAINTIFFS' REQUEST FOR STATUS CONFERENCE**

I, Kevin McCormack, declare as follows:

1. I am an attorney at Zigler Law Group, LLC and counsel of record for Plaintiffs in this action. I have personal knowledge of the facts set forth herein and could and would testify competently to them if called as a witness.

2. On July 27, 2026, I sent an email to Defendants' counsel attaching proposed pretrial materials and proposing an August 3, 2026 meeting date to prepare the Joint Final Pretrial Statement — the last permissible date under the Court's scheduling order. As reflected in Docs. 689-1 and 689-2 (email chain exhibits to Plaintiffs' Request for Status Conference), Defendants rescheduled the meeting of counsel multiple times before finally cancelling the meeting planned for the last

day available under the Court's case management and scheduling order due to travel issues.

3. On August 4, 2026, the Court issued its Sanctions Order (Doc. 682) entering default judgment against Defendant Koutoulas. Later that same day, Koutoulas — acting without involvement from Mr. Winderman — communicated to me and other Plaintiffs' counsel by email, asserting that "there is no default against LTD," designating certain correspondence as "defense exhibits," for "[t]rial or any other motions to come." (Doc. 692-1).

4. On August 10, 2026, the Court entered its Endorsed Order (Doc. 704) permitting the parties to meet remotely on any day before August 17, 2026 to prepare their Joint Final Pretrial Statement. That same morning, Mr. Winderman sent me an email with the subject line "Kortoulis"(a misspelling of his client's name) stating "Let's meet and confer" with nothing attached. His subsequent replies that morning contained a draft opposition to the motion for sanctions against LGBCoin, Ltd., apparently prepared by Koutoulas, and no other substantive content.

5. On August 12, 2026, I asked Mr. Winderman whether he anticipated any changes to LGBCoin, Ltd.'s pretrial materials in light of Defendant

Koutoulas's default, and whether he was available at 2 p.m. on August 14, 2026 to confer on the pre-trial statement. Mr. Winderman responded: "Fine, I don't know."

6. On August 13, 2026, Defendant Koutoulas asked when Plaintiffs wished to confer on the pre-trial order. Plaintiffs' counsel Aaron Zigler responded, advising that Plaintiffs had a conference scheduled with Mr. Winderman the following day to discuss the pretrial statement on the claim against LGBCoin, Ltd., and that Plaintiffs did not believe there was a need to discuss a pretrial statement with respect to the claims against Koutoulas personally given the entry of default judgment. Mr. Winderman replied: "No new material and 2 is fine."

7. Mr. Koutoulas thereafter responded, "Given the judgment was entered on faulty grounds per motion to vacate filed last night, I reserve all rights and will have updated materials Monday. What time Monday works for a call."

8. On August 14, 2026, I participated in a telephone call with Mr. Winderman for the purpose of meeting and conferring on the Joint Final Pretrial Statement as required by Doc. 704 and the Court's Case Management and Scheduling Order (Doc. 620). Koutoulas did not participate in the call. During the call, Mr.

Winderman stated, in substance and in part: "You should call Nikoulas [sic].[1] He's the one who owns the corporation."[2]

9. When I asked whether he could discuss the matters required in the pre-trial order, Mr. Winderman stated, "I'm only involved because the corporation needed outside counsel. He's the one who knows the details about the case. I wouldn't know what to add beyond what he says."

10. When pressed on the need to confer, Mr. Winderman stated, "I don't have anything to add besides what he says and I frankly don't have the authority to agree to anything else. I'm happy to get on a three-way call if we need to, but I can't really help you. He's the one you need to talk to and I give you permission to contact him directly."

11. Mr. Winderman declined to address, discuss, or take any independent position on the substance of the Joint Final Pretrial Statement.

12. Following the August 14, 2026 call, I sent Mr. Winderman an email memorializing his statements and asking him to confirm that he had directed Plaintiffs to discuss the Joint Final Pretrial Statement with Defendant Koutoulas

---

[1] A mispronunciation of Koutoulas' name.

[2] All quotations contained herein are as close to verbatim as possible, based on notes I made a few minutes after the call's conclusion.

on behalf of LGBCoin, Ltd. and had consented to Plaintiffs contacting Koutoulas directly for that purpose. Attached as **Exhibit D** is a true and correct copy of that email and Mr. Winderman's response, received at 7:01 p.m. that same day, in which Mr. Winderman stated: "Yes I confirm you may deal directly with james."

13. On August 16, 2026 at 9:45 EST, Koutoulas sent Plaintiffs' counsel an email containing over 200 pages of new material, including 51 pages of single-spaced proposed additions to the pre-trial order. The new materials seek to litigate the securities law claims against Koutoulas. The new materials contain countless misstatements of fact and law, re-raise the same arguments the Court has rejected *ad nauseum*, and take positions on behalf of both LGBCoin and Koutoulas individually.

14. Attached as **Exhibit B** is a true and correct copy of Mr. Koutoulas's cover email of August 16, 2026 transmitting these materials. Mr. Koutoulas's proposed pre-trial submission states that "the parties met on August 10, 2026" to prepare the joint pretrial statement, and makes similar statements regarding other proposed motions. No meeting occurred on August 10, 2026. The only communication from any defense counsel on August 10, 2026 was Mr. Winderman's content-free "Kortoulis" email described above. The pretrial submissions address

claims on which default judgment has been entered against Defendant Koutoulas and take positions on behalf of both Defendants.

15. Along with the e-mail, Koutoulas requested that the parties meet and confer on August 17, 2026, the same day the pre-trial order is due, and demanded that Plaintiffs advise whether they would include his submissions in the Joint Final Pretrial Statement, stating that if Plaintiffs declined to do so, "each side may present its positions separately."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2026, in Memphis, Tennessee.

By: /s/ Kevin McCormack
Kevin McCormack