**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS and LGBCOIN, LTD,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**DEFENDANT JAMES KOUTOULAS'S NOTICE REGARDING THE JOINT FINAL PRETRIAL STATEMENT**

Defendant James Koutoulas submits this notice concerning the Joint Final Pretrial Statement due today under the Endorsed Order at Doc. 704, and concerning entries in the draft pretrial text he served on August 16, 2026 for assembly into that document.

Defendant Koutoulas requested the conference with Plaintiffs concerning his pretrial positions that the Court's orders require, and that conference did not occur. Section III.C of Doc. 620 provides that "[a]ll parties are responsible for

filing a Joint Final Pretrial Statement in full compliance with this order," and that Plaintiffs' counsel "shall have the primary responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material."

Doc. 704 permitted the parties to meet remotely any day before August 17, 2026, and directed that they file the statement on or before August 17, 2026. On August 13, 2026, Defendant asked Plaintiffs' counsel, "When would you like to confer for the PTO?" Doc. 717-2 at 6. Plaintiffs' counsel answered that they did not think there was a need to discuss a pretrial statement with respect to the claims against Defendant personally. Id. at 5. Defendant asked again on August 14, 2026, writing "What time Monday works for a call," id. at 4, and a third time on August 16, 2026 when he served his materials, id. at 3. Plaintiffs did not provide Defendant Koutoulas a date or time. Plaintiffs and counsel for Defendant LGBCoin, Ltd. held a telephone call on August 14, 2026; Plaintiffs' declaration states that "Koutoulas did not participate in the call." Doc. 717-3 ¶ 8. No telephone or video conference with Defendant Koutoulas concerning his pretrial positions occurred.

Plaintiffs filed Doc. 717 without first conferring with Defendant Koutoulas concerning his draft pretrial submissions. The materials Defendant served on August 16, 2026 were served for conferral and assembly. They were provided in Microsoft Word so the parties could assemble the joint submissions, and the first page of the draft pretrial text stated that it was intended for insertion into the joint document and that Defendant reserved the right to update his position based on subsequent updates by Plaintiffs. No document was presented as an agreed final version to be filed. Doc. 717 identifies entries in that draft. Each is addressed below, and each is the kind of matter a conference identifies and resolves.

As of the filing of this notice, no Joint Final Pretrial Statement has been filed. Plaintiffs' counsel has not performed the coordinating obligation Section III.C assigns. Defendant's materials remain available for inclusion in the joint filing, and he remains available to confer today or on any date the Court sets (other than August 20, 2026 when he is otherwise committed to an important personal matter). Defendant expressly reserves all rights, objections, defenses, and positions arising from the absence of a filed Joint Final Pretrial Statement, including any objection to the later filing of a statement that omits his positions.

Defendant has in good faith provided updated versions of his draft conferral documents, which were never presented as filing ready, and to make any revision a conference produces.

Defendant corrected the following entries from the draft he served on August 16, 2026. The corrections concern four subjects, and two further matters are clarified. Defendant has today served on all counsel a corrected version of his draft pretrial text reflecting the corrections stated below.

1. Doc. 637. Section (13)(A)(1) of the served draft statement lists Defendant Koutoulas's Motion for Rule 11 Sanctions (Doc. 637) as pending and states that "[n]o order has resolved the motion." That is incorrect. The Court denied Doc. 637 by Order entered July 29, 2026. Doc. 675. Section (13)(A)(1) is withdrawn. The served text separately faults Plaintiffs' draft for displaying Doc. 637 in struck-through text and states that "Doc. 637 remains pending and fully briefed." That criticism is also withdrawn. Plaintiffs' treatment of Doc. 637 was correct and Defendant's observation was stale.

2. Doc. 624. The served draft statement identifies Defendant's Motion for Reconsideration (Doc. 624) as resolved in three places. It states that the Court "has denied Defendant Koutoulas's reconsideration and certification motions

(Docs. 624, 672, 676)" and that "those resolved matters are not listed as pending"; that reconsideration "was sought (Doc. 624) and denied (Docs. 672, 676)"; and that "[t]he reconsideration motion at Doc. 624 . . . ha[s] been resolved and should not be listed as pending." One sentence in the same document is inconsistent with those statements. It faults Plaintiffs' draft because its "statement of pending motions omits the fully briefed Motion for Reconsideration (Doc. 624)." That criticism was also stale and is withdrawn. The Court denied Doc. 624 by Order entered July 28, 2026, Doc. 672, and denied the related motion to amend or clarify that Order by Endorsed Order entered July 30, 2026, Doc. 676.

3. Doc. 689. Section (13)(A)(2) lists Plaintiffs' request for a status conference (Doc. 689) as pending and states that "[n]o order has resolved the request." That is incorrect. By Endorsed Order entered August 10, 2026, the Court found Doc. 689 moot. Doc. 705. Section (13)(A)(2) is withdrawn. The served draft statement also gives the filing date of Doc. 689 as August 6, 2026. The correct date is August 5, 2026.

4. The anticipated August 10, 2026 meeting. The served draft statement says in two places that the parties met on August 10, 2026 to prepare the statement. That is incorrect and those statements are withdrawn. They were

forward-looking placeholders drafted in anticipation of a meeting expected to occur on August 10, 2026 (after August 3, 2026 was cancelled due to Mr. Winderman's flight cancellation), and they were not updated after no meeting occurred. No meeting of counsel occurred on August 10, 2026.

5. Doc. 704. The served draft statement does not cite the Endorsed Order entered August 10, 2026, which provides that "the parties may meet in person on August 10, 2026, or alternatively, may meet remotely any day before August 17, 2026 to prepare their Joint Final Pretrial Statement," and that "on or before August 17, 2026, the parties shall file their Joint Final Pretrial Statement in compliance with the 620 6th Amended Case Management and Scheduling Order." Doc. 704. The omission of that citation was not itself a misstatement. Defendant identifies the Order so that the record is complete.

6. Material referring to Defendant LGBCoin, Ltd. The first page of the served text provides that all affirmative positions, objections, and reservations stated in it "are made solely on behalf of Defendant James Koutoulas," and that "[n]othing herein purports to state, adopt, waive, or bind any position of LGBCoin, Ltd., which appears through separate counsel." Section III.B.1 of the Court's Sixth Amended Case Management and Scheduling Order requires a

single Joint Final Pretrial Statement containing the positions of all parties and provides that unilateral statements will be stricken. Defendant Koutoulas prepared his draft for use in assembling that joint filing. It included separately identified material concerning Defendant LGBCoin, Ltd. under its own heading. The affirmative defenses listed there for that party derive from that party's Answer and Affirmative Defenses, filed by its own counsel on May 9, 2024, Doc. 366, and from the Joint Pretrial Statement Plaintiffs filed on January 20, 2026, which likewise set out affirmative defenses for each defendant under separate headings, Doc. 563 at 12, 14, and which the Court struck, Doc. 567. Of the ten defenses listed for Defendant LGBCoin, Ltd. in the served text, three are identical to the January text, three differ from it only in typography, three add record citations to the same defense, and one is new. The first-page disclaimer controls. Defendant Koutoulas does not represent Defendant LGBCoin, Ltd., does not purport to state or bind its current positions, and asserts no position on its behalf. That party states, adopts, modifies, or withdraws its own positions through its own counsel.

Defendant Koutoulas regrets the inaccuracies identified above and corrects them promptly. Except for the statements expressly withdrawn or clarified in

this Notice, nothing herein waives any position, objection, defense, or right stated or preserved in his draft pretrial submissions, all of which are expressly reserved.

Dated: August 17, 2026

Respectfully submitted,

/s/ James Koutoulas

JAMES L. KOUTOULAS
Defendant, Pro Se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
Telephone: (312) 836-1180
E-mail: james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ James Koutoulas

JAMES L. KOUTOULAS