**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS and LGBCOIN, LTD,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**DEFENDANT JAMES KOUTOULAS'S RESPONSE TO PLAINTIFFS' RENEWED REQUEST FOR A STATUS CONFERENCE (DOC. 717)**

Defendant James Koutoulas does not oppose Plaintiffs' request for a status conference. He joins in it. He asks that, in resolving Plaintiffs' request, the Court also address the filing deadline, because the matter is time sensitive. The Joint Final Pretrial Statement is due today, August 17, 2026, under the Endorsed Order at Doc. 704; the conferral the Court's orders require has not occurred; and as of this filing no Joint Final Pretrial Statement has been filed by any party. Doc. 717 was filed today. Defendant respectfully requests a ruling today, August 17, 2026,

or as soon thereafter as the Court is able. He states the following so that the record before the Court is complete.

1. The drafts were served to facilitate conferral, and Plaintiffs declined to confer with Defendant Koutoulas. Defendant served his draft pretrial materials on August 16, 2026 under a cover message asking Plaintiffs to confer the following day, to advise whether they would include his submissions in the Joint Final Pretrial Statement, and, if they declined, to say so in writing so that the disagreement would be documented. Doc. 717-2 at 3. That was the third request for a conference in four days. Doc. 717-2 at 6 (August 13, 2026); id. at 4 (August 14, 2026). Plaintiffs did not agree to confer with Defendant Koutoulas in response to any of those requests and never provided a date or time. Doc. 717 states that Plaintiffs "cannot meaningfully parse over 200 single-spaced pages of legal and factual errors provided late at night the day before the pre-trial order is due to the Court." Doc. 717 at 6. Within that same interval Plaintiffs reviewed the submissions closely enough to identify and catalogue their asserted defects and to prepare and file an eight-page request supported by four exhibits, including a fifteen-paragraph declaration. Each of the entries Doc. 717 identifies is corrected in Defendant's Notice Regarding the Joint Final Pretrial Statement, filed today

(the "Notice"), and each could have been raised and resolved in the call Defendant asked for. Under Section III.C of Doc. 620, Plaintiffs' counsel has "the primary responsibility to coordinate compliance" with the meeting requirement and with the filing of the Joint Final Pretrial Statement, and under Doc. 704 that statement is due today. The entries Doc. 717 identifies are carryover language in a draft served for conferral, on which no conference occurred. Defendant does not contend that serving those drafts, or the exchange of emails that accompanied them, was itself the conferral the Court's orders require. It was not. The drafts were served to give Plaintiffs the material a conference would address, and Defendant asked for the conference in the same message.

2. The Court's orders require a single joint statement and strike unilateral ones. Section III.B.1 of the Sixth Amended Case Management and Scheduling Order requires the parties to file a Joint Final Pretrial Statement signed by "[l]ead trial counsel for all parties, or the parties themselves if unrepresented," and provides that "[t]he Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete." Doc. 620 § III.B.1. Section III.C provides that "[a]ll parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order," assigns Plaintiffs' counsel "the

primary responsibility to coordinate compliance," and directs that "[i]f counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference." Id. § III.C. The Endorsed Order entered August 10, 2026 sets two dates. It provides that "the parties may meet in person on August 10, 2026, or alternatively, may meet remotely any day before August 17, 2026 to prepare their Joint Final Pretrial Statement," and that "[i]n any event, on or before August 17, 2026, the parties shall file their Joint Final Pretrial Statement in compliance with the 620 6th Amended Case Management and Scheduling Order." Doc. 704. The meeting window therefore closed on August 16, 2026, and the filing is due today. That Order issued five days after the judgment at Doc. 688 and contains no exception for Defendant Koutoulas.

3. What Defendant served was material for insertion into the joint document, and it said so on its first page. Because a unilateral statement is subject to being stricken, the course available to Defendant Koutoulas was to serve his positions on Plaintiffs for insertion into the single joint document. His served text is captioned "Defendant James Koutoulas's Positions for the Joint Final Pretrial Statement." Its first page recites Section III.B.1 and the striking

provision, states that "[t]he text below is intended for insertion as Defendant James Koutoulas's positions into the joint document," states that "[a]ll affirmative positions, objections, and reservations stated herein are made solely on behalf of Defendant James Koutoulas," and states that "[n]othing herein purports to state, adopt, waive, or bind any position of LGBCoin, Ltd., which appears through separate counsel."

4. The August 16 submissions were working materials for conferral and assembly, not final unilateral filings, and their merits content was not new. Defendant's cover message stated that the documents were "served today so that the parties can assemble the single joint submissions that order requires," and that each was provided in Microsoft Word "so the parties can assemble the joint submissions." Doc. 717-2 at 1, 2. The first page of the proposed pretrial text stated that it was intended for insertion into the joint document and that Defendant reserved the right to update his position based on subsequent updates by Plaintiffs. No document was represented as an agreed final version to be filed. Twenty days earlier, on July 27, 2026, Defendant served Plaintiffs' counsel with a draft pretrial statement, draft proposed jury instructions, and draft proposed voir dire, expressly "for discussion" and "subject to change." That message

identified an ambiguity concerning the unjust enrichment claims and asked three questions "[s]o that the August 3 meeting is productive": whether Plaintiffs intended to try the three named Plaintiffs' individual unjust enrichment claims; the claim or claims, if any, Plaintiffs intended to try against Defendant LGBCoin, Ltd.; and, if none, whether Plaintiffs would stipulate to that party's dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). On July 31, 2026, Plaintiffs' counsel replied: "Thank you for flagging the ambiguity regarding Plaintiffs' unjust enrichment claim. We can confirm that we are continuing to assert that claim. Attached is a revised draft Pretrial Statement that further clarifies Plaintiffs' position." The principal merits material was therefore disclosed well before August 16, and Defendant's review had already improved the parties' working materials.

5. Defendant's materials moved because Plaintiffs' materials moved. Plaintiffs served a revised draft on July 31, 2026 and further revised materials on August 14, 2026. Doc. 717 at 2; Doc. 717-3 ¶ 6. Defendant revised his own submissions to track each revision and served them on August 16, 2026. Two status entries in Section (13)(A) of his statement were not updated in that process. They are withdrawn in the Notice. The stale entries are the kind a real-

time conference identifies. Defendant first requested a conference on the pretrial order on August 13, 2026, while the remote-conference window Doc. 704 provided remained open, and continued requesting a call on August 14 and August 16 after Plaintiffs stated that no conference with him was necessary. Nine of the ten affirmative defenses listed for Defendant LGBCoin, Ltd. in the August 16 draft are identical, word for word, to the July 27 draft; the first differs only by the addition of a quotation from *Pinter v. Dahl* and the correction of two pin cites. Doc. 717-3 ¶ 13 describes the August 16 service as "over 200 pages of new material." The material Doc. 717 identifies as asserting affirmative defenses in the name of Defendant LGBCoin, Ltd. is not new.

6. The format of the draft is the format Plaintiffs used. On January 20, 2026, Plaintiffs filed a document titled Joint Pretrial Statement. Doc. 563. It was signed and filed by Plaintiffs' counsel alone. It set out affirmative defenses under the heading "Defendant Koutoulas asserts the following affirmative defenses," Doc. 563 at 12, and further affirmative defenses under the heading "Defendant LGBcoin, Ltd. asserts the following affirmative defenses," id. at 14. The Court struck it, finding that "the parties did not have an in-person conference prior to filing" and that "Plaintiffs filed the aforementioned 563 Statement without the

agreement and signatures of Defendants." Doc. 567. Doc. 717 states that Defendant's August 16 draft is objectionable in part because it "assert[s] affirmative defenses in LGBCoin, Ltd.'s name." Doc. 717 at 5. Of the ten defenses listed for that party in the August 16 draft, three are identical to the January text, three differ from it only in typography, three add record citations to the same defense, and one is new. Defendant states this only to show that assembling each party's defenses under separate headings into one document is the format Plaintiffs themselves used, and that Doc. 567 illustrates why a pretrial statement filed without a conference and without the other parties' signatures is at risk.

7. Withholding submissions was not available to Defendant. Defendant Koutoulas is a party of record and appears pro se. Doc. 623. Section III.B.2 of the Court's order governs the exhibit list and provides that objections not made, or not made with specificity, are waived. At minimum, withholding his specific exhibit objections in reliance on Plaintiffs' reading of Doc. 688 would have risked the waiver that Section III.B.2 expressly creates.

8. The requests and Plaintiffs' responses appear in Plaintiffs' own exhibits. On August 13, 2026 at 6:07 p.m., Defendant asked Plaintiffs' counsel: "When would you like to confer for the PTO?" Doc. 717-2 at 6. Later that evening

Plaintiffs' counsel answered: "We have a conference scheduled with Harry tomorrow to discuss the PTO on the claim against Ltd. I don't think there is a need to discuss a PTO with respect to the claims against you personally since the Court entered a judgment and thus there will be no trial. Please let me know if you disagree." Id. at 5; see Doc. 717-3 ¶ 6. Earlier that day, in a separate exchange concerning two proposed motions, Defendant had asked whether counsel wished to discuss those motions by telephone, and Plaintiffs' counsel answered: "We oppose both motions. If you'd like, you may consider this a conferral under Rule 3.01." Doc. 717-2 at 6, 7. Defendant did disagree, and said so. He wrote again the following morning: "Given the judgment was entered on faulty grounds per motion to vacate filed last night, I reserve all rights and will have updated materials Monday. What time Monday works for a call." Id. at 4; see Doc. 717-3 ¶ 7. Plaintiffs' counsel replied that evening: "You have a default judgment against you and your motion to vacate has not been granted. As it stands, the only PTO issues to discuss relate to the claims against LGBCoin Ltd. Are you really asking that we create a PTO and have a meeting to confer about the claims for which we have a default judgment based on your misconduct?" Id. at 3. No order of this Court so provides. Plaintiffs never provided a date or time

for a telephone or video conference with Defendant Koutoulas, and no such conference concerning his draft pretrial submissions occurred.

9. Plaintiffs held written authorization to deal with Defendant directly and still did not provide a time. Later on August 14, 2026, counsel for Defendant LGBCoin, Ltd. confirmed in writing to Plaintiffs' counsel: "Yes I confirm you may deal directly with james." Doc. 717-4 at 1; see Doc. 717-3 ¶ 12. On August 16, 2026, Defendant served his draft pretrial submissions on all counsel and asked a third time: "Mr. Koutoulas remains available to confer on the joint submissions tomorrow, what time works for you? Please advise promptly whether Plaintiffs will include his submissions in the Joint Final Pretrial Statement. If Plaintiffs decline to do so, please say so in writing so that the disagreement is documented and each side may present its positions separately." Doc. 717-2 at 3; see Doc. 717-3 ¶ 15. Plaintiffs did not provide a time for a call. Their message of August 14, 2026 was their last communication with Defendant before Doc. 717 was filed. They filed Doc. 717 the following day, asking the Court for guidance "given the refusal of LGBCoin's counsel to confer and his direction to confer with an attorney who is not authorized to practice in this matter." Doc. 717 at 6.

Defendant Koutoulas is a party of record in his own right, and no order excuses conferral with him.

10. Defendant has corrected the stale items identified in the conferral draft. Contemporaneously with this response, Defendant is filing the Notice. It withdraws the stale entries listing Doc. 637 and Doc. 689 as pending, withdraws an outdated sentence faulting Plaintiffs' draft for omitting Doc. 624 from its list of pending motions, withdraws the placeholder statements that the parties met on August 10, 2026, and clarifies Doc. 704 and the material referring to Defendant LGBCoin, Ltd. Defendant does not ask the Court to overlook any of it.

11. The meeting cancellations were not within Defendant Koutoulas's control. Doc. 717-3 ¶ 2 states that "Defendants rescheduled the meeting of counsel multiple times before finally cancelling the meeting planned for the last day available under the Court's case management and scheduling order due to travel issues." The travel at issue was that of separate counsel for Defendant LGBCoin, Ltd. That party moved for relief on that basis, Docs. 678 and 696, and this Court granted it, Doc. 704. Defendant Koutoulas did not control that counsel's travel and did not seek those extensions and offered to meet for his individual counts.

12. Defendant asserts no position for Defendant LGBCoin, Ltd. For the reasons stated in the Notice, Defendant Koutoulas does not represent Defendant LGBCoin, Ltd., does not purport to speak for it, and asserts no position on its behalf. The first page of his served text so provides. Any question concerning that party or its representation in this action is for that party to address through its own counsel, and Defendant Koutoulas does not address it here.

However, Doc. 717 at 4 states that Defendant "represented to this Court that he cannot represent LGBCoin, Ltd. due to a conflict of interest," citing Doc. 626 at 14. Doc. 626 at 14 contains no such statement, and the phrase "conflict of interest" does not appear on that page. The relevant statement is at Doc. 626 at 7 and reads that "Mr. Koutoulas cannot represent it as a director." The references in Doc. 626 to a conflict of interest concern former counsel, not Defendant Koutoulas. Doc. 626 at 2, 6, 7. Defendant has not represented LGBCoin, Ltd., and the materials he served on August 16, 2026 state on their first page that every position in them is made solely on his own behalf.

13. Context. Between August 3 and August 15, 2026, thirty-eight entries were made on this docket, Docs. 678 through 715, and further entries have been made since. Defendant Koutoulas appears pro se and revised his submissions

through the weekend in response to Plaintiffs' revised draft served August 14, 2026 at 7:18 p.m. The entries he corrects today are the kind a short conference resolves. So is the citation in Doc. 717 to "the Court's order requiring a meeting and conferral prior to August 17 (Doc. 675)." Doc. 717 at 6. Doc. 675 is the Order denying Defendant's Motion for Rule 11 Sanctions. The Order setting the meeting and the August 17, 2026 filing date is Doc. 704. Defendant identifies that only to make the point that on a docket moving at this rate, a conference serves both sides better than motion practice, and he asks the Court to direct one.

14. Plaintiffs' counsel has the primary responsibility to coordinate the filing, and no Joint Final Pretrial Statement has been filed. Section III.C of Doc. 620 provides that "[a]ll parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order," and that Plaintiffs' counsel "shall have the primary responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material." Doc. 704 directs that the statement be filed on or before today. Defendant served his materials for insertion on August 16, 2026, requested a conference on August 13, August 14, and August 16, 2026, and has been given no date or time. His

submissions remain available for inclusion in the joint filing, and he remains available to confer today or on any date the Court sets. Defendant expressly reserves all rights, objections, defenses, and positions arising from the absence of a filed Joint Final Pretrial Statement, including any objection to the later filing of a statement that omits his positions.

In resolving Plaintiffs' request for a status conference and for guidance under Section III.C of Doc. 620, Defendant Koutoulas respectfully asks that any resulting order:

(a) set a status conference at the Court's earliest convenience;

(b) set a new date for filing the Joint Final Pretrial Statement following the conference;

(c) direct the parties to confer by telephone or videoconference by a date certain;

(d) to the extent the parties do not reach full agreement, authorize the parties to attach their separately identified positions to the Joint Final Pretrial Statement;

(e) direct Plaintiffs' counsel to perform the coordinating obligation Section III.C of Doc. 620 assigns, by a date certain; and

(f) grant such other relief as the Court deems appropriate.

Defendant's draft submissions as updated August 17, 2026 remain available for inclusion in the joint filing. Nothing in this response concedes that the judgment at Doc. 688 is valid, final, or preclusive, consents to the trial of any issue, or waives any objection, defense, or right, all of which are expressly reserved.

Dated: August 17, 2026

Respectfully submitted,

/s/ James Koutoulas

JAMES L. KOUTOULAS
Defendant, Pro Se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
Telephone: (312) 836-1180
E-mail: james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ James Koutoulas

JAMES L. KOUTOULAS