**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY,

Plaintiffs,

v. Case No. 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and LGBCOIN, LTD,

Defendants.

_______________________________________/

**DEFENDANT LGBCOIN, LTD'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT LGBCOIN, LTD. (DOC. 692)**

**PRELIMINARY STATEMENT**

Defendant LGBCoin, LTD ("LTD") opposes Plaintiffs' request in Doc. 692 for terminating sanctions. The motion aggregates the August 3 final-pretrial filing

issue with earlier filings and asks the Court to attribute all cited conduct to LTD. The record supports correction through the ongoing pretrial process, not an entity-specific finding of willful misconduct or a conclusion that lesser measures cannot work.

Doc. 682 expressly noted that Plaintiffs were not seeking sanctions against LTD in that proceeding. Doc. 682 at 1 n.1. Although the order elsewhere referred collectively to filings by multiple defendants, its conclusion did not make a bad-faith finding against LTD or impose relief on LTD. Id. at 20–21. Doc. 692 therefore requires a separate analysis of notice, conduct attributable to LTD, willfulness, and proportionality.

The post-motion docket confirms that a compliance remedy remains available. On August 10, the Court granted LTD's renewed motion, permitted an in-person meeting that day or a remote meeting on any day before August 17, and required the Joint Final Pretrial Statement to be filed on or before August 17. Doc. 704. The Court simultaneously found Plaintiffs' earlier status-conference request moot in light of that order. Doc. 705. No joint statement was filed by the deadline, and Plaintiffs filed a renewed status-conference request on August 17. Doc. 717. On August 18, the Court granted that renewed request and directed a virtual status conference to address the remaining pretrial obligations; it also clarified that the

remaining defendant-side pretrial process is LTD's through its counsel. Docs. 723–724. The Court scheduled the conference for August 25. Doc. 727.

The only merits claim to be tried against LTD is Count VII for unjust enrichment, asserted by De Ford, Bader, and Key. Doc. 455 at 2, 31–32. LTD preserves all objections to claim scope, pleading sufficiency, proof, admissibility, causation, remedy, and any unliquidated amount.

## BACKGROUND

The Sixth Amended Case Management and Scheduling Order required the parties to meet and prepare a Joint Final Pretrial Statement and directed counsel unable to coordinate compliance to notify the Court. Doc. 620 at 9–13.

Plaintiffs' August 5 filing reported that LTD's counsel advised them his flight had been canceled and requested rescheduling or remote attendance. Doc. 689 at 2–3. The August 3 motion seeking relief was filed at approximately 3:00 p.m. even though it requested a ruling by noon; the Court denied it without prejudice on August 4. Doc. 681. LTD does not defend that timing defect or any inaccurate description of Plaintiffs' position.

Plaintiffs filed Doc. 692 on August 6. The Court then granted LTD's renewed motion, permitted an in-person meeting on August 10 or a remote meeting on any day before August 17, and set August 17 as the filing deadline. Doc. 704. The Court separately found Plaintiffs' earlier status request moot. Doc. 705. No

joint statement was filed by August 17. The Court has now placed the remaining LTD pretrial obligations into the August 25 conference. Docs. 717, 723–724, 727.

## ARGUMENT

### I. The Court's post-motion orders provide a concrete lesser remedy.

The final-pretrial process remains capable of curing the scheduling and coordination harm identified in Doc. 692. Doc. 704 supplied an in-person option, a remote-meeting window, and a filing deadline. After the deadline passed without a joint statement, Docs. 723–724 and 727 supplied an LTD-only virtual status process directed to the remaining pretrial obligations. That sequence is a compliance-focused remedy, and it remains available.

Betty K Agencies, Ltd. v. M/V Monada vacated dismissal with prejudice where the record lacked an adequate finding of willful party misconduct and an adequate finding that lesser sanctions would not suffice. 432 F.3d 1333, 1335 (11th Cir. 2005). Here, the Court's own post-motion orders identify a practical lesser path: an LTD-only pretrial process supervised through the August 25 conference.

### II. Doc. 682 did not adjudicate LTD's entity-specific culpability.

Doc. 682 stated at the outset that Plaintiffs were not seeking sanctions against LTD in that proceeding. Doc. 682 at 1 n.1. Its conclusion did not make a bad-faith finding against LTD or impose relief on LTD. Id. at 20–21. Doc. 692

cannot substitute collective references elsewhere in that order for the separate findings required before terminating LTD's defense.

A filing made on an entity's behalf may be relevant to attribution, but attribution of a filing does not itself establish that LTD acted willfully, that every cited act is chargeable to LTD, or that no lesser measure will work. Doc. 692 must be decided on an LTD-specific record, not by treating separate parties and separate conduct as interchangeable.

**III. Terminating sanctions require willfulness, notice, and consideration of lesser measures.**

A terminating sanction requires willful or bad-faith noncompliance and is a last resort when less drastic measures would not ensure compliance. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). Dismissal with prejudice likewise requires a clear pattern of delay or willful contempt and a finding that lesser sanctions would not suffice; the sanction is especially difficult to justify when culpability rests with counsel rather than the party. Betty K, 432 F.3d at 1338.

The August 3 timing defect is undisputed, and the August 17 joint-statement deadline passed. But those docket facts do not alone establish willful misconduct by LTD or make the August 25 compliance process futile. If the Court determines

that a sanction is warranted, costs proved to have been caused directly by a specific filing or missed event are available without terminating LTD's defense.

## IV. The requested sanction is disproportionate to the claim pending against LTD.

Count VII is the only claim to be tried against LTD and is limited to De Ford, Bader, and Key. Doc. 455 at 2, 31–32. The pleading realleges selected earlier allegations and asserts that LTD sold LGBCoin and received a benefit. Doc. 245 ¶¶ 416–419. It does not identify an LTD wallet, a payment to LTD, transaction proceeds received by LTD, or an amount LTD retained.

Florida unjust-enrichment law requires proof that the plaintiff conferred a benefit on the defendant, which the defendant knew about; the defendant voluntarily accepted and retained the benefit; and the circumstances make retention without payment inequitable. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999). Those Plaintiff-specific questions should be resolved from admissible evidence, not treated as established by a sanction directed to pretrial filing and coordination issues.

LTD does not ask the Court to decide the merits in this response. The narrower point is that the disputed pleading, proof, and remedy issues reinforce why terminating relief is neither necessary nor proportional and why any unliquidated amount would require a focused evidentiary record.

## V. LTD preserves its due-process objection without renewing the denied hearing request.

Before inherent-power sanctions are imposed, the affected party must receive fair notice of the conduct at issue and an opportunity to respond. In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995). The Court denied LTD's separate hearing request and stated that it will schedule a hearing if it deems one necessary. Doc. 726. LTD does not renew the denied request. LTD preserves its objection that a finding of willful misconduct by LTD cannot be made by importing findings about another actor or by resolving disputed attribution and culpability without an LTD-specific record.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Sanctions (Doc. 692). Alternatively, the Court should use the August 25 status conference and the LTD-only pretrial process to secure remaining compliance; limit any monetary sanction to costs proved to have been caused directly by identified conduct after an opportunity to contest causation and amount; and make any finding of willfulness only on an LTD-specific record. Any relief should remain confined to the claim and parties actually before the Court for trial and to a benefit proved through admissible evidence to have been received and retained by LTD.

Dated: August 20, 2026

Respectfully submitted,

/s/ _Harry Winderman____

Harry Winderman, Esq.

Florida Bar No. 209562

One Boca Place, Suite 205E

2255 Glades Road

Boca Raton, FL 33431

Telephone: (561) 901-5110

Facsimile: (561) 434-0033

Email: Harry4334@hotmail.com

Counsel for Defendant LGBCOIN, LTD

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I electronically filed the foregoing with the Clerk of Court through CM/ECF, which will serve all counsel of record.

/s/ _Harry Winderman____

Harry Winderman, Esq.