**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY,

Plaintiffs,

v. Case No. 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and LGBCOIN, LTD,

Defendants.
_______________________________________/

**DEFENDANT LGBCOIN, LTD.'S OMNIBUS MOTION IN LIMINE**

Defendant LGBCoin, Ltd. ("LTD"), through undersigned counsel and under the Federal Rules of Evidence, Federal Rules of Civil Procedure 26 and 37, the Court's scheduling orders, and the Court's authority to control the presentation of evidence, moves for an order barring Plaintiffs, their counsel, and their witnesses from mentioning, displaying, eliciting, or offering the matters identified below before the jury without first obtaining leave outside the jury's presence. This motion is confined to the individual Count VII unjust-enrichment claims of Eric De Ford, Sandra Bader, and Shawn R. Key, the only merits claims set for trial against LTD.

Through this motion LTD seeks evidentiary boundaries that keep the trial tied to Plaintiff-specific proof of a benefit allegedly conferred on, accepted by, and retained by LTD. If Plaintiffs contend that a challenged item is admissible for a limited purpose, they should proffer the exact item or excerpt, sponsoring witness, foundation, hearsay path, and LTD-specific purpose outside the jury's presence before any reference is made.

**BACKGROUND**

The Court certified a class only on the Section 12(a)(1) claim against James Koutoulas individually; it denied certification of the unjust-enrichment claims. Doc. 455 at 2, 24-26, 31-32. Docs. 723 and 724 later confirmed that LTD is the only remaining defendant for purposes of trial and that the remaining pretrial process belongs to LTD through its counsel. Count VII therefore presents three individual claims, not a class claim and not a securities claim against LTD.

At the pleading stage, LTD argued that it never owned a cryptocurrency wallet and that the complaint identified no specific sale by LTD. Doc. 354 at 24. The Court allowed Count VII to survive for the same reasons stated in

its prior ruling on substantially similar allegations against Koutoulas. Id. That pleading ruling did not adjudicate receipt, retention, inequity, or any amount of relief.

The Court identified the Count VII elements as: (1) a benefit conferred on the defendant; (2) voluntary acceptance and retention of that benefit; and (3) circumstances making retention without payment inequitable. Doc. 354 at 23 (citing *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)). *Tooltrend* adds that the defendant must know of the benefit. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Each element and any value must be proved separately for each named Plaintiff.

## LEGAL STANDARD

Relevant evidence must tend to make a fact of consequence in this LTD-only Count VII trial more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible, and relevant evidence may be excluded when its probative value is substantially outweighed by unfair prejudice, confusion, misleading the jury, undue delay, wasting time, or needless cumulation. Fed. R. Evid. 402-403. The Court decides preliminary foundation and

admissibility questions. Fed. R. Evid. 104(a). A limiting instruction cannot supply missing relevance, authentication, personal knowledge, a hearsay exception, or corporate attribution. See Fed. R. Evid. 105, 602, 801-805, 901. Rules 26(a) and 26(e) require timely disclosure and supplementation. A party that fails to disclose information or a witness as required may not use that material unless the failure was substantially justified or harmless, subject to the remedies in Rule 37(c)(1). Doc. 620 also limits direct expert testimony to the opinions, bases, reasons, data, and information in the timely written report. Doc. 620 § I.E.

## I. RULINGS, DEFAULT, SANCTIONS, CONTEMPT, AND STRUCK FILINGS CONCERNING KOUTOULAS SHOULD NOT BE MENTIONED BEFORE THE JURY.

Docs. 682, 688, 723, and 724 concern Koutoulas's default and its consequences. No default or sanction was entered against LTD. Docs. 718-720 were struck. Doc. 724 states that the meet-and-prepare requirement does not include Koutoulas and that he is not counsel for LTD. None of those matters proves that a named Plaintiff conferred a benefit on LTD or that LTD accepted and retained one.

Reference to default, sanctions, contempt, disqualification, recusal, struck filings, or Koutoulas's pro se status would invite the jury to punish LTD for litigation events involving another party and to treat procedural rulings as merits evidence. The risk of entity confusion and unfair prejudice substantially outweighs any conceivable probative value. Fed. R. Evid. 401-403. No party should mention those matters before the jury without first obtaining leave outside its presence. If the Court permits a specific reference for context, it should give an immediate limiting instruction that the matter establishes no Count VII element against LTD. Fed. R. Evid. 105.

## II. RESTITUTION EVIDENCE MUST MEASURE A BENEFIT LTD RECEIVED AND RETAINED, NOT CONSIDERATION PAID LESS MARKET VALUE OR RECOVERY.

Plaintiffs' August 14 pretrial materials described anticipated expert testimony as an accounting of the consideration Plaintiffs paid for LGBCoin less income or value received, for purposes of measuring restitution. That loss-based accounting is not the Florida unjust-enrichment measure stated by this Court, *Tooltrend*, or *Virgilio*. The relevant value is the

benefit each Plaintiff proves was conferred on, accepted by, and retained by LTD. Doc. 354 at 23; *Tooltrend*, 198 F.3d at 805; *Virgilio*, 680 F.3d at 1337. Virgilio affirmed dismissal where plaintiffs paid an intermediary and argued that a separate percentage payment from the intermediary indirectly conferred a benefit on the defendants. The court held that the plaintiffs had not alleged a benefit they conferred on those defendants. 680 F.3d at 1337. The same rule prevents a purchase-side payment to Coinbase, Uniswap, a pool, or another recipient from becoming LTD's enrichment without admissible tracing to LTD.

The Third Amended Complaint pleads a per-transaction purchase-price spread. Doc. 245 ¶ 419. A different remedial theory cannot be added at the pretrial stage through a witness description. See *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (a new claim may not be added through summary-judgment briefing). Doc. 620 § I.E separately limits direct expert testimony to timely disclosed report opinions and supporting material.

This request does not challenge an expert's qualifications or methodology. It asks the Court to define the legally permissible measure and to prevent presentation of a different or undisclosed measure as restitution. Before any amount is elicited, Plaintiffs should identify the particular Plaintiff, alleged benefit, receipt path, LTD account or asset, acceptance, retention, and valuation method. Evidence offered only to show loss, rather than LTD's receipt and retention, should be excluded under Rules 401-403.

## III. THE $21,306,432.12 CLASS-LOSS AGGREGATE AND OTHER CLASSWIDE OR POOL-WIDE FIGURES SHOULD BE EXCLUDED.

Plaintiffs' expert declaration labels $21,306,432.12 as class-member loss. Paragraph 11 calls it class-member losses; paragraph 40 calls it the total cumulative loss incurred by class members across all transactions; and paragraph 42 again calls it cumulative loss. Doc. 488-3 ¶¶ 11, 40, 42. The same declaration separately states a $4,149,765.37 aggregate for defendants and insiders and never identifies LGBCoin, Ltd. by name. Loss is not enrichment, and an aggregate involving absent class members and unidentified actors does not identify any benefit received or retained by LTD.

Plaintiffs' own filed schedules supply Plaintiff-specific transaction evidence. Bader lists one January 1, 2022 purchase for $91.94. Key lists three purchases on December 29 and 30, 2021 totaling $10,744.59. De Ford lists fourteen purchases totaling $7,561.45 and a March 12, 2022 sale for $2,613.55; three purchases occurred January 1, 2022 and eleven occurred after LTD's January 5 incorporation. The purchase-minus-sale difference is $4,947.90, or approximately $5,554.56 if the schedule's approximately $606.66 in listed transaction fees are added, before any credit for remaining token value. That arithmetic is not a concession that market loss measures a benefit received and retained by LTD. Doc. 320-3 at 3, 5, 7. Those differing records underscore why an absent-member aggregate cannot substitute for separate proof.

Presenting a $21.3 million class-loss number in a trial involving three individual claims would anchor the jury to exposure that is not being tried and invite a verdict based on market loss rather than LTD's enrichment. The figure and any similar absent-member, pool-wide, or classwide amount should be excluded under Rules 401-403 unless Plaintiffs first

demonstrate outside the jury's presence a named-Plaintiff, LTD-specific admissible purpose.

**IV. LIQUIDITY-POOL TRANSACTIONS REQUIRE PLAINTIFF-SPECIFIC TRACING TO LTD.**

A payment or swap involving an automated liquidity pool does not, without more, establish that LTD received or retained a named Plaintiff's consideration. Virgilio rejects an indirect-benefit theory based solely on a payment to an intermediary and the intermediary's separate payment to a defendant. 680 F.3d at 1337. Plaintiffs must identify the transaction, receipt path, and admissible evidence connecting value from the named Plaintiff to LTD.

Plaintiffs' expert also states that the primary source of the analyzed profit was direct token sales rather than holding liquidity. Doc. 488-3 ¶ 43. That distinction reinforces the need to identify the alleged seller, wallet, receipt, and retention instead of treating every pool movement as LTD's receipt. Before any pool payment, swap, fee, liquidity addition, liquidity removal, or wallet movement is characterized as LTD's money or value, Plaintiffs should make a Rule 104(a) proffer identifying the named Plaintiff, date,

transaction hash or other record, source and destination, attributed wallet or account, attribution method, and sponsoring witness. Without that foundation, the evidence is irrelevant or misleading under Rules 401-403 and lacks authentication under Rule 901.

**V. PROFITS, WALLETS, RECEIPTS, OR ASSETS OF OTHER PERSONS OR ENTITIES MAY NOT BE PRESENTED AS LTD'S ENRICHMENT WITHOUT AN ATTRIBUTION FOUNDATION.**

Evidence that Koutoulas, a Foundation, a trust, a treasury wallet, a charity, a promoter, a pool participant, or any other person or entity may have received tokens, fees, proceeds, or profits does not establish that LTD received the same property. That is especially true where the alleged benefit moved through a third party. *Virgilio*, 680 F.3d at 1337. Plaintiffs should be barred from labeling another person's wallets, sales, proceeds, or profits as LTD property unless they first establish ownership or control during the relevant period, a valid basis for attribution, a link to the named Plaintiff's transfer, and the value LTD retained. A bare

relationship is insufficient. Rules 104(a), 401-403, and 901 require the foundation before such evidence is described to the jury as LTD's receipt.

## VI. STATEMENTS AND CONDUCT MAY BE ATTRIBUTED TO LTD ONLY AFTER PROOF OF AUTHORITY, SCOPE, TIMING, AND ADMISSIBILITY.

The motion does not assert categorically that Koutoulas or another person could never act for LTD. It requests the foundation the Rules require. Before treating a statement as LTD's, Plaintiffs must establish that the speaker was authorized by LTD to speak on the subject, or was LTD's agent or employee and spoke within the scope and duration of that relationship. Fed. R. Evid. 801(d)(2)(C)-(D). If Plaintiffs contend that LTD later adopted a pre-incorporation statement, they should identify the exact statement and the admissible basis for attribution outside the jury's presence.

Mixed-speaker podcasts, videos, chats, texts, emails, and social-media collections create additional hearsay layers. Each speaker, statement, purpose, and hearsay exception must be identified; one potentially admissible Koutoulas statement does not make every other statement admissible. Fed. R. Evid. 801-805. Plaintiffs should proffer exact excerpts

and establish authentication, completeness, context, authority, scope, and hearsay treatment before use. Fed. R. Evid. 104(a), 106, 901.

## VII. UNDISCLOSED RESTITUTION COMPUTATIONS, SUMMARY OPINIONS, AND NEW DAMAGES METHODS SHOULD BE EXCLUDED.

Doc. 620 marks expert disclosures completed and limits direct expert testimony to the opinions, bases, reasons, data, and information in the timely written report. Doc. 620 § I.E. Rules 26(a), 26(e), and 37(c)(1) likewise prevent use of a computation, methodology, witness opinion, or summary that was not timely disclosed unless the proponent establishes substantial justification or harmlessness.

Before presenting a restitution computation or summary to the jury, Plaintiffs should identify outside its presence when the computation and each supporting input were disclosed, the witness sponsoring it, and how it measures a benefit LTD allegedly received and retained rather than market loss or value received by others. Any untimely material should be excluded unless Plaintiffs carry Rule 37(c)(1)'s burden. No witness should present a new calculation to the jury under the label of restitution.

## VIII. UNSUPPORTED INFLAMMATORY LABELS SHOULD BE EXCLUDED.

Terms such as fraud, pump and dump, rug pull, insider trading, stolen, scam, and comparable accusations carry criminal or quasi-criminal overtones not needed to decide Count VII. Plaintiffs may present admissible underlying facts that genuinely bear on LTD's receipt and retention, but they should not substitute pejorative labels for proof or invite punishment for conduct outside the remaining claim.

That concern is especially acute because the Court dismissed with prejudice the claims against LTD styled "Florida Securities Fraud" and civil conspiracy, leaving unjust enrichment as the sole claim against LTD. (Doc. 354 at 19, 21–22, 29; Doc. 455 at 2.) The Court should preclude unsupported inflammatory characterizations before the jury.

This motion does not prevent Plaintiffs from using "insider" neutrally to describe a relationship established by admissible evidence. It prevents them from weaponizing "insider" and similar labels to smuggle dismissed fraud and conspiracy theories back into the case. Those accusations prove no element of Count VII; they merely invite the jury to punish LTD for

insinuated misconduct that is no longer at issue. Any marginal probative value is substantially outweighed by unfair prejudice, confusion of the issues, and the danger of a verdict driven by inflammatory rhetoric rather than admissible evidence. FED. R. EVID. 403.

## IX. SECURITIES, REGISTRATION, STATUTORY-SELLER, AND REGULATORY ISSUES SHOULD BE EXCLUDED MUTUALLY FROM THE LTD-ONLY COUNT VII TRIAL.

No Section 12(a)(1) claim is asserted against LTD, and the certified securities claim is not part of the LTD-only merits trial described in Docs. 723-724. Whether LGBCoin was a security, required registration, or involved a statutory seller, and what a regulator said or did about those questions, do not establish that LTD received and retained a benefit from one of the three named Plaintiffs.

The requested boundary is mutual and prospective. No party, including LTD, should offer evidence or argument before the Count VII jury on *Howey*, securities registration, solicitation, statutory-seller status, SEC or CFTC guidance, investigations, enforcement decisions, or Section 12 remedies without first obtaining a Rule 104 ruling. For this LTD-only trial,

LTD does not renew the judicial-notice position in Docs. 576 and 577. Doc. 721 denied those requests. This trial-management position does not concede security status in another proceeding; it prevents a securities trial within Count VII.

## X. CLASS CERTIFICATION, ABSENT CLASS MEMBERS, CLASS NOTICE, AND CLASSWIDE DAMAGES SHOULD BE EXCLUDED.

Count VII belongs only to De Ford, Bader, and Key and was not certified for class treatment. Doc. 455 at 2, 24-26, 31-32. The class definition, certification order, notice program, absent-wallet list, class administration, class-counsel role, and any classwide remedy do not prove an individual Count VII element against LTD.

Reference to a certified class risks implying that the Court endorsed Count VII's merits or that absent persons' losses may be awarded against LTD. Those inferences would be false and unfairly prejudicial. Class-related evidence and argument should be excluded under Rules 401-403. The caption and party names can be explained neutrally without discussing certification.

**XI. AUDIO, VIDEO, NATIVE SOCIAL-MEDIA FILES, AND RELATED COMPILATIONS NOT TIMELY DISCLOSED SHOULD BE EXCLUDED ABSENT A RULE 37(c)(1) SHOWING.**

Discovery closed April 1, 2025. Doc. 427 at 2. Before Plaintiffs use any audio, video, native social-media file, or compilation first disclosed after that cutoff or omitted from operative disclosures and supplementation, they should identify outside the jury's presence the production date, prior disclosure, sponsoring witness, metadata, chain of custody, authentication method, hearsay treatment, and LTD-specific Count VII purpose. Material not timely disclosed should be excluded under Rules 26 and 37(c)(1) unless Plaintiffs establish substantial justification or harmlessness. Independently, a recording or native file lacking authentication, complete context, intelligible speakers, and a trace to LTD should be excluded under Rules 401-403, 801-805, and 901. No challenged recording should be played before the jury until the Court resolves the proffer.

**XII. PLAINTIFFS SHOULD NOT DISPLAY OR OFFER AN EXHIBIT WITHOUT A SPONSORING WITNESS AND AN ITEM-SPECIFIC FOUNDATION.**

Plaintiffs' August 14 exhibit list contains fifty-three numbered rows, but the sponsoring-witness column identifies no sponsor, and rows 52 and 53

contain no description or file. Doc. 620 §§ III.A.3, III.B.2 require a description and sponsoring witness and require specific objections. LTD has prepared and is serving exhibit-specific objections on Plaintiffs' approved form. The Court should require Plaintiffs, before trial, to identify for each remaining exhibit the sponsoring witness, authentication basis, hearsay path, relevance to a named Plaintiff's alleged benefit, and disclosure history.

A Rule 1006 summary does not make inadmissible underlying material admissible, and a collective exhibit cannot evade item-level authentication and hearsay analysis. Any lay or expert opinion offered through an exhibit must satisfy Rules 701 or 702, the disclosure requirements, and LTD-specific relevance. Mixed-speaker and collective exhibits should be excluded unless Plaintiffs identify exact admissible components that can be presented without unfair prejudice or confusion. Fed. R. Evid. 104(a), 401-403, 602, 701-702, 801-805, 901, 1006.

## XIII. SETTLEMENT, MEDIATION, AND COMPROMISE MATERIAL SHOULD BE EXCLUDED.

The parties should be mutually prohibited from referring before the jury to settlement offers, demands, negotiations, mediation communications, or compromise conduct offered to prove or disprove liability or amount. Fed. R. Evid. 408. This reciprocal request does not prevent a party from seeking leave outside the jury's presence if a genuine non-compromise purpose permitted by Rule 408 arises.

## CONCLUSION

LTD respectfully requests an order granting the requests above and directing that Plaintiffs, counsel, and witnesses not mention, display, elicit, characterize, or offer a challenged matter before the jury without first obtaining leave outside its presence. The order should require Plaintiff-specific proof and should make clear that a permitted limited reference establishes no Count VII element unless supported by admissible evidence tied to LTD.

**LOCAL RULE 3.01(g) CERTIFICATION**

On August 24, 2026, undersigned counsel attempted to confer by telephone without success and therefore assumes the motion is opposed.

Dated: August 24, 2026
Respectfully submitted,

/s/ Harry Winderman

Harry Winderman, Esq.
Florida Bar No. 209562
One Boca Place, Suite 205E
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 901-5110
Facsimile: (561) 434-0033
Email: Harry4334@hotmail.com
Counsel for Defendant LGBCOIN, LTD

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of Court through CM/ECF, which will serve all counsel of record.

/s/ Harry Winderman

Harry Winderman, Esq.