# EXHIBIT C

## PLAINTIFFS' UPDATED DRAFT PRETRIAL STATEMENT

Served August 14, 2026

*The aggregate figure, the rescissory measure, and the undertaking to serve a computation are*

*all removed. Relief is stated solely against Defendant LGBCoin, LTD.*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC DE FORD, et al.,

Plaintiffs,

v.

JAMES KOUTOULAS, et al.,

Defendants.

Case No: 6:22-cv-652-PGB-DCI

CLASS ACTION

**[DRAFT] PLAINTIFFS' PRETRIAL STATEMENT**

Pursuant to Rule 3.06(b) of the Local Rules, Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby file Plaintiffs' Pretrial Statement as follows:

## I. BASIS FOR THIS COURT'S JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367. Plaintiffs' operative complaint asserted claims arising under Section 12(a)(1) of the Securities Act of 1933, over which this Court had original jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a). Plaintiffs' remaining claim against Defendant LGBCoin, LTD for unjust enrichment arises under Florida common law and is so related to the federal claims within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution. The Court therefore has supplemental jurisdiction over Plaintiffs' unjust enrichment claim pursuant to 28 U.S.C. § 1367(a).

The Court has personal jurisdiction over Defendant LGBCoin, LTD because LGBCoin, LTD's principal place of business is Florida, and it operated

and conducted the majority of its operations in Florida, represents itself as the sole director of LetsGoBrandon.com Foundation, which operated and conducted the majority of its operations in Florida, and committed a tortious act within Florida. *See* Fla. Stat. §48.193(1)(a). The Court also has personal jurisdiction over LGBCoin, LTD because LGBCoin, LTD entered into a March 2022 contract related to this action that complies with Fla. Stat. §685.102. *See* Fla. Stat. §48.193(1)(a).

## II. PLAINTIFFS' CONCISE STATEMENT OF THE ACTION

Plaintiffs initiated this action against Defendants on April 1, 2022 for conduct associated with the creation, marketing, and sale of LGBCoin, a cryptocurrency. The operative Third Amended Complaint asserts a claim for unjust enrichment against Defendant LGBCoin, LTD (the Seventh Cause of Action), which survived Defendants' motions to dismiss. (Doc. 354.) Plaintiffs allege that they conferred a monetary benefit on LGBCoin, LTD by raising the price and trading volume of LGBCoin, which allowed LGBCoin, LTD to sell LGBCoin to Plaintiffs at artificially inflated prices; that LGBCoin, LTD received and retains the resulting financial benefit; and that it would be inequitable for LGBCoin, LTD to retain that value without paying it to Plaintiffs.

LGBCoin was minted on October 27, 2021. After LGBCoin was minted, Defendant Koutoulas drafted the "LGBCoin Trust Agreement" (the "Trust Agreement") to transfer LGBCoin from an unnamed Developer to the LGBCoin Foundation wallet. The Trust Agreement named Koutoulas Law, LLC, which is owned and operated by Defendant Koutoulas, as the trustee of the LGBCoin Foundation wallet.

Under the Trust Agreement, Koutoulas Law, LLC had the power to enter

into legal agreements on behalf of all LGBCoins including promotional agreements and agreements for the creation and management of decentralized liquidity pools. In addition, Koutoulas Law, LLC had the authority to manage a treasury of LGBCoins that can be traded or sold to pay for the above service and organize a non-profit LGBCoin Foundation. For his work as trustee, Defendant Koutoulas was initially paid 1 trillion LGBCoins. Further, pursuant to the Trust Agreement, Defendant Koutoulas, and other purchasers of LGBCoin, had rights that ran with the tokens without any further intervention or action.

Following the launch of LGBCoin, in November 2021, Defendant Koutoulas created and advanced a market for LGBCoin through various promotional materials and marketing activities, including social media posts, and by obtaining sponsorships. LGBCoin social media accounts highlighted a sponsorship agreement with NASCAR and professional driver, Brandon Brown. Defendant Koutoulas has had approval power for all posts made on the various LGBCoin social media accounts. Additionally, Defendant Koutoulas was responsible for negotiating and signing the sponsorship agreement with NASCAR and Brandon Brown. In January of 2022, the LGBCoin Foundation was incorporated, naming Defendant LGBCoin, LTD as its sole director and owner. Defendant Koutoulas was, and is, the sole director of Defendant LGBCoin, LTD.

Similar to his role as trustee of the LGBCoin Foundation wallet, Koutoulas, as sole director of Defendant LGBCoin Ltd., had the authority to enter contracts on behalf of the Foundation, make payments from the Foundation's treasury, and give approval for transactions involving the Foundation.

In due course, Plaintiffs purchased LGBCoins on cryptocurrency

exchanges such as Coinbase and Uniswap. Plaintiffs converted US dollars into forms of cryptocurrency, like Ethereum, to make these purchases. Plaintiffs' purchases, together with those of other investors, increased the price and trading volume of LGBCoin.

Because Defendant LGBCoin, LTD served as the sole director and owner of the LGBCoin Foundation and controlled the Foundation's treasury and the proceeds of LGBCoin transactions, Plaintiffs allege that LGBCoin, LTD received and remains in possession of the monetary value generated by the sale of LGBCoin at inflated prices, value that Plaintiffs allege was intended for, and rightfully belongs to, them.

On August 4, 2026, the Court entered terminating sanctions against Defendant Koutoulas and directed the entry of default judgment against him on Plaintiffs' Third Amended Complaint; the Clerk entered that default judgment on August 5, 2026. (Docs. 682, 688.) Accordingly, the claims remaining to be tried are Plaintiffs' claims against Defendant LGBCoin, LTD for unjust enrichment under Florida common law.

**III. PLAINTIFFS' EXHIBIT LIST**

*See* Exhibit 1 (Plaintiff's Exhibit List) attached hereto.

**IV. PLAINTIFFS' WITNESS LIST**

| | |
|---|---|
| Eric De Ford<br>[to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |
| Sandra Bader<br>[to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |
| Shawn Key<br>[to be contacted through Plaintiffs' counsel] | Witness is likely to testify and there are no objections to witness testifying. |

| | |
|---|---|
| James Koutoulas<br>1300 Monad Ter #4B<br>Miami Beach, FL 33139 | Witness is likely to testify and there are no objections to witness testifying. |

## V. PLAINTIFFS' EXPERT WITNESS LIST

| | |
|---|---|
| Philip Werlau<br>[to be contacted through Counsel] | The subject matter of this witness's testimony is the financial outcomes associated with transactions of LGBCoin. Specifically, a detailed accounting of the profits realized by the Defendant and insiders and the consideration Plaintiffs paid for LGBCoin, less any income or value they received, for purposes of measuring the restitution owed for unjust enrichment. There are no objections to witness testifying. |

## VI. RESTITUTION AND OTHER RELIEF SOUGHT

### A. Restitution — Unjust Enrichment

Plaintiffs seek restitution of the financial benefit Defendant LGBCoin, LTD received and inequitably retained from the sale of LGBCoin at artificially inflated prices, monetary value that Plaintiffs allege was intended for, and rightfully belongs to, them, to remedy LGBCoin, LTD's unjust enrichment under Florida common law.

### B. Post-trial relief to be determined by the Court

Plaintiffs will be seeking costs as permitted by Florida common law and from any funds recovered for the Plaintiffs.

## VII. DEPOSITIONS TO BE OFFERED INTO EVIDENCE

Plaintiffs may offer into evidence the deposition testimony of Defendant James Koutoulas, individually and as corporate representative of Defendant LGBCoin, LTD, as admissions of a party opponent under Fed. R. Evid. 801(d)

(2), or for any purpose under Fed. R. Civ. Proc. 32(a)(3). Plaintiffs' page-and-line designations are attached as Exhibit 3 and served concurrently with this Statement.

## VIII. CONCISE STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF AT TRIAL[1]

1. LGBCoin was minted on October 27, 2021.

2. Defendant Koutoulas drafted a document entitled the "LGBCoin Trust Agreement."

3. Pursuant to the LGBCoin Trust Agreement, LGBCoin was transferred from the unnamed Developer to the LGBCoin "Foundation Wallet" on October 29, 2021.

4. At no point in time did Defendant Koutoulas register the LGBCoin cryptocurrency with any federal or state regulatory authority.

5. The Trust Agreement named Koutoulas Law, LLC as trustee to perform the following:

a. Enter into legal agreements on behalf of all LGBCoins, including but not limited to exchange listing agreements, the creation and management of decentralized liquidity pool(s), advisor agreements, promotional agreements, agreements for technical services, and engage counsel to protect and/or enforce the rights of all LGBCoins collectively;

b. Manage a treasury of LGBCoins that can be traded or sold to pay for the above services; and

c. Organize a non-profit LGBCoin Foundation outside the United States.

6. Koutoulas Law, LLC is owned and operated by Defendant Koutoulas.

7. Koutoulas' and coin purchasers' rights pursuant to the LGBCoin

[1] *See* ECF No. 479 (Stipulation of Agreed Material Facts).

Trust Agreement "runs with the tokens" without any further intervention or action from the coin purchaser.

8. LGBCoin purchasers "believed in" the activities undertaken by the Foundation and Defendant Koutoulas as its trustee, including "donating to charity." *Id.*

9. Koutoulas believes that what made LGBCoin immediately successful was its advocacy work.

10. LGBCoin Foundation entered into indemnification agreements with various agents and/or advisors, including with Koutoulas.

11. Following the NASCAR revocation, the LGBCoin Foundation tried to "maintain the advocacy of the project" by, among other things, "getting major political figures on board" and "recapitalizing liquidity pool."

12. The LGBCoin Foundation never held any formal vote before taking action.

13. LGBCoin purchasers had no legal say in the activities or control of the LGBCoin Foundation.

14. Plaintiffs purchased LGBCoins consistent with their PSLRA certifications.

15. Defendants hired Rafael Yakobi to give an advisory opinion letter on whether or not LGBCoins were securities.

16. DeFord offered free multimedia and advertising services to the LGBcoin Foundation.

## IX. CONCISE STATEMENT ON APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT

There appears to be no agreement between the Parties on applicable principles of law or this Court's jurisdiction (*see* ECF No. 543) except that the law governing the remaining claims in this matter is the Florida common law governing unjust enrichment.

## X. CONCISE STATEMENT OF ISSUES OF FACTS WHICH REMAIN TO BE LITIGATED

1. Whether Plaintiffs conferred a benefit on Defendant LGBCoin, LTD.

2. Whether Defendant LGBCoin, LTD voluntarily accepted and retained that benefit.

3. Whether the circumstances are such that it would be inequitable for Defendant LGBCoin, LTD to retain the benefit without paying its value.

4. The value of the benefit conferred on and retained by Defendant LGBCoin, LTD, and the amount of any income or value Plaintiffs received, for purposes of measuring the restitution owed.

## XI. CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE DETERMINED BY THE COURT

None pending at this time.

## XII. CONCISE STATEMENT OF DISAGREEMENT AS TO APPLICATION OF THE FEDERAL RULES OF EVIDENCE AND/OR FEDERAL RULES OF CIVIL PROCEDURE

None at this time other than those identified in the pending motions

## XIII. PENDING MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

1. Plaintiffs' Motion for Sanctions Against Defendant LGBCoin, Ltd. (ECF No. 692)
2. Defaulted Defendant Koutoulas's Motion to Compel Plaintiffs to Comply with Local Rule 3.03 (ECF No. 673)

## XIV. SETTLEMENT DISCUSSIONS

The parties have previously engaged in settlement mediation and were unable to reach settlement.

Dated: August 17, 2026

Respectfully submitted,

s/ DRAFT________________

Aaron M. Zigler (admitted *pro hac vice*)
Kevin McCormack (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661

Tel: 312-673-8427
aaron@ziglerlawgroup.com
kevin@ziglerlawgroup.com

nidya@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ DRAFT*__________________