**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS and LGBCOIN, LTD,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**DEFENDANT JAMES KOUTOULAS'S MOTION TO CLARIFY THE ORDER AT DOC. 725 OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF ITS MOOTNESS DISPOSITION AS TO THE CIVIL BRANCH OF DOC. 691**

Defendant James Koutoulas respectfully moves for an order clarifying the Court's endorsed order at Doc. 725 or, in the alternative, reconsidering that disposition as stated in Part V. The motion asks the Court to state or to decide the disposition of the civil branch of Defendant's disqualification motion. (Doc. 691.) That branch arose under 28 U.S.C. § 455(a) and was addressed to the civil proceedings that remain pending against him. Defendant files it as the movant on Doc. 691, addressed to the disposition of his own motion.

## I. DOC. 725 AND THE TWO BRANCHES OF DOC. 691

On August 18, 2026, the Court found moot Defendant's Motion for Disqualification (Doc. 691) and his motion for leave to supplement and clarify its prospective scope (Doc. 712), stating: "The Court is not initiating criminal contempt proceedings against Defendant Koutoulas." (Doc. 725.)

Doc. 691 requested relief in two branches. The first arose under Federal Rule of Criminal Procedure 42(a)(3) and was addressed to any future criminal contempt trial or hearing charging a contempt involving disrespect toward or criticism of the presiding judge. (Doc. 691 at 21-22 (Relief ¶¶ 1, 3).) The Court's statement that it is not initiating criminal contempt proceedings resolves that branch.

The second branch arose under 28 U.S.C. § 455(a). It requested disqualification "from the proceedings remaining against Defendant in this action," and identified those proceedings as "the determination of damages following the Clerk's entry of default judgment, and any future adjudication, trial, hearing, or disposition of criminal contempt." (Doc. 691 at 21-22 (Relief ¶ 2).) That branch therefore reached two sets of proceedings. That same statement resolves the second. It does not, on its face, address the first, which is being briefed now. This motion refers to that first set of proceedings as the civil branch. Doc. 712 sought leave to clarify that the request "extends prospectively to all remaining civil stages of this action, including the October 5, 2026 trial, the determination of damages following default, and any remaining sanctions or fee proceedings." (Doc. 712 at 4.)

Doc. 691 proceeded under § 455(a) alone: "Defendant does not proceed under 28 U.S.C. § 455(b)(1) or 28 U.S.C. § 144." (Doc. 691 at 15.) The civil branch rises or falls on § 455(a) alone.

## II. THE CIVIL PROCEEDINGS THAT BRANCH ADDRESSED REMAIN PENDING

The sanctions order provides that Plaintiffs are entitled to attorneys' fees and costs "in an amount to be determined by the Court upon motion of the Plaintiffs." (Doc. 682 at 22.) The default judgment states no amount. (Doc. 688.) Plaintiffs' application for $75,000.00 in fees and costs under the contempt order is pending and has been referred to the Magistrate Judge. (Doc. 709.) Defendant's motion to vacate the default judgment and to amend the sanctions order is pending. (Doc. 714.) Each is a civil proceeding now pending against Defendant, within the scope Doc. 691 identified and Doc. 712 clarified. The trial term begins October 5, 2026, with a final pretrial conference on September 15, 2026. (Doc. 620 at 3.) Whether Defendant stands trial on that date turns on Doc. 714: the default judgment entered August 4 and 5, 2026 resolved liability as to him, and vacatur would return this action to a posture in which he is tried. (Docs. 682, 688, 714.)

The rationale stated in Doc. 725 addresses the initiation of criminal contempt proceedings. Whether the disposition also reached the civil branch, and if so on what basis, is not stated. Defendant asks the Court to state its scope.

## III. THE STANDARD THAT GOVERNS THE CIVIL BRANCH

If the Court reaches the merits of the civil branch, the question it decides is an objective one. Section 455(a) requires disqualification "in any proceeding in

which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In this Circuit that turns on "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (quoting *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013)). The measure is doubt about impartiality. Under § 455 a movant "must show only that a reasonable person 'would harbor doubts about the judge's impartiality.'" *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019 (5th Cir. Unit A 1981) (quoting *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The inquiry is fact-bound and is made on this record rather than by analogy. Recusal decisions under "§ 455(a) are extremely fact driven and 'must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *In re Moody*, 755 F.3d at 895 (citation omitted).

Where the record includes a contempt proceeding between the judge and the party, the Supreme Court has identified the circumstance that governs. "[J]ustice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). A judge who "bec[omes] personally

ed" with the party is the paradigm; in *Offutt* the record showed "an intermittently continuous wrangle on an unedifying level between the two." *Id.* at 17. In *Taylor v. Hayes*, the Court held that the judge should have been disqualified where he became "embroiled in a running controversy" with the party and, "as the trial progressed, there was a mounting display of an unfavorable personal attitude toward petitioner, his ability, and his motives, sufficiently so that the contempt issue should have been finally adjudicated by another judge." 418 U.S. 488, 501-02 (1974). And a judge who has been vilified "necessarily becomes embroiled in a running, bitter controversy," because "[n]o one so cruelly slandered is likely to maintain that calm detachment necessary for fair adjudication"; the matter belongs before "another judge, not bearing the sting." *Mayberry v. Pennsylvania*, 400 U.S. 455, 465, 466 (1971).

Opinions formed in the course of the proceedings supply the ground where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible," or reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Deciding the question costs the Court nothing. A judge "called upon to act in a case of contempt by personal attack upon him, may, without flinching from his duty, properly ask that one of his fellow judges take his place." *Offutt*, 348 U.S. at 14-15 (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)). Section 455(a) exists "to promote confidence in the judiciary by avoiding even the

appearance of impropriety whenever possible." *In re Moody*, 755 F.3d at 894 (citation omitted).

**IV. WHY DEFENDANT ASKS NOW, AND WHY BY THIS VEHICLE**

A motion under § 455(a) must be timely. *Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997). The proceedings the civil branch addressed are being briefed now: Defendant's response to Doc. 709 is due August 26, 2026, and the amount of the judgment remains to be determined. Defendant raises the question before those matters are adjudicated, so that no party and no reviewing court is left to construe the disposition afterward.

Doc. 712 stated that Defendant would present the matter through "a single limited supplement, rather than through a second disqualification motion or repeated briefing." (Doc. 712 at 2.) Consistent with that statement, this motion is addressed to the disposition at Doc. 725 and asks that the civil branch of the existing motion be stated or decided.

**V. RELIEF REQUESTED**

Defendant respectfully requests that the Court:

1. Clarify whether the disposition at Doc. 725 resolved the civil branch of Doc. 691, as clarified by Doc. 712, on the merits or as moot;

2. If that branch was found moot, reconsider Doc. 725 and decide the civil branch on its merits — that is, decide whether 28 U.S.C. § 455(a) requires disqualification from all remaining civil stages of this action, including the determination of damages following default, the application at Doc. 709, the

determination of any amount under Doc. 682 and following Doc. 688, the disposition of Doc. 714, and, if the default judgment is vacated on Doc. 714, the trial of this action — and direct that those matters be reassigned in the ordinary course; and

3. Grant such other relief as is just.

## CONCLUSION

However the Court resolves the question, a stated disposition of the civil branch will give the parties and any reviewing court a clear record.

Dated: August 24, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g) and the Court's Order at Doc. 620 at 6, the undersigned conferred by telephone with counsel for Plaintiffs on August 24, 2026 regarding the relief requested in this Motion. Counsel for Plaintiffs stated that Plaintiffs oppose the relief requested. The parties have not resolved all or any part of the Motion.

Dated: August 24, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

Dated: August 24, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq.
Pro se
10 N. Dearborn St., Suite 400
Chicago, IL 60602
(312) 836-1180
james@koutoulaslaw.com