**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 16, 2026

James Koutoulas
Koutoulas Law, LLC
10 N DEARBORN STE 400
CHICAGO, IL 60602

Appeal Number: 26-12688-G
Case Style: In re: James Koutoulas
District Court Docket No: 6:22-cv-00652-PGB-DCI

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-12688

---

In re: JAMES KOUTOULAS,

*Petitioner.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 6:22-cv-00652-PGB-DCI

---

Before LAGOA, ABUDU, and KIDD, Circuit Judges.

BY THE COURT:

James Koutoulas, a licensed attorney proceeding pro se, petitions this Court for a writ of mandamus arising out of a class action against him in the U.S. District Court for the Middle District of Florida. The plaintiffs filed the class action "on behalf of all investors who" were damaged by purchasing the cryptocurrency

known as the "Let's Go Brandon" coin ("LGBCoin"). The district court held Koutoulas in civil contempt because, among other things, he posted a modified class notice that differed from a notice that the court directed him to post. In its contempt order, the district court ordered Koutoulas to post an unmodified notice that included a remedial statement, in which Koutoulas apologized for posting the modified order. The court also stated that the plaintiffs could move the court for reasonable costs and attorneys' fees accrued in responding to Koutoulas's violations of the court's orders regarding the notice. Koutoulas later filed a motion for the plaintiffs to comply with Local Rule 3.03, which a magistrate judge ultimately denied.

Koutoulas has appealed the provisions of the district court's civil contempt order holding him in contempt and directing him to post the remedial statement. His appeal is currently pending before this Court in case no. 26-12606. In his appeal, Koutoulas filed a motion to have the provision of the contempt order directing him to post the remedial statement stayed pending his appeal, which this Court denied. The district court also denied a motion by Koutoulas to "stay the compelled-statement and fee provisions of" the civil contempt order.

In his instant mandamus petition, Koutoulas challenges various adverse orders and contends that the presiding district court judge is biased against him. As relief, Koutoulas requests that this Court direct the district court to: (1) vacate the civil contempt order "or at minimum stay its compelled-statement and fee provisions

pending appellate review"; (2) strike pleadings submitted by the plaintiffs after the operative complaint because they violated the Private Securities Litigation Reform Act; (3) enforce Local Rule 3.03 "by requiring Plaintiffs to disclose their third-party funder or funders and to file complete, accurate certificates of interested persons"; (4) consider the Security and Exchange Commission's ("SEC") statements regarding meme coins and "its LGBCoin-specific investigative outcome under [*Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)]"; (5) reassign his case to a different district court judge; and (6) stay the class action's trial scheduled for October 2026 pending the resolution of the instant petition.

Two days after Koutoulas filed his mandamus petition in this Court, the district court entered a default judgment against him pursuant to its inherent authority and Federal Rule of Civil Procedure 37(b) and (c) because of his bad faith conduct throughout the action. The court also granted the plaintiffs leave to file a motion for an award of reasonable attorneys' fees. After the district court entered the default judgment, Koutoulas moved to have the district court judge disqualified pursuant to 28 U.S.C. § 455(a). The district court denied the recusal motion.

Koutoulas has filed a motion in this Court to supplement his mandamus petition. In a supplemental petition attached to the motion, he argues that orders entered by the district court after he filed his initial mandamus petition, including the default judgment order, further demonstrate that his case should be reassigned to a different district court judge.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may not be used to control decisions of the district court in discretionary matters. *Id.* A writ of mandamus "is not to be used as a substitute for appeal even though hardship may result from delay and perhaps unnecessary trial." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (internal citation omitted). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).

Under 28 U.S.C. § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Similarly, under 28 U.S.C. § 144, a judge must recuse himself if a party to the proceeding makes a timely and sufficient showing by affidavit that the judge "has a personal bias or prejudice" against him. *Id.* § 144. Disqualification is only required when the

alleged bias is personal in nature, that is, stemming from an extra-judicial source. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* This Court has held that "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation omitted).

A district court's pre-judgment ruling on recusal or disqualification is reviewable upon appeal after issuance of a final judgment. *Steering Comm. v. Mead Corp. (In re Corrugated Container Anti-trust Litig.)*, 614 F.2d 958, 960-62 (5th Cir. 1980). Accordingly, such a ruling is not reviewable on appeal until the litigation is final, though a writ of mandamus may issue to correct such a decision in "exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 960-62 & n.4 (quotation marks omitted); *see id.* at 961-62 (declining to grant mandamus relief relating to a district court judge's refusal to recuse himself where full review of the issue was available on appeal); *see also In re Moody*, 755 F.3d at 897 (explaining that review of district court judge's refusal to recuse under mandamus authority was "even more stringent" than the ordinary abuse-of-discretion standard applicable to review on

appeal of recusal issue, because the drastic remedy of mandamus was available only in exceptional circumstances). Where a judge's duty to recuse himself is either debatable or non-existent, a writ of mandamus will not issue to compel recusal. *Corrugated Container*, 614 F. 2d. at 962.

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted).

Here, Koutoulas's motion to supplement his petition is **GRANTED**, and his initial petition and supplemental petition are reviewed as one supplemented petition. However, Koutoulas's supplemented petition is due to be denied because he is not entitled to mandamus relief.

Koutoulas's requests that this Court direct the district court to vacate the civil contempt order, strike the plaintiffs' pleadings, and consider the SEC's statements on meme coins are all based on his contention that the district court improperly entered a series of orders against him. However, mandamus is not the proper vehicle for challenging the validity of the district court's orders, as he has the adequate alternative remedy of challenging the orders on

appeal once the district court enters a final judgment against him. Koutoulas also has the adequate alternative remedy of challenging the denial of his motion to compel compliance with Local Rule 3.03 on appeal. Koutoulas's contention that an appeal will not serve as an adequate alternative remedy to mandamus because he will have to litigate before an allegedly biased judge is unavailing because: (1) absent exceptional circumstances, mandamus cannot be used as a substitute for appeal even though a party may suffer hardship from having to litigate until a final judgment is entered; and (2) as discussed further below, he does not provide any evidence that the district court has a personal bias against him.

As to Koutoulas's alternative request that this Court stay the "compelled-statement and fee provisions" in the civil contempt order pending appellate review, he had, and exercised, the adequate alternative remedy of filing a motion for a stay in the district court and in this Court in case no. 26-12606.

Regarding his request that this Court direct the reassignment of his case to a different district court judge, Koutoulas has the adequate alternative remedy of challenging the denial of his motion for recusal on appeal once the district court enters a final judgment against him. Moreover, Koutoulas has not shown any "exceptional circumstances" warranting the recusal of the district court judge through mandamus, as he does not provide any evidence that the district judge has a bias against him stemming from an extra-judicial source. While Koutoulas points to several adverse orders and comments made by the district court, the evidence cited

by Koutoulas fails to demonstrate that the district judge has "a personal bias or prejudice" against him. Thus, Koutoulas's allegations do not make the stringent showing that the district judge has such a non-debatable duty to recuse himself that mandamus is an appropriate remedy.

Koutoulas's request that this Court stay the trial pending the resolution of his petition is moot because the court entered a default judgment against him so no trial will take place.

Accordingly, Koutoulas's supplemented mandamus petition is hereby **DENIED**, as it does not raise any meritorious claims for relief.