**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC DE FORD, SANDRA BADER and SHAWN R. KEY,**

**Plaintiffs,**

**v.** **Case No: 6:22-cv-652-PGB-DCI**

**JAMES KOUTOULAS and LGBCOIN, LTD,**

**Defendants.**
_______________________________/

# ORDER

This cause is before the Court on Plaintiffs Eric De Ford, Sandra Bader, and Shawn R. Key's (collectively, the "**Plaintiffs**") Motion for Sanctions Against Defendant LGBCoin, Ltd. (Doc. 692 (the "**Motion**")) and Defendant LGBCoin, LTD.'s Response in Opposition (Doc. 730 (the "**Response**")). Upon consideration, the Motion is granted to the extent set forth below. The Court makes a separate finding of bad faith against LGBCoin, LTD. ("**LGBCoin**"), imposes terminating sanctions, and reserves entry of a final judgment and determination of monetary relief.

## I. BACKGROUND

The Court's August 4, 2026 Order imposed sanctions on Defendant James Koutoulas ("**Koutoulas**"), [1] including default judgment. (Doc. 682 (the

[1] Collectively, LGBCoin and Koutoulas shall be referred to as "Defendants."

“**Order**”)). The Order addressed a sustained course of litigation misconduct, including fabricated legal authority, repeated advancement of rejected arguments, discovery violations, and interference with the Court-approved class notice. (*See generally id.*). The Court expressly noted that Plaintiffs had not requested sanctions against LGBCoin in that proceeding. (*Id.* at p. 1 n.1). Plaintiffs thereafter filed the present Motion. (Doc. 692). They identify LGBCoin’s participation in the filings discussed in the August 4th Order and contend that Koutoulas acted as the entity’s owner, director, and in-house counsel. (*Id.* at pp. 1–7). Moreover, during a status conference on August 25, 2026, the Court asked Mr. Winderman, LGBCoin’s attorney, who was in charge of the company. He responded, “[A]s far as I know, [Koutoulas] is the sole [owner of] that entity. And I’ve been taking my directions from him.”[2] (Rgh. Tr., pp. 4–5). Plaintiffs seek default judgment and fees and costs attributable to LGBCoin’s misconduct. (*See generally* Doc. 692). They also invoke failures in the final pretrial process. (*Id.* at pp. 7–13).

LGBCoin responds that the August 4th Order did not adjudicate its culpability; that attribution of a filing does not establish willfulness; that the Court’s subsequent scheduling orders provide a viable lesser remedy; and that terminating sanctions would be disproportionate and inconsistent with due process. (*See generally* Doc. 730). It further identifies Count VII, an unjust-

1 Defendant LGBCoin, Ltd. does not dispute the Plaintiffs’ assertion that Mr. Koutoulas owns and operates the company.

enrichment claim brought by De Ford, Bader, and Key, as the only claim remaining for trial against it. (*Id.* at 6). Each contention is addressed below.

## II. LEGAL STANDARD

"A district court may impose sanctions for litigation misconduct under its inherent power." *Maus v. Ennis*, 513 F. App'x 872, 877–78 (11th Cir. 2013)[3] (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009)) (affirming the district court's entry of default judgment against a *pro se* party for disrespectful conduct and refusal to participate in discovery). "The key to unlocking the inherent power of the Court is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001). Sanctions may be imposed where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Additionally, Federal Rule of Civil Procedure 37 gives district courts "broad discretion to fashion appropriate sanctions for violation of discovery orders." *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 959 (Fed. Cir. 2018) (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)); *see also* FED. R. CIV. P. 37.

"[I]n fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Wallace v. Superclubs Props., Ltd.*, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations

---

3 "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

omitted). The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (citation and quotations omitted) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective). The Court applies those demanding safeguards here.

Due process also requires fair notice of the conduct alleged to warrant sanctions and an opportunity to respond. *In re Mroz*, 65 F.3d 1567, 1575–76 (11th Cir. 1995). Notice may come from the party seeking sanctions, and an opportunity to respond may be provided in writing when appropriate. *Id.* The Court separately considers both entitlement to sanctions and the permissible scope of relief.

## III. DISCUSSION

### A. The Court makes a separate, entity-specific determination.

LGBCoin is correct that the Court did not impose sanctions against it when sanctioning Mr. Koutoulas's conduct. (Doc. 682). The Court considers separately here the abusive litigation tactics attributed to LGBCoin, LTD. and finds that case-ending sanctions are warranted. The Plaintiffs identify sanctionable conduct engaged in by LGBCoin, LTD., which the Defendant does not contest in its response. Plaintiffs note that LGBCoin filed a motion to strike the Third Amended Complaint on PSLRA grounds after the Court had twice rejected that theory in Koutoulas's filings. (Doc. 692, pp. 6–7 (citing Doc. 682, p. 17)). LGBCoin and Koutoulas then jointly sought reconsideration of class certification and, ten days

later, reconsideration of the order denying dismissal entered approximately a year earlier. (*Id.* at p. 18 (citing Doc. 682, p. 18)). Those requests recycled the Securities and Exchange Commission ("**SEC**") Staff Statement and PSLRA arguments. (*Id.*). The Court observed that Defendants continued to rehash matters already thoroughly addressed and used citations that did not accurately support their positions. (Doc. 682, p. 18.).

The Court also identified a material misrepresentation in the joint reconsideration request: the supposed SEC stipulation that it could not allege LGBCoin was a security was, in fact, Koutoulas's own motion in another proceeding. (Doc. 515, p. 5; Doc. 682, p. 18). After the Court explained that the SEC Staff Statement disclaimed legal force or effect, both Defendants again advanced the Statement in their summary-judgment reply. (Doc. 520; Doc. 682, p. 19). These were filings made on LGBCoin's behalf, not merely arguments advanced by a separate individual defendant.

Fabricated authority compounds the pattern of bad-faith litigation. The Court previously found that "Defendants Koutoulas and LGBCoin, LTD submitted fabricated authority across at least eight separate filings: Docs. 403, 463, 470, 477, 490, 535, 545, and 582." (Doc. 682, p. 20 (citing Doc. 614-3)). The Court does not assume that LGBCoin separately signed all eight or that every one of the more than forty cataloged instances is attributable to it. The narrower basis is its participation in the joint filings, including the reconsideration and summary-judgment papers identified as Docs. 463 and 470. (Doc. 6926–8). The Court relies on that direct

participation, together with LGBCoin's repeated renewal of rejected arguments, rather than on collective labels alone.

LGBCoin's Response argues that attribution does not, by itself, establish culpability. That proposition is sound but does not resolve the record presented. The Court must consider who directed the entity's litigation and whether the pattern was deliberate. LGBCoin's Answer admits that Koutoulas owns it. (Doc. 366, ¶ 26, as identified in Doc. 692 at 4). Koutoulas represented that he acted as LGBCoin's director and in-house counsel, a role recognized in the earlier Order. (Doc. 248, ¶ 18; Doc. 682, pp. 1 & n.1, 17). And LGBCoin's lawyer identified Koutoulas as the controlling party. (*See* Rgh. Tr., pp. 4–5). The challenged corporate and joint filings concern the litigation he directed in those capacities.[4]

This is therefore not a case in which terminating sanctions are imposed on an uninvolved client solely because outside counsel missed a deadline. The conduct includes deliberate litigation choices made for the entity through its owner, director, and in-house counsel. The Court does not equate ownership with culpability or pierce the corporate veil. It holds LGBCoin accountable for its own litigation decisions and submissions through its authorized agent. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1378 (11th Cir. 2024).

---

[4] The Court notes that its prior finding that Koutoulas disregarded the Court's Order to post the Summary Notice and, in doing so, attempted to encourage potential class members to opt out applies to Koutoulas's role as the sole representative of LGBCoin. (*See* Doc. 682, pp. 4–6). The Summary Notice pertained to Koutoulas **and** LGBCoin, and Koutoulas's "legal update" underscored that he and LGBCoin, LTD., continue to fight the "Obama-appointed" judge who ignored SEC statements that LGBCoin is not a security (*Id.*).

**B. The identified pattern establishes willfulness and bad faith.**

Neither an adverse ruling nor an isolated research mistake establishes bad faith. Parties may preserve disputed questions and seek reconsideration on a proper basis. The conduct here is different: LGBCoin repeatedly renewed rejected positions without sufficient new basis, participated in a material mischaracterization of an asserted agency position, and submitted unreliable judicial authority in joint filings, while the Court repeatedly corrected and warned Defendants. (Doc. 682, pp. 17–20).

The Court expressly finds that this cumulative course of conduct was willful and undertaken in bad faith. The finding rests on the sequence, repetition, prior corrections, and nature of the corporate submissions, not on a presumption that every defective citation necessarily reflects intentional wrongdoing. Nor does the Court rely merely on LGBCoin's failure to rebut every assertion in the Motion. The record of the entity's own submissions supplies the affirmative basis for the finding.

The Court does not import every instance of Koutoulas's individual misconduct. The present sanction does not depend on attributing his class-notice comments, personal disparagement, deleted communications, or undisclosed wallets to LGBCoin. It likewise does not depend on the Motion's characterization of post-judgment correspondence or testimony concerning a separate foundation. The corporate filing abuses identified above independently support the bad-faith determination.

### C. The post-motion pretrial process does not cure the broader misconduct.

The Court has considered LGBCoin's lesser-remedy argument. According to its Response, the Court granted a renewed scheduling request, authorized an August 10 in-person meeting or a remote meeting before August 17, and required filing of the joint pretrial statement by August 17. (Doc. 704). LGBCoin acknowledges that no joint statement was filed by the new deadline. It identifies Docs. 723, 724, and 727 as establishing a virtual status process and scheduling an August 25 conference. (Doc. 730, pp. 2–4).

The Court agrees that a canceled flight, a request filed after the requested ruling time, and a missed joint deadline do not, without more, establish willful corporate misconduct. The Court does not infer LGBCoin's sole responsibility from the absence of a joint filing and does not base this sanction on counsel's travel difficulty. The scheduling remedy, however, addresses coordination and preparation of the pretrial statement. It does not answer the separate, longstanding pattern of abusive corporate filings. An opportunity to meet and complete a joint statement does not withdraw fabricated authority, undo repeated misrepresentations, or remedy the expense and delay caused by successive attempts to relitigate resolved matters. Even assuming successful completion of that pretrial process, the independently established litigation abuses remain.

**D. Lesser sanctions would not suffice.**

The Court has considered the available alternatives to case-ending sanctions and finds no lesser sanctions will suffice. Further warnings would repeat an unsuccessful measure. The class-certification order advised defense counsel to refrain from recycling rejected arguments. (Doc. 455, p. 5 n.4; Doc. 692, p. 11). The later reconsideration order explained that Defendants continued the practice despite those advisements. (Doc. 515, p. 3; Doc. 682, p. 18). And notwithstanding the Court's clear directives, LGBCoin joined the subsequent summary-judgment reply, renewing the rejected SEC Staff Statement position. (Doc. 520; Doc. 682, p. 19).

An order to correct citations or strike selected papers would address individual documents, not the sustained course of renewed arguments and mischaracterizations spanning several phases of the litigation. An issue-specific restriction would leave the same pattern of litigation abuse otherwise intact. The Court specifically finds these measures inadequate to ensure the fair and orderly continuation of the merits' proceedings. Moreover, a compensatory fee award is warranted but would not suffice on its own. It can reimburse identifiable work; it cannot restore the judicial resources consumed or adequately protect against repetition after multiple express corrections failed to change the Defendant's litigation practices. The Court does not premise default on an assumption that LGBCoin cannot pay or on Plaintiffs' characterization of it as an assetless shell.

(Doc. 692, p. 13). Nor does the Court mischaracterize the earlier contempt order and default against Koutoulas as sanctions previously imposed on LGBCoin.

Rather, LGBCoin's continuation of the corporate filing pattern after warnings and rulings directed to Defendants demonstrates that additional corrective measures would be ineffective. The Court expressly finds that no lesser sanction would suffice. A futile intermediate sanction need not be imposed first. *See One 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x at 905. The combination of party-specific willfulness and these express findings distinguishes the deficiencies identified in *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1335 (11th Cir. 2005). (Doc. 730, p. 4).

**E. LGBCoin received notice and an opportunity to respond.**

The Court agrees that the Court's Sanction's Order as to Koutoulas alone did not supply an adjudication of LGBCoin's culpability. (*See* Doc. 682). Notice for the present relief instead came through the Plaintiff's Motion for Sanctions which specifically named LGBCoin, requested default judgment and fees, identified its challenged filings, explained the proposed agency attribution, and invoked bad faith and the inadequacy of lesser measures. (*See generally* Doc. 692). LGBCoin then filed a substantive opposition addressing those issues. (Doc. 730).

The written opportunity was meaningful: LGBCoin challenged attribution, the applicable standard, proportionality, the proposed remedy, and due process. The present ruling resolves those arguments rather than treating the Motion as unopposed. Its grounds remain within the course of conduct identified in the

Motion; the Court does not impose default for a new, unnotified post-motion violation. The Response reports that the Court denied the Plaintiffs' request for oral argument on the sanctions motion. (Doc. 730, p. 7 (citing Doc. 726)). The pertinent point is that the briefing adequately identified grounds concerning LGBCoin's abusive and bad-faith litigation conduct. An evidentiary hearing is not necessary to decide those grounds on the record identified here. The written notice and opportunity to respond satisfy *Mroz* in these circumstances. *In re Mroz*, 65 F.3d at 1575.

**F. The sanction is confined to Count VII and does not establish an unproved monetary amount.**

LGBCoin identifies Count VII for unjust enrichment, asserted by the three named Plaintiffs, as the only remaining claim against it. (Doc. 730, pp. 3, 6 (citing Doc. 455, p. 2, 31–32)). The Court confines the sanction accordingly. LGBCoin cites *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999), and argues that Plaintiffs must establish a benefit conferred on and knowingly accepted and retained by LGBCoin under inequitable circumstances. (Doc. 730, p. 6). It further argues that the pleading does not identify a corporate wallet, particular payment, or retained amount. (*Id.*). These objections do not immunize a litigant from terminating sanctions. They do, however, require care in defining the effect of default and the relief available.

Default admits well-pleaded factual allegations, not legal conclusions, and cannot support judgment on a legally insufficient claim. *Nishimatsu Constr. Co. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[5] *see Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). The appropriate course is to enter default as the terminating sanction, while reserving final judgment until the legal sufficiency of Count VII and the evidentiary basis for relief (damages) are addressed. LGBCoin may contest legal sufficiency and the amount and permissible scope of relief, but may not reopen the factual merits of well-pleaded allegations admitted by the default.

This limitation also answers proportionality. The sanction addresses the entity's cumulative abuse of this litigation, not a single scheduling mistake, and reaches only the pending claim against that entity. The Court preserves the distinction between imposing default and entering a legally supported monetary judgment.

### G. Fees and costs must be tied to LGBCoin's misconduct.

Plaintiffs are entitled to reasonable attorneys' fees and costs caused by LGBCoin's bad-faith conduct identified in this Order. The award is compensatory and does not encompass every expense of the action or work attributable solely to Koutoulas. To that extent, the Court agrees with LGBCoin's request that monetary sanctions require proof of causation and an opportunity to contest the amount. (Doc. 730, pp. 5–7).

---

5 The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Any fee petition must identify the challenged corporate conduct, describe the resulting work, document reasonable rates and hours, and segregate unrelated expenses. Plaintiffs may coordinate the submission with the petition authorized under Doc. 682, but must identify all overlap and exclude duplicate recovery. Any proposed allocation or joint liability must be separately explained. LGBCoin will have an opportunity to contest causation, reasonableness, allocation, and amount. This award rests on inherent authority, not on treating LGBCoin as an attorney subject to 28 U.S.C. § 1927.

## IV. CONCLUSION

After independently considering LGBCoin's Response, the Court finds that LGBCoin participated through its authorized corporate decision-maker in a willful, bad-faith pattern of litigation abuse. The Court further finds that lesser sanctions would be inadequate. The sanction rests on that entity-specific course of conduct, not automatic extension of Koutoulas's default or an inference of willfulness from pretrial scheduling difficulties.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for Sanctions Against Defendant LGBCoin, Ltd. (Doc. 692) is **GRANTED** to the extent set forth in this Order.
2. LGBCoin, Ltd.'s Answer and Affirmative Defenses (Doc. 366) are **STRICKEN** insofar as they respond to the remaining Count VII. As a terminating sanction under the Court's inherent authority, **DEFAULT** is **ENTERED** against LGBCoin, LTD. on Count VII of the

Third Amended Complaint (Doc. 245), solely as asserted by Eric De Ford, Sandra Bader, and Shawn R. Key.

3. Entry of final default judgment is **RESERVED** pending determination of the nature and amount of relief. The Court will notice by separate Order a status conference to set briefing and/or a hearing on the issue of damages.

4. Plaintiffs are entitled to reasonable attorneys' fees and costs caused by LGBCoin, LTD.'s bad-faith conduct identified herein**. Within 30 days**, Plaintiffs shall file a supported petition or supplement any pending petition, separately identifying entity-specific and overlapping work. LGBCoin may respond **within 15 days** after service. The amount and allocation are **RESERVED**.

5. This Order does not disturb the sanctions imposed against James Koutoulas in Doc. 682.

**DONE AND ORDERED** in Orlando, Florida, on November 5, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties