**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC DE FORD, et al,

Plaintiffs,

v.

JAMES KOUTOULAS, et al.,

Defendants.

Case No. 6:22-cv-652-PGB-DCI

CLASS ACTION

**PLAINTIFFS' OPPOSITION TO DEFENDANT KOUTOULAS'S MOTION TO VACATE JUDGMENT (DOC. 688) AND TO REVISE ORDER (DOC. 682) ON MOTION FOR SANCTIONS**

## INTRODUCTION

On August 4, 2026, after more than four years of litigation involving bad faith, fabricated citations, and a sustained pattern of vexatious conduct, the Court entered a 22-page sanctions order supported by four independently sufficient grounds (Doc. 682) (the "Sanctions Order"). One day later, the Clerk entered judgment (Doc. 688). Koutoulas now moves to vacate that judgment on the ground that the Sanctions Order was procedurally defective (Doc. 714) (the "Motion")[1]. The Motion expressly does not ask the Court "to reweigh any fact, to reconsider the severity of any sanction, or to enter any additional finding." (*Id.* at 2.) And Koutoulas concedes that this Court retained authority over "the discovery and filing grounds." (*Id.* at 8.)

[1] The Court stayed this case pending resolution of Plaintiffs' Motion for Sanctions against LGBCoin, LTD (Doc. 745), and lifted the stay on November 9, 2026 (Doc. 751); because 10 days remained to respond to Koutoulas's Motion (Doc. 714) when the stay began, the response is due November 19, 2026.

While the Court has set a status conference for December 4, 2026, at 10:00 a.m. to set a hearing or briefing schedule on damages (Docs. 751, 752), Plaintiffs' responses to Koutoulas's other pending motions (Docs. 733, 737, 740) are due November 24, 2026 and Plaintiffs' fee application is due December 3, 2026 (Doc. 682, L.R. 7.01(c)). Plaintiffs will continue to comply with these filing deadlines unless advised otherwise by the Court.

One threshold issue is dispositive. The Sanctions Order is based on four grounds, but the Motion challenges only three of them. The Motion confines relief to the class-notice ground, the divestiture ground, and the waiver-finding ground. The fourth ground (i.e. discovery violations related to hidden wallets, concealed class members, spoliation, and improper class communications) is not addressed anywhere in the Motion. Koutoulas's choice to limit the Motion to three grounds, leaving a fourth independent basis unchallenged, concedes that the judgment is sufficiently supported.

Additionally, each of the three challenges fails on the merits. *First*, the class-notice ground is supported by cumulative notice across multiple proceedings spanning months of written pleadings and testimony from Koutoulas before the Sanctions Order issued. *Second*, the divestiture argument fails because the discovery and filing grounds are collateral to the contempt appeal, and the Sanctions Order neither alters nor enforces any part of the contempt order. *Third*, Koutoulas declined to respond on the Plaintiffs' sanction motion on the merits, and a deliberate choice to withhold a defense cannot be cured by reconsideration.

# I. THE MOTION FAILS AT THE OUTSET

## A. The Unchallenged Grounds Independently Sustain the Order

The Sanctions Order identifies four independently sufficient grounds for the default judgment: (1) the class-notice tampering, found "sufficiently malicious to warrant entry of default judgment, *even setting aside the litany of vexatious pleadings and discovery violations*" (Sanctions Order at 7-8 (emphasis added)); (2) intentional misrepresentations regarding the SEC/CFTC release and communications with class members; (3) vexatious litigation conduct and fabrication of citations; and (4) discovery violations including hidden wallets, concealed class members, spoliation, and improper class communications. The Motion does not challenge ground four. Its conclusion expressly "confin[es]" itself to the class-notice ground, the divestiture ground, and the waiver-finding ground. (Motion at 12.) It does not ask the Court to disturb the discovery violations findings—which the Sanctions Order declared independently sufficient to warrant "entry of default judgment." (Sanctions Order at 21, ¶ 1.)

An order supported by that unchallenged ground stands regardless of how the challenged grounds fare, and the Court need go no further. *See*

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *Polk v. Soc. Sec. Admin., Com'r*, 579 F. App'x 843, 846-47 (11th Cir. 2014) (affirming where movant left one independent ground unchallenged). Those appellate principles apply with at least equal force here. A court considering a Rule 54(b) motion to reconsider a non-final default judgment "need not reconsider all aspects of its decision." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024).

Koutoulas's closing reservation of other objections—to "the Rule 37 predicate, the last-resort and proportionality determinations, the due process limits on a Rule 37 default, . . . and the attribution of the citation findings"—does not place those objections before the Court. (Doc. 714 at 12.) He made no argument on any of them, and the Court should not consider them on this Motion.

### B. The Bad-Faith Finding Is Law of the Case

The bad-faith finding at issue did not originate in the Sanctions Order. It was made first in the Order on Civil Contempt (Doc. 658), entered after a full evidentiary hearing at which Koutoulas testified. The Court found that Koutoulas had violated the class notice order "intentionally" and that his testimony denying knowledge of the prohibition on deviating from the Court's approved notice language was not credible. (*Id.* at 7.) The Sanctions Order incorporated that finding because Koutoulas "remained undeterred by the contempt citation and continued to file motions that contain intentional misrepresentations of law and fact," and, "[n]othing short of the most severe sanctions is appropriate for this egregious conduct." (Doc. 682 at 7, 21.)

Under the law of the case doctrine, a court's prior ruling on a question of law or fact governs the same issue at later stages of the same litigation. *See Klay v. All Defendants*, 389 F.3d 1191, 1197-98 (11th Cir. 2004) (prior panel ruling constituted law of the case; none of the recognized exceptions applied). Revisitation is permitted only where there is substantially different

evidence, a contrary change in controlling authority, or clear error producing manifest injustice—the so-called *Wheeler* exceptions. *Id.*

The Motion identifies no *Wheeler* exception. The evidence remains the same, the law on point is unchanged, and Koutoulas offers no explanation of manifest injustice. The Sanctions Order's reliance on the class-notice conduct as an independently sufficient basis for default judgment is the natural and logical consequence of a bad-faith finding already made in this case. Koutoulas's effort to relitigate whether that conduct could support a case-terminating sanction is foreclosed before the notice question is even reached.

### C. The Motion's Timing and Posture Counsel Against Reconsideration

Koutoulas relies on *Hornady* to argue that reconsideration is appropriate and non-disruptive (Motion at 3-5), but that decision cuts against him. *Hornady* affirmed sanctions on a record much like this one, which featured an express bad-faith finding and prior lesser sanctions that failed. 118 F.4th at 1377-79. Courts "should hesitate before revisiting their earlier interlocutory orders," and a court typically would not abuse its

discretion in denying reconsideration where "the movant simply rehashed arguments already considered and rejected." 118 F.4th at 1380-81.

Here, as throughout this litigation, the Motion is largely a rehashing of previously-rejected arguments. The Court's contempt order (Doc. 658) imposed civil contempt as a lesser sanction; but Koutoulas "remained undeterred" and "continued to file motions that contain intentional misrepresentations of law and fact," forcing the Court to conclude that "[n]othing short of the most severe sanctions is appropriate." (Doc. 682 at 7, 21). The divestiture and waiver arguments arise entirely from documents Koutoulas had before filing. Koutoulas sought a stay from the Eleventh Circuit, arguing that this Court was divested of jurisdiction to continue proceedings including on the sanctions issue. (Emergency Motion to Stay (Doc. 17) *In re: James Koutoulas*, No. 26-12606 (11th Cir. Aug. 6, 2026)). The Eleventh Circuit denied the motion. (In re: James Koutoulas, No. 26-12606, Doc. 5 (11th Cir. Sept. 16, 2026)).

Similarly, the Motion concedes that Koutoulas did not respond to various points, but argues that Koutoulas did not waive or abandon

arguments due to a disclaimer and because he "answered what could be answered in the time allowed." (Doc. 714 at 10). The Court had Koutoulas's disclaimer when considering the sanctions motion and response and found waiver nonetheless. Eleventh Circuit precedent supports the Court's finding. *See* (Doc. 682 at 13–15), *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014).

## II. THE CLASS-NOTICE GROUND WAS PROCEDURALLY SOUND

### A. Cumulative Notice Across Multiple Proceedings Satisfied Due Process

Koutoulas argues that Plaintiffs' motion for sanctions excluded argument on class-notice conduct, so the Court's reliance on that conduct as an additional basis for sanctions violated due process, citing *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575-76 (11th Cir. 1995). (Motion at 5-6.) The argument fails for two reasons. *First*, the court's inherent power to sanction is not constrained by a movant's scope; the Court's authority is not limited to the conduct addressed in Plaintiffs' motion, so long as Koutoulas had notice of the conduct and an opportunity to respond—which he did. *Second*,

even if the scope of the motion controlled, cumulative notice across the full record satisfied the constitutional requirement.

A court's inherent power to impose sanctions extends to misconduct that comes to its attention through any means, and the scope of a particular motion does not define the scope of the court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."). When a court relies on multiple sources of authority for sanctions, the order stands so long as one source provides a sound basis. *See Law Solutions of Chi. LLC v. Corbett*, 971 F.3d 1299, 1305 (11th Cir. 2020) ("[I]f any one of the sources of authority invoked by the [court] provides a sound basis for the sanctions, we must affirm the sanctions order.").

The record confirms that *Mroz*'s notice requirement was satisfied. *Mroz* holds that notice "can come from the party seeking sanctions, from the court, or from both." 65 F.3d at 1575-76. Here it came from both, over a span of months: Doc. 539 identified the class-notice commentary and commenced the show-cause proceeding; Doc. 569 was the January 16, 2026, evidentiary

hearing on that conduct at which Koutoulas testified; Doc. 658 made an express bad-faith finding on the identical conduct and imposed a sanction; and Doc. 614—which requested default judgment and remained pending for over three months—was before Koutoulas throughout.

The Order to Show Cause gave notice of the class-notice conduct and the possibility of contempt sanctions (Doc. 539), and Plaintiffs' motion requested default judgment based on Koutoulas's continuing misconduct (Doc. 614 at 15, 27). Koutoulas responded in writing to both and testified at the hearing.

Koutoulas suggests he was denied an adequate opportunity to respond. (Motion at 6.) Not so. The Court placed Koutoulas on notice of potential contempt sanctions arising from his class communications on January 7, 2026. (Doc. 539). After reviewing Koutoulas's written submissions through counsel and testimony at the evidentiary hearing, the Court held Koutoulas in contempt, finding that his testimony was not credible and that he had intentionally deviated from the Court's Order. (Docs. 540, 569, 574; Doc. 658 at 6–7.) Plaintiffs' Motion for Sanctions did not re-argue the conduct

heard at the show-cause hearing (Doc. 614 at 1 n.1), but it described Koutoulas's continued communications with class members after the Order to Show Cause, including a post telling class members of their option to opt out or object, and his failure to preserve those communications. (*Id*. at 15, 20 n.17.) Koutoulas's response to the sanction motion noted that, "Plaintiffs make claims of improper contact with Class Members" in connection with an alleged, "rule violation for soliciting opt-outs" (Doc. 626 at 18), demonstrating that he understood that his communications with class members were at issue.

Due process requires fair notice that a party's conduct may warrant sanctions and the reasons why, together with an opportunity to respond, and that notice may come from the movant, the Court, or both. *Mroz*, 65 F.3d at 1575–76. Koutoulas had both, and his argument that he needed specific notice in the sanctions motion is unsupported by Eleventh Circuit precedent. *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1452 (11th Cir. 1985) (rejecting due-process challenge where "the relevant findings of bad faith conduct alleged against him had already been made quite some time before

the order to show cause was issued" in proceedings in which "ample opportunity was afforded for [him] to be heard on the factual matters being considered").

The Motion implies that the Court was required to make a separate "last-resort" finding specific to the class-notice ground considered in isolation (Motion at 5-6). Eleventh Circuit law imposes no such requirement. A court considers case-terminating sanctions in light of the full record, not a per-ground showing that must be satisfied independently for each of multiple overlapping bases. *See Hornady*, 118 F.4th at 1381 (reviewing last-resort determination as a whole). The Sanctions Order's recitation of the full course of Koutoulas's misconduct and prior futile sanctions satisfy any last-resort inquiry as to the class-notice conduct.

**B. The Sur-Reply Does Not Help Koutoulas**

Koutoulas notes that a sur-reply on sanctions (Doc. 651) was stricken three days after the Sanctions Order because Koutoulas had misrepresented the record in obtaining leave to file it. (Motion at 11, Doc. 694.) Koutoulas does not ask the Court to revisit the order striking the sur-reply or rely on

the sur-reply. (*Id.*) Nor should it. A stricken pleading "is treated as never having been filed at all." *See Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991). That principle applies with greater force where, as here, the filing was stricken because leave to file it was obtained through a misrepresentation of the record.

## III. KOUTOULAS'S OWN AUTHORITIES FORECLOSE HIS DIVESTITURE ARGUMENT

### A. *Bindslev* Is Clearly Distinguishable

Koutoulas reliance on *Bindslev v. Silva*, Nos. 24-11896, 24-12592, 2025 WL 66745 (11th Cir. Jan. 10, 2025) (per curiam) (unpublished) (Motion at 9) is misplaced. There, the district court entered an order that custody of a child, "shall not be turned over," to one parent, but then directed the child must be turned over to that parent in a second order while the first was pending on appeal. *Id.* at *2. The Eleventh Circuit held that was "not a valid 'enforcement'" but "an attempted amendment of a portion of the Return Order that was inseparably involved in a pending appeal." *Id.*

The Sanctions Order creates no such conflict with the Contempt Order (Doc. 658). It does not negate, amend, modify, or qualify any command in

the prior order and every operative term remains in force. The Sanctions Order adds an independent sanction predicated on a broader record of misconduct, through independent legal authority, without touching any operative term of the contempt order. *Bindslev* has no application here.

### B. The Jurisdictional Rule Koutoulas Invokes Refutes His Own Argument

Koutoulas argues that, because the Eleventh Circuit retained the contempt appeal on August 3, 2026, this Court lacked authority to rest the Sanctions Order independently on the class-notice conduct (Motion at 6-9). But "an interlocutory appeal does not completely divest the district court of jurisdiction," and the district court "has authority to proceed forward with portions of the case not related to the claims on appeal." *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). Koutoulas acknowledges this limit and concedes that he "does not contend . . . that the Court lacked authority over the discovery and filing grounds" (Motion at 8). Those grounds independently support the default judgment. The Court found that Koutoulas's discovery violations "warrant severe sanctions under Rule 37, including entry of default judgment" (Doc. 682 at

15), and that his litigation strategy, which included fabricated authority in at least eight filings, was "the epitome of bad faith" (*id.* at 20). The judgment therefore stands even if the divestiture argument were correct as to the class-notice conduct.

The question the divestiture rule asks is narrow: whether the Sanctions Order's sanctions grounds were "aspects of the case involved in the appeal." *Green Leaf*, 341 F.3d at 1309. They were not. Koutoulas's appeal challenges the contempt order (Doc. 658) that held Koutoulas in contempt and directed a retraction. The Sanctions Order rests on a different legal standard, different case law, different relevant factors, and a factual basis distinct from, though overlapping with, the contemptuous conduct.

Overlapping facts do not make the sanctions proceedings and the contempt appeal the same "aspect" of the case. Sanctions motions are generally collateral to and separate from the merits proceedings on appeal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (Rule 11 sanction "requires the determination of a collateral issue," and "[s]uch a determination may be made after the principal suit has been terminated");

*Mahone v. Ray*, 326 F.3d 1176, 1179-80 (11th Cir. 2003) (sanctions motions are collateral proceedings where district courts retain jurisdiction to impose sanctions while appeal is pending). The case Koutoulas relies upon confirms as much. *See Coinbase*, 599 U.S. at 741 n.2 (acknowledging that "the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees."). Here, Koutoulas sought a stay to prevent further enforcement and was denied.[2]

Finally, Koutoulas's divestiture theory (Motion at 6-9) is incompatible with the relief he requests. If the divestiture rule applied, the Court's only available path would be an indicative ruling under Rule 62.1—not outright vacatur. *See Trump v. Clinton*, 161 F.4th 671, 692-93 (11th Cir. 2025) (once sanctions order is on appeal, district court's remaining authority is to issue Rule 62.1 indicative ruling; district court lacked jurisdiction to grant vacatur beyond the indicative ruling procedure). Koutoulas did not seek an

---

[2] The Eleventh Circuit's refusal to stay the district court proceedings is independently dispositive. *Cf. Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201-02 (11th Cir. 2016) (rejecting as "frivolous" a jurisdictional argument that the district court lacked authority to enforce its orders while an appeal was pending, where no stay had been obtained).

indicative ruling; he sought and seeks outright vacatur. (Motion at 1, 12.) Under his own theory, that relief is unavailable.

## IV. THE WAIVER FINDING WAS ACCURATE, AND RECONSIDERATION CANNOT CURE DELIBERATELY WITHHELD ARGUMENTS

### A. Koutoulas Expressly Disclaimed Addressing the Four Disputed Allegations on the Merits

Koutoulas argues that his response on sanctions (Doc. 626) addressed each of the four matters the Court found unopposed and that the Court therefore erred in treating them as waived. (Motion at 9-11.) The Court did not rest on default alone. It considered Koutoulas's responses on the wallets, class-member identities, and deleted messages and rejected them as perfunctory and unsupported, and it found his account of the Magistrate Judge's ruling a misrepresentation "in itself, sanctionable." (Doc. 675 at 3–6; Doc. 682 at 13–15.) Further, the argument fundamentally fails on two levels.

*First*, Koutoulas's response stated that it "only addresses the procedural deficiencies of Plaintiffs' Motion for Sanctions (Doc. 614) and outlines some obvious falsehoods for the Court's review," and that Koutoulas "reserves the right to file a substantive opposition addressing

each allegation on the merits." (Doc. 626 at 1 n.1.) That is not an attempt to address allegations; it is an express disclaimer of a merits response. The Court treated the response's unsupported arguments as waived, as Eleventh Circuit precedent permits. (Doc. 682 at 14; Doc. 675 at 3.) *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)).

*Second*, Koutoulas points out that his response caused Plaintiffs to revise their wallet list—withdrawing three wallet addresses—and argues that a response producing that effect cannot have been "unopposed." (Motion at 10.) The three entries Plaintiffs removed were one address Koutoulas attributed to another person and two truncated duplicates of addresses that remain on the revised list. (*Compare* Doc. 614-10, *with* Doc. 635-4.) Removing them conceded nothing about the six remaining addresses, which Koutoulas did not show he disclosed.

As to the remaining three matters—preservation, class-member identity, and class communications—Koutoulas identifies a sentence or two in his response for each. (Motion at 10–11 (citing Doc. 626 at 113-15.)) This Court found those responses conclusory, unsupported, and insufficient to constitute a genuine opposition. *See* Sanctions Order at 12-15. That finding was sound: Koutoulas's sanctions opposition told the Court that it was forgoing a substantive response and then made little effort to answer the substance of Plaintiffs' Motion.

### B. A Rule 54(b) Motion Cannot Supply Arguments Deliberately Withheld

Even if the Court were to revisit the waiver premise, the relitigation bar forecloses Koutoulas's merits defenses. A motion for reconsideration cannot be used to raise arguments that were "previously available but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). Any merits defense Koutoulas might now assert was available when his opposition was due. Koutoulas's footnote is not a reservation of a right the Court is obliged to honor; it is an acknowledgment that the arguments existed and were deliberately set aside.

Koutoulas also argues that the Order's failure to mention his stricken sur-reply undermines the "unopposed" premise. (Motion at 11, citing Doc. 651.) It does not. The Court struck the sur-reply as leave was obtained "based on a misrepresentation of the record." (Doc. 694). The Court was not required to cite this filing, and Koutoulas should not be permitted to use his previous deceptions as a sword.

### C. The Independent Merits Findings Remain Intact

Relabeling Koutoulas's response as "inadequately opposed" rather than "unopposed" would not change the result. The Court found his responses "conclusory, unsupported, and misleading" (Doc. 682 at 15; *see* Doc. 675 at 3–6), and the Motion does not challenge that finding.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: November 19, 2026

Respectfully submitted,

s/ Kevin McCormack
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin McCormack (admitted *pro hac vice*)
**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 19, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Kevin McCormack*