**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER, and
SHAWN R. KEY,
Plaintiffs,

v. Case No. 6:22-cv-652-PGB-DCI

JAMES KOUTOULAS and LGBCOIN, LTD,
Defendants.
_______________________________________/

**AMENDED MOTION TO CONTINUE STATUS CONFERENCE**

COMES NOW Defendant LGBCOIN, LTD. ("Movant"), by and through his undersigned counsel, and files this Motion to Continue Status Conference, and states:

1. This court scheduled a Status Conference in this matter for 12/4/2026 at 10:00 AM by Zoom Video Conference before Judge Paul G. Byron.

2. Harry Winderman, Esq., counsel for Defendant LGBCOIN, LTD., is scheduled to be in trial in United States District Court Southern District of Florida West Palm Beach Division before Judge Middlebrooks in the case styled Fleming v Straub, Case No. 24-81507-CV-Middlerooks;

3. The Southern District of Florida's Internal Operating Procedure 2.13.00 establishes a specific hierarchy for resolving calendar conflicts. The priorities are: (a) criminal cases prevail over civil cases; (b) jury trials prevail over non-jury trials; (c) Court of Appeals arguments and hearings prevail over trials; (d) the case in which the trial date was first scheduled in writing takes precedence over any later-scheduled trial; and (e) a trial already in progress prevails over those not yet begun . The IOP also recognizes that circumstances such as cost, number of witnesses and attorneys involved, travel, length of trial, and age of the case may warrant deviation from these

priorities, to be resolved through communication between the judges involved . Critically, IOP 2.13.00(h) expressly directs that the court should entertain motions for continuances, timely notices of scheduling conflicts, and notices of emergency proceedings in another court — either federal or state — on a timely basis and grant such relief when requested .When a continuance is sought based on counsel's unavailability, the Eleventh Circuit in United States v. Bowe, 221 F.3d 1183 (11th Cir. 2000) applied a multi-factor test drawn from *United States v. Gandy* to evaluate whether denial of a continuance impinged on a defendant's fair and reasonable opportunity to select counsel of choice.

WHEREFORE, Defendant LGBCOIN, LTC. requests that the Status Conference be moved to accommodate Defendant's Counsel's trial schedule.

CERTIFICATE OF CONFERRAL

Undersigned Counsel received an email from opposing counsel objecting to Winderman's Withdrawal and to his Motion to Continue.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on this 20th day of November 2026 a true and correct copy of the foregoing was filed via electronic filing using the Courts E-Filing Portal system and all parties of record were selected for service

Respectfully submitted,

/s/ Harry Winderman
HARRY WINDERMAN, ESQ.
Attorney for Defendant LGBCOIN, LTD.
FBN 0209562
One Boca Place, Suite 205E
2255 Glades Road
Boca Raton, FL 33431
(561) 707-0000 Office
(561) 901-5110 Cellular
Harry4334@hotmail.com