**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS and LGBCOIN, LTD,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**DEFENDANT JAMES KOUTOULAS'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) TO VACATE THE JUDGMENT AT DOC. 688 AND TO REVISE THE ORDER AT DOC. 682**

Defendant James Koutoulas, pro se, moves under Local Rule 3.01(e) for leave to file a reply of seven pages in support of his Motion (Doc. 714), due seven days after the order granting leave. Plaintiffs' Opposition (Doc. 755) presents three arguments as independently dispositive of the Motion and contains an admission that supports it.

**1. The claimed fourth ground.** Plaintiffs argue that the discovery findings independently sustain the judgment and that the Motion leaves them unchallenged, citing Doc. 682 at 21, ¶ 1. Doc. 755 at 3–4. The reply will show that

the cited paragraph states that Plaintiffs' Motion for Sanctions "is GRANTED"; that the citation may be an artificial-intelligence hallucination, the error Plaintiffs charge to Ms. Martell, Doc. 614 at 10, 24; that Doc. 682 uses the phrase "even setting aside" once, for the class-notice conduct, Doc. 682 at 7–8; and that Part IV of the Motion challenges the premise on which the discovery ground rests. Doc. 682 at 15; Doc. 714 at 9–12.

**2. Plaintiffs' admission on notice.** Plaintiffs state that their sanctions motion "did not re-argue the conduct heard at the show-cause hearing." Doc. 755 at 10–11. The reply will show that this admission supports the Motion's first ground, because the only paper that requested default judgment excluded the conduct Doc. 682 holds sufficient for it, Doc. 614 at 1 n.1, and will measure Plaintiffs' "cumulative notice" theory against it. Doc. 755 at 8–11.

**3. Law of the case.** Plaintiffs argue that the bad-faith finding in Doc. 658 is law of the case under *Klay v. All Defendants* and forecloses the Motion "before the notice question is even reached." *Id.* at 5–6. The reply will address how that doctrine applies to an interlocutory order now under review in No. 26-12606.

**4. Rule 62.1 and the Eleventh Circuit's orders.** Plaintiffs call the stay ruling in No. 26-12606 "independently dispositive" and argue under *Trump v. Clinton*

that an indicative ruling is the only relief available. *Id.* at 7, 16–17 & n.2. The reply will address what the court of appeals decided and retained, and the relief this Court can grant as to Doc. 682 and Doc. 688.

Plaintiffs present each of these arguments as dispositive. A seven-page reply, the length Local Rule 3.01(e) sets for a reply, gives the Court both sides of each before it rules. Defendant respectfully requests leave to file it.

**Local Rule 3.01(g) Certificate**

Defendant emailed and telephoned Plaintiffs' counsel on November 23, 2026, and received no response. Defendant will continue to try to confer and will supplement this Motion under Local Rule 3.01(g)(3).

Dated: November 23, 2026

Respectfully submitted,

/s/ James L. Koutoulas
James L. Koutoulas, Esq., pro se
Koutoulas Law, LLC
10 N. Dearborn St., Suite 400
Chicago, IL 60602
312.451.4088
james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, I filed the foregoing with the Clerk of Court through CM/ECF, which serves all counsel of record.

/s/ James L. Koutoulas