**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| ERIC DE FORD, et al,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KOUTOULAS, et al.,<br><br>Defendants. | Case No. 6:22-cv-652-PGB-DCI<br><br>CLASS ACTION |

**PLAINTIFFS' OPPOSITION TO DEFENDANT JAMES KOUTOULAS'S MOTION TO CLARIFY THE ORDER AT DOC. 725 OR, IN THE ALTERNATIVE, FOR RECONSIDERATION**

## INTRODUCTION

On August 18, 2026, the Court found moot Defendant James Koutoulas's Motion for Disqualification (Doc. 691) (the "Disqualification Motion") and his Motion for Leave to Supplement and Clarify the Prospective Scope of Doc. 691 (Doc. 712) (the "Motion for Leave"), stating that "[t]he Court is not initiating criminal contempt proceedings against Defendant Koutoulas." (Doc. 725.) Koutoulas now asks the Court (Doc. 740) (the "Motion") to say whether that ruling reached the § 455(a) portion of the Disqualification Motion and, if it did so only on mootness grounds, to reconsider and disqualify itself from the rest of the case.

No clarification is needed. Doc. 725 disposed of the entire Disqualification Motion. It also disposed of the Motion for Leave, which was Koutoulas's attempt to stretch his § 455(a) request to "all remaining civil stages of this action." (Doc. 712 at 4.) Koutoulas filed the Disqualification Motion because of a threatened criminal contempt proceeding. Once the Court said there would be none, the motion was moot.

The Motion seeks a ruling on a broader disqualification request than the one Koutoulas made in August, and it offers no basis for reconsideration. If the Court decides to say anything more, it should confirm that the § 455(a) request is denied. The Eleventh Circuit has twice rejected Koutoulas's claim that this Court is biased against him, the second time on September 16, 2026, after he supplemented his mandamus petition to rely on the same August 4 sanctions order that anchors the Disqualification Motion.

**BACKGROUND**

On August 5, 2026, the Court warned Koutoulas that failure to comply with the compelled-statement provision of its contempt order "will result in the initiation of criminal contempt proceedings." (Doc. 691 at 3 (quoting Doc. 685).) He filed the Disqualification Motion the next day, explaining that he was filing "now because" of that warning and because "a request of this kind is better made before such a proceeding exists than after." (*Id.* at 3–4.) The motion had two parts. One invoked Federal Rule of Criminal Procedure 42(a)(3) and addressed any criminal contempt trial or hearing. The other invoked § 455(a) and was limited to "the determination of damages

following the Clerk's entry of default judgment, and any future adjudication, trial, hearing, or disposition of criminal contempt." (*Id.* at 21-22.) Koutoulas did not allege subjective bias and said he would "abide the ruling." (*Id.* at 3, 23.)

A week later, Koutoulas filed the Motion for Leave, seeking to extend his § 455(a) request "prospectively to all remaining civil stages of this action, including the October 5, 2026 trial, the determination of damages following default, and any remaining sanctions or fee proceedings." (Doc. 712 at 4.) He acknowledged that the Court might view this as "an expansion of the prospective relief described in Doc. 691," and he said he would proceed through "a single limited supplement, rather than through a second disqualification motion or repeated briefing." (*Id.* at 2, 4.) The Court found both motions moot. (Doc. 725.) It never granted leave, and no supplement was filed.

Koutoulas filed the Motion on August 24, 2026. He agrees that Doc. 725 resolved the Rule 42(a)(3) request and the criminal contempt portion of the § 455(a) request, but says it "does not, on its face, address" what he now

calls the "civil branch." (Motion at 2.) He asks the Court to disqualify itself from "all remaining civil stages of this action," including Plaintiffs' fee application (Doc. 709), his own motion to vacate the default judgment (Doc. 714), and, if that motion is granted, the trial. (*Id.* at 6-7.) On September 16, 2026, the Eleventh Circuit denied Koutoulas's second mandamus petition, which sought reassignment and which he had supplemented to argue that the August 4 sanctions order "further demonstrate[s] that his case should be reassigned." (Doc. 749 at 3-4, 7-8.)

## ARGUMENT

### I. DOC. 725 RESOLVED THE ENTIRE DISQUALIFICATION MOTION

A motion for clarification is proper when the movant "is unclear about the meaning of the Order." *Askan v. Faro Techs. Inc.*, No. 6:21-cv-1366-PGB-DCI, 2022 WL 1212178, at *1 (M.D. Fla. Feb. 2, 2022); *Tucker v. Evenflo Co.*, No. 6:20-cv-2-PGB-GJK, 2022 WL 2317508, at *1 (M.D. Fla. Feb. 1, 2022) (same). Its purpose is "reflecting accurately a decision that the court actually made." *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (addressing Rule 60(a)) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)). Koutoulas is

not unclear about what Doc. 725 did. He agrees that it disposed of the contempt-related relief, and his fallback request is that the Court reconsider and rule the other way on the rest. (Motion at 2, 6-7.) He is asking for a new ruling.

Doc. 725 found the Disqualification Motion moot, identifying it by its full title, which includes the request for disqualification "from Defined Remaining Proceedings in this Action." (Doc. 725.) The order did not carve out the § 455(a) request or reserve anything for later. Koutoulas does not point to any ambiguous language in it. His argument is that the Court's one-sentence explanation mentions only criminal contempt. (Motion at 2-3.) But the Court's stated reason does not limit the scope of its ruling, which covered the whole motion.

The Court also found the Motion for Leave moot. The only relevant purpose of that motion was to extend the § 455(a) request to the civil proceedings Koutoulas now asks about. (Doc. 712 at 4.) The civil scope of the request was therefore before the Court when it ruled, and the Court disposed of it. The Motion's reliance on "the scope Doc. 691 identified and Doc. 712

clarified" (Motion at 3) also fails because leave was never granted and no supplement was ever filed.

The mootness ruling also tracks the way Koutoulas framed his motion. He filed it "now because" of the criminal contempt warning. (Doc. 691 at 3.) He called the compliance deadline, with its "stated consequence of criminal contempt proceedings," the event that "materially crystallized and expanded the grounds for a motion in this Court." (*Id.* at 19.) And he built the motion on Rule 42(a)(3) and on *Offutt v. United States*, 348 U.S. 11 (1954), *Mayberry v. Pennsylvania*, 400 U.S. 455 (1971), and *Taylor v. Hayes*, 418 U.S. 488 (1974), cases he described as concerning "the adjudication, trial, and disposition of contempt, and the punishment imposed for it." (Doc. 691 at 4-8.) Once the Court said it would not initiate criminal contempt proceedings, those authorities no longer had any application. Koutoulas cannot now recast a motion built around a contempt proceeding as a general objection to the Court presiding over the rest of the case.

## II. THE MOTION IS A NEW DISQUALIFICATION REQUEST, NOT A PROPER MOTION FOR RECONSIDERATION

"There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Armstead v. Pickus*, No. 6:18-cv-586-Orl-40GJK, 2018 WL 5279124, at *1 (M.D. Fla. Oct. 24, 2018) (quoting *Monticello Ins. Co. v. Dynabilt Mfg. Co.*, No. 6:05-cv-548-Orl-19DAB, 2005 WL 3019241, at *2 (M.D. Fla. Nov. 10, 2005)). The movant must "set forth facts or law of a strongly convincing nature," *id.* (quotation omitted), and disagreement with the Court's assessment is not enough, *Thomas v. Antonelli*, No. 5:22-cv-496-PGB-PRL, 2024 WL 5277452, at *2 (M.D. Fla. Aug. 21, 2024). Koutoulas makes none of these showings. He points to no new law or facts and does not argue that Doc. 725 was clearly wrong. His only complaint is the outcome.

That is how Koutoulas has treated adverse rulings throughout this case. He and LGBCoin sought reconsideration of class certification and, ten days later, of the order denying dismissal entered about a year earlier. (Doc. 750 at 4–5 (citing Doc. 682 at 18).) After the Court denied summary judgment

(Doc. 531), he moved for reconsideration and lost (Doc. 565), filed a "renewed" summary judgment motion that the Court struck (Doc. 609), and then raised the same argument again under Rule 54(b), which the Court denied as frivolous (Doc. 672 at 6). After the sanctions order, he moved under Rule 54(b) to vacate the default judgment and amend that order. (Doc. 714.) The Court has already observed that Defendants "continued to rehash matters already thoroughly addressed." (Doc. 750 at 5 (citing Doc. 682 at 18).) But "[c]ourt opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Crum v. Florida*, No. 6:17-cv-1218-Orl-40KRS, 2018 WL 11198330, at *1 (M.D. Fla. May 14, 2018) (quotation omitted). The Motion is the latest example.

The Motion also asks for more than the Disqualification Motion did. The § 455(a) request in the Disqualification Motion was limited to damages and future criminal contempt proceedings, and it disclaimed any request that an existing order "be altered, vacated, stayed, or reconsidered." (Doc. 691 at 2, 21-22.) The Motion for Leave promised not to "ask to delay the October 5, 2026 trial or any other deadline." (Doc. 712 at 3.) The Motion now

asks that a different judge decide Plaintiffs' fee application, Koutoulas's motion to vacate the default judgment, and any trial. (Motion at 6-7.) That is a new disqualification motion aimed at the rulings that went against him, filed by a litigant who told the Court he would "abide the ruling" and would not file "a second disqualification motion." (Doc. 691 at 23; Doc. 712 at 2.) Adverse rulings are "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015) ("[A]dverse rulings provide grounds for an appeal, not a recusal."). Courts in this District apply that rule when a litigant loses and then asks for a new judge. *See Sheets v. Woelk*, No. 2:25-cv-00061-KCD-KRH, 2026 WL 2357836, at *1 (M.D. Fla. Aug. 14, 2026) (denying § 455(a) motion where the claimed "cumulative progression" of bias was "really just a string of routine . . . legal determinations"); *Bens v. Bryten Real Estate Partners, LLC*, No. 2:25-cv-602-KCD-KRH, 2026 WL 3184188, at *1 (M.D. Fla. Sept. 27, 2026) (denying post-judgment recusal motion that reduced to "disagreements with the Court's handling of [the] case"). The Eleventh Circuit has told Koutoulas the same thing, holding that he can

challenge this Court's orders "on appeal once the district court enters a final judgment against him." (Doc. 749 at 7-8.)

## III. IF ANY CLARIFICATION IS WARRANTED, THE COURT SHOULD CONFIRM THAT THE SECTION 455 REQUEST IS DENIED

If the Court decides to say more, it should confirm that the Disqualification Motion is denied, including the § 455(a) request. Under § 455(a), the question is whether an objective, disinterested lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality. *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014). As Koutoulas concedes, the extrajudicial-source rule applies under § 455(a) as well (Doc. 691 at 17), so the claimed bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions formed during the proceedings do not count "unless they display a deep-seated favoritism or antagonism that

would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Remarks "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* A judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d at 895 (quotation omitted).

The Eleventh Circuit has already applied these principles to Koutoulas twice. In April, it denied his first request for reassignment, holding that the comments he identified did not show "a personal bias or prejudice" against him. *In re Koutoulas*, No. 26-10500, slip op. at 6 (11th Cir. Apr. 13, 2026). In the Disqualification Motion, Koutoulas did not ask this Court to disagree with that ruling. He argued instead that the August 2026 orders had changed the record. (Doc. 691 at 17-18.) The Eleventh Circuit then considered the changed record. Koutoulas supplemented his second petition to rely on the August 4 sanctions order, and on September 16 the court again found that he "does not provide any evidence that the district judge has a bias against him stemming from an extra-judicial source." (Doc. 749 at 3-4, 7-8.)

Nothing in the record calls for a different result here. Koutoulas does not allege subjective bias, and he concedes that, apart from the bar grievance remark, the statements he relies on were "made in the course of these proceedings." (Doc. 691 at 3, 14.) What he identifies is a credibility finding at a contempt hearing, a warning about the consequences of further noncompliance, and a sanctions-order footnote responding to his own public description of the presiding judge. (*Id.* at 10-14; Doc. 682 at 7 n.5.) All of that came from the case itself. A court's criticism of a lawyer's conduct in its own order is not an extrajudicial source and does not require recusal. *See Johnson v. Stein Mart, Inc.*, No. 3:06-cv-341-J-34TEM, 2009 WL 1424214, at *3 (M.D. Fla. May 20, 2009) (denying recusal where the judge's censure of counsel appeared in the challenged order). Even on Koutoulas's reading, these are the "expressions of impatience, dissatisfaction, annoyance, and even anger" that *Liteky* holds do not establish bias. 510 U.S. at 555-56. The Supreme Court has likewise declined "to bottom a constitutional rule of disqualification solely upon such disobedience to court orders and criticism of its rulings," *Ungar v. Sarafite*, 376 U.S. 575, 584 (1964), and that is all this

record shows. Nor does the Court's handling of the contempt remedy suggest animus. The Court rejected Plaintiffs' broader proposal and adopted a corrective statement drawn largely from language Koutoulas himself proposed. (*Compare* Doc. 574 at 6-7, *with* Doc. 658 at 7-8.)

The bar grievance remark does not support disqualification either. Koutoulas does not claim that any grievance has been filed. (Doc. 691 at 15.) A judge's referral of a lawyer's conduct to the bar is part of the judicial role, and it "is not considered a sanction or disciplinary measure." *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008).

Finally, the contempt cases Koutoulas relies on do not fit. *Taylor* involved a "mounting display of an unfavorable personal attitude" that built over the course of a trial, 418 U.S. at 501, and *Mayberry* involved a defendant who hurled personal insults at the judge, *see* 400 U.S. at 465-66. Both concerned who should adjudicate a contempt, and there is no contempt proceeding here. *Mayberry* also makes clear that "not every attack on a judge . . . disqualifies him from sitting," *id.* at 465, and that a judge "cannot be driven out of a case," *id.* at 463; *accord Johnson*, 2009 WL 1424214, at *1

(disqualification is not warranted by a litigant's "intemperate" or "scurrilous" attacks). Koutoulas says that deciding the question "costs the Court nothing." (Motion at 5.) Not so. A judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Johnson*, 2009 WL 1424214, at *1. Reassigning a four-year-old case at the damages stage would hand the remaining work to a judge unfamiliar with the record, and it would reward the very tactic *Mayberry* warns against.

## CONCLUSION

The Motion should be denied. If the Court determines that clarification is warranted, Plaintiffs respectfully request that it confirm that Doc. 725 disposed of the Disqualification Motion (Doc. 691) and the Motion for Leave (Doc. 712) in their entirety and that, to the extent any part of the § 455(a) request was not moot, it is denied.

Dated: November 23, 2026

Respectfully submitted,

s/ Kevin McCormack
Aaron M. Zigler (admitted *pro hac vice*)
Nidya S. Gutierrez (admitted *pro hac vice*)
Lawrence V. Ashe (FL Bar 932280)
Kevin McCormack (admitted *pro hac vice*)

**ZIGLER LAW GROUP, LLC**
308 S. Jefferson Street | Suite 333
Chicago, IL 60661
Tel: 312-673-8427
aaron@ziglerlawgroup.com
nidya@ziglerlawgroup.com
larry@ziglerlawgroup.com
kevin@ziglerlawgroup.com

John T. Jasnoch (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
jjasnoch@scott-scott.com

Sean T. Masson (admitted *pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: 212-223-6444
smasson@scott-scott.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 23, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Kevin McCormack