**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ERIC DE FORD, SANDRA BADER, and SHAWN R. KEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

JAMES KOUTOULAS and LGBCOIN, LTD,

Defendants.

Case No. 6:22-cv-652-PGB-DCI

CLASS ACTION

**DEFENDANT JAMES KOUTOULAS'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF HIS CORRECTED MOTION FOR AN EVIDENTIARY HEARING UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) (DOC. 737)**

Defendant James Koutoulas, pro se, moves under Local Rule 3.01(e) for leave to file a reply of seven pages in support of his Motion (Doc. 737), due seven days after the order granting leave. Plaintiffs' Opposition (Doc. 759) asks the Court to grant the Motion in part, describes for the first time the motion and computation Plaintiffs will file, and disputes the scope of the hearing.

**1. The hearing Plaintiffs propose.** Plaintiffs ask the Court to "grant Doc. 737 in part and set an evidentiary hearing on the amount of the Count I award against Koutoulas," after their motion for final judgment and Defendant's

response, "if it believes one is necessary." Doc. 759 at 11. The reply will identify the points on which the parties now agree, the points in dispute, and the order that implements them at the status conference the Court has reset to December 14, 2026. Doc. 762.

**2. Plaintiffs' six-part computation.** Plaintiffs describe a forthcoming motion with six components and state that "purchases outside the pool will be computed from exchange and counterparty records by the same formula." Doc. 759 at 7, 9. The reply will compare that description with the disclosure the Motion requests, Doc. 737 at 6–7, and will address the three items Plaintiffs ask the Court to deny. Doc. 759 at 9–10.

**3. Amount and the default.** Plaintiffs argue that the default "foreclosed" proof of seller status for each purchase, and that identifying purchasers belongs to the "distribution" of an aggregate award under *Boeing Co. v. Van Gemert*. Doc. 759 at 3, 7–8. The reply will address what a default admits and what Rule 55(b)(2) leaves for proof, including the Court's statement that LGBCoin, after default, "may contest legal sufficiency and the amount and permissible scope of relief." Doc. 750 at 12. The reply will address whether the well-pleaded allegations support any

award under Count I, and what transaction-level proof the Court would need if it reaches the amount of relief.

**4. Rule 54(c).** Plaintiffs read the Motion's comparison of the amount sought with the amounts pleaded, Doc. 737 at 8, 10, as a Rule 54(c) argument and state that they "addressed his Rule 54(c) argument in their opposition to Doc. 733." Doc. 759 at 4. That opposition calls the argument a question "for the damages determination." Doc. 760 at 17. The Rule 55(b)(2) hearing is that determination, and the reply will apply the Rule 54(c) limit to the amount.

Each of these points arises from the Opposition. A seven-page reply, the length Local Rule 3.01(e) sets for a reply, gives the Court both sides of each before it rules. Defendant respectfully requests leave to file it.

**Local Rule 3.01(g) Certificate**

Defendant emailed and telephoned Plaintiffs' counsel on November 25, 2026, and received no response. Defendant will continue to try to confer and will supplement this Motion under Local Rule 3.01(g)(3).

Dated: November 25, 2026

Respectfully submitted,

/s/ James L. Koutoulas

James L. Koutoulas, Esq., pro se
Koutoulas Law, LLC
10 N. Dearborn St., Suite 400
Chicago, IL 60602
312.451.4088
james@koutoulaslaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, I filed the foregoing with the Clerk of Court through CM/ECF, which serves all counsel of record.

/s/ James L. Koutoulas